UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DOROTHY NAIRNE, ET AL**                                      **CIVIL ACTION**

**VERSUS**

                                                               **NO. 22-178-SDD-SDJ**

**R. KYLE ARDOIN**

## ORDER

**IT IS ORDERED** that a telephone scheduling conference is hereby set before United States Magistrate Judge Scott D. Johnson for **June 23, 2022, at 10:00 a.m.**

**IT IS FURTHER ORDERED** that a status report shall be filed not later than **June 9, 2022.** It shall be the duty of the attorney for plaintiff to file the status report in accordance with Attachment A.[1] The parties shall hold their FRCP 26(f) scheduling conference at least 21 days before the date of the scheduling conference.

No party may submit a separate status report without first obtaining leave of court for good cause shown. Mere disagreements among parties with respect to any of the matters addressed in the report should be set forth in the appropriate section of the joint status report.

The Court will review the report prepared and filed in accordance with Attachment A in advance of the conference to determine whether or not the scheduling conference should go forward as scheduled, be reset, or be cancelled and a scheduling order issued based upon the report. In the event there are no reported problems requiring court intervention and the parties

---

[1] In accordance with Local Rule 10, documents for filing shall be double spaced. The parties may, however, single space the body of each section of the status report if desired.

Revised: 6/22/2016

have provided a timely report setting forth applicable deadlines, the court will notify the parties that the conference *will not* be held and that a scheduling order based on their submitted deadlines will be forthcoming. <u>Unless the court issues an order cancelling the conference, the conference will be held as scheduled.</u>

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection in the status report.

Signed in Baton Rouge, Louisiana, on March 24, 2022.

*/s/ Scott D. Johnson*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

Enc.: Attachment A
 Consent Notice

Revised: 6/22/2016

ATTACHMENT A

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DOROTHY NAIRNE, ET AL**                          **CIVIL ACTION**

**VERSUS**

                                                          **NO. 22-178-SDD-SDJ**

**R. KYLE ARDOIN**

## STATUS REPORT

**A.**     **JURISDICTION**

What is the basis for the jurisdiction of the Court?

**B.**     **BRIEF EXPLANATION OF THE CASE**

     1.     Plaintiff claims:

     2.     Defendant claims:

**C.**     **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

**D.**     **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**E.**     **DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

     1.     Plaintiff's calculation of damages:

     2.     Defendant's calculation of offset and/or plaintiff's damages:

Revised: 6/22/2016

4

3. Counterclaimant/cross claimant/third party's calculation of damages:

**F.     SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

**G.     DISCOVERY**

1. Initial Disclosures:

    A.  Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [ ] NO

    In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B.  Do any parties object to initial disclosures?

    [ ] YES    [ ] NO

    For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s):

    By defendant(s):

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

4. Discovery from experts:

   Identify the subject matter(s) as to which expert testimony will be offered:

   By plaintiff(s):

   By defendant(s):

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: _____.

2. Recommended deadlines to join other parties or to amend the pleadings: _____.

3. Filing all discovery motions and completing all discovery except experts: _____.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Plaintiff(s): _____.

   Defendant(s): _____.

5. Exchange of expert reports:

   Plaintiff(s): _____.

   Defendant(s): _____.

6. Completion of discovery from experts: _____.

7. Filing dispositive motions and Daubert motions: _____.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the

presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a.    Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

    b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.    If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

**I.     TRIAL**

    1.    Has a demand for trial by jury been made?

           [ ] YES     [ ] NO

    2.    Estimate the number of days that trial will require.

**J.     OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

           [ ] YES     [ ] NO

    i.    If the answer is *yes*, please explain:

    ii.   If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

           [ ] YES     [ ] NO

**K.     SETTLEMENT**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

    2.    Do the parties wish to have a settlement conference:

           [ ] YES     [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [ ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**


Report dated: _____

                                              Attorney(s) for Plaintiff(s)[3] or Pro Se Plaintiff

---

[3] See L.R. 11(a) regarding Signing of Pleadings, Motions and Other Papers and L.R. 5(f) regarding Certificate of Service.

Revised: 6/22/2016

# NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF
# CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), you are hereby notified that all of the parties in this civil case may consent to allow a United States Magistrate Judge of this district court to conduct any and all proceedings, including trial of the case and entry of a final judgment.

You may consent by signing the form contained within the status report, or you may use the attached form at any later stage of the proceedings should you decide at that time to proceed before the United States Magistrate Judge. A copy of a consent form is enclosed and is also available from the clerk of court. In the event all parties consent to proceed before the Magistrate Judge, the signed consent form must be filed with the court electronically, but ONLY AFTER **ALL** PARTIES HAVE SIGNED THE FORM.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary. Either the district judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that the parties may appeal the magistrate judge's decision directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DOROTHY NAIRNE, ET AL**                                      **CIVIL ACTION**

**VERSUS**

**NO. 22-178-SDD-SDJ**

**R. KYLE ARDOIN**

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. 636(c), the parties to the above captioned civil proceeding hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case.

The parties are aware that in accordance with 28 U.S.C. 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other judgment of the district court.

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |