IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

DR. DOROTHY NAIRNE, JARRETT
LOFTON, REV. CLEE EARNEST LOWE,
DR. ALICE WASHINGTON, STEVEN
HARRIS, ALEXIS CALHOUN, BLACK
VOTERS MATTER CAPACITY
BUILDING INSTITUTE, and THE
LOUISIANA STATE CONFERENCE OF
THE NAACP,

                 Plaintiffs,

v.

R. KYLE ARDOIN, in his official capacity as
Secretary of State of Louisiana,

                 Defendant.

CIVIL ACTION NO. 3:22-CV-00178-SDD-SDJ

**ANSWER AND AFFIRMATIVE
DEFENSES TO AMENDED
COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE
RELIEF and REQUEST FOR THREE
JUDGE PANEL**

Defendant R. Kyle Ardoin in his official capacity as Secretary of State for the State of Louisiana ("Defendant") answers plaintiffs' amended complaint as follows.

**INTRODUCTION**

1.     Defendant admits that the cited statutes speak for themselves. In all other respects, Defendant deny the allegations of paragraph 1.

2.     Defendant admits the plaintiffs are seeking the relief stated and that the cited statutes and case speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 2.

3.     Defendant admits that Louisiana's new legislative maps became law on March 9, 2022. In all other respects, Defendant deny the allegations of paragraph 3.

4.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.

5.      Defendant admits that prior court decisions, which are not cited in paragraph 5, speak for themselves. In all other respects, Defendant denies the allegations of paragraph 5.

6.      Defendant denies the allegations of paragraph 6.

7.      Defendant admits that the cited statute, any court decisions which are not cited in paragraph 7, and objections asserted by the United States Department of Justice ("DOJ"), speak for themselves. In all other respects Defendant denies the allegations of paragraph 7.

8.      Defendant admits that the cited statutes and statements by the Governor speak for themselves. In all other respects, Defendant denies the allegations of paragraph 8.

9.      Defendant denies the allegations of paragraph 9.

### "JURISDICTION AND VENUE"

10.      Defendant admits that the cited statutes speak for themselves and that the remaining allegations of paragraph 10 are legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 10.

11.      Defendant admits that plaintiffs seek declaratory and injunctive relief and that the statutes and Federal Rules of Civil Procedure cited by plaintiffs speak for themselves. In all other respects, Defendant deny the allegations of paragraph 11.

12.      Defendant admits the allegations of paragraph 12.

13.      Defendant admits the allegations of paragraph 13.

### "PARTIES"

14.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15.      Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 15.

16.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 17.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 19.

20.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 20.

21.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 22.

23.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 23.

24.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 24.

25.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 25.

26.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 29.

30.     Defendant admits that the cited article speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 31.

32.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 32.

33.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

35.     Defendant denies the allegations of paragraph 35.

36.     Defendant denies the allegations of paragraph 36.

37.     Defendant deny the allegations of paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 38.

39.     Defendant admits that Plaintiff the Louisiana State Conference of the National Association for the Advancement of Colored People ("Louisiana NAACP") is a state subsidiary

of the national NAACP and has a long and laudable history representing the interest of its members. In all other respects, Defendant lacks knowledge or information to form a belief about the truth of the allegations of paragraph 39.

40.    Defendant admits the allegations of paragraph 40.

41.    Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 41.

42.    Defendant denies the allegations of paragraph 42.

43.    Defendant denies the allegations of paragraph 43.

44.    Defendant denies the allegations of paragraph 44.

45.    Defendant denies the allegations of paragraph 45.

**"LEGAL BACKGROUND"**

46.    Defendant admits that the cited statute speaks for itself. In all other respects, Defendant denies the allegations of paragraph 46.

47.    Defendant admits the legislative history of the Voting Right Act of 1965 ("VRA") and the persons who supported it are a matter of public record. Defendant also admits that the VRA speaks for itself. In all other respects, Defendant denies the allegations of paragraph 47.

48.    Defendant admits that Section 2 of the VRA and the cited case speak for themselves. In all other respects, Defendant denies the allegations of paragraph 48.

49.    Defendant admits that Section 2 of the VRA and the cited case speak for themselves. In all other respects, Defendant denies the allegations of paragraph 49.

50.    Defendant admits that Section 2 of the VRA and the cited case speak for themselves. In all other respects, Defendant denies the allegations of paragraph 50.

51.     Defendant admits that the cited Report speaks for itself. In all other respects, Defendant denies the allegations of paragraph 51.

52.     Defendant admits the cited Report speaks for itself. In all other respects, Defendant denies the allegations of paragraph 52.

53.     Defendant admits that the cited case speak for itself. In all other respects, Defendant denies the allegations of paragraph 53.

54.     Defendant admits that the cited statutes, and the cited cases speak for themselves. In all other respects, Defendant denies the allegations of paragraph 54.

55.     Defendant admits that the cited cases speak for themselves. In all other respects, Defendant denies the allegations of paragraph 55.

## "STATEMENT OF FACTS"

### "A. State Enacted Legislative Maps"

56.     Defendant denies the allegations of paragraph 56.

57.     Defendant denies the allegations of paragraph 57.

58.     Defendant admit that Exhibits A and B speak for themselves. In all other respects, Defendant denies the allegations of paragraph 58.

59.     Defendant admits that Exhibits C and D speak for themselves. In all other respects, Defendant denies the allegations of paragraph 59.

### "B. Louisiana State Legislative Redistricting Process and Criteria"

60.     Defendant admits that the cited constitutional provisions and bill information speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 60.

61.     Defendant admits the allegations of paragraph 61.

62.    Defendant admits that on June 11, 2021, the Legislature adopted Joint Rule 21 which set written criteria for redistricting and that the criteria speak for itself. In all other respects, Defendant denies the allegations of paragraph 62.

**"C. Louisiana's Growing Black Population"**

63.    Defendant denies the allegations of paragraph 63.

64.    Defendant admits that the results of the 2020 Census speak for itself. In all other respects, Defendant deny the allegations of paragraph 64.

65.    Defendant admits that the results of the 2020 Census speak for itself. In all other respects, Defendant deny the allegations of paragraph 65.

**"D. The Process Leading to Enactment of New Plan for the State Legislative Districts"**

**"1. Roadshows"**

66.    Defendant admits that the history of proceedings related to redistricting by the Legislature and its committees are a matter of public record. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 66.

67.    Defendant admits that information submitted to the Legislature or its Committees during the redistricting process speaks for itself. In all other respects, Defendant lacks knowledge of information sufficient to form a belief about the truth of the remaining allegations of paragraph 67.

68.    Defendant admit that documents or testimony provided to the Legislature or its Committees during the redistricting process speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 68.

69.    Defendant admit that documents or testimony provided to the Legislature or its Committees during the redistricting process speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 69.

70.    Defendant admit that documents or testimony provided to the Legislature or its Committees during the redistricting process speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 70.

71.    Defendant admit that documents or testimony provided to the Legislature or its Committees during the redistricting process speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 71.

**"2. 2022 Special Legislative Session"**

72.    Defendant admits the allegations of paragraph 72.

73.    Defendant admits that bills proposed to the legislature related to districting plans speak for themselves. In all other respects, Defendant denies the allegations of paragraph 73.

**"a. Senate Map"**

74.    Defendant admits that the Senate Governmental Affairs Committee ("SGA") convened on February 2, 2022, and that testimony or information provided to the committee speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 74.

75.    Defendant admits that the Senate Governmental Affairs Committee ("SGA") convened on February 3, 2022, and that bills, testimony or information provided to the committee speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 75.

76.     Defendant admits that bills, testimony, or information provided to the SGA speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 76.

77.     Defendant admits that the Senate convened on February 8, 2022, and that bills, testimony or information provided to the Senate speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 77.

78.     Defendant admits that on February 14, 2022, the Senate passed S.B. 1 and H.B. 14, and that the recorded votes and the affiliations of the members who voted are a matter of public record. In all other respects, Defendant denies the allegations of paragraph 78.

79.     Defendant admits that on February 18, 2022, the House passed S.B. 1 and that the recorded votes and the affiliations of the members who voted are a matter of public record. In all other respects, Defendant denies the allegations of paragraph 79.

**"b. House Map"**

80.     Defendant admits that the HGA convened on February 4, 2022 and February 7, 2022, and that bills, testimony or information provided to the Senate speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 80.

81.     Defendant admits that the bill introduced by Representative Jenkins, who is black, and Representative Jackson's testimony speak for themselves. In all other respects, Defendant denies the allegations of paragraph 81.

82.     Defendant admits that the bill introduced by Representative Glover, who is black, and Representative Glover's testimony speaks for themselves. In all other respects, Defendant denies the allegations of paragraph 82.

83.    Defendant admits that the debate on the House floor concerning H.B. 14 is a matter of public record and that the debate and testimony by Representatives Glover and Larvadain speak for themselves. In all other respects, Defendant denies the allegations of paragraph 83.

84.    Defendant admits that the debate and votes concerning amendments to H.B. 14 are a matter of public record and speak for themselves. In all other respects, Defendant denies the allegations of paragraph 84.

85.    Defendant admits that the debate and votes concerning amendments to H.B. 14 are a matter of public record and speak for themselves. In all other respects, Defendant denies the allegations of paragraph 85.

86.    Defendant admits that on February 18, 2022, H.B. 14 was passed by the House and Senate and that the recorded vote and affiliations of the members who voted are a matter of public record and speak for themselves. In all other respects, Defendant denies the allegations of paragraph 86.

**"c. Governor and the State Legislative Maps"**

87.    Defendant admits the allegations of paragraph 87.

**"E. The Newly Enacted Legislative Maps Dilute Black Voting Power in the Face of an Increasingly Diverse Louisiana"**

88.    Defendant denies the allegations of paragraph 88.

89.    Defendant denies the allegations of paragraph 89.

90.    Defendant denies the allegations of paragraph 90.

91.    Defendant denies the allegations of paragraph 91.

92.    Defendant admits that the cited testimony speaks for itself. In all other respects, Defendant denies the allegations of paragraph 92.

93.    Defendant admits that the cited testimony speaks for itself. In all other respects, Defendant denies the allegations of paragraph 93.

94.    Defendant admits that the cited testimony speaks for itself. In all other respects, Defendant denies the allegations of paragraph 94.

95.    Defendant admits that the cited testimony speaks for itself. In all other respects, Defendant denies the allegations of paragraph 95.

96.    Defendant denies the allegations of paragraph 96.

97.    Defendant admits that the cited testimony speaks for itself. In all other respects, Defendant denies the allegations of paragraph 97.

**"F. The Redistricting Plan Illegally Dilutes Black Voting Strength"**

98.    Defendant admits that the *Gingles* decision speaks for itself. In all other respects, Defendant denies the allegations of paragraph 98.

**"1. The Redistricting Plan Satisfies the First *Gingles* Precondition."**

99.    Defendant admits that the *Gingles* decision speaks for itself. In all other respects, Defendant denies the allegations of paragraph 99.

100.    Defendant denies the allegations of paragraph 100.

101.    Defendant denies the allegations of paragraph 101.

**"a. Senate"**

102.    Defendant admits that Exhibits A and B speak for themselves. In all other respects, Defendant denies the allegations of paragraph 102.

103.    Defendant admits that Exhibits A and B speak for themselves. In all other respects, Defendant denies the allegations of paragraph 103.

104.    Defendant denies the allegations of paragraph 104.

105.     Defendant denies the allegations of paragraph 105.

106.     Defendant admits that the cited testimony speaks for itself. In all other respects, Defendant denies the allegations of paragraph 106.

107.     Defendant denies the allegations of paragraph 107.

108.     Defendant denies the allegations of paragraph 108.

**"b. House"**

109.     Defendant admits that Exhibits C and D speak for themselves. Except as specifically admitted, Defendant denies the allegations of paragraph 109.

110.     Defendant admits that Exhibit D speaks for itself. Except as specifically admitted, Defendant denies the allegations of paragraph 110.

111.     Defendant denies the allegations of paragraph 111.

112.     Defendant denies the allegations of paragraph 112.

113.     Defendant denies the allegations of paragraph 113.

114.     Defendant denies the allegations of paragraph 114.

115.     Defendant denies the allegations of paragraph 115.

116.     Defendant denies the allegations of paragraph 116.

**"2.     The State Legislative Maps Satisfy the Second and Third *Gingles* Preconditions"**

117.     Defendant denies the allegations of paragraph 117.

118.     Defendant admits that the referenced cases, which are not cited in the allegation, speak for themselves. In all other respects, Defendant denies the allegations of paragraph 118.

119.     Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph 119.

120.    Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph 120.

121.    The results of congressional elections in 2020 speak for themselves. In all other respects, Defendant denies the allegations of paragraph 121.

122.    Defendant admits that prior election results speak for themselves. In all other respects, Defendant denies the allegations of paragraph 122.

**"3.    Under the "Totality of the Circumstances," the State Legislative Plans Fail to Ensure that the Electoral Process is Equally Open to Black Louisianans"**

123.    Defendant denies the allegations of paragraph 123.

124.    Defendant denies the allegations of paragraph 124.

**"a. Senate Factor 1: History of Official Voting-Related Discrimination"**

125.    Defendant admits that Louisiana has a past history of passing laws that violated federal law related to the voting rights of black and other minority voters which is not spelled out with any specificity in paragraph 125. The remainder of paragraph 125 consists of legal characterizations or argument to which no response if required. In all other respects, Defendant denies the allegations of paragraph 125.

126.    Defendant admits that the cited case speaks for itself and that during the inexcusable period of slavery blacks did not possess the right to vote. In all other respects, Defendant denies the allegations of paragraph 126.

127.    Defendant does not dispute the history of Louisiana recited in paragraph 127 which speaks for itself. In all other respects, Defendant denies the allegations of paragraph 127.

128.    Defendant does not dispute the history of Louisiana recited in paragraph 128 which speaks for itself. Defendant further admits that the cited cases speak for themselves. In all other respects, Defendant denies the allegations of Paragraph 128.

129.    Defendant does not dispute the history of Louisiana recited in paragraph 129 which speaks for itself. Defendant further admits that the cited cases speak for themselves. In all other respects, Defendant denies the allegations of Paragraph 129.

130.    Defendant admits that the Voting Rights Act and the cited case speak for themselves. In all other respects Defendant denies the allegations of paragraph 130.

131.    Defendant admits that the history of objections registered by DOJ and cases involving claims for vote dilution speak for themselves. In all other respects, Defendant denies the allegations of paragraph 131.

132.    Defendant admits that the history of cases involving claims for vote dilution or voting rights violations speak for themselves. In all other respects, Defendant denies the allegations of paragraph 132.

133.    Defendant admits that the history of cases involving claims for vote dilution or voting rights violations speak for themselves. In all other respects, Defendant denies the allegations of paragraph 133.

134.    Defendant admits that the history of cases discussed in this allegation speak for themselves. In all other respects, Defendant denies the allegations of paragraph 134.

135.    Defendants admit that the objections registered by DOJ speaks for itself and that plans were not effective upon the entry of an objection by DOJ. In all other respects, Defendant denies the allegations of paragraph 135.

136.    Defendants admit that the objections registered by DOJ speaks for itself and that plans were not effective upon the entry of an objection by DOJ. Defendant further admits that the cited case speaks for itself. In all other respects, Defendant denies the allegations of paragraph 136.

137.    Defendant admits that the cases cited in paragraph 137 speak for themselves. In all other respects, Defendant denies the allegations of paragraph 137.

138.    Defendant admits that the history of objections registered by DOJ speaks for itself. In all other respects, Defendant denies the allegations of paragraph 138.

139.    Defendant admits that the case cited in paragraph 139 speaks for itself. In all other respects, Defendant denies the allegations of paragraph 139.

**"b. Senate Factor 2: The Extent of Racial Polarization"**

140.    Defendant lacks information or knowledge sufficient to form a belief about the extent of racially polarized voting in Louisiana In all other respects, Defendant denies the allegations of paragraph 140.

141.    Defendant admits that the results of Louisiana's 2020 congressional elections speak for themselves. In all other respects, Defendant denies the allegations of paragraph 141.

142.    Defendant admits that the cited election results speak for themselves. In all other respects, the allegations of Paragraph 142 are denied.

**"c. Senate Factor 5: Effects of Louisiana's History of Discrimination"**

143.    Defendant admits that the case cited in paragraph 143 speaks for itself. In all other respects, Defendant denies the allegations of paragraph 143.

144.    Defendant admits that the case cited in paragraph 144 speaks for itself. In all other respects, Defendant denies the allegations of paragraph 144.

145.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 145.

146.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 146..

147.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the matter asserted. To the extent a further response is required, Defendant denies the allegations of paragraph 147.

148.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the matter asserted. To the extent a further response is required, Defendant denies the allegations of paragraph 148.

149.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 149.

**"d. Senate Factor 6: Presence of Racial Campaign Appeals"**

150.    Defendant admits that David Duke has run for public office in Louisiana several times and that those election results speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 150.

151.    Defendant admits that Lynn Dean's words and the referenced, but uncited case, speak for themselves. In all other respects, the allegations of paragraph 151 are denied.

152.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 152.

153.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 153.

154.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted.

155.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 155.

156.     Defendant denies the allegations of paragraph 156.

**"e.      Senate Factor 7: Extent to Which Black Louisianans Have Been Elected to Public Office"**

157.     Defendant admits that the identities of Louisiana's Congress members speak for themselves. In all other respects, the allegations of paragraph 157 are denied.

158.     Defendant admits that the cited case speaks for itself. In all other respects, the allegations of paragraph 158 are denied.

**"f. Senate Factor 9: Tenuousness"**

159.     Defendant admits that the cited case speaks for itself. In all other respects, the allegations of paragraph 159 are denied.

160.     Defendant admits that the cited transcript speaks for itself. In all other respects, the allegations of paragraph 160 are denied.

161.     Defendant admits that the cited transcript speaks for itself. In all other respects, the allegations of paragraph 161 are denied.

162.    Defendant admits that the illustrative maps speak for themselves. In all other respects, the allegations of paragraph 162 are denied.

163.    Defendant denies the allegations of paragraph 163.

### "g. Other Relevant Factors"

164.    Defendant admits that the cited 2020 census statistics speak for themselves. In all other respects, the allegations of paragraph 164 are denied.

165.    The allegations of paragraph 165 are denied.

### "CLAIM FOR RELIEF"

### "Count 1: Section 2 of the Voting Rights Act and 42 U.S.C. § 1983"

1.    Defendant adopts and incorporates the foregoing responses as if fully set forth herein.

2.    Defendant admits that the cited statute speaks for itself. In all other respects, the allegations of Claim for Relief paragraph 2 are denied.

3.    Defendant denies that the creation of so-called "opportunity districts" is legally required, and therefore denies the allegations of Claim for Relief paragraph 3.

4.    Defendant denies the allegations of Claim for Relief paragraph 4.

5.    Defendant denies the allegations of Claim for Relief paragraph 5.

6.    Defendant denies the allegations of Claim for Relief paragraph 6.

7.    Defendant denies the allegations of Claim for Relief paragraph 7.

8.    Defendant denies the allegations of Claim for Relief paragraph 8.

9.    Defendant denies the allegations of Claim for Relief paragraph 9.

10.    Defendant denies the allegations of Claim for Relief paragraph 10.

11.    Defendant denies the allegations of Claim for Relief paragraph 11.

"**PRAYER FOR RELIEF**": Defendant denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      The illustrative maps proposed by Plaintiffs are inconsistent with traditional districting criteria and fail to properly defer to the Louisiana Legislature's primary role in the redistricting process.

3.      The relief sought by plaintiffs would involve an unconstitutional racial gerrymander because they request a map in which racial considerations predominate over traditional districting criteria.

4.      It would be inequitable to afford Plaintiffs relief so soon before the 2022 elections.

5.      Plaintiffs seek inappropriate relief, including relief that is not within the Secretary of State's authority to accomplish.

6.      Plaintiffs have failed to join all necessary parties.

7.      Section 2, properly construed, does not support a claim for vote dilution based on a challenge to a districting plan.

8.      To the extent that Section 2 requires Louisiana to draw districts with predominate considerations of race, Section 2 is unconstitutional.

9.      Louisiana neither "cracked" nor "packed" minority voters in its Congressional districting plan.

10.     Plaintiffs fail to satisfy the three *Gingles* criteria.

11.     Race did not predominate in the drawing of any district.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter an order:

1. Transferring this case pursuant to 28 U.S.C. § 2284; alternatively

2. Dismissing all of Plaintiffs' claims with prejudice;

3. Awarding Defendant their costs and attorneys' fees; and

4. Providing Defendant with such other and further relief as may be equitable and proper.

Respectfully submitted this the 18th day of April, 2022.

By: /s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

By: /s/ Phillip J. Strach
Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Counsel for Defendant R. KYLE ARDOIN, in his
official capacity as Secretary of State of Louisiana
*Pro Hac Vice Motions Granted*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th of April, 2022 the foregoing document was filed via

the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

By: /s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

By: /s/ Phillip J. Strach
Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Counsel for Defendant R. KYLE ARDOIN, in his*
*official capacity as Secretary of State of Louisiana*
*Pro Hac Vice Motions Granted*

4854-5955-0748 v.1

21