IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 3:22-000178-SDD-SDJ |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of the State of Louisiana, | |
| Defendant. | |

## ORIGINAL ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND AFFIRMATIVE DEFENSES BY DEFENDANT-INTERVENOR, STATE OF LOUISIANA, THROUGH ATTORNEY GENERAL JEFF LANDRY

NOW INTO COURT, through undersigned counsel, comes Defendant Intervenor, State of Louisiana, through Louisiana Attorney General Jeff Landry, who responds to Plaintiffs' Complaint (ECF NO. 14), filed on April 4, 2022, by denying each allegation contained in those pleadings, except as specifically admitted below.

## AFFIRMATIVE DEFENSES

### First Defense - Lack of Subject Matter Jurisdiction

A.

These claims are not justiciable claims capable of resolution by the federal courts to the extent they assert or involve partisan gerrymandering that is traditionally and historically beyond the reach of the courts as political questions.

B.

Some or all of the plaintiffs fail to show a sufficient interest and/or injury arising from the challenged Louisiana law establishing U.S. Congressional Districts and so lack standing to assert the claims set out in the Complaint.

## Second Defense - Failure to State a Claim Upon Which
## Relief Can Be Granted

Some or all of the plaintiffs fail to state a claim upon which relief can be granted and do not assert a cognizable claim that would entitle them to relief under existing law if the facts they plea d are assumed true.

AND NOW FURTHERING ANSWERING the particular allegations and averments of the Complaint, the State pleads as follows:

1.

The cited statutes speak for themselves, the remaining allegations of Paragraph 1 are denied.

2.

The allegations in Paragraph 2 contain a prayer for relief and do not require an answer. To the extent a response is required, the State of Louisiana denies that Plaintiffs are entitled to any of the relief they seek, and the allegations are denied. The remaining  allegations of Paragraph 2 are conclusory, jumbled and require no response but are denied out of an abundance of caution.

3.

The allegations of Paragraph 3 are conclusory, jumbled and require no response but are denied out of an abundance of caution, except to admit that the new legislative maps became law on March 9, 2022.

4.

The allegations of Paragraph 4 are conclusory and require no response but are denied out of an abundance of caution.

5.

2

The allegations of Paragraph 5 are conclusory, jumbled and require no response but are denied out of an abundance of caution.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

6.

The allegations of Paragraph 6 are conclusory, jumbled and require no response but are denied out of an abundance of caution.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

7.

The allegations in Paragraph 7 are denied.  Any cited statutes, court decisions, and objections asserted by the United States Department of Justice speak for themselves.

8.

It is admitted that the cited statutes and statements by the Governor speak for themselves. The remaining allegations in Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied to the extent a response is deemed required.

**JURISDICTION AND VENUE**

10.

Reserving the jurisdictional objections raised in its Affirmative Defenses and without waiving the right to bring motions on other grounds, the State admits that the jurisdictional statutes cited in Paragraph 10 are the correct jurisdictional statutes for this claim, but the State avers that

the claims asserted in the Complaint arise, in whole or in part, under the United States Constitution, particularly the Fourteenth and Fifteenth Amendments.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 require no response from the State.

13.

To the extent the court has jurisdiction, the State admits that the venue statute cited in Paragraph 13 is the correct venue provision for these claims.

## PARTIES

14.

The allegations in Paragraph 14 are denied for lack of information to justify a belief therein.

15.

The allegations in Paragraph 15 are denied for lack of information to justify a belief therein.

16.

The allegations in Paragraph 16 are denied for lack of information to justify a belief therein.

17.

The allegations in Paragraph 17 are denied for lack of information to justify a belief therein.

4

18.

The allegations in Paragraph 18 are denied for lack of information to justify a belief therein.

19.

The allegations in Paragraph 19 are denied for lack of information to justify a belief therein.

20.

The allegations in Paragraph 20 are denied for lack of information to justify a belief therein.

21.

The allegations in Paragraph 21 are denied for lack of information to justify a belief therein.

22.

The allegations in Paragraph 22 are denied for lack of information to justify a belief therein.

23.

The allegations in Paragraph 23 are denied for lack of information to justify a belief therein.

24.

The allegations in Paragraph 24 are denied for lack of information to justify a belief therein.

25.

The allegations in Paragraph 25 are denied for lack of information to justify a belief therein.

26.

The allegations in Paragraph 26 are denied for lack of information to justify a belief therein.

27.

The allegations in Paragraph 27 are denied for lack of information to justify a belief therein.

28.

The allegations in Paragraph 28 are denied for lack of information to justify a belief therein.

29.

The allegations in Paragraph 29 are denied for lack of information to justify a belief therein.

30.

The allegations in Paragraph 30 are denied for lack of information to justify a belief therein.

31.

The allegations in Paragraph 31 are denied for lack of information to justify a belief therein.

32.

The allegations in Paragraph 32 are denied for lack of information to justify a belief therein.

33.

The allegations in Paragraph 33 are denied for lack of information to justify a belief therein.

34.

The allegations in Paragraph 34 are denied.

35.

The allegations in Paragraph 35 are denied.

36.

The allegations in Paragraph 36 are denied.

37.

The allegations in Paragraph 37 are denied.

38.

The allegations in Paragraph 38 are denied.

39.

Paragraph 39 does not comport with the pleadings requirements of Fed. R. Civ. P. 8 and should be stricken from the pleading but the allegations are denied for lack of sufficient information to justify a belief therein to the extent a response is deemed to be required.

40.

The allegations in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations in Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations in Paragraph 42 are denied.

43.

The allegations in Paragraph 43 are denied.

44.

The allegations in Paragraph 44 are denied.

45.

The allegations in Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

**LEGAL BACKGROUND**

46.

Paragraph 46 contains no more than partial quotations from statutes and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution. Defendant-Intervenor admits that the cited statute speaks for itself.

47.

Paragraph 47 contains no more than legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution. Defendant-Intervenor admits that the cited statute speaks for itself.

48.

Paragraph 48 contains no more than legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution. Defendant-Intervenor admits that the cited statute and case speak for themselves.

49.

Paragraph 49 contains no more than partial quotations from cases and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution.  Defendant admits that the cited statute speaks for itself.

50.

Paragraph 50 contains no more than partial quotations from cases and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution.  Defendant-Intervenor admits that the cited case speaks for itself.  However, the State suggests that the United States Supreme Court appears to be poised to address head-on the test for vote dilution claims arising under Section 2 of the Voting Rights Act and, therefore, its precedent in *Gingles*.

51.

Paragraph 51 contains no more than partial quotations from cases and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution.  Defendant-Intervenor admits that the cited case speaks for itself.  However, the State suggests that the United States Supreme Court appears to be poised to address head-on the test for vote dilution claims arising under Section 2 of the Voting Rights Act and, therefore, its precedent in *Gingles*.

52.

Paragraph 52 contains no more than partial excerpts from cases and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution. Defendant-Intervenor admits that the cited case speaks for itself.  However, the State suggests that the United States Supreme Court appears to be poised to address head-on the test for vote dilution claims arising under Section 2 of the Voting Rights Act and, therefore, its precedent in *Gingles*.

53.

Paragraph 53 contains no more than partial excerpts from cases and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution. Defendant-Intervenor admits that the cited case speaks for itself. However, the State suggests that the United States Supreme Court appears to be poised to address head-on the test for vote dilution claims arising under Section 2 of the Voting Rights Act and, therefore, its precedent in *Gingles*.

54.

Paragraph 54 contains no more than partial quotations from cases and legal conclusions that require no response but are denied, nonetheless, out of an abundance of caution. Defendant-Intervenor admits that the cited report speaks for itself.

55.

Paragraph 55 contains no more than partial and subjective quotes and summaries from cases together with legal conclusions that require no response but the allegations are denied, nonetheless, out of an abundance of caution. The State suggests that the United States Supreme Court appears to be poised to address head-on the test for vote dilution claims arising under Section 2 of the Voting Rights Act and, therefore, its precedent in *Gingles*.

### STATEMENT OF FACTS

**A. State Enacted Legislative Maps**

56.

The allegations in Paragraph 56 are denied.

57.

The allegations in Paragraph 57 are denied.

58.

Defendant-Intervenor admits that Exhibits A and B speak for themselves.  In all other respects, the allegations in Paragraph 58 are denied.

59.

Defendant-Intervenor admits that Exhibits C and D speak for themselves.  In all other respects, the allegations in Paragraph 59 are denied.

### B.    Louisiana State Legislative Redistricting Process and Criteria

60.

Except to admit that the Louisiana Legislature is required to reapportion/redistrict both houses of the legislature pursuant to La. Const. art. III, § 6, Paragraph 60 is denied or denied for lack of sufficient information to justify a belief therein.  The State moves to strike website references as non-conformance to the pleading requirements of Fed. R. Civ. P. 8.  Allegations cannot be incorporated by reference.

61.

Plaintiffs' Paragraph 61 misstates Louisiana's constitutional provision relative to members of the house and senate; therefore, the allegations are denied.  The Louisiana Constitution in Article III, § 3 actually provides that the number of members of the legislature shall be provided by law with the number of senators not to exceed 39 and the number of representatives 105.

62.

Except to admit that by Concurrent Resolution the legislature adopted Joint Rule 21 to set out criteria for redistricting and that the best evidence of the rule is contained in the resolution, the allegations of Paragraph 62 are denied.  Otherwise, the State moves to strike any website that Plaintiffs cite to for incorporation into the Amended Complaint as it violates the pleading requirements of Fed. R. Civ. P. 8.

11

### C.  Louisiana's Growing Black Population

63.

Paragraph 63 offers no more than an editorial comment inconsistent with the pleading requirements of Fed. R. Civ. P. 8 that requires no response but is denied out of an abundance of caution.

64.

In response to Paragraph 64, the best evidence of census data is the official census report, and excerpts or estimates by the Plaintiffs are incomplete and misleading.  Defendant-Intervenor admits that the results of the 2020 Census speak for itself.  The remaining allegations are denied.

65.

In response to Paragraph 65, the best evidence of census data is the official census report, and excerpts or estimates by the Plaintiffs are incomplete and misleading.    The remaining allegations are denied.

### D.  The Process Leading to Enactment of New Plan for the State Legislative Districts

####   1.  Roadshows

66.

Except to admit that the legislature held public meetings at various locations throughout Louisiana that included the opportunity for public comment, the allegations in Paragraph 66 are denied, and the State moves to strike the incorporation of a website into the Amended Complaint.

67.

The allegations in Paragraph 67 are denied.  "Defendants" in Paragraph 67 are not identified or defined, and the State cannot attest to or deny what unidentified defendants might or might not have known.  To the extent records of proceedings referenced in Paragraph 67, those

records constitute the best evidence thereof.  As to excerpts concerning census data, the official census report is the best and most complete evidence thereof.

68.

The allegations in Paragraph 68 are denied.  "Voters" in Paragraph 68 are not identified or defined, and the State cannot attest to or deny what unidentified voters might or might not have known or said.  To the extent records of proceedings referenced in Paragraph 68, those records constitute the best evidence thereof.  As to excerpts concerning census data, the official census report is the best and most complete evidence thereof.

69.

The allegations in Paragraph 69 are denied.  "Members of the public" in Paragraph 69 are not identified or defined, and the State cannot attest to or deny what unidentified members of the public might or might not have known or said.  Nor can the State attest to communications received from "our coalition." To the extent records of proceedings referenced in Paragraph 68, those records constitute the best evidence thereof.  As to excerpts concerning census data, the official census report is the best and most complete evidence thereof.

70.

The allegations in Paragraph 70 are denied. To the extent records of proceedings referenced in Paragraph 70, those records constitute the best evidence thereof.  As to excerpts concerning census data, the official census report is the best and most complete evidence thereof.

71.

The allegations in Paragraph 71 are denied.  Again, "the public" in Paragraph 71 is not identified or defined, and the State cannot attest to or deny what unidentified members of the public

might or might not have known or said.  To the extent records of proceedings referenced in Paragraph 71, those records constitute the best evidence thereof.

### 2.  Special Legislative Session

72.

The allegations in Paragraph 72 are admitted.

73.

Except to admit that nine bills proposing state legislative districts were introduced in the February 2022 Special Session, the allegations in Paragraph 73 are denied.  The bills constitute the best evidence of their content.

### a.  Senate Map

74.

The allegations in Paragraph 74 are denied. To the extent records of proceedings are referenced in Paragraph 70, those records constitute the best evidence thereof.

75.

The allegations in Paragraph 75 are denied. To the extent records of proceedings are referenced in Paragraph 75, those records constitute the best evidence thereof.

76.

The allegations in Paragraph 76 are denied. To the extent records of proceedings are referenced in Paragraph 76, those records constitute the best evidence thereof.

77.

The allegations in Paragraph 77 are denied. To the extent records of proceedings are referenced in Paragraph 77, those records constitute the best evidence thereof.

78.

The allegations in Paragraph 78 are denied. To the extent records of proceedings are referenced in Paragraph 78, those records constitute the best evidence thereof.

79.

The allegations in Paragraph 79 are denied. To the extent records of proceedings are referenced in Paragraph 79, those records constitute the best evidence thereof.

**b. House Map**

80.

The allegations in Paragraph 80 are denied. To the extent records of proceedings are referenced in Paragraph 80, those records constitute the best evidence thereof.

81.

The allegations in Paragraph 81 are denied. To the extent records of proceedings are referenced in Paragraph 81, those records constitute the best evidence thereof.

82.

The allegations in Paragraph 82 are denied. To the extent records of proceedings are referenced in Paragraph 82, those records constitute the best evidence thereof.

83.

The allegations in Paragraph 83 are denied. To the extent records of proceedings are referenced in Paragraph 83, those records constitute the best evidence thereof.

84.

The allegations in Paragraph 84 are denied. To the extent records of proceedings are referenced in Paragraph 84, those records constitute the best evidence thereof.

85.

The allegations in Paragraph 85 are denied. To the extent records of proceedings are referenced in Paragraph 85, those records constitute the best evidence thereof.

86.

The allegations in Paragraph 86 are denied. To the extent records of proceedings are referenced in Paragraph 86, those records constitute the best evidence thereof.

### c. Governor and the State Legislative Maps

87.

Except to admit that legislative districts were adopted by the legislature in the February 2022 Special Session and sent to the Governor who neither signed nor vetoed the bills adopted in that regard, Paragraph 87 is denied or denied for lack of sufficient information to justify a belief therein.

### E. The Newly Enacted Legislative Maps Dilute Black Voting Power in the Face of an Increasingly Diverse Louisiana

88.

The allegations in Paragraph 88 are denied.

89.

The allegations in Paragraph 89 are denied, and the best evidence of the legislative redistricting plan are the laws that establish the districts.

90.

The allegations in Paragraph 90 are denied.

91.

The allegations in Paragraph 91 are denied.

92.

The allegations in Paragraph 92 represents no more than an opinion on the part of the pleader and requires no response but is denied out of an abundance of caution. To the extent records of proceedings are referenced in Paragraph 92, those records constitute the best evidence thereof.

93.

Paragraph 93 represents no more than an opinion on the part of the pleader and requires no response but is denied out of an abundance of caution. To the extent records of proceedings are referenced in Paragraph 93, those records constitute the best evidence thereof.

94.

Paragraph 94 represents no more than an opinion on the part of the pleader and requires no response but is denied out of an abundance of caution.  To the extent records of proceedings are referenced in Paragraph 94, those records constitute the best evidence thereof.

95.

Paragraph 95 represents no more than an opinion on the part of the pleader and requires no response but is denied out of an abundance of caution. To the extent records of proceedings are referenced in Paragraph 95, those records constitute the best evidence thereof.

96.

The allegations in Paragraph 96 are denied.

97.

Paragraph 97 is denied. To the extent records of proceedings are referenced in Paragraph 97, those records constitute the best evidence thereof.

**F.  The Redistricting Plan Illegally Dilutes Black Voting Strength**

98.

Paragraph 98 represents no more than an opinion on the part of the pleader and requires no response but is denied out of an abundance of caution.   Defendant-Intervenor admits that the Gingles decision speaks for itself.

## I.    The Redistricting Plan Satisfies the First *Gingles* Precondition.

99.

The allegations in Paragraph 99 are denied.  Defendant-Intervenor admits that the Gingles decision speaks for itself.

100.

The allegations in Paragraph 100 are denied.

101.

The allegations in Paragraph 101 are denied.

### a.   Senate

102.

It is admitted that Exhibit A and B speak for themselves  The remaining allegations in Paragraph 102 are denied.

103.

It is admitted that Exhibit A and B speak for themselves.  The remaining allegations in Paragraph 103 are denied.

104.

The allegations of Paragraph 104 are denied.

105.

The allegations of Paragraph 105 are denied.

106.

The allegations of Paragraph 106 are denied.

107.

The allegations of Paragraph 107 are denied.

108.

The allegations of Paragraph 108 are denied.

**b.   House**

109.

It is admitted that Exhibit C and D speak for themselves.   The remaining allegations of Paragraph 109 are denied.

110.

It is admitted that Exhibit D speaks for itself.   The remaining allegations of Paragraph 110 are denied.

111.

The allegations of Paragraph 111 are denied.

112.

The allegations of Paragraph 112 are denied.

113.

The allegations of Paragraph 113 are denied.

114.

The allegations of Paragraph 114 are denied.

115.

The allegations of Paragraph 115 are denied.

116.

The allegations of Paragraph 116 are denied.

**2. The State Legislative Maps Satisfy the Second and Third *Gingles* Preconditions.**

117.

The allegations of Paragraph 117 are denied.

118.

Paragraph 118 is no more than a conclusory statement by the pleader that requires no response but is denied out of an abundance of caution.

119.

Paragraph 119 is denied for lack of sufficient information to justify a belief therein.

120.

Paragraph 120 is denied for lack of sufficient information to justify a belief therein.

121.

Paragraph 121 is denied for lack of sufficient information to justify a belief therein. Racial partisanship is not necessarily determinative of this claim.

122.

Paragraph 122 is denied for lack of sufficient information to justify a belief therein. Racial partisanship is not necessarily determinative of this claim.

**3. Under the "Totality of Circumstances," the State Legislative Plans Fail to Ensure that the Electoral Process is Equally Open to Black Louisianans.**

123.

Paragraph 123 is no more than the conclusion of the pleader and requires no response but is denied out of an abundance of caution.

124.

The allegations in Paragraph 124 are denied.

### a.   Senate Factor 1:  History of Official Voting-Related Discrimination

125.

The allegations in Paragraph 125 are denied as characterized in the Amended Complaint, Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

126.

The allegations in Paragraph 126 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

127.

The allegations in Paragraph 127 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

128.

21

The allegations in Paragraph 128 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

129.

The allegations in Paragraph 129 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

130.

Except to admit that Congress passed the Voting Rights Act of 1965 in the year 1965, the terms of the Act constitute the best evidence of its requirements, and Louisiana was a covered jurisdiction under the Act until the Act expired and its renewal was held to be unconstitutional and outmoded, Paragraph 130 is denied.

131.

The allegations in Paragraph 131 are denied as written.

132.

The allegations in Paragraph 132 are denied as written. The State moves to strike the references to letters and a website Plaintiffs seek to incorporate into the allegation for failing to conform to the pleading requirements of Fed. R. Civ. P. 8.

133.

The allegations in Paragraph 133 are denied.

134.

The allegations in Paragraph 134 are no more than an argumentative and conclusory statement of the pleader that is immaterial to the Amended Complaint.  To the extent a response is needed, the allegations in Paragraph 134 are denied as written.

135.

Paragraph 135 is no more than an argumentative and conclusory statement of the pleader that is immaterial to the Amended Complaint.  To the extent a response is needed the allegations in Paragraph 135 are denied.  DOJ objection letters speak for themselves.

136.

Paragraph 136 is no more than an argumentative and conclusory statement of the pleader that is immaterial to the Amended Complaint.  To the extent Paragraph 136 refers to a writing, that writing is the best evidence of its contents.

137.

The allegations in Paragraph 137 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

138.

The allegations in Paragraph 138 are denied as characterized in the Amended Complaint. Even if assumed true is immaterial to an evaluation of the current legislative redistricting plan.  As

the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

139.

The allegations in Paragraph 139 are denied.

### b.  Senate Factor 2:  The Extent of Racial Polarization

140.

The allegations in Paragraph 140 require no response but are denied out of an abundance of caution.

141.

The allegations in Paragraph 141 are denied.

142.

The allegations in Paragraph 142 are denied.

### c.  Senate Factor 5:  Effects of Louisiana's History of Discrimination.

143.

The allegations in Paragraph 143 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.  It is admitted that the case cited speaks for itself.

144.

The allegations in Paragraph 144 are denied as characterized in the Amended Complaint. Even if assumed true the allegations are immaterial to an evaluation of the current legislative redistricting plan.  As the Supreme Court recently noted remote history is no longer germane to

voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs. It is admitted that the case cited speaks for itself.

145.

The allegations in Paragraph 145 are denied for lack of information and further denied to the extent that old desegregation orders have not been cleared off the books and may be deemed relevant to the 2022 legislative redistricting plans.

146.

The allegations in Paragraph 146 are denied for lack of information and further denied to the extent that school discipline and academics may be deemed relevant to the 2022 legislative redistricting plans.

147.

The allegations in Paragraph 147 are denied for lack of information and to the extent that individual employment experience may be deemed relevant to the 2022 legislative redistricting plans.

148.

The allegations in Paragraph 148 are denied for lack of information and to the extent that health may be deemed relevant to the 2022 legislative redistricting plans.

149.

The allegations in Paragraph 149 are denied for lack of information to form a belief therein.

### d.  Senate Factor 6: Presence of Racial Campaign Appeals

150.

Except to admit that David Duke was an aberration in Louisiana politics and that he ran for public office in Louisiana, the allegations of Paragraph 150 are denied.

151.

The allegations in Paragraph 151 are denied for lack of sufficient information to justify a belief therein.

152.

The allegations in Paragraph 152 are denied for lack of sufficient information to justify a belief therein.

153.

The allegations in Paragraph 153 are denied for lack of sufficient information to justify a belief therein.

154.

The allegations in Paragraph 154 are denied for lack of sufficient information to justify a belief therein.

155.

The allegations in Paragraph 155 are denied for lack of sufficient information to justify a belief therein.

156.

The allegations in Paragraph 156 are denied.

**e. Senate Factor 7:  Extent to which Black Louisianans Have Been Elected to Public Office.**

157.

The allegations in Paragraph 157 are denied or denied for lack of sufficient information to justify a belief therein.  The State suggests that Black voters have many times voted for their candidate of choice in their elections to office.

26

158.

The allegations in Paragraph 158 are denied except to admit that Justice Ortique was appointed pursuant to the Chisom consent decree.

**f.  Senate Factor 9:  Tenuousness**

159.

The allegations in Paragraph 159 are no more than a legal conclusion drawn by the pleader and requires no response but is denied out of an abundance of caution.

160.

The allegations in Paragraph 160 are denied or denied for lack of sufficient information to justify a belief therein.  It is admitted that the cited transcript speaks for itself.

161.

The allegations in Paragraph 161 are no more than argumentative and conclusory statements by the pleader and require no response but are denied out of an abundance of caution. It is admitted that the cited transcript speaks for itself.

162.

The allegations in Paragraph 162 are no more than argumentative and conclusory statements by the pleader and require no response but are denied out of an abundance of caution.

163.

The allegations in Paragraph 163 are denied.

**g.  Other Relevant Factors**

164.

The allegations in Paragraph 164 are no more than argumentative and conclusory statements by the pleader and require no response but are denied out of an abundance of caution.

165.

The allegations in Paragraph 165 are denied.

**CLAIMS FOR RELIEF**

**Count 1:  Section 2 of the Voting Rights Act and 42 U.S.C. § 1983**

1.

Defendant-Intervenor adopts and incorporates the foregoing responses to Paragraph 1 through 165 as if fully set forth herein.

2.

The allegations in Paragraph 2 are no more than conclusory statements by the pleader and require no response but are denied out of an abundance of caution.  Defendant-Intervenor admits that the cited statute speaks for itself.

3.

The allegations in Paragraph 3 are no more than argumentative and conclusory statements by the pleader and require no response but are denied out of an abundance of caution.

4.

The allegations in Paragraph 4 are denied.

5.

The allegations in Paragraph 5 are denied.

6.

The allegations in Paragraph 6 are denied.

7.

28

The allegations in Paragraph 7 are denied.

8.

The allegations in Paragraph 8 are denied.

9.

The allegations in Paragraph 9 are denied.

10.

The allegations in Paragraph 10 are denied.

11.

The allegations in Paragraph 11 are denied.

WHEREFORE, having fully answered the Complaint, the State of Louisiana prays as follows:

1) That this Answer be deemed good and sufficient;

2) That, after all proceedings are had, there be judgment rendered in his favor, dismissing Plaintiffs' claims with prejudice and at their costs;

3) For all general and equitable relief that justice requires.

Dated: April 19, 2022                    Respectfully Submitted,


Jeff Landry
Louisiana Attorney General

*/s/ Angelique Duhon Freel*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee's (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffery M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE

1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov
jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 19th day of April 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Angelique Duhon Freel*
*Angelique Duhon Freel*