UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, AND DR. ROSE THOMPSON, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>*Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO CONVENE THREE-JUDGE COURT OR, IN THE ALTERNATIVE,
TO CERTIFY AN INTERLOCUTORY APPEAL**

Defendant, R. Kyle Ardoin, in his official capacity as Secretary of State for the State of Louisiana, respectfully submits this memorandum in support of his motion requesting that this Court convene a three-judge district court pursuant to 28 U.S.C. § 2284. Alternatively, in the event that this Court denies Defendant's motion to convene a three-judge court, Defendant moves that this Court certify an interlocutory appeal under 28 U.S.C. § 1292 to the United States Court of Appeals for the Fifth Circuit and stay this matter until the jurisdictional issues are resolved.

**BACKGROUND**

On March 14, 2022, Plaintiffs filed this action challenging the apportionment of Louisiana's State House of Representative and State Senate districts (the "State Legislative Maps") following the 2020 census under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301(b). Complaint, at D.E. 1. Though Plaintiffs filed an Amended Complaint on April 4, 2022, the

requested relief remains substantially the same: Plaintiffs seek to enjoin Defendant from holding elections under the State Legislative Maps.  *See* Complaint, p 57; Amended Complaint, D.E. 14, p 58.  To date, no motion for temporary restraining order or preliminary injunction have been filed.

## ARGUMENT

Section 2284(a) of Chapter 28 of the United States Code mandates that a three-judge court be convened "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  *See LULAC of Texas v. Texas*, 318 F. App'x 261, 264 (5th Cir. 2009) (per curiam) ("We agree with our sister circuits that the term 'shall' in § 2284 is mandatory and jurisdictional.").  Plaintiffs' allegations under Section 2 of the Voting Rights Act and the requested relief in the Amended Complaint fall within an action challenging "the apportionment of any statewide legislative body."  *See* § 2284(a).  This interpretation is supported by the text and history of the statute.  Accordingly, a three-judge court must be convened to resolve this matter.

### I.     The statutory interpretation of Section 2284(a).

"The task of statutory interpretation begins and, if possible, ends with the language of the statute." *United States v. Lauderdale Cty*, 914 F.3d 960, 964 (5th Cir. 2019). "Text is the alpha and the omega of the interpretive process." *United States v. Maturino*, 887 F.3d 716, 723 (5th Cir. 2018). Here, 28 U.S.C. § 2284(a) provides that:

> A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

A straightforward reading of the statute suggests that "constitutionality" only qualifies "congressional districts."  In furtherance of this theory, Judge Willett, in his concurring opinion in

2

*Thomas v. Reeves*, 961 F.3d 800, 811 (5th Cir. 2020) (en banc)[1], determined through a series of interpretive cannons the word "constitutionality" only modifies "congressional districts." The "or the apportionment" provides two separate options, requiring a three-judge court to decide "(1) the constitutionality of the apportionment of congressional districts; or (2) the apportionment of any statewide legislative body." *Id.* Therefore, as Judge Willett concluded, the text of the statute requires a three-judge court for *all* challenges to apportionment plans of statewide legislative bodies, but only constitutional challenges to congressional plans. *Id.* at 817. Though Judge Willett's concurrence is dicta, it is instructive here because this action constitutes a live challenge to a legislative apportionment action.

II.     **The history of Section 2284 supports a finding that a three-judge court is required.**

The history surrounding Section 2284's enactment further supports the statutory interpretation that any constitutional or statutory challenge to the apportionment of a statewide legislative body must be resolved by a three-judge court.

In *Page v. Bartels*, the Third Circuit determined that Congress likely "made [no] deliberate choice to distinguish between constitutional apportionment challenges and apportionment challenges brought under § 2 of the Voting Rights Act." 248 F.3d 175, 189 (3d Cir. 2001). When Section 2284 was amended in 1975, Section 2 "was not available to litigants seeking to challenge apportionment, which were all "generally constitutional in nature." *Id.* (citing *Holder v. Hall*, 512 U.S. 874, 893-94 n.1 (1994) (Thomas, J., concurring in the judgment) (explaining the history of apportionment and vote dilution claims)). At that time, "constitutional apportionment challenges came via § 5 of the Voting Rights Act, . . . whose own statutory provisions required the convening of a three-judge court." *Id.* at 189-90 (citing *Allen v. State Bd. of Elections*, 393 U.S. 544, 569

---

[1] *See infra* Part III for a detailed analysis of the *Thomas v. Bryant* litigation.

(1969); 42 U.S.C. § 1973(c). The statutory history suggests that "Congress was less concerned with the source of the law on which an apportionment challenge was based than on the unique importance of apportionment challenges generally." *Thomas*, 961 F.3d at 818 (Willett, J., concurring) (quoting *Page*, 248 F.3d at 190). The Congress that adopted Section 2284(a) in 1976 had no intention that a suit "challenging . . . the apportionment of any statewide legislative body" could be considered by anything other than a three-judge court. *See id.*

### III. The most reasonable statutory interpretation of Section 2284 supports the requirement of a three-judge court in challenges to legislative reapportionment.

Plaintiffs' allegations under Section 2 of the Voting Rights Act and the requested relief in the Amended Complaint fall within an action challenging "the apportionment of any statewide legislative body" that must be heard by a three-judge court. *See* § 2284(a). We believe that this interpretation is supported by the most reasonable interpretation of the text of Section 2284(a). In three different opinions in the *Thomas v. Bryant* litigation, the Fifth Circuit addressed this issue.

The first decision in the *Thomas v. Bryant* litigation was by a motions panel. That panel determined that the defendants failed to show a likelihood of success on the merits of a jurisdictional challenge because a three-judge court was not required for a Section 2 apportionment challenge in the absence of an express constitutional claim. *Thomas v. Bryant*, 919 F.3d 298, 303–08 (5th Cir. 2019) (*Thomas I*). Then, in *Thomas v. Bryant*, 938 F.3d 134, 145–47 (5th Cir. 2019) (*Thomas II*), the court affirmed a merits decision of the Southern District of Mississippi and again concluded that a three-judge court was not required. However, the Fifth Circuit voted to rehear *Thomas II* en banc, 939 F.3d 629 (5th Cir. 2019). On rehearing en banc, the court unanimously determined it lacked jurisdiction and vacated the decision in *Thomas II* because the litigation had become moot during the pendency of the appeal. *Thomas v. Reeves*, 961 F.3d 800, 805 (5th Cir. 2020) (en banc) (per curiam). However, two concurring opinions ventured into the merits of the

4

appeal. In the first concurring opinion, six circuit court judges rejected an interpretation of Section 2284(a) that would require a three-judge court in statutory challenges of legislative plans. *Id.* at 801–10 (Costa, J., concurring). In the second concurring opinion, Judge Willett, joined by four other circuit court judges, determined that Section 2284(a) required a three-judge court in statutory challenges of statewide legislative plans. *Id.* at 810–27 (Willett, J., concurring). As we will explain, none of the *Thomas* decisions constitute binding authority and an open question remains as to whether Section 2284(a) requires a three-judge court in statutory challenges to statewide legislative apportionment plans.

*Thomas I* is not binding under the Fifth Circuit's longstanding rule that "a motions panel decision is not binding precedent." *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988); *see Thomas I*, 919 F.3d at 303 (discussing the procedural history of the motion pending before the panel). *Thomas II* was automatically vacated when the Fifth Circuit granted a rehearing en banc under Fifth Circuit Rule 41.3 and 28 U.S.C. § 2106. *See* 939 F.3d 629 (5th Cir. 2019) (granting rehearing en banc). Furthermore, *Thomas II* was vacated by the explicit holding of *Thomas III*. *Thomas III*, 961 F.3d at 801 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 38 (1950)); *Ridley v. McCall*, 496 F.2d 213, 214 (1974) (per curiam) (holding a decision has no precedential value if the case was subsequently vacated and dismissed as moot). The *Thomas III* majority did not reach the merits; only the concurring opinions addressed whether Section 2284(a) requires a three-judge court in statutory challenges to statewide legislative plans. *See id.* at 801–10 (Costa, J., concurring), 810–27 (Willett, J., concurring). The concurring opinions in *Thomas III* are dicta at best because they are peripheral to the majority's mootness holding. *See, e.g., In re Cajun Elec. Power Coop., Inc.*, 109 F.3d 248, 256 (5th Cir.1997) (describing dicta as: "i.e., it could have been deleted without seriously impairing the analytical foundations of the holding—[and],

5

being peripheral, may not have received the full and careful consideration of the court that uttered it." (quotation omitted)). In any case, a federal court cannot issue any precedent once a case is moot because mootness is jurisdictional. *Louisiana Envtl. Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580–81 (5th Cir 2004) ("It is well-settled that mootness is a threshold jurisdictional inquiry." (citation omitted)); *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996) ("Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits."). Because the case was mooted during the pendency of appeal, none of the *Thomas* decisions are controlling on the interpretation of § 2284(a), even though one of the concurring opinions in *Thomas III* stated that three-judge courts can only be required in constitutional challenges. *See Munsingwear, Inc.*, 340 U.S. at 38.

Around the same time as the *Thomas* litigation, this court presided over a similar case. In *Johnson v. Ardoin*, No. 3:18-cv-625-SDD-EWD, 2019 WL 4318487, *2 (M.D. La. May 31, 2019) this Court rejected an argument that § 2284(a) required a three-judge panel in a Section 2 case challenging a congressional plan where no overt constitutional claim was plead.[2] However, the Court in *Johnson* did not decide the precise issue in this case: whether § 2284(a) requires a three-judge court for any state <u>legislative</u> challenge. *See id.* **2–3. Furthermore, when it decided to deny Defendant's motion to convene in *Johnson*, the Court relied on *Thomas I* and did not have before it Judge Willett's concurring opinion in *Thomas III*, which was joined by four other judges sitting en banc on the Fifth Circuit. *Thomas III*, 961 F.3d at 811–17 (Willett, J., concurring).

In light of the lack of controlling precedent in this Circuit, this Court should look to the Third Circuit's decision in *Page v. Bartels* and Judge Willett's concurrence in *Thomas III* for

---

[2] However, the Supreme Court of the United States has yet to take up this issue, thereby creating an open question of interpretation.

guidance. Moreover, we believe that the requirement for a three-judge court is supported by the most reasonable interpretation of 28 U.S.C. § 2284(a). Plaintiffs' allegations under Section 2 of the Voting Rights Act and the requested relief in the Amended Complaint fall within an action challenging "the apportionment of any statewide legislative body." *See* § 2284(a). As such, a three-judge court should be convened to resolve this matter.

  **IV. Alternatively, this Court should certify an interlocutory appeal and stay this matter pending resolution of jurisdictional questions.**

  Given the court's prior rulings in *Johnson*, in the event this Court denies Defendant's motion to convene a three-judge court, this Court should certify an interlocutory appeal. An interlocutory appeal is necessary and appropriate in this case to settle the Section 2284(a) jurisdictional issues for challenges to "the apportionment of statewide legislative bodies." Legislative elections will not be held in Louisiana until the fall of 2023. Therefore, unlike the elections scheduled to be held in the Fall of 2022, there is no urgency for any ruling on the merits of Plaintiff's claims. The immediate resolution of the Court's jurisdiction will materially advance the ultimate termination of the litigation before the merits of the case are fully litigated. *See Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (1983). It is in no one's interest that the parties be forced to continue litigating these issues, at great expense to the state, in front of a court whose jurisdiction is in question.

  Certification under Section 1292(b) of an interlocutory appeal may be granted when: "(1) the order from which the appeal is taken involves a 'controlling question of law;' (2) there is 'substantial ground for difference of opinion' concerning the issue; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Johnson v. Ardoin*, No. 3:18-cv-625-SDD-EWD, 2019 WL 4318487, *2 (M.D. La. Sept. 12, 2019) (citing 28 U.S.C. § 1292(b)); *see Clark-Dietz and Associates-Engineers, Inc,* 702 F.2d at 69 (providing that

7

Section 1292(b) appeals are "permitted only when there is a substantial difference of opinion about a controlling question of law and that the resolution of that question will materially advance, not retard, ultimate termination of the litigation").

In *Johnson v. Ardoin*, this Court agreed "that [in a case challenging a congressional plan] whether a three-judge panel should be convened for claims under Section 2 of the VRA is a controlling question of law." *Id.* However, the Court in *Johnson* ultimately denied a certification motion on the grounds that there was no "substantial ground for difference of opinion" because the Fifth Circuit had "spoken on the point." *Id.* at 3. That said, the Court's holding denying interlocutory certification of an appeal relied upon the now-vacated panel's decision in *Thomas II*. *Id.* Furthermore, as discussed *supra*, the issue in *Johnson* was limited to statutory challenges to congressional apportionment. *Id.* In fact, in denying certification as to the congressional issue, the Court stated that "whether a three-judge panel is required for challenges to the apportionment of statewide legislative bodies" is subject to "substantial ground for difference of opinion" *Id.* (citing *Page*, 248 F.3d. at 190).

Notwithstanding the denial of certification in September 2019, a month later, the Court entered a text order granting a stay pending the Fifth's Circuit rehearing en banc of *Thomas v. Bryant*. *Johnson v. Ardoin*, ECF No. 3:18-cv-625-BAJ-EWD, D.E. 133 (M.D. La. Oct. 17, 2019). Ultimately, this Court concluded that the "interest of judicial economy" and "expenses of the parties pending resolution of the largely unsettled legal issue" were sufficient to delay the plaintiffs' injunctive proceedings. *Id.* Those same principles apply here. This time, the Court should consider judicial economy and expense on the front end and grant a stay pending appeal now instead of delaying the issue.[3]

---

[3] The full text order reads: "ORDER granting 109 Motion to Stay. The Court has considered the Defendant's Motion and the Plaintiffs opposition and finds that a Stay pending en banc consideration of the Voting

8

**CONCLUSION**

For the reasons stated herein, this Court should grant Defendant's Motion and convene a three-judge district court under 28 U.S.C. § 2284(a). Alternatively, in the event that this Court denies Defendant's Motion to convene a three-judge court, Defendant moves that this Court certify an interlocutory appeal under 28 U.S.C. § 1292(b) to the United States Court of Appeals for the Fifth Circuit and stay this matter until the jurisdictional issues are resolved.

---

Rights Act issue by the Court of Appeal in Thomas v Bryant is warranted in the interest of judicial economy and to avoid attendant litigation expenses to the parties pending resolution of the largely unsettled legal issue. The Court is mindful that the delay attendant to this stay will impede the injunctive proceedings which the Plaintiffs had hoped to push to conclusion in advance of the Fall 2020 elections. However, considering the posture of the case and the Court's crowded docket, the likelihood of resolution before the Fall of 2020 is remote and therefore the hardship of delay is outweighed by the interests served in granting a stay pending en banc decision in Thomas v Bryant.. Signed by Chief Judge Shelly D. Dick on 10/17/2019. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (Dick, Shelly) (Entered: 10/17/2019)." *Johnson v. Ardoin*, ECF No. 3:18-cv-00625-BAJ-EWD, D.E. 133 M.D. La. (Oct. 17, 2019). Notably, even a full year out from the 2020 election, the Court determined in October 2019 that "the likelihood of resolution before the Fall of 2020 is remote." *Id.*

9

Respectfully submitted, this the 22nd day of April, 2022.

/s/ *Phillip J. Strach*
Phillip J. Strach, *pro hac vice*
phillip.strach@nelsonmullins.com
   *Lead Counsel
Thomas A. Farr, *pro hac vice*
tom.farr@nelsonmullins.com
John E. Branch, III, *pro hac vice*
john.branch@nelsonmullins.com
Alyssa M. Riggins, *pro hac vice*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt, *pro hac vice*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Ph: (919) 329-3800

/s/ *John C. Walsh*
John C. Walsh, LA Bar 'Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P**
Batton Rouge, LA 70821
Ph: (225) 383-1461
Fax: (225) 346-5561

*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22ndday of April, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

                                                   /s/ *Phillip J. Strach*
                                                      Phillip J. Strach

4858-1044-2269 v.1