## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

---

DR. DOROTHY NAIRNE, JARRETT
LOFTON, REV. CLEE EARNEST LOWE, DR.
ALICE WASHINGTON, STEVEN HARRIS,
ALEXIS CALHOUN, BLACK VOTERS
MATTER CAPACITY BUILDING
INSTITUTE, and THE LOUISIANA STATE
CONFERENCE OF THE NAACP,

*Plaintiffs*,

v.

R. KYLE ARDOIN, in his official capacity as
Secretary of State of Louisiana

*Defendant*.

CIVIL ACTION NO. 3:22-cv000178
SDD-SDJ

**OPPOSITION TO MOTION TO
INTERVENE BY LOUISIANA BY
ATTORNEY GENERAL JEFF
LANDRY**

---

## OPPOSITION TO MOTION TO INTERVENE OF THE STATE OF LOUISIANA BY ATTORNEY GENERAL JEFF LANDRY

This Court should deny the motion for both intervention as of right and permissive intervention. Proposed Intervenor the State of Louisiana, through Attorney General Jeff Landry, is not entitled under Federal Rule of Civil Procedure 24 to intervene as of right.  The Attorney General cannot demonstrate a legally sufficient interest, and he has not shown that whatever interest he may have is not adequately represented by Defendant Ardoin, the Secretary of State. The Attorney General indeed could represent the Secretary of State in this action, as the Attorney General has done in other redistricting cases. La. R.S. § 49:257; *see e.g.*, *La. NAACP* v. *Ardoin*, No. C-71683725 (19th J.D.C. La. Mar. 15 2022).  The Attorney General's stated interest in defending Louisiana House of Representatives and State Senate maps (the "State Maps" or "State Legislative Maps"), passed by the State legislature and adopted into Louisiana law

1

pursuant to Revised Statute § 24:35.1 ("S.B. 1"), the Senate map, and Revised Statute § 24:35.3 ("H.B. 14"), the House map, is already represented by the Secretary, who has made it abundantly clear that he intends to defend the statute implementing S.B. 1 and H.B. 14 and to oppose vigorously the relief Plaintiffs seek.

Permissive intervention should also be denied here. Allowing the Attorney General to intervene would invite delay in resolving Plaintiffs' suit by allowing an additional party representing the same interest and taking identical positions to submit duplicative briefing and evidence, without any showing that he has any independent interests that is not already adequately represented. The Attorney General purports to speak for the State of Louisiana, yet the Louisiana Constitution sets out that the "governor shall be the chief executive officer of the state" and designates the Attorney General only as a member of the state's executive body. La. Const. art. 4, §§ 1, 5. For these reasons, and those described more fully below, intervention by the State of Louisiana through Attorney General Jeff Landry should be denied.

## BACKGROUND

The recent redistricting cycle presented the State of Louisiana with an opportunity to rectify its long, ugly history of denying Black Louisianans a meaningful opportunity to participate in the State's political life through the election of candidates of their choice. Unfortunately, the 2022 redistricting plans for the Louisiana House of Representatives and State Senate continue that shameful record. Defendants violate the mandates of Section 2 of the Voting Rights Act of 1965, as amended 52 U.S.C. § 10301 ("Section 2"), by enacting maps that unlawfully deprive Louisiana's Black voters of a meaningful opportunity to elect candidates of their choice to the State Senate and House of Representatives.

**ARGUMENT**

Intervention as a matter of right is governed by Federal Rule of Civil Procedure 24(a). The party seeking intervention bears the burden of establishing her right to intervene. *Texas* v. *U.S.*, 805 F.3d 653, 657 (5th Cir. 2015); *Brumfield* v. *Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). To intervene as of right, the prospective intervenor either must be entitled to intervention by an "an unconditional right to intervene [granted] by a federal statute," *see* Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2): (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

**I.      The Attorney General Has Not Demonstrated a Right to Intervene Under Federal Rule 24(a).**

Attorney General Jeff Landry is not entitled under Federal Rule of Civil Procedure 24(a) to intervene as of right because no statute grants the Attorney General a right to intervene, he cannot demonstrate a legally sufficient interest in this case, much less one that may be impaired by any possible disposition of this litigation, and he has not shown that whatever interest he may have is inadequately represented by the Secretary.

**A.  The Attorney General Does Not Have a Legally Sufficient Interest in the Action that Will Be Impaired by the Disposition of the Case.**

Rule 24(a)(2) requires that intervenors "claim[ ] an interest relating to the property or transaction that is the subject of the action." Although there is no clear definition of the nature of the interest required for intervention as of right, the Fifth Circuit has previously interpreted Rule 24(a)(2) to require a "direct, substantial, legally protectable interest in the proceedings." *Edwards* v. *City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (internal quotations omitted).

The Fifth Circuit has also held that, ultimately, the "inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Texas* v. *U.S.*, 805 F.3d at 657.

Attorney General Landry argues that he can intervene because the Louisiana Constitution designates him as "the chief legal officer" of the state and specifies that he is empowered "to institute, prosecute, or intervene in any civil action or proceeding" on behalf of a right or interest of the *State of Louisiana*. ECF 33 at 5; *see* La. Const. Art. 4 § 8. The Attorney General claims that "[t]he State has unique sovereign interests not shared by the other parties." *Id.* at 9. The state constitution does not provide the Attorney General with an unconditional right to intervene guaranteed by "federal statute" or establish that the state has an interest in this matter. *See Hoffman* v. *Jindal*, Civil Action No. 12-796-SSD-EWD, 2021 WL 2333628, at *2 (M.D. La., Jun. 8, 2021).

Attorney General Landry goes on to argue that, the Attorney General has a right to intervene to defend the constitutionality of any state law, an interest he grounds in federal and state rules of civil procedure requiring notice to the state attorney general when a state statute is challenged. ECF 33 at 10, 12. This articulation of the state's interest is wanting. The Attorney General's assertion of a generalized interest in defending any state statute's constitutionality is at odds with the doctrinal requirement that the intervenor's interest be more specific than merely "an undifferentiated, generalized interest in the outcome of an ongoing action," which is "too porous a foundation on which to premise intervention as of right." *Hoffman*, 2021 WL 2333628, at *2 (citing *Texas* v. *U.S.*, 805 F.3d at 658, n. 3). This statement is also at odds with the reality that law-making the state law at issue in this litigation was in the best interests of the State.

The Attorney General grounds his argument that the Attorney General's statutory role in election administration as the legal representative of various entities, most of which are not parties

to this litigation, warrants intervention as of right.  ECF 33 at 7 (Attorney General serves as legal counsel to state and parish election boards and reviews election-related rules, regulations, and forms issued by the Secretary of State).  The Attorney General fails to explain how whatever interests these statutory responsibilities confer could in any way be impaired by any possible outcome in this litigation.  Moreover, these statutes at best establish an interest on the part of the *Attorney General*; they do not establish that the *state*'s interests are at risk in this litigation, and it is purportedly to protect the state's interests, not his own, that the Attorney General seeks to intervene.  It is worth noting that Plaintiffs have not challenged the *constitutionality* of S.B. 1 and H.B. 14; Plaintiffs have only claimed entitlement to relief under a federal statute, Section 2 of the Voting Rights Act.

In addition, it is not clear how being allowed to intervene in these proceedings would concretely affect the State's purported interest, since Attorney General Landry's office can already represent—and in related state court proceedings, did represent—Defendant Secretary of State Kyle Ardoin.  *See La. NAACP* v. *Ardoin*, No. C-71683725 (19th J.D.C. La. Mar. 15 2022); *see also Hoffman*, 2021 WL 2333628, at *3.

## B.  The Attorney General's Interests are Adequately Represented By the Secretary.

The Attorney General's interests are adequately represented by the Secretary, the State's chief elections official, and an elected member of the Executive Branch of the State of Louisiana. In the Fifth Circuit, adequate representation is proven when "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Edwards*, 78 F.3d at 1005.  Where the intervenor has the same ultimate objective as a party to the lawsuit, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the

presumption.  *Id.* (quoting *United States* v. *Franklin Parish Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995)).

The Attorney General's generalized interests in upholding S.B. 1 and H.B. 14 are adequately represented by Defendant Kyle Ardoin.  Defendant Ardoin has represented the interests of the Secretary of State and other executive officers in other redistricting cases before courts in Louisiana.  La. R.S. § 49:257; *La.  NAACP v. Ardoin*, No. C-71683725 (19th J.D.C. La. Mar. 15, 2022).  Plaintiffs have challenged S.B. 1 and H.B. 14 on statutory, not constitutional, grounds, rendering any unique interest of the Attorney General fictional at best.  The Attorney General has submitted zero evidence to demonstrate that the interests of the State will not be adequately represented by the Secretary of State.  Indeed, as discussed earlier, the Attorney General could represent the Secretary of State in this action, as he has done in prior redistricting cases.

## II.    Attorney General Jeff Landry Should Be Denied Permissive Intervention in this Case.

The Attorney General should be denied permissive intervention. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "[T]he case for permissive intervention disappears" when a proposed intervenor fails to "overcome the presumption of adequate representation by the government."  *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797, 803 (7th Cir. 2019) (denying intervention despite Wisconsin statute permitting legislative intervention as of right in federal court) (internal citation and quotations omitted); *Menominee*

*Indian Tribe of Wis.* v. *Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996).

Permissive intervention is inappropriate here because the Attorney General's intervention will cause undue delay and prejudice the adjudication of the original parties' rights.[1]  Although there is time for this Court to issue an order remedying the harm Plaintiffs allege, time is of the essence. The Louisiana Legislative elections are approaching in 2023. *See* Election Calendar, available at https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2023.pdf (last visited May 5, 2022). The Gubernational Primary is October 14, 2023, with a filing deadline of August 8, 2023–August 10, 2023. *Id.* Allowing the Attorney General to participate in these proceedings, including by submitting evidence and examining witnesses, with no showing that he has any independent interests that are not already adequately represented will potentially interfere with the ability for this case to move quickly.

The Attorney General has purported to represent the "State of Louisiana," yet the Louisiana Constitution sets out that the "governor shall be the chief executive officer of the state" and makes the attorney general only a member of the state's executive body.  La. Const. art. 4 §§ 1, 5. Here, the Secretary of State, listed before the Attorney General in the Louisiana Constitution's discussion of the composition of the executive branch of the state, is named as a defendant in this action.  La. Const. art. 4 § 1 ("The executive branch shall consist of the governor, lieutenant governor, secretary of state, attorney general, treasurer, commissioner of agriculture, commissioner of insurance, superintendent of education, commissioner of elections, and all other executive offices, agencies, and instrumentalities of the state.").  More importantly, the "chief executive officer of the state" has made clear that the Attorney General's view of the state's interests is not shared by the entirety of Louisiana's Executive Branch.  La. Const. art. 4 § 5.

---

[1] The Attorney General has already shown himself to be obstructionist and an agent of delay in the other redistricting case pending before this Court.  *See Robinson et al v. Ardoin*, 3:22-cv-00211, ECF 108 at 23 n.10.

For the foregoing reasons, the motion to intervene by the Attorney General should be denied.

Respectfully submitted,

 /s/ John Adcock
JOHN ADCOCK
Adcock Law LLC Louisiana
Bar No. 30372
3110 Canal Street, New Orleans, LA 701119
Tel: (504) 233-3125
Fax: (504) 308-1266
Email:  jnadcock@gmail.com

/s/ Ron Wilson
Louisiana Bar No. 13575
701 Poydras Street, Ste. 4100, New Orleans, LA 70139
Tel: (504) 525-4361
Fax: (504) 525-4380
Email: cabral2@aol.com

 /s/ Sarah Brannon
Sarah Brannon*
American Civil Liberties Union Foundation 915
15th St., NW
Washington, DC 20005
sbrannon@aclu.org

Sophia Lin Lakin*
T. Alora Thomas*
Samantha Osaki*
American Civil Liberties Union Foundation 125
Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
athomas@aclu.org
sosaki@aclu.org

/s/ Nora Ahmed
Nora Ahmed*
N.Y. Bar. No. 5092374
Megan E. Snider
LA. Bar No. 33392
ACLU Foundation of Louisiana
1340 Poydras St.

/s/ Michael de Leeuw
Michael de Leeuw**
Amanda Giglio**
Jacqueline Green***
Cozen O'Connor
3 WTC, 175 Greenwich St.
55th Floor

St. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
NAhmed@laaclu.org
msnider@laaclu.org

*/s/ Leah Aden*
Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP LEGAL DEFENSE &.
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006 (212)
965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

*Counsel for Plaintiff*

Janette Louard**
Anthony Ashton**
Anna Kathryn Barnes**
NATIONAL ASSOCIATION FOR
THE ADVANCEMENT OF COLORED PEOPLE (NAACP)
4805 Mount Hope Drive
 Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
barnes@naacpnet.org

*Counsel for Plaintiff Louisiana State Conference of the NAACP*

*Admitted Pro Hac Vice
**Pro hac vice motions forthcoming
**Bar admission forthcoming

New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com
JGreen@cozen.com


Andrew H. Stanko**
Daniel Brobst**
Cozen O'Connor
Liberty Place, 1650 Market St.
Suite 2800
Philadelphia, PA 19103
AStanko@cozen.com
DBrobst@cozen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, a copy of Plaintiffs' Opposition to Motion to Intervene of the State of Louisiana by Attorney General Jeff Landry was filed electronically with the Clerk of Court via the CM/ECF system and served on opposing counsel by electronic mail at FreelA@ag.louisiana.gov.

> _/s/ John Adcock_
> John Adcock

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>                    *Plaintiffs*,<br><br>    v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana<br><br>                    *Defendant*. | CIVIL ACTION NO. 3:22-cv000178 SDD-SDJ |

## <u>ORDER</u>

Upon consideration of Attorney General Jeff Landry's motion to intervene, and considering the grounds presented, it is hereby ORDERED that the motion is DENIED. **SO ORDERED.**

This _____day of _____2022.

_____
United States District Judge

11