UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NAIRNE, *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Docket No. 3:22-cv-0178-SDD-SDJ |
| ) | |
| ARDOIN, *et al.* ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO
MOVE THE SCHEDULING CONFERENCE TO AN EARLIER
DATE IN ORDER TO PREVENT A SITUATION IN WHICH FINAL
JUDGMENT COMES TOO CLOSE TO THE ELECTION DEADLINES**

COME NOW, Plaintiffs, by and through undersigned counsel, who respectfully files this Memorandum of Law in support of their request that this Honorable Court move the date for the June 23 scheduling conference to the week of May 23 or May 31 and waive the 21 days deadline for holding the Rule 26(f) conference for the parties.

I.  *Introduction.*

This case involves a Voting Rights Act challenge to the district maps for the Louisiana Senate and Houses of Representatives. Those elections and their deadlines fall on the latter half of the 2023 calendar. In order to reach a final judgment before those deadlines in time to avoid the risk of potentially coming up against the deadlines, trial would ideally begin early 2023 to allow plenty of time for the appellate process to run its course during the spring and summer of 2023. In an effort to facilitate this process, Plaintiffs' counsel twice reached out to Defendants'

1

counsel with proposed deadlines in a draft status report, invited counsel to comment on the proposed deadlines, asked for counsel's availability for a Rule 26(f) conference and their consent to move the scheduling conference forward. Other than one email to say they would reply with an answer later – over a week ago—Plaintiffs have not received a response from Defendants. The undersigned informed opposing counsel that it would file this motion should it not hear from them.

The Supreme Court disfavors injunctions involving state elections when an election is imminent. *Purcell v. Gonzalez*, 549 U.S. 1, 4-6 (2006). In order to better avoid concerns like those raised by *Purcell* Plaintiffs seek to expedite the timing of the scheduling conference.

II.     *Plaintiffs attempts at resolution without court intervention.*

On March 25, 2022, this Court set a scheduling conference for June 23, 2022. Doc. 7, at 1. It ordered the parties to submit a status report before June 9 and to hold their Rule 26(f) conference at least 21 days prior to the date of the scheduling conference. *Id*.

On April 26, 2022, Plaintiffs' counsel emailed a proposed status report to all counsel of record. Exhibit A, *Adcock Email, April 26, 2022*; Exhibit B, *Plaintiffs' Draft Status Report*. The status report proposed the following deadlines:

| Proposed Date | Event |
|---|---|
| July 1 | Deadline to join other parties |
| July 15 | Plaintiffs disclose identities of experts |
| July 22 | Defendants disclose identities of experts |
| Aug. 5 | Plaintiffs turn over expert reports |
| Aug. 26 | Defendants turn over expert reports |
| Oct. 1 | Completion of all discovery incl. fact and expert discovery |
| Oct. 7 | File dispositive / Daubert motions |
| Dec. 5 | Deadline to file pretrial order |
| Dec. 19 | Pretrial Conference |
| Dec. 23 | Deadline for trial briefs |
| Jan. 17, 2023 | Trial |

Ex. B, at 4-6.[1] In the same communication, Plaintiffs' counsel informed all counsel as follows:

> Because we want to avoid the *Purcell* problems raised by litigating this case on a regular schedule, we would like to submit a status report to the court that has us trying this case in January 2023. To that end, attached is our draft status report. Do you have time later this week or next for our Rule 26(f) conference?
>
> For the same reasons, we would like your consent to our motion to move the status conference forward from June 23 to the week of May 23 or 31. Please advise as to your position.
>
> The attached draft includes a trial date of January 17, 2023, a fact and expert discovery period from June 1 to October 1 and an October 7 deadline for summary judgment motions.
>
> I look forward to hearing from you

Ex. A, at 1. Defense counsel did not respond to this email.

On May 3, 2022, Plaintiff counsel emailed all counsel to say he had not received a response to the April 26 email request and explained:

> I know many of us are busy with *Robinson*[2]; yet, I would like to address this soon so we are not jammed on time down the line.
>
> I plan to file a motion before Thursday or Friday this week to request that (1) the Court move the scheduling conference up to late May and (2) waive the 21 day period between our Rule 26(f) conference and the scheduling conference. Please provide me with (1) your position on the dates proposed in the attached status report or, if you are in disagreement, please propose alternative dates, (2) your position on moving up the scheduling conference and waiving the 21 day period, and (3) your availability for a Rule 26(f) conference later this week.

Ex. A, at 2-3.

Counsel for Secretary Ardoin responded to say he would discuss with his client and colleagues. Counsel for the Attorney General responded to say, "From the AG's standpoint, we

---

[1] Since this will be a bench trial, Plaintiffs removed the deadlines for motions in limine, jury instructions, voir dire, verdict forms, and the affidavit of settlement efforts. Also, in order to expedite matters further, Plaintiffs propose to do fact and expert discovery simultaneously.

[2] *Robinson* refers to the Voting Rights Act challenge to the Congressional maps set for preliminary injunction hearing to begin May 9. Many of the attorneys serving as counsel on both sides of that case are also enrolled as counsel in this case. *See Robinson v. Ardoin*, 22-211-SDD-SDJ.

can't see a reason for altering the court's customary practices and deadlines. If there's a reason we're not aware of, let us know and we can consider it."[3] Ex. A, at 5.

On the same day, the undersigned responded as follows:

Thank you Mr. Farr.

Mr. Jones, I mentioned the reasons in my original email: a normal MDLa trial schedule and subsequent appeal to the 5th Circuit would, generously speaking, put us into late2023, at the time of the elections at issue in this case. This timeline would potentially hinder any relief applicable to those elections according to *Purcell v. Gonzalez*, 549 U.S.1 (2006). Hence, the reason I suggest an expedited schedule.

I look forward to hearing your thoughts further.

Ex. A, at 6. Counsel for the Attorney General responded that they would be filing a stay.

Having received no other response in a timely manner, this motion follows.

### III.    Request for the Court.

With this request, Plaintiffs aim to add in judicial efficiency and an orderly resolution of Plaintiffs'' claims.

Supreme Court precedent cautions "lower federal courts [from] altering the election rules on the eve of an election." *Republican Nat'l Committee v. Democratic Nat'l Committee*, 140 S. Ct. 1205, 1207 (2020) (per curium) (*citing North Carolina v. League of Women Voters of N.C.*, 574 U.S. 927 (2014) (mem.) (staying a lower court order that changed election laws thirty-two days before the election); *Husted v. Ohio State Conference of NAACP*, 573 U.S. 988 (2014) (mem.) (staying a lower court order that changed election laws sixty-one days before the election); *Purcell*, supra (staying a lower court order that changed election laws thirty-three days before the election). Moving the scheduling conference and its attendant deadlines forward by approximately one month will be prudent given this precedent and the 2023 election deadlines.

---

[3] To date the Attorney General has only made an appearance on behalf of the State as part of the State's motion for intervention. However, they were included as a courtesy to this email exchange.

The qualifying period for the primary is August 8-10, 2023.[4] It would significantly benefit all parties and the general voting population in Louisiana for there to be certainty about the Legislative districts at as early a date as possible.

IV.   *Conclusion.*

For the foregoing reasons, Plaintiffs respectfully request that this Court (1) move the Scheduling Conference to the week of May 23 or May 31 and (2) waive the requirement that the Rule 26(f) conference be held within 21 days of the scheduling conference.

Respectfully submitted,

*/s/ John Adcock*
JOHN ADCOCK
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street, New Orleans, LA 701119
Tel: (504) 233-3125
Fax: (504) 308-1266
Email:  jnadcock@gmail.com


*/s/ Ron Wilson*
Louisiana Bar No. 13575
701 Poydras Street, Ste. 4100,
New Orleans, LA 70139
Tel: (504) 525-4361
Fax: (504) 525-4380
Email: cabral2@aol.com

*/s/ Sarah Brannon*
Sarah Brannon*
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

---

[4] The relevant dates can be found on the Secretary of State's website, available at https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2023.pdf (last visited April 26, 2022).

Sophia Lin Lakin*
T. Alora Thomas*
Samantha Osaki*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
athomas@aclu.org
sosaki@aclu.org

/s/ *Nora Ahmed*
Nora Ahmed*
N.Y. Bar. No. 5092374
Megan E. Snider
LA. Bar No. 33392
ACLU Foundation of Louisiana
1340 Poydras St.
St. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
msnider@laaclu.org
NAhmed@laaclu.org

/s/ *Michael de Leeuw*
Michael de Leeuw*
Amanda Giglio*
Jacqueline Green**
Cozen O'Connor
3 WTC, 175 Greenwich St.
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com
JGreen@cozen.com

*/s/ Leah Aden*
Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP LEGAL DEFENSE & .
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

Andrew H. Stanko*
Daniel Brobst*
Cozen O'Connor
Liberty Place, 1650 Market St.
Suite 2800
Philadelphia, PA 19103
AStanko@cozen.com
DBrobst@cozen.com

**Attorneys for Plaintiffs**

Janette Louard*
Anthony Ashton*
Anna Kathryn Barnes*
NATIONAL ASSOCIATION FOR

6

THE ADVANCEMENT OF COLORED PEOPLE (NAACP)
4805 Mount Hope Drive
 Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
barnes@naacpnet.org

**Attorneys for Plaintiff Louisiana State Conference of the NAACP**

*Pro hac vice motions forthcoming
**Bar admission forthcoming