# Exhibit B

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NAIRNE, et al**                                              **CIVIL ACTION**

**VERSUS**

                                                   **NO. 22-178-SDD-SDJ**

**ARDOIN**

**STATUS REPORT**

**A.    JURISDICTION**

What is the basis for the jurisdiction of the Court? This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because it arises under federal law and pursuant to 28 U.S.C. §§ 1343(a)(4) and 1357 because this is a civil action to secure equitable relief under Section 2 of the Voting Rights Act, which is an Act of Congress that protects the right to vote.

**B.    BRIEF EXPLANATION OF THE CASE**

    1.    Plaintiff claims:

Section 2 of the Voting Rights Act requires the redistricting body to ensure that voters of color have an equal opportunity "to participate in the political process and to elect candidates of their choice." Defendants violate the mandates of Section 2 of the Voting Rights Act by enacting maps that unlawfully deprive Louisiana's Black voters of a meaningful opportunity to elect candidates of their choice to the State Senate and House of Representatives. Plaintiffs seek a judgment (i) declaring that Louisiana's 2022 State Legislative Maps violate Section 2, (ii) enjoining Defendant from conducting State legislative elections in accordance with the State Legislative Maps, and (iii) setting a reasonable deadline for the State to enact or adopt redistricting plans for the Louisiana State Senate and the Louisiana State House that do not abridge or dilute the ability of Black voters to elect candidates of choice. If the State fails to enact or adopt valid redistricting plans by the Court's deadline, Plaintiffs further seek an order of the adoption of remedial redistricting plans that comply with Section 2, including by providing for fourteen Senate districts in which Black voters comprise the majority of the voting age population and thirty-five to thirty-nine House districts in which Black voters comprise the majority of the voting age population ("opportunity districts").

    2.    Defendant claims:

**C.    PENDING MOTIONS**

1

List any pending motion(s), the date filed, and the basis of the motion(s):

**D.  ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. Whether the enacted Louisiana's 2022 redistricting plan for the State Senate or State House of Representatives (the "State Maps" or "State Legislative Maps"), violates Section 2 of the Voting Rights Act.

2. Whether the State Legislative Maps violate Section 2 of the Voting Rights Act by depriving Louisiana's Black voters of a equal opportunity to elect candidates of their choice to the state legislature.

3. Whether the State Legislative Maps violate Section 2 of the Voting Rights Act by denying Louisiana's Black voters an equal opportunity to participate in the political process.

4. Whether the Black Population in Louisiana is "sufficiently large and geographically compact to constitute a majority" in six to nine additional single-majority House districts and three additional single-member Senate districts according to *Thornburg v. Gingles*, 478 U.S. 30, 50-51 (1986).

5. Whether voting in Louisiana is highly polarized along racial lines according to *Thornburg v. Gingles*, supra.

6. Whether under the State Legislative Maps, racially polarized voting will usually result in the defeat of Black Louisianans' preferred candidates in majority-white districts according to *Thornburg v. Gingles*, supra.

**E.  DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages: None, plaintiffs do not request damages.

2. Defendant's calculation of offset and/or plaintiff's damages:

2

3

  3. Counterclaimant/cross claimant/third party's calculation of damages:

**F.** **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

**G.** **DISCOVERY**

  1. Initial Disclosures:

    A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B. Do any parties object to initial disclosures?

    [ ] YES [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

  2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s): None

    By defendant(s):

  3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?) None at this time.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiffs: (1) The demographics of the state of Louisiana; (2) whether the Black population in Louisiana is sufficiently geographically compact and numerous to create additional majority-minority districts in the State Senate or State House; (3) whether voting in Louisiana is polarized along racial lines such that Black voters are generally cohesive in their choice of candidates and white voters vote sufficiently as a bloc to usually defeat Black-preferred candidates; (4) whether, in the totality of the circumstances, Black voters have less opportunity in Louisiana to participate in the electoral process and elect their candidates of choice.

By defendant(s):

**H. PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: _____.

2. Recommended deadlines to join other parties or to amend the pleadings:
   July 1, 2022.

3. Filing all discovery motions and completing all discovery except experts:
   The Plaintiffs propose that expert and fact discovery take place during the same time frame. Hence, Plaintiffs proposed that all discovering, including expert discovery, should be completed by October 1, 2022.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Plaintiff(s): July 15, 2022.

   Defendant(s): July 22, 2022.

5

5. Exchange of expert reports:

>Plaintiff(s): August 5, 2022.

>Defendant(s): August 26, 2022.

6. Completion of all discovery - including expert and fact discovery: October 1, 2022.

7. Filing dispositive motions and Daubert motions: October 7, 2022.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

  e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

  f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

  **Dec. 5, 2022** - Deadline to file pretrial order

  NA - Deadline to file motions in limine

  NA - Deadline to file an affidavit of settlement efforts

  **Dec. 19, 2022** - Pretrial conference

  **Dec. 23, 2022** - Deadline for ~~jury instructions, voir dire, verdict forms, and~~ trial briefs

  **Jan. 17, 2023** - Trial date

**I. TRIAL**

1. Has a demand for trial by jury been made?

  [ ] YES [X] NO

2. Estimate the number of days that trial will require.

 Seven

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

  [X] YES [ ] NO

 i. If the answer is *yes*, please explain:

Plaintiffs respectfully state that this case should proceed on the somewhat expedited schedule proposed because the Louisiana Legislative elections are approaching in 2023.[1] The Gubernational Primary is October 14, 2023, with a filing deadline of August 8, 2023- August 10, 2023. *Id.* While it might be possible for election officials and potential candidates to proceed with the 2023 Legislative elections even if the boundaries of the districts are not finalized until closer to the August 2023 candidate filing deadline, it would significantly benefit all parties and the general voting population in Louisiana for there to be certainty about the Legislative districts at as early a date as possible.

Furthermore, this is a complicated case and, as such, the Court will need time to consider all the issues raised at trial before issuing an opinion. In addition, this case will very likely result in an appeal by one party or another, which may further delay final resolution. A decision is needed as soon as possible in early 2023 to allow for the appeal process and still finalize Legislative maps sufficiently in advance of the August 2023 candidate filing deadline to minimize disruption.

    ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES    [ ] NO

**K.   SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.  None.

2. Do the parties wish to have a settlement conference:

[ ] YES    [X] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

---

[1] The relevant dates can be found on the Secretary of State's website, available at https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2023.pdf (last visited April 26, 2022).

L.    **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: _____

Attorney(s) for Plaintiff(s)[3] or Pro Se Plaintiff

---

[3] See L.R. 11(a) regarding Signing of Pleadings, Motions and Other Papers and L.R. 5(f) regarding Certificate of Service.

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF
## CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), you are hereby notified that all of the parties in this civil case may consent to allow a United States Magistrate Judge of this district court to conduct any and all proceedings, including trial of the case and entry of a final judgment.

You may consent by signing the form contained within the status report, or you may use the attached form at any later stage of the proceedings should you decide at that time to proceed before the United States Magistrate Judge. A copy of a consent form is enclosed and is also available from the clerk of court. In the event all parties consent to proceed before the Magistrate Judge, the signed consent form must be filed with the court electronically, but ONLY AFTER **ALL** PARTIES HAVE SIGNED THE FORM.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary. Either the district judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that the parties may appeal the magistrate judge's decision directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PLAINTIFF**  **CIVIL ACTION**

**VERSUS**

**NO.**

**DEFENDANT**

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. 636(c), the parties to the above captioned civil proceeding hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case.

The parties are aware that in accordance with 28 U.S.C. 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other judgment of the district court.

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|------|-------------------|----------------------|---------------------------|
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |