UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DR. DOROTHY NAIRNE, et al.**                                      **CIVIL ACTION**

**VERSUS**                                                          **NO. 22-178-SDD-SDJ**

**R. KYLE ARDOIN**

---

## ORDER GRANTING INTERVENTION

---

Before the Court are two Motions seeking intervention under Rule 24 of the Federal Rules of Civil Procedure—the Motion of the Presiding Officers of the Louisiana Legislature to Intervene (R. Doc. 13), filed by Clay Schexnayder (Speaker of the Louisiana House of Representatives) and Patrick Page Cortez (President of the Louisiana Senate), as well as the State of Louisiana's Motion to Intervene (R. Doc. 33), filed by Attorney General Jeff Landry.

This is one of three cases pending in the Middle District of Louisiana, challenging the State's new congressional districting plan. *See Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. filed March 30, 2022); *Galmon v. Ardoin*, No. 22-cv-214-SDD-SDJ (M.D. La. filed March 30, 2022). While all 3 cases present common issues of law and fact (R. Doc. 23), *Robinson* and *Galmon* have been consolidated because the plaintiffs in those cases have sought preliminary injunctions. Plaintiffs in this related litigation have not, however. Both the Louisiana Legislators and the Attorney General filed similar Motions to Intervene in both *Robinson* and *Galmon*. Those Motions have already been granted, allowing intervention. *See* Order, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64.

As explained below, considering the similar issues presented in *Robinson* consolidation and this litigation, and the detailed analysis and reasoning of the district judge's Order allowing intervention in *Robinson*, the Court finds the same result is warranted here. And so, both Motions to Intervene (R. Docs. 13, 33) will be **GRANTED**.

A.   **Applicable Law**

Rule 24 of the Federal Rules of Civil Procedure provides for "[i]ntervention—a procedure by which an outsider with an interest in a lawsuit may come in [even] though [it] has not been named as a party by the existing litigants." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1901 (3d ed. 2007). The rule distinguishes between two kinds of intervention—intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24(a) (intervention as of right) and 24(b) (permissive intervention).

A court must allow intervention if the motion is timely[1] and the movant either: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the action and is so situated that disposing of the action may impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a) (intervention as of right). Rule 24(b) provides that the Court may permit anyone to intervene who (1) is given a conditional right to intervene by a federal statute or (2) has a claim or defense that shares with the main action a common question of law or fact.

B.   **Louisiana Legislators**

First, the Motion of the Presiding Officers of the Louisiana Legislature to Intervene (R. Doc. 13), filed by Clay Schexnayder (Speaker of the Louisiana House of Representatives) and Patrick Page Cortez (President of the Louisiana Senate), has not been opposed by Plaintiffs. The

---

[1] Here, both Motions (R. Docs. 13, 33) were timely filed within 5 weeks of the Complaint and before anything meaningful took place in this litigation.

time for filing an opposition has passed, *see* LR 7(f) (responses due within 21 days), and the Court therefore considers the Motion to Intervene (R. Doc. 13) (filed on April 4, 2022) to be unopposed. Moreover, Clay Schexnayder and Patrick Page Cortez (the Legislators) present arguments like those raised in the *Robinson* consolidation. *See* Legislators' Motion to Intervene, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. filed April 6, 2022), ECF. No. 10.

The Court finds that the Legislators have articulated a legitimate interest, citing their desire to defend the merits of the redistricting plans passed by the Legislature. (R. Doc. 13 at 4). And their interest will be impaired if Secretary of State Ardoin, whose function is one of implementation, not development or defense of state legislative maps, is the sole Defendant. For these and the additional reasons already stated by the district judge in *Robinson*, *see* Order at 4-7, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64, the Court finds the Legislators have demonstrated their entitlement to intervene as of right under Rule 24(a). And so,

**IT IS ORDERED** that the Motion of the Presiding Officers of the Louisiana Legislature to Intervene (R. Doc. 13), filed by Clay Schexnayder (Speaker of the Louisiana House of Representatives) and Patrick Page Cortez (President of the Louisiana Senate), is **GRANTED**.

C. **Attorney General Jeff Landry**

Second, the State of Louisiana, through Attorney General Jeff Landry, filed a Motion to Intervene (R. Doc. 33) on April 19, 2022, which was timely opposed by Plaintiffs (R. Doc. 39). The Attorney General claims it satisfies both intervention as of right, as well as permissive intervention, pursuant to Rule 24(a) (as of right) and Rule 24(b) (permissive) of the Federal Rules of Civil Procedure. The Attorney General likewise raises arguments similar to those made in the

*Robinson* consolidation. *See* AG's Motion to Intervene, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. filed April 13, 2022), ECF. No. 30.

As the district judge has already explained, no federal statute gives the Attorney General the right to intervene under Rule 24(a)(1). *See* Order at 7, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64.

The Court is also "underwhelmed" by the Attorney General's remaining arguments concerning his alleged right to intervene under Rule 24(a)(2), Order at 7, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64, all of which center around a generalized interest in this litigation: "[T]o protect the interests of the State." (R. Doc. 33 at 6). But intervention as of right requires a "direct, substantial, legally protectable interest in the proceedings," *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) — one "that goes beyond a generalized preference that the case come out a certain way," *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

The Court does credit the Attorney General's argument as to the adequacy of representation by Secretary Ardoin, given the distinction between the Secretary of State's role of implementing laws and the Attorney General's role of defending the legality of those laws. (R. Doc. 33 at 11-13). However, the Attorney General's argument that the State's interests would be impaired in his absence is "lacking." Order at 9, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64. While the Attorney General insists that "the Court's determination could have long lasting impacts on the State," (R. Doc. 33 at 7), that would be true regardless of whether the Attorney General were a party to this suit. And so, for these and the reasons already stated by the district judge, the Court finds the Attorney General has not shown a "direct, substantial, legally

protectable interest" that would establish his right to intervene under Rule 24(a)(2). *Edwards*, 78 F.3d at 1004.

Nonetheless, the Supreme Court has recently instructed that "a State's opportunity to defend its laws in federal court should not be lightly cut off." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, -- U.S. -- , 142 S. Ct. 1002, 1011 (2022). Under Louisiana law, the Attorney General is the "chief legal officer," charged with "the assertion or protection of any right or interest of the state." La. Const. art. IV, § 8 (Attorney General; Powers and Duties). "Overall, *Cameron* suggests that the Attorney General's desire to represent Louisiana as a sovereign state is a legitimate interest in this proceeding." *See* Order at 9, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64.

In light of *Cameron*, the Court will permit the Attorney General to intervene to defend the enforceability of Louisiana's existing maps. *See* Fed. R. Civ. P. 24(b). The Attorney General's proposed defense shares common questions of law or fact with the claims in the underlying litigation. Therefore, the Court exercises its discretion to grant permissive intervention, finding that "no one would be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). And so,

**IT IS ORDERED** that the Attorney General's Motion to Intervene (R. Doc. 33) is **GRANTED** pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

### D.   Plaintiffs' Concerns of Duplication and Delay

The Court is mindful of Plaintiffs' legitimate concerns of duplicative efforts and delay if intervention is allowed. (R. Doc. 39). As the district judge has already stated, these concerns are well-founded and shared by the Court. *See* Order at 10-11, *Robinson v. Ardoin*, No. 22-cv-211-SDD-SDJ (M.D. La. April 19, 2022), ECF No. 64. Since the Attorney General was allowed to

intervene in the *Robinson* consolidation, Plaintiffs claim he has "already shown himself to be obstructionist and an agent of delay," citing the Attorney General's efforts to stay that litigation. (R. Doc. 39 at 7 n.1). While the Court understands Plaintiffs' concerns, it reminds the parties of its "inherent power[]" to control its docket and take steps "necessary to achieve the orderly and expeditious disposition" of cases. *National Gas Pipeline Company of America v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

Signed in Baton Rouge, Louisiana, on May 17, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**