## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, AND DR. ROSE THOMPSON, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>     *Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>     *Defendant.* | Case No. 3:22-cv-00178<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

## ANSWER OF INTERVENORS TO
## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

For their Answer to Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1, the "Complaint"), Clay Schexnayder, Speaker of the Louisiana House of Representatives, and Patrick Page Cortez, President of the Louisiana Senate, in their respective official capacities (collectively, the "Intervenors") respond as follows. All allegations not expressly admitted herein are denied.

## I.    INTRODUCTION

1.    Intervenors deny the allegations in paragraph 1 of the Complaint.

2.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs are Louisiana Black voters and Louisiana nonprofit organizations. Intervenors deny that Plaintiffs are entitled to any requested relief. The last sentence

of paragraph 2 contains a legal conclusion to which no response is required. Intervenors deny the remaining allegations in paragraph 2 of the Complaint.

3.      Intervenors deny the allegations in the first sentence of paragraph 3 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and, therefore, deny the same.

4.      Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and, therefore, deny the same.

5.      Intervenors state that the demographics of the State of Louisiana speak for themselves. Intervenors deny the allegations in the second and third sentences of paragraph 5 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and, therefore, deny the same.

6.      Intervenors deny the allegations in the first and third sentences of paragraph 6 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and, therefore, deny the same.

7.      Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and, therefore, deny the same.

8.      The allegations in the last sentence of paragraph 8 of the Complaint purport to quote from and characterize statements by Governor Edwards, which speak for themselves. Intervenors deny the remaining allegations in paragraph 8 of the Complaint.

9.      Intervenors deny the allegations in paragraph 9 of the Complaint.

## II.    JURISDICTION AND VENUE

10.      Intervenors admit that the Middle District of Louisiana has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny the remainder of the allegations in paragraph 10 of the Complaint.

11.      Intervenors deny that Plaintiffs are entitled to any requested declaratory and injunctive relief as alleged in paragraph 11 of the Complaint.

12.      Intervenors admit the allegations in paragraph 12 of the Complaint.

13.      Intervenors admit the allegations in paragraph 13 of the Complaint.

## III.    PARTIES

14.      Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and, therefore, deny the same.

15.      Intervenors deny the allegations in the last sentence of paragraph 15 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint, and, therefore, deny the same.

16.      Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and, therefore, deny the same.

17.      Intervenors deny the allegations in the last sentence of paragraph 17 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and, therefore, deny the same.

18.      Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and, therefore, deny the same.

19.    Intervenors deny the allegations in the last sentence of paragraph 19 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint, and, therefore, deny the same.

20.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and, therefore, deny the same.

21.    Intervenors deny the allegations in the last sentence of paragraph 21 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint, and, therefore, deny the same.

22.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and, therefore, deny the same.

23.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and, therefore, deny the same.

24.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and, therefore, deny the same.

25.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and, therefore, deny the same.

26.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and, therefore, deny the same.

27.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and, therefore, deny the same.

28.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and, therefore, deny the same.

29.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and, therefore, deny the same.

30.     Intervenors deny the allegations in paragraph 30 of the Complaint.

31.     Intervenors deny the allegations in paragraph 31 of the Complaint.

32.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 32 of the Complaint, and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 32 of the Complaint.

33.     Intervenors deny the allegations in paragraph 33 of the Complaint.

34.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and, therefore, deny the same.

35.     Intervenors deny the allegations in the last sentence of paragraph 35 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, and, therefore, deny the same.

36.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and, therefore, deny the same.

37.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and, therefore, deny the same.

38.     Intervenors deny the allegations in the first and last sentences of paragraph 38 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint, and, therefore, deny the same.

39.     Intervenors deny the allegations in paragraph 39 of the Complaint.

40.     Intervenors deny the allegations in paragraph 40 of the Complaint.

41.      Intervenors deny the allegations in paragraph 41 of the Complaint.

## IV.   LEGAL BACKGROUND

42.      Paragraph 42 of the Complaint contains only legal conclusions to which no response is required.

43.      Paragraph 43 of the Complaint contains legal conclusions concerning the purpose of the Voting Rights Act to which no response is required. Intervenors state that allegations in paragraph 43 regarding the reauthorization of the VRA concern Sections 4 and 5 of the VRA, which are not relevant to the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 43 of the Complaint, and, therefore, deny the same.

44.      Paragraph 44 of the Complaint contains only legal conclusions to which no response is required.

45.      Paragraph 45 of the Complaint contains only legal conclusions to which no response is required.

46.      Paragraph 46 of the Complaint contains only legal conclusions to which no response is required.

47.      Paragraph 47 of the Complaint contains only legal conclusions to which no response is required.

48.      Paragraph 48 of the Complaint contains only legal conclusions to which no response is required.

49.      Paragraph 49 of the Complaint contains only legal conclusions to which no response is required.

50.      Paragraph 50 of the Complaint contains only legal conclusions to which no response is required.

51.    Paragraph 51 of the Complaint contains only legal conclusions to which no response is required.

## V.    STATEMENT OF FACTS

### A.    State Enacted Legislative Maps

52.    Intervenors deny the allegations in paragraph 52 of the Complaint.

53.    Intervenors deny the allegations in paragraph 53 of the Complaint.

54.    Intervenors deny the allegations in paragraph 54 of the Complaint.

55.    Intervenors deny the allegations in paragraph 55 of the Complaint.

### B.    Louisiana State Legislative Redistricting Process and Criteria

56.    Paragraph 56 of the Complaint contains legal conclusions to which no response is required. Intervenors deny that the Legislature "decided" the effective date of the described laws. Intervenors deny any remaining allegations in paragraph 56 of the Complaint.

57.    Paragraph 57 of the Complaint contains legal conclusions to which no response is required.

58.    Intervenors admit that on June 21, 2021, the Legislature adopted Joint Rule 21, which speaks for itself, but deny the allegations in the third sentence of paragraph 58 of the Complaint, which purports to set forth the criteria for a redistricting plan for Congress. Intervenors deny any remaining allegations in paragraph 58 of the Complaint.

### C.    Louisiana's Growing Black Population

59.    Intervenors deny the allegations in paragraph 59 of the Complaint.

60.    Intervenors admit that the allegations in paragraph 60 of the Complaint purport to summarize the results of the 2020 Census, which speak for themselves.

61.    The allegations in paragraph 61 of the Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "areas" of Louisiana, and Intervenors are without

knowledge of the precise boundaries referenced. To the extent any answer is required, Intervenors state that the Census results speak for themselves.

62.     Intervenors deny the allegations in the last sentence of paragraph 62 of the Complaint. The remaining allegations in paragraph 62 of the Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and Intervenors without knowledge of the precise boundaries referenced. To the extent any answer is required, Intervenors state that the 2020 Census results speak for themselves.

**D.     The Process Leading to Enactment of New Plan for the State Legislative Districts**

**1.     Roadshows**

63.     Intervenors admit the allegations in the first and second sentences of paragraph 63 of the Complaint. The allegations in the last sentence of paragraph 63 purport to quote from and characterize the Legislature's redistricting website, which speaks for itself**.**

64.     The first sentence of paragraph 64 is unclear insofar as it refers to "Defendants," when there is only one named Defendant. Intervenors are without knowledge or information sufficient to form a belief as to what the named Defendant was aware of or deemed important. The remaining allegations in paragraph 64 of the Complaint purport to quote from and characterize submissions to the House and Senate Governmental Affairs Committees, which speak for themselves.

65.     Intervenors admit that live and email testimony was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees. The remaining allegations in paragraph 65 of the Complaint purport to quote from and characterize that testimony, which speaks for itself.

66.    Intervenors admit that live and email testimony was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees. The remaining allegations in paragraph 66 of the Complaint purport to quote from and characterize that testimony, which speaks for itself.

67.    Intervenors admit that a joint public meeting was held on January 20, 2022, at the Louisiana State Capitol in Baton Rouge by the House and Senate Governmental Affairs Committees. The remaining allegations in paragraph 67 of the Complaint purport to quote from and characterize testimony provided by Chris Kaiser from the ACLU of Louisiana, which speaks for itself.

68.    Intervenors deny the allegations in paragraph 68 of the Complaint.

### 2.    2022 Special Legislative Session

69.    Intervenors admit the allegations in paragraph 69 of the Complaint.

70.    Intervenors admit that bills proposing legislative redistricting plans, and amendments to those bills, were offered during the 2022 First Extraordinary Session. Intervenors admit that House Bill 14 and Senate Bill 1 were the bills passed by the Legislature, and deny the remaining allegations in the paragraph 70 of the Complaint.

### a.    Senate Map

71.    Intervenors admit the allegations in the first sentence of paragraph 71 of the Complaint. Intervenors admit that individuals gave public testimony during the Senate Committee on Senate and Governmental Affairs meeting on February 2, 2022, which speaks for itself.

72.    Intervenors admit the allegations in the first sentence of paragraph 72 of the Complaint. Intervenors admit that Senate Bill 1 was introduced by Intervenor Cortez. Intervenors deny any relevance of the race of legislators or others who speak at legislative sessions and affirmatively state that legislators and others are permitted to speak in accordance with neutral

legislative rules and without regard to their race or ancestry. The remaining allegations in paragraph 72 of the Complaint purport to characterize statements made by Intervenor Cortez, which speak for themselves.

73.     Intervenors admit that Senate Bill 17 was proposed by Senator Ed Price. Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. Intervenors admit that Senate Bill 17 was heard by the Senate Committee on Senate and Governmental Affairs on February 2, 2022, February 3, 2022, and February 4, 2022, and that the Committee voted to defer the bill. Paragraph 73 purports to characterize testimony provided by Senator Price, which speaks for itself. Intervenors deny the remaining allegations of paragraph 73.

74.     Intervenors admit that the Senate considered Senate Bill 1 on February 8, 2022. Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in paragraph 74 of the Complaint purport to characterize testimony provided by Senator Peterson, which speaks for itself.

75.     Intervenors admit the allegations in the first sentence of paragraph 75 of the Complaint. Intervenors further admit that 9 of the 12 Senators who voted against Senate Bill 1 are Members of the Legislative Black Caucus, but deny the remaining allegations in paragraph 75 of the Complaint.

76.     Intervenors admit the allegations in the first sentence of paragraph 76 of the Complaint, but deny the remaining allegations in paragraph 76 of the Complaint.

b.        **House Map**

77.       Intervenors admit that House Bill 14 was introduced by Speaker Clay Schexnayder. Intervenors admit that Representative Stefanski is the Chair of the House Committee on House and Governmental Affairs. Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in paragraph 77 of the Complaint purport to characterize statements by Representative Stefanski, which speak for themselves.

78.       Intervenors admit that Representative Jenkins introduced House Bill 15, which speaks for itself, and that the House Committee on House and Governmental Affairs voted to defer the bill on February 10, 2022. Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in Paragraph 78 purport to quote from and characterize testimony provided by Representative Jenkins which speaks for itself.

79.       Intervenors admit that Representative Glover introduced House Bill 21, which speaks for itself, and that the House Committee on House and Governmental Affairs voted to defer the bill on February 11, 2022. Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in Paragraph 79 purport to quote from and characterize testimony provided by Representative Glover, which speaks for itself.

80.       Intervenors admit the allegations in the first sentence of paragraph 80 of the Complaint. Intervenors admit that Representative Glover offered amendments to House Bill 14,

which speak for themselves. The remaining allegations in paragraph 80 purport to quote from and characterize those amendments and statements by Representative Glover and Representative Larvadain, which speak for themselves.

81.    Intervenors admit that Amendments 62, 90, and 133 to House Bill 14 were not adopted, but deny the remaining allegations in the first sentence of paragraph 81 of the Complaint. Intervenors admit that members of the Legislative Black Caucus voted for the amendments to House Bill 14, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 81 of the Complaint, and, therefore, deny the same. The remaining allegations in paragraph 81 of the Complaint purport to quote from and characterize statements by Representative Pierre, which speak for themselves.

82.    Intervenors admit that Representative Glover introduced House Bill 23 and House Bill 24, which speak for themselves, and that the bills were deferred. The remaining allegations in paragraph 82 of the Complaint purport to quote from and characterize statements by Representative Glover, which speak for themselves.

83.    Intervenors admit the allegations in the first and second sentences of paragraph 83 of the Complaint. Intervenors deny the remaining allegations in paragraph 83 of the Complaint.

### c.    Governor and the State Legislative Maps

84.    Intervenors admit the allegations in the first sentence of paragraph 84 of the Complaint. Intervenors further admit that House Bill 14 and Senate Bill 1 became law on March 9, 2022. Intervenors deny that the Legislature "decided" the effective date of the above-described laws.

E. **The Newly Enacted Legislative Maps Dilute Black Voting Power in the Face of an Increasingly Diverse Louisiana**

85.    Intervenors deny the first sentence in paragraph 85 of the Complaint. The allegations in the last sentence of paragraph 85 of the Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "parts" and "area[s]", and Intervenors are without knowledge of the precise boundaries referenced. To the extent any answer is required, Intervenors state that the Census results speak for themselves.

86.    Intervenors deny the allegations in paragraph 86 of the Complaint.

87.    Intervenors deny the allegations in paragraph 87 of the Complaint.

88.    Intervenors deny the allegations in paragraph 88 of the Complaint.

89.    Intervenors deny the allegations in the first and second sentences of paragraph 89 of the Complaint. The remaining allegations in paragraph 89 of the Complaint purport to characterize and quote from statements by Senator Carter and Senator Peterson, which speak for themselves.

90.    Intervenors deny the allegations in the first and last sentences of paragraph 90 of the Complaint. The remaining allegations in paragraph 90 of the Complaint purport to characterize and quote from testimony provided by Senator Price, which speaks for itself.

91.    Intervenors deny the allegations in the first sentence of paragraph 91 of the Complaint. The remaining allegations in paragraph 91 of the Complaint purport to characterize and quote from testimony offered by Senator Tarver and members of the public, which speaks for itself.

92.    Intervenors deny the allegations in the first sentence of paragraph 92 of the Complaint. The remaining allegations in paragraph 92 of the Complaint purport to quote from and

characterize statements by Representative Glover and Representative Cox, which speak for themselves.

93.     Intervenors deny the allegations in paragraph 93 of the Complaint.

94.     Intervenors deny the allegations in the first sentence of paragraph 94 of the Complaint. The remaining allegations in paragraph 94 of the Complaint purport to quote from and characterize statements by Representative Glover which speak for themselves.

**F.     The Redistricting Plan Illegally Dilutes Black Voting Strength**

95.     Intervenors deny the allegations in paragraph 95 of the Complaint.

**1.     The Redistricting Plan Satisfies the First *Gingles* Precondition.**

96.     Paragraph 96 of the Complaint contains only legal conclusions to which no response is required.

97.     Intervenors deny the allegations in paragraph 97 of the Complaint.

98.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and, therefore, deny the same.

**a.     Senate**

99.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, and, therefore, deny the same.

100.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint, and, therefore, deny the same.

101.     Intervenors deny the allegations in paragraph 101 of the Complaint.

102.     Intervenors deny the allegations in the first sentence of paragraph 102 of the Complaint. The third and fourth sentences purport to identify results of the 2010 Census and the 2020 Census, which speak for themselves The remaining allegations in Paragraph 102 purporting

to characterize the boundaries of Senate District 5 are vague, Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

103. Intervenors deny the allegations in the first sentence of paragraph 103 of the Complaint. The remaining allegations in paragraph 103 of the Complaint are vague, Intervenors are without knowledge of its precise meaning, and they therefore deny the same.

104. Intervenors deny the allegations of the first two sentences of paragraph 104. Intervenors admit that it is sometimes necessary in redistricting to move entire districts from areas with population decreases to areas with population growth and doing so does not violate the VRA. The allegations in the fourth and fifth sentences of paragraph 62 of the Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and are vague and consist of characterizations, Intervenors are without knowledge of their precise meaning, and they therefore deny the same. Intervenors deny any remaining allegations in paragraph 104 of the Complaint.

105. Intervenors deny the allegations in paragraph 105 of the Complaint.

**b.    House**

106. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and, therefore, deny the same.

107. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint, and, therefore, deny the same.

108. Intervenors deny the allegations in paragraph 108 of the Complaint.

109. Intervenors deny the allegations in the first and last sentences of paragraph 109 of the Complaint. The remaining sentences make legal allegations of vote dilution, to which no response is require—and which are in any event denied—and purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and are vague and consist of

characterizations, Intervenors are without knowledge of their precise meaning, and they therefore deny the same. Intervenors deny any remaining allegations in paragraph 109 of the Complaint.

110.    The allegations in paragraph 110 of the Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and are vague and consist of characterizations, Intervenors are without knowledge of their precise meaning, and they therefore deny the same, except that Intervenors deny that House District 3 has a Black voting age population over 90% in the legislative redistricting plan enacted by House Bill 14. Intervenors deny any remaining allegations in paragraph 110 of the Complaint.

111.    Intervenors admit that House District 23 in the redistricting plan enacted by House Bill 14 is moved from northwestern Louisiana to the Orleans area, but deny the remaining allegations in the first sentence of paragraph 111 of the Complaint. Intervenors deny the allegations in the second sentence of paragraph 111 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences in paragraph 111 of the Complaint, and, therefore, deny the same.

112.    Intervenors deny the allegations in paragraph 112 of the Complaint.

113.    Intervenors deny the allegations in paragraph 113 of the Complaint.

> **2.    The State Legislative Maps Satisfy the Second and Third *Gingles* Preconditions.**

114.    Intervenors deny the allegations in paragraph 114 of the Complaint.

115.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint, and, therefore, deny the same.

116.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint, and, therefore, deny the same.

117.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint, and, therefore, deny the same.

118.    Intervenors deny the allegations in the last sentence of paragraph 118 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 of the Complaint, and, therefore, deny the same.

119.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint, and, therefore, deny the same.

**3.      Under the "Totality of the Circumstances," the State Legislative Plans Fail to Ensure that the Electoral Process is Equally Open to Black Louisianans.**

120.    Intervenors deny the allegations in paragraph 120 of the Complaint.

121.    Intervenors deny the allegations in paragraph 121 of the Complaint.

**a.      Senate Factor 1: History of Official Voting-Related Discrimination**

122.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint, and, therefore, deny the same.

123.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint, and, therefore, deny the same.

124.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint, and, therefore, deny the same.

125.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint, and, therefore, deny the same.

126.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint, and, therefore, deny the same.

127.    Intervenors admit that Congress passed the Voting Rights Act in 1965 and that Louisiana was a covered jurisdiction under Section 4(b), but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 127 of the Complaint, and, therefore, deny the same. Intervenors admit the remaining allegations in paragraph 127 of the Complaint.

128.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 128 of the Complaint, and, therefore, deny the same. Intervenors deny the allegations in the second sentence of paragraph 128 of the Complaint and state affirmatively that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts to discourage Black political participation."

129.    Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Intervenors deny the remaining allegations in paragraph 129 of the Complaint.  Intervenors affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

130.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint, and, therefore, deny the same. Intervenors affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

131.    Intervenors admit that prior redistricting plans have been challenged under the VRA. Intervenors deny the allegations in the second sentence of paragraph 131. The remaining allegations in paragraph 131 of the Complaint purport to characterize legal opinions including *Major v. Treen*, 574 F. Supp. 325 (E.D. La. 1983), which speak for themselves.

132.    Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1981, and that the plan did not become effective after that objection. Intervenors deny the remaining allegations in paragraph 132 of the Complaint.

133.    Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1991, and that the objection speaks for itself. Intervenors deny the allegations in the second sentence of paragraph 133 of the Complaint.  Intervenors admit that the Legislature sought preclearance of its redistricting plan in 2001 in a federal action in the D.C. District Court, and that the Legislature enacted a revised redistricting plan that redrew the disputed districts. The remaining allegations in paragraph 133 of the Complaint purport to characterize those proceedings, which speak for themselves.

134.    The allegations in paragraph 134 of the Complaint purport to characterize the proceedings in various actions under the VRA, which speak for themselves. Intervenors affirmatively state that liability can be found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

135.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint, and, therefore, deny the same. Intervenors affirmatively state that preclearance can be denied without a finding of discriminatory intent.

136.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint, and, therefore, deny the same.

**b.      Senate Factor 2: The Extent of Racial Polarization**

137.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint, and, therefore, deny the same.

138.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint, and, therefore, deny the same.

139.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, and, therefore, deny the same.

**c.      Senate Factor 5: Effects of Louisiana's History of Discrimination.**

140.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint, and, therefore, deny the same.

141.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 141 of the Complaint, and, therefore, deny same. The remaining allegations in paragraph 141 of the Complaint purport to quote from the decision *St. Bernard Citizens For Better Gov't v. St. Bernard Par. Sch. Bd.*, No. CIV.A. 02–2209, 2002 WL 2022589, at *9 (E.D. La. Aug. 26, 2002), which speaks for itself.

142.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint, and, therefore, deny the same.

143.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint, and, therefore, deny the same.

144.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint, and, therefore, deny the same.

145.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint, and, therefore, deny the same.

146.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint, and, therefore, deny the same.

### d.    Senate Factor 6: Presence of Racial Campaign Appeals

147.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 of the Complaint, and, therefore, deny the same.

148.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint, and, therefore, deny the same.

149.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint, and, therefore, deny the same.

150.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint, and, therefore, deny the same.

151.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the Complaint, and, therefore, deny the same.

152.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint, and, therefore, deny the same.

153.    Intervenors deny the allegations in paragraph 153 of the Complaint.

### e.    Senate Factor 7: Extent to Which Black Louisianans Have Been Elected to Public Office.

154.    Intervenors deny the allegations in the first sentence of paragraph 154 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 of the Complaint, and therefore, deny the same.

155.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences in paragraph 155 of the Complaint, and therefore, deny the same. The remaining allegations in paragraph 155 of the Complaint purport to quote from the decision in *Terrebonne Par. Branch NAACP v. Jindal*, 274 F. Supp. 3d 395 (M.D. La. 2017), which speaks for itself.

### f.    Senate Factor 9: Tenuousness

156.    The allegations in the first sentence of paragraph 156 contain only legal conclusions to which no response is required. Intervenors deny the remaining allegations in paragraph 156 of the Complaint.

157.    The allegations in the first sentence of paragraph 157 of the Complaint purport to characterize testimony provided by Representative Stefanski, which speaks for itself. Intervenors deny the allegations in the second, third, and fourth sentences in paragraph 157 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 of the Complaint, and, therefore, deny the same.

158.    Intervenors deny the allegations in the last sentence of paragraph 158 of the Complaint. The remaining allegations in paragraph 158 of the Complaint purport to selectively quote from or characterize testimony provided by Intervenor Cortez, which speaks for itself. Intervenors deny that Intervenor Cortez's explanations for map drawing were "tenuous justifications."

159.    Intervenors deny the allegations in the first sentence of paragraph 159 of the Complaint. Intervenors deny the allegations in the second sentence of paragraph 159 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences in paragraph 159 of the Complaint,

and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 159 of the Complaint.

160.    Intervenors deny the allegations in paragraph 160 of the Complaint.

### g.    Other Relevant Factors

161.    Intervenors admit that the allegations in the fifth sentence of paragraph 161 of the Complaint purport to summarize the results of the 2020 Census, which speak for themselves. Other portions of paragraph 161 of the Complaint contain legal conclusions to which no answer is required. Intervenors deny the remaining allegations in paragraph 161 of the Complaint.

162.    Intervenors deny the allegations in paragraph 162 of the Complaint.

## CLAIM FOR RELIEF

### Count 1: Section 2 of the Voting Rights Act

1.    Intervenors incorporate their responses to paragraphs 1-162 of the Complaint as if fully re-stated herein.

2.    Paragraph 2 of the Claim for Relief in the Complaint contains only legal conclusions to which no response is required.  To the extent paragraph 2 of the Claim for Relief in the Complaint is interpreted to contain any factual allegations, any such allegations are denied.

3.    Intervenors deny the allegations in paragraph 3 of the Claim for Relief in the Complaint.

4.    The allegations in paragraph 4 of the Claim for Relief in the Complaint purport to characterize the results of the 2020 Census, which speak for themselves. Intervenors deny the remaining allegations in paragraph 4 of the Claim for Relief in the Complaint.

5.    Intervenors deny the allegations in paragraph 5 of the Claim for Relief in the Complaint.

6.      Intervenors deny the allegations in paragraph 6 of the Claim for Relief in the Complaint.

7.      Intervenors deny the allegations in paragraph 7 of the Claim for Relief in the Complaint.

8.      Intervenors deny the allegations in paragraph 8 of the Claim for Relief in the Complaint.

9.      Intervenors deny the allegations in paragraph 9 of the Claim for Relief in the Complaint.

10.     Intervenors deny the allegations in paragraph 10 of the Claim for Relief in the Complaint.

11.     Intervenors deny the allegations in paragraph 11 of the Claim for Relief in the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief contains a summary of the relief Plaintiffs seek, to which no response is required. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Intervenors assert the following defenses to the Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiffs:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Intervenors reserve the right to assert such other additional defenses as may be appropriate at a later time.

WHEREFORE, having fully answered the Complaint, Intervenors request that Plaintiffs' Complaint be dismissed with prejudice, with costs taxed to Plaintiffs.

Respectfully submitted,

 */s/ Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone:  (713) 751-1600
Fax:  (713) 751-1717
Email: mmengis@bakerlaw.com

*Counsel for Proposed Legislative Intervenors,
Clay Schexnayder, in his Official Capacity as
Speaker of the Louisiana House of
Representatives, and of Patrick Page Cortez,
in his Official Capacity as President of the
Louisiana Senate*

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*\* Pro hac vice motions to be filed*

### CERTIFICATE OF SERVICE

I certify that on April 4, 2022, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

 */s/ Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994

*Counsel for Proposed Legislative Intervenors,
Clay Schexnayder, in his Official Capacity as
Speaker of the Louisiana House of
Representatives, and of Patrick Page Cortez,
in his Official Capacity as President of the
Louisiana Senate*

- 25 -