## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DR. DOROTHY NAIRNE, et al.**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 22-178-SDD-SDJ**

**R. KYLE ARDOIN**

---

### ORDER

Before the Court is Plaintiffs' Motion for Expedited Consideration (R. Doc. 45) of their recently-filed Motion to Move the Scheduling Conference (R. Doc. 41). Considering the upcoming deadlines set by the Scheduling Conference Order (R. Doc. 7) and the relief sought in the Motion to Move the Scheduling Conference (R. Doc. 41),

**IT IS ORDERED** that Plaintiffs' Motion for Expedited Consideration (R. Doc. 45) is **GRANTED**. The pending Motion to Move the Scheduling Conference (R. Doc. 41) is resolved below.

On May 13, 2022, Plaintiffs filed their Motion to Move the Scheduling Conference (R. Doc. 41). Plaintiffs' goal is to begin discovery by June 1, 2022 (R. Doc. 41-3 at 2) and to have this litigation resolved by early 2023, which entails getting their proposed deadlines (R. Doc. 41-4) before the Court for consideration before the first one would expire on July 1, 2022.  To accomplish this, Plaintiffs filed the instant Motion to Move the Scheduling Conference (R. Doc. 41) from June 23, 2022, to sometime before June 3, 2022, and to "waive the 21 days deadline for holding the Rule 26(f) conference." (R. Doc. 41 at 1). Having considered the Motion and the reasons for

seeking the requested relief, the Court must **DENY** Plaintiffs' Motion to Move the Scheduling Conference (R. Doc. 41) as **unnecessary**.

The current Scheduling Conference Order (R. Doc. 7) requires the parties to hold their Rule 26(f) conference by June 2, 2022, if not sooner. Under Rule 26(d)(1), discovery may begin as soon as the parties hold their Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). And so, discovery will begin in this litigation no later than June 2, 2022. Beyond that, the earliest deadline proposed by Plaintiffs is July 1, 2022. The Court will have time to consider any of the proposed deadlines before they would expire, given that the Scheduling Conference is set for June 23, 2022.

To be clear, this Order should not be construed as indicating the Court's position as to the deadlines suggested by Plaintiffs in the draft Status Report (R. Doc. 41-4)[1] attached to their Motion (R. Doc. 41-4), or the *Purcell* concerns raised in Plaintiffs' Motion (R. Doc. 41). The Court takes no position on these matters at the time.

The parties are reminded of their need to cooperate in formulating a joint Status Report. They should make every effort to agree on as many deadlines as possible; where they disagree, each party should propose a deadline and makes its position as to that proposal clear. The Court is concerned by the emails attached to Plaintiffs' Motion (R. Doc. 41-3), which indicate both a lack

---

[1] Indeed, those deadlines are not even before the Court for consideration. Instead, Plaintiffs sent the draft Status Report to Defendants and asked for feedback on the proposed deadlines. (R. Doc. 41-3 at 1). The parties' joint Status Report is not due until June 9, 2022. (R. Doc. 7 at 1). The Court reminds the parties that the Status Report should be jointly filed.

of responsiveness and, at times, professionalism. The Court expects this to improve moving forward.

Signed in Baton Rouge, Louisiana, on May 19, 2022.


_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**