## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, | Case No. 3:22-cv-00178-SDD-SDJ |
| | Chief Judge Shelly D. Dick |
| *Plaintiffs,* | Magistrate Judge Scott D. Johnson |
| v. | |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | |
| *Defendant.* | |

## ANSWER OF LEGISLATIVE INTERVENORS TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

For their Answer to Plaintiffs' Amended Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 14, the "Amended Complaint"), Clay Schexnayder, Speaker of the Louisiana House of Representatives, and Patrick Page Cortez, President of the Louisiana Senate, in their respective official capacities (collectively, the "Legislative Intervenors") respond as follows. All allegations not expressly admitted herein are denied.

## I.    INTRODUCTION

1.    Legislative Intervenors deny the allegations in paragraph 1 of the Amended Complaint.

2.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs are Louisiana Black voters and Louisiana nonprofit organizations.  Legislative Intervenors deny that Plaintiffs are entitled to any requested

relief. The last sentence of paragraph 2 contains a legal conclusion to which no response is required. Legislative Intervenors deny the remaining allegations in paragraph 2 of the Amended Complaint.

3.     Legislative Intervenors deny the allegations in the first sentence of paragraph 3 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Amended Complaint, and, therefore, deny the same.

4.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and, therefore, deny the same.

5.     Legislative Intervenors state that the demographics of the State of Louisiana speak for themselves. Legislative Intervenors deny the allegations in the second and third sentences of paragraph 5 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Amended Complaint, and, therefore, deny the same.

6.     Legislative Intervenors deny the allegations in the first and third sentences of paragraph 6 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Amended Complaint, and, therefore, deny the same.

7.     Legislative Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Legislative Intervenors are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 7 of the Amended Complaint, and, therefore, deny the same.

8. The allegations in the last sentence of paragraph 8 of the Amended Complaint purport to quote from and characterize statements by Governor Edwards, which speak for themselves. Legislative Intervenors deny the remaining allegations in paragraph 8 of the Amended Complaint.

9. Legislative Intervenors deny the allegations in paragraph 9 of the Amended Complaint.

## II.    JURISDICTION AND VENUE

10. Legislative Intervenors admit that the Middle District of Louisiana has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny the remainder of the allegations in paragraph 10 of the Amended Complaint.

11. Legislative Intervenors deny that Plaintiffs are entitled to any requested declaratory and injunctive relief as alleged in paragraph 11 of the Amended Complaint.

12. Legislative Intervenors admit the allegations in paragraph 12 of the Amended Complaint.

13. Legislative Intervenors admit the allegations in paragraph 13 of the Amended Complaint.

## III.    PARTIES

14. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint, and, therefore, deny the same.

15. Legislative Intervenors deny the allegations in the last sentence of paragraph 15 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 15 of the Amended Complaint, and, therefore, deny the same.

16.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, and, therefore, deny the same.

17.    Legislative Intervenors deny the allegations in the last sentence of paragraph 17 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Amended Complaint, and, therefore, deny the same.

18.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint, and, therefore, deny the same.

19.    Legislative Intervenors deny the allegations in the last sentence of paragraph 19 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Amended Complaint, and, therefore, deny the same.

20.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint, and, therefore, deny the same.

21.    Legislative Intervenors deny the allegations in the last sentence of paragraph 21 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Amended Complaint, and, therefore, deny the same.

22.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint, and, therefore, deny the same.

23.    Legislative Intervenors deny the allegations in the last sentence of paragraph 23 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Amended Complaint, and, therefore, deny the same.

24.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint, and, therefore, deny the same.

25.    Legislative Intervenors deny the allegations in the last sentence of paragraph 25 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Amended Complaint, and, therefore, deny the same.

26.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and, therefore, deny the same.

27.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint, and, therefore, deny the same.

28.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, and, therefore, deny the same.

29.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, and, therefore, deny the same.

30.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, and, therefore, deny the same.

31.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint, and, therefore, deny the same.

32.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, and, therefore, deny the same.

33.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint, and, therefore, deny the same.

34.    Legislative Intervenors deny the allegations in paragraph 34 of the Amended Complaint.

35.    Legislative Intervenors deny the allegations in paragraph 35 of the Amended Complaint.

36.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 36 of the Amended Complaint, and, therefore, deny the same. Legislative Intervenors deny the remaining allegations in paragraph 36 of the Amended Complaint.

37.     Legislative Intervenors deny the allegations in paragraph 37 of the Amended Complaint.

38.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, and, therefore, deny the same.

39.     Legislative Intervenors deny the allegations in the last sentence of paragraph 39 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint, and, therefore, deny the same.

40.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint, and, therefore, deny the same.

41.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and, therefore, deny the same.

42.     Legislative Intervenors deny the allegations in the first and last sentences of paragraph 42 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the Amended Complaint, and, therefore, deny the same.

43.     Legislative Intervenors deny the allegations in paragraph 43 of the Amended Complaint.

44.     Legislative Intervenors deny the allegations in paragraph 44 of the Amended Complaint.

45.    Legislative Intervenors deny the allegations in paragraph 45 of the Amended Complaint.

## IV.    **LEGAL BACKGROUND**

46.    Paragraph 46 of the Amended Complaint contains only legal conclusions to which no response is required.

47.    Paragraph 47 of the Amended Complaint contains legal conclusions concerning the purpose of the Voting Rights Act to which no response is required. Legislative Intervenors state that allegations in paragraph 47 regarding the reauthorization of the VRA concern Sections 4 and 5 of the VRA, which are not relevant to the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 47 of the Amended Complaint, and, therefore, deny the same.

48.    Paragraph 48 of the Amended Complaint contains only legal conclusions to which no response is required.

49.    Paragraph 49 of the Amended Complaint contains only legal conclusions to which no response is required.

50.    Paragraph 50 of the Amended Complaint contains only legal conclusions to which no response is required.

51.    Paragraph 51 of the Amended Complaint contains only legal conclusions to which no response is required.

52.    Paragraph 52 of the Amended Complaint contains only legal conclusions to which no response is required.

53.    Paragraph 53 of the Amended Complaint contains only legal conclusions to which no response is required.

54.     Paragraph 54 of the Amended Complaint contains only legal conclusions to which no response is required.

55.     Paragraph 55 of the Amended Complaint contains only legal conclusions to which no response is required.

## V.    STATEMENT OF FACTS

### A.    State Enacted Legislative Maps

56.     Legislative Intervenors deny the allegations in paragraph 56 of the Amended Complaint.

57.     Legislative Intervenors deny the allegations in paragraph 57 of the Amended Complaint.

58.     Legislative Intervenors deny the allegations in paragraph 58 of the Amended Complaint.

59.     Legislative Intervenors deny the allegations in paragraph 59 of the Amended Complaint.

### B.    Louisiana State Legislative Redistricting Process and Criteria

60.     Paragraph 60 of the Amended Complaint contains legal conclusions to which no response is required. Legislative Intervenors deny that the Legislature "decided" the effective date of the described laws. Legislative Intervenors deny any remaining allegations in paragraph 60 of the Amended Complaint.

61.     Paragraph 61 of the Amended Complaint contains legal conclusions to which no response is required.

62.     Legislative Intervenors admit that on June 21, 2021, the Legislature adopted Joint Rule 21, which speaks for itself, but deny the allegations in the third sentence of paragraph 62 of the Amended Complaint, which purports to set forth the criteria for a redistricting plan for

Congress. Legislative Intervenors deny any remaining allegations in paragraph 62 of the Amended Complaint.

**C.    Louisiana's Growing Black Population**

63.    Legislative Intervenors deny the allegations in paragraph 63 of the Amended Complaint.

64.    Legislative Intervenors admit that the allegations in paragraph 64 of the Amended Complaint purport to summarize the results of the 2020 Census, which speak for themselves.

65.    Legislative Intervenors deny the allegations in the last sentence of paragraph 65 of the Amended Complaint. The remaining allegations in paragraph 65 of the Amended Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "areas" of Louisiana, and Legislative Intervenors are without knowledge of the precise boundaries referenced. To the extent any answer is required, Legislative Intervenors state that the Census results speak for themselves.

**D.    The Process Leading to Enactment of New Plan for the State Legislative Districts**

**1.    Roadshows**

66.    Legislative Intervenors admit the allegations in the first and second sentences of paragraph 66 of the Amended Complaint. The allegations in the last sentence of paragraph 66 purport to quote from and characterize the Legislature's redistricting website, which speaks for itself.

67.    Legislative Intervenors admit that they were aware certain members of the public had certain views about what the Voting Rights Act requires, which speak for themselves. The remaining allegations in paragraph 67 of the Complaint purport to quote from and characterize

submissions to the House and Senate Governmental Affairs Committees, which speak for themselves.

68.    Legislative Intervenors admit that live and email testimony was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees. The remaining allegations in paragraph 68 of the Amended Complaint purport to quote from and characterize that testimony, which speaks for itself.

69.    Legislative Intervenors admit that live and email testimony was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees. The remaining allegations in paragraph 69 of the Amended Complaint purport to quote from and characterize that testimony, which speaks for itself.

70.    Legislative Intervenors admit that a joint public meeting was held on January 20, 2022, at the Louisiana State Capitol in Baton Rouge by the House and Senate Governmental Affairs Committees. The remaining allegations in paragraph 70 of the Amended Complaint purport to quote from and characterize testimony provided by Chris Kaiser from the ACLU of Louisiana, which speaks for itself.

71.    Legislative Intervenors deny the allegations in paragraph 71 of the Amended Complaint.

### 2.    2022 Special Legislative Session

72.    Legislative Intervenors admit the allegations in paragraph 72 of the Amended Complaint.

73.    Legislative Intervenors admit that bills proposing legislative redistricting plans, and amendments to those bills, were offered during the 2022 First Extraordinary Session. Legislative Intervenors admit that House Bill 14 and Senate Bill 1 were the bills passed by the Legislature, and deny the remaining allegations in the paragraph 73 of the Amended Complaint.

a.     **Senate Map**

74.     Legislative Intervenors admit the allegations in the first sentence of paragraph 74 of the Amended Complaint. Legislative Intervenors admit that individuals gave public testimony during the Senate Committee on Senate and Governmental Affairs meeting on February 2, 2022, which speaks for itself.

75.     Legislative Intervenors admit the allegations in the first sentence of paragraph 75 of the Amended Complaint. Legislative Intervenors admit that Senate Bill 1 was introduced by Legislative Intervenor Cortez. Legislative Intervenors deny any relevance of the race of legislators or others who speak at legislative sessions and affirmatively state that legislators and others are permitted to speak in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in paragraph 75 of the Amended Complaint purport to characterize statements made by Legislative Intervenor Cortez, which speak for themselves.

76.     Legislative Intervenors admit that Senate Bill 17 was proposed by Senator Ed Price. Legislative Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. Legislative Intervenors admit that Senate Bill 17 was heard by the Senate Committee on Senate and Governmental Affairs on February 2, 2022, February 3, 2022, and February 4, 2022, and that the Committee voted to defer the bill. Paragraph 76 purports to characterize testimony provided by Senator Price, which speaks for itself. Legislative Intervenors deny the remaining allegations of paragraph 73.

77.     Legislative Intervenors admit that the Senate considered Senate Bill 1 on February 8, 2022. Legislative Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations

in paragraph 77 of the Amended Complaint purport to characterize testimony provided by Senator Peterson, which speaks for itself.

78.    Legislative Intervenors admit the allegations in the first sentence of paragraph 78 of the Amended Complaint. Legislative Intervenors further admit that 9 of the 12 Senators who voted against Senate Bill 1 are Members of the Legislative Black Caucus, but deny the remaining allegations in paragraph 78 of the Amended Complaint.

79.    Legislative Intervenors admit the allegations in the first sentence of paragraph 79 of the Amended Complaint, but deny the remaining allegations in paragraph 79 of the Amended Complaint.

### b.    House Map

80.    Legislative Intervenors admit that House Bill 14 was introduced by Speaker Clay Schexnayder. Legislative Intervenors admit that Representative Stefanski is the Chair of the House Committee on House and Governmental Affairs. Legislative Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in paragraph 80 of the Amended Complaint purport to characterize statements by Representative Stefanski, which speak for themselves.

81.    Legislative Intervenors admit that Representative Jenkins introduced House Bill 15, which speaks for itself, and that the House Committee on House and Governmental Affairs voted to defer the bill on February 10, 2022. Legislative Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in Paragraph 81 purport to quote from and characterize testimony provided by Representative Jenkins which speaks for itself.

82.     Legislative Intervenors admit that Representative Glover introduced House Bill 21, which speaks for itself, and that the House Committee on House and Governmental Affairs voted to defer the bill on February 11, 2022. Legislative Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in Paragraph 82 purport to quote from and characterize testimony provided by Representative Glover, which speaks for itself.

83.     Legislative Intervenors admit the allegations in the first sentence of paragraph 83 of the Amended Complaint. Legislative Intervenors admit that Representative Glover offered amendments to House Bill 14, which speak for themselves. Legislative Intervenors deny any relevance of the race of legislators who propose legislation and affirmatively state that legislators are permitted to propose legislation in accordance with neutral legislative rules and without regard to their race or ancestry. The remaining allegations in paragraph 83 purport to quote from and characterize those amendments and statements by Representative Glover and Representative Larvadain, which speak for themselves.

84.     Legislative Intervenors admit the allegations in the first sentence of paragraph 84 of the Amended Complaint. Legislative Intervenors admit that members of the Legislative Black Caucus voted for the amendments to House Bill 14, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 84 of the Amended Complaint, and, therefore, deny the same. The remaining allegations in paragraph 84 of the Amended Complaint purport to quote from and characterize statements by Representative Pierre, which speak for themselves.

85.    Legislative Intervenors admit that Representative Glover introduced House Bill 23 and House Bill 24, which speak for themselves, and that the bills were deferred. The remaining allegations in paragraph 85 of the Amended Complaint purport to quote from and characterize statements by Representative Glover, which speak for themselves.

86.    Legislative Intervenors admit the allegations in the first and second sentences of paragraph 86 of the Amended Complaint. Legislative Intervenors deny the remaining allegations in paragraph 86 of the Amended Complaint.

### c.    Governor and the State Legislative Maps

87.    Legislative Intervenors admit the allegations in the first sentence of paragraph 87 of the Amended Complaint. Legislative Intervenors further admit that House Bill 14 and Senate Bill 1 became law on March 9, 2022. Legislative Intervenors deny that the Legislature "decided" the effective date of the above-described laws.

### E.    The Newly Enacted Legislative Maps Dilute Black Voting Power in the Face of an Increasingly Diverse Louisiana

88.    Legislative Intervenors deny the allegations in the first sentence in paragraph 88 of the Amended Complaint. The allegations in the last sentence of paragraph 88 of the Amended Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "parts" and "area[s]", and Legislative Intervenors are without knowledge of the precise boundaries referenced. To the extent any answer is required, Legislative Intervenors state that the Census results speak for themselves.

89.    Legislative Intervenors deny the allegations in paragraph 89 of the Amended Complaint.

90.    Legislative Intervenors deny the allegations in paragraph 90 of the Amended Complaint.

91.    Legislative Intervenors deny the allegations in paragraph 91 of the Amended Complaint.

92.    Legislative Intervenors deny the allegations in the first and second sentences of paragraph 92 of the Amended Complaint. The remaining allegations in paragraph 92 of the Amended Complaint purport to characterize and quote from statements by Senator Carter and Senator Peterson, which speak for themselves.

93.    Legislative Intervenors deny the allegations in the first and last sentences of paragraph 93 of the Amended Complaint. The remaining allegations in paragraph 93 of the Amended Complaint purport to characterize and quote from testimony provided by Senator Price, which speaks for itself.

94.    Legislative Intervenors deny the allegations in the first sentence of paragraph 94 of the Amended Complaint. The remaining allegations in paragraph 94 of the Amended Complaint purport to characterize and quote from testimony offered by Senator Tarver and members of the public, which speaks for itself.

95.    Legislative Intervenors deny the allegations in the first sentence of paragraph 95 of the Amended Complaint. The remaining allegations in paragraph 95 of the Amended Complaint purport to quote from and characterize statements by Representative Glover and Representative Cox, which speak for themselves.

96.    Legislative Intervenors deny the allegations in paragraph 96 of the Amended Complaint.

97.    Legislative Intervenors deny the allegations in the first sentence of paragraph 97 of the Amended Complaint. The remaining allegations in paragraph 97 of the Amended Complaint

purport to quote from and characterize statements by Representative Glover which speak for themselves.

**F.** **The Redistricting Plan Illegally Dilutes Black Voting Strength**

98. Legislative Intervenors deny the allegations in paragraph 98 of the Amended Complaint.

**1.** **The Redistricting Plan Satisfies the First *Gingles* Precondition.**

99. Paragraph 99 of the Amended Complaint contains only legal conclusions to which no response is required.

100. Legislative Intervenors deny the allegations in paragraph 100 of the Amended Complaint.

101. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Amended Complaint, and, therefore, deny the same.

**a.** **Senate**

102. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Amended Complaint, and, therefore, deny the same.

103. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Complaint, and, therefore, deny the same.

104. Legislative Intervenors deny the allegations in paragraph 104 of the Amended Complaint.

105. Legislative Intervenors deny the allegations in the first sentence of paragraph 105 of the Amended Complaint. The third and fourth sentences purport to identify results of the 2010

Census and the 2020 Census, which speak for themselves The remaining allegations in Paragraph 105 purporting to characterize the boundaries of Senate District 5 are vague, Legislative Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

106.    Legislative Intervenors deny the allegations in the first sentence of paragraph 106 of the Amended Complaint. The remaining allegations in paragraph 106 of the Amended Complaint are vague, Legislative Intervenors are without knowledge of its precise meaning, and they therefore deny the same.

107.    Legislative Intervenors deny the allegations of the first two sentences of paragraph 107. Legislative Intervenors admit that it is sometimes necessary in redistricting to move entire districts from areas with population decreases to areas with population growth and doing so does not violate the VRA. The allegations in the fourth and fifth sentences of paragraph 107 of the Amended Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and are vague and consist of characterizations, Legislative Intervenors are without knowledge of their precise meaning, and they therefore deny the same. Legislative Intervenors deny any remaining allegations in paragraph 107 of the Amended Complaint.

108.    Legislative Intervenors deny the allegations in paragraph 108 of the Amended Complaint.

### b.    House

109.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Amended Complaint, and, therefore, deny the same.

110.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Complaint, and, therefore, deny the same.

111.    Legislative Intervenors deny the allegations in paragraph 111 of the Amended Complaint.

112.    Legislative Intervenors deny the allegations in the first and last sentences of paragraph 112 of the Amended Complaint. The remaining sentences make legal allegations of vote dilution, to which no response is require—and which are in any event denied—and purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and are vague and consist of characterizations, Legislative Intervenors are without knowledge of their precise meaning, and they therefore deny the same. Legislative Intervenors deny any remaining allegations in paragraph 112 of the Amended Complaint.

113.    The allegations in paragraph 113 of the Amended Complaint purport to summarize the results of the 2020 Census concerning vaguely defined "area[s]" of Louisiana, and are vague and consist of characterizations, Legislative Intervenors are without knowledge of their precise meaning, and they therefore deny the same, except that Legislative Intervenors deny that House District 3 has a Black voting age population over 90% in the legislative redistricting plan enacted by House Bill 14. Legislative Intervenors deny any remaining allegations in paragraph 113 of the Amended Complaint.

114.    Legislative Intervenors admit that House District 23 in the redistricting plan enacted by House Bill 14 is moved from northwestern Louisiana to the Orleans area, but deny the remaining allegations in the first sentence of paragraph 114 of the Amended Complaint. Legislative Intervenors deny the allegations in the second sentence of paragraph 114 of the

Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences in paragraph 114 of the Amended Complaint, and, therefore, deny the same.

115.    Legislative Intervenors deny the allegations in paragraph 115 of the Amended Complaint.

116.    Legislative Intervenors deny the allegations in paragraph 116 of the Amended Complaint.

> **2.    The State Legislative Maps Satisfy the Second and Third *Gingles* Preconditions.**

117.    Legislative Intervenors deny the allegations in paragraph 117 of the Amended Complaint.

118.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Amended Complaint, and, therefore, deny the same.

119.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Amended Complaint, and, therefore, deny the same.

120.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Amended Complaint, and, therefore, deny the same.

121.    Legislative Intervenors deny the allegations in the last sentence of paragraph 121 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121 of the Amended Complaint, and, therefore, deny the same.

122.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Amended Complaint, and, therefore, deny the same.

> **3.**      **Under the "Totality of the Circumstances," the State Legislative Plans Fail to Ensure that the Electoral Process is Equally Open to Black Louisianans.**

123.     Legislative Intervenors deny the allegations in paragraph 123 of the Amended Complaint.

124.     Legislative Intervenors deny the allegations in paragraph 124 of the Amended Complaint.

> **a.**      **Senate Factor 1: History of Official Voting-Related Discrimination**

125.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Amended Complaint, and, therefore, deny the same.

126.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Amended Complaint, and, therefore, deny the same.

127.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Amended Complaint, and, therefore, deny the same.

128.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Amended Complaint, and, therefore, deny the same.

129.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Amended Complaint, and, therefore, deny the same.

130.    Legislative Intervenors admit that Congress passed the Voting Rights Act in 1965 and that Louisiana was a covered jurisdiction under Section 4(b), but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 130 of the Amended Complaint, and, therefore, deny the same. Legislative Intervenors admit the remaining allegations in paragraph 130 of the Amended Complaint.

131.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 131 of the Amended Complaint, and, therefore, deny the same. Legislative Intervenors deny the allegations in the second sentence of paragraph 131 of the Amended Complaint and state affirmatively that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts to discourage Black political participation."

132.    Legislative Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Legislative Intervenors deny the remaining allegations in paragraph 132 of the Amended Complaint.  Legislative Intervenors affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

133.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Amended Complaint, and, therefore, deny the same. Legislative Intervenors affirmatively state that preclearance can be denied under

Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

134.    Legislative Intervenors admit that prior redistricting plans have been challenged under the VRA. Legislative Intervenors deny the allegations in the second sentence of paragraph 134. The remaining allegations in paragraph 134 of the Amended Complaint purport to characterize legal opinions including *Major v. Treen*, 574 F. Supp. 325 (E.D. La. 1983), which speak for themselves.

135.    Legislative Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1981, and that the plan did not become effective after that objection. Legislative Intervenors deny the remaining allegations in paragraph 135 of the Amended Complaint.

136.    Legislative Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1991, and that the objection speaks for itself. Legislative Intervenors deny the allegations in the second sentence of paragraph 136 of the Amended Complaint.  Legislative Intervenors admit that the Legislature sought preclearance of its redistricting plan in 2001 in a federal action in the D.C. District Court, and that the Legislature enacted a revised redistricting plan that redrew the disputed districts. The remaining allegations in paragraph 136 of the Amended Complaint purport to characterize those proceedings, which speak for themselves.

137.    The allegations in paragraph 137 of the Amended Complaint purport to characterize the proceedings in various actions under the VRA, which speak for themselves. Legislative Intervenors affirmatively state that liability can be found under Section 2 without a finding of

intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

138.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Amended Complaint, and, therefore, deny the same. Legislative Intervenors affirmatively state that preclearance can be denied without a finding of discriminatory intent.

139.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Amended Complaint, and, therefore, deny the same.

### b.    Senate Factor 2: The Extent of Racial Polarization

140.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Amended Complaint, and, therefore, deny the same.

141.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Amended Complaint, and, therefore, deny the same.

142.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Amended Complaint, and, therefore, deny the same.

### c.    Senate Factor 5: Effects of Louisiana's History of Discrimination

143.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Amended Complaint, and, therefore, deny the same.

144.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 144 of the Amended Complaint, and, therefore, deny the same. The remaining allegations in paragraph 144 of the Amended Complaint purport to quote from the decision *St. Bernard Citizens For Better Gov't v. St. Bernard Par. Sch. Bd.*, No. CIV.A. 02–2209, 2002 WL 2022589, at *9 (E.D. La. Aug. 26, 2002), which speaks for itself.

145.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Amended Complaint, and, therefore, deny the same.

146.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Amended Complaint, and, therefore, deny the same.

147.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Amended Complaint, and, therefore, deny the same.

148.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Amended Complaint, and, therefore, deny the same.

149.     Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Amended Complaint, and, therefore, deny the same.

### d.    Senate Factor 6: Presence of Racial Campaign Appeals

150.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 of the Amended Complaint, and, therefore, deny the same.

151.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the Amended Complaint, and, therefore, deny the same.

152.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Amended Complaint, and, therefore, deny the same.

153.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Amended Complaint, and, therefore, deny the same.

154.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Amended Complaint, and, therefore, deny the same.

155.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Amended Complaint, and, therefore, deny the same.

156.    Legislative Intervenors deny the allegations in paragraph 156 of the Amended Complaint.

    **e.**    **Senate Factor 7: Extent to Which Black Louisianans Have Been Elected to Public Office**

157.    Legislative Intervenors deny the allegations in the first sentence of paragraph 157 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 of the Amended Complaint, and therefore, deny the same.

158.    Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences in paragraph 158 of the Amended Complaint, and therefore, deny the same. The remaining allegations in paragraph 158 of the Amended Complaint purport to quote from the decision in *Terrebonne Par. Branch NAACP v. Jindal*, 274 F. Supp. 3d 395 (M.D. La. 2017), which speaks for itself.

    **f.**    **Senate Factor 9: Tenuousness**

159.    The allegations in the first sentence of paragraph 159 contain only legal conclusions to which no response is required. Legislative Intervenors deny the remaining allegations in paragraph 159 of the Amended Complaint.

160.    The allegations in the first sentence of paragraph 160 of the Amended Complaint purport to characterize testimony provided by Representative Stefanski, which speaks for itself. Legislative Intervenors deny the allegations in the second, third, and fourth sentences in paragraph 160 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 160 of the Amended Complaint, and, therefore, deny the same.

161.    Legislative Intervenors deny the allegations in the last sentence of paragraph 161 of the Amended Complaint. The remaining allegations in paragraph 161 of the Amended Complaint purport to selectively quote from or characterize testimony provided by Legislative

Intervenor Cortez, which speaks for itself. Legislative Intervenors deny that Intervenor Cortez's explanations for map drawing were "tenuous justifications."

162.    Legislative Intervenors deny the allegations in the first sentence of paragraph 162 of the Amended Complaint. Legislative Intervenors deny the allegations in the second sentence of paragraph 162 of the Amended Complaint. Legislative Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences in paragraph 162 of the Amended Complaint, and, therefore, deny the same. Legislative Intervenors deny the remaining allegations in paragraph 162 of the Amended Complaint.

163.    Legislative Intervenors deny the allegations in paragraph 163 of the Amended Complaint.

### g.    Other Relevant Factors

164.    Legislative Intervenors admit that the allegations in the fifth sentence of paragraph 164 of the Amended Complaint purport to summarize the results of the 2020 Census, which speak for themselves. Other portions of paragraph 164 of the Amended Complaint contain legal conclusions to which no answer is required. Legislative Intervenors deny the remaining allegations in paragraph 164 of the Amended Complaint.

165.    Legislative Intervenors deny the allegations in paragraph 165 of the Amended Complaint.

### CLAIM FOR RELIEF

### Count 1: Section 2 of the Voting Rights Act and 42 U.S.C. § 1983

1.    Legislative Intervenors incorporate their responses to paragraphs 1-165 of the Amended Complaint as if fully re-stated herein.

2.    Paragraph 2 of the Claim for Relief in the Amended Complaint contains only legal conclusions to which no response is required. To the extent paragraph 2 of the Claim for Relief in

the Amended Complaint is interpreted to contain any factual allegations, any such allegations are denied.

3.     Legislative Intervenors deny the allegations in paragraph 3 of the Claim for Relief in the Amended Complaint.

4.     The allegations in paragraph 4 of the Claim for Relief in the Amended Complaint purport to characterize the results of the 2020 Census, which speak for themselves. Legislative Intervenors deny the remaining allegations in paragraph 4 of the Claim for Relief in the Amended Complaint.

5.     Legislative Intervenors deny the allegations in paragraph 5 of the Claim for Relief in the Amended Complaint.

6.     Legislative Intervenors deny the allegations in paragraph 6 of the Claim for Relief in the Amended Complaint.

7.     Legislative Intervenors deny the allegations in paragraph 7 of the Claim for Relief in the Amended Complaint.

8.     Legislative Intervenors deny the allegations in paragraph 8 of the Claim for Relief in the Amended Complaint.

9.     Legislative Intervenors deny the allegations in paragraph 9 of the Claim for Relief in the Amended Complaint.

10.     Legislative Intervenors deny the allegations in paragraph 10 of the Claim for Relief in the Amended Complaint.

11.     Legislative Intervenors deny the allegations in paragraph 11 of the Claim for Relief in the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief contains a summary of the relief Plaintiffs seek, to which no response is required. To the extent a response is required, Legislative Intervenors deny that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Legislative Intervenors assert the following defenses to the Amended Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiffs:

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    Legislative Intervenors reserve the right to assert such other additional defenses as may be appropriate at a later time.

WHEREFORE, having fully answered the Amended Complaint, Legislative Intervenors request that Plaintiffs' Amended Complaint be dismissed with prejudice, with costs taxed to Plaintiffs.

Respectfully submitted,

E. Mark Braden**
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

/s/ Michael W. Mengis
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*\* Admitted pro hac vice*
*\*\* Pro hac vice motion pending*

## CERTIFICATE OF SERVICE

I certify that on May 20, 2022, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

/s/ *Michael W. Mengis*

Michael W. Mengis, LA Bar No. 17994
BAKERHOSTETLER LLP

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*