IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ |

**STATUS REPORT**

  A.  **JURISDICTION**

*What is the basis for the jurisdiction of the Court?* This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because it arises under federal law and pursuant to 28 U.S.C. §§ 1343(a)(4) and 1357 because this is a civil action to secure equitable relief under Section 2 of the Voting Rights Act, which is an Act of Congress that protects the right to vote. Defendant, R. Kyle Ardoin, in his official capacity as Louisiana Secretary of State, has a pending motion for the appointment of a three-judge court pursuant to 28 U.S.C. § 2284(a), ECF No. 34, in which he argues that a three-judge court is jurisdictionally required to preside over this action. *See LULAC of Texas v. Texas*, 318 F. App'x 261, 264 (5th Cir. 2009) (per curiam).

  B.  **BRIEF EXPLANATION OF THE CASE**

    1.  **Plaintiffs' Claim**

Section 2 of the Voting Rights Act requires the redistricting body to ensure that voters of color have an equal opportunity "to participate in the political process and to elect candidates of their choice." Defendants violate the mandates of Section 2 of the Voting Rights Act by enacting maps that unlawfully deprive Louisiana's Black voters of a meaningful opportunity to elect candidates of their choice to the State Senate and House of Representatives. Plaintiffs seek a judgment (i) declaring that Louisiana's 2022 State Legislative Maps violate Section 2, (ii) enjoining Defendant from conducting State legislative elections in accordance with the State Legislative Maps, and (iii) setting a reasonable deadline for the State to enact or adopt

redistricting plans for the Louisiana State Senate and the Louisiana State House that do not abridge or dilute the ability of Black voters to elect candidates of choice.  If the State fails to enact or adopt valid redistricting plans by the Court's deadline, Plaintiffs further seek an order of the adoption of remedial redistricting plans that comply with Section 2, including by providing for fourteen Senate districts in which Black voters comprise the majority of the voting age population and thirty-five to thirty-nine House districts in which Black voters comprise the majority of the voting age population ("opportunity districts").  Plaintiffs disagree with Defendants' articulation of their case and what they have asked the Louisiana legislature to enact.

### 2. Defendants' Claim

The Equal Protection Clause "forbids 'racial gerrymandering,' that is, intentionally assigning citizens to a district on the basis of race without sufficient justification." *Abbott v. Perez,* 138 S. Ct. 2305, 2314 (2018) (citing *Shaw v. Reno*, 509 U.S. 630, 641 (1993) (*Shaw I*)). *See also Wis. Legislature v. Wis. Elections Comm'n*, 142 S. Ct. 1245, 1248 (2022) (redistricting plans that "sort voters on the basis of race 'are by their very nature odious'") (citation omitted)). A state that predominantly uses race to configure voting districts must satisfy the Court's "strictest scrutiny," *Miller v. Johnson*, 515 U.S. 908, 915 (1995), and must show it had a "strong basis in evidence" for the race-based districting decisions it made. *Bethune-Hill v. Virginia State Bd. of Elec.*, 137 S. Ct. 788, 801 (2017). In this case, Plaintiffs do not allege that the 2022 State Legislative Plans violate the Constitution, but instead challenge the Louisiana Legislature's alleged failure to engage in racially predominant redistricting, which they claim the Voting Rights Act required. Defendants deny that the 2022 State Legislative Plans violate Section 2 of the Voting Rights Act, which cannot be read to require the State to take presumptively unconstitutional action. Indeed, in this case, the Louisiana Legislature lacked a strong basis in evidence to engage in race-based redistricting, and rightfully declined to do so. Defendants therefore put Plaintiffs to their proof as to the many showings necessary to prevail on a Section 2 claim on a district-by-district basis, including to make the requisite showings that white-bloc voting is sufficient to usually defeat minority-preferred candidates absent the creation of a new majority-minority district, and that reasonably compact and configured alternative districts exist. Finally, to the extent a violation of Section 2 of the Voting Rights Act is found, the Louisiana Legislature must be given a first, reasonable opportunity to craft a new plan that remedies the violation, and the Legislature's choice in a remedial plan is afforded substantial deference. *See Mississippi State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 406 (5th Cir. 1991). Defendants disagree with Plaintiffs' articulation of the legislation, its effects, and Defendants' obligations under the Voting Rights Act.

### C. PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s):  ECF No. 24 (Apr. 22, 2022):  **Motion for the appointment of a three-judge court or, in the alternative, to stay and for certification or interlocutory appeal.  Plaintiffs filed their Response in Opposition on May 8, 2022. ECF No. 40.**

**D.     ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

   1.   Whether the appointment of a three-judge court is required under 28 U.S.C. § 2284 to hear this action.

   2.   Whether the enacted Louisiana's 2022 redistricting plan for the State Senate or State House of Representatives (the "State Maps" or "State Legislative Maps"), violates Section 2 of the Voting Rights Act.

   3.   Whether Plaintiffs' requested relief violates the Equal Protection Clause of the United States Constitution.

**E.     DAMAGES**

*Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset.*

   1.   Plaintiffs' calculation of damages:  **None; Plaintiffs do not request damages.**

   2.   Defendants' calculation of damages:  **N/A**

   3.   Counterclaimant/cross-claimant/third-party's calculation of damages: **N/A**

**F.     SERVICE**

*Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:*  None.

**G.     DISCOVERY**

   1.   Initial Disclosures

      a)   Have the Initial Disclosures required under FRCP 26(a)(1) been completed?  **No.  In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.**

      b)   Do any parties object to initial disclosures?  **No.**

   2.   Briefly describe any discovery that has been completed or is in progress.

      a)   By Plaintiffs:  **On June 3, 2022, Plaintiffs propounded interrogatories and document requests on all defendants.**

3

      b)      By Defendants:  **None.**

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery:  **None at this time.**

4. Discovery from experts.

    a)    Identify the subject matter(s) as to which expert testimony will be offered.

        (1)    By Plaintiffs:  (1) The demographics of the state of Louisiana; (2) whether the Black population in Louisiana is sufficiently geographically compact and numerous to create additional majority-minority districts in the State Senate or State House; (3) whether voting in Louisiana is polarized along racial lines such that Black voters are generally cohesive in their choice of candidates and white voters vote sufficiently as a bloc to usually defeat Black-preferred candidates; (4) whether, in the totality of the circumstances, Black voters have less opportunity in Louisiana to participate in the electoral process and elect their candidates of choice.

        (2)    By Defendants:  (1) The demographics of the state of Louisiana; (2) whether the Black population in Louisiana is sufficiently geographically compact and numerous to create additional performing majority-minority districts in the State Senate or State House consistent with the State's non-racial districting principles; (3) whether voting in Louisiana is polarized along racial lines such that Black voters are generally cohesive in their choice of candidates and white voters vote sufficiently as a bloc to usually defeat Black-preferred candidates in the absence of a VRA remedy; (4) whether, in the totality of the circumstances, Black voters have less opportunity in Louisiana to participate in the electoral process and elect their candidates of choice; (5) whether considerations of race predominated in the development of Plaintiffs' requested relief and the development of their illustrative plans; (6) the history of legislative redistricting in Louisiana; (7) response to any additional topics that may be raised in Plaintiffs' expert reports.

H. **PROPOSED SCHEDULING ORDER**

Defendant argues that it is premature to set any scheduling order because a three-judge panel has not yet been appointed pursuant to 28 U.S.C. § 2284(a), and the case schedule should as a matter of judicial economy be set by the entire three-judge panel.

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: **June 16, 2022**

2. Recommended deadlines to join other parties or to amend the pleadings: **July 1, 2022**

3. Filing all discovery motions and completing all discovery (except experts): **Plaintiffs propose that experts and fact discovery take place during the same time frame. Accordingly, Plaintiffs propose that all discovery, including expert discovery, should be completed by October 15, 2022.**

4. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    a) Plaintiffs: July 15, 2022;

    b) Defendants: September 2, 2022.

5. Exchange of expert reports:

    a) Plaintiffs: July 22, 2022;

    b) Defendants: September 9, 2022;

    c) Rebuttal: September 16, 2022

    Plaintiff and Defendant held a Rule 26 meet and confer conference, and have had meaningful, ongoing discussions regarding these deadlines, but have been unable to reach agreement regarding the scope of Plaintiffs' rebuttal reports or the ability and timing of Defendants to respond further to any rebuttal reports from the Plaintiffs. Accordingly, the parties would like to discuss this issue further with the Court during the scheduling conference.

6. Completion of all discovery: **October 15, 2022**

7. Filing dispositive motions and Daubert motions: **October 28, 2022**

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined

5

based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a)    Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline);

    b)    Deadline to file motions in limine (approximately 22-24 weeks after dispositive motion deadline)

    c)    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d)    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e)    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f)    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

    a)    Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline): **December 5, 2022**

    b)    Deadline to file motions in limine (approximately 22-24 weeks after dispositive motion deadline): N/A

    c)    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline): N/A

    d)    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline): **December 19, 2022**

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

6

  e)  Deadline ~~to submit joint jury instructions, voir dire, verdict forms, and~~ trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline):  **December 23, 2022**

  f)  Trial date:  **January 17, 2023**

**I. TRIAL**

1. Has a demand for a trial by jury been made? **No.**

2. Estimate the number of days that trial will require.  **Seven**.

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference? **Yes.**

1. As noted, the Parties have not reached an agreement regard to rebuttal witnesses, § H.5 on page 5, supra.  Plaintiffs would like to discuss the importance of introducing new experts at the rebuttal stage in order to rebut expert testimony on topics not covered by Plaintiffs initial slate of experts.  The Plaintiffs also do not think Defendants have right to respond further to Plaintiffs rebuttal reports.  Defendants believe that it is Plaintiffs' burden to prove their case and establish, among other things, that their remedy is lawful.  Plaintiffs' choice to not address in their initial expert reports any topics that are their burden of proof should not create an opportunity for later sandbagging in Plaintiffs' rebuttal report.  Defendants have proposed a narrow solution to Plaintiffs' request as detailed in § H.5.

2. Plaintiffs respectfully state that this case should proceed on the somewhat expedited schedule proposed because the Louisiana Legislative elections are approaching in 2023.[1] The Gubernational and legislative primaries are October 14, 2023, with a filing deadline of August 8, 2023-August 10, 2023.  *Id.*

    The Defendants note that the Supreme Court disfavors injunctions involving state elections when an election is imminent. *Purcell v. Gonzalez*, 549 U.S. 1, 7-8 (2006).  Indeed, *Purcell* cautions "lower federal courts [from] altering the election rules on the eve of an election." *Republican Nat'l Committee v. Democratic Nat'l Committee*, 140 S. Ct. 1205, 1207 (2020) (per curiam) (*citing North Carolina v. League of Women Voters of N.C.*, 574 U.S. 927 (2014) (mem.) (staying a lower court order that changed election laws thirty-two days before the election); *Husted v. Ohio State Conference of NAACP*, 573 U.S. 988 (2014) (mem.)

---

[1] The relevant dates can be found on the Secretary of State's website, available at https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2023.pdf (last visited April 26, 2022).

(staying a lower court order that changed election laws sixty-one days before the election); *Purcell*, 549 U.S. at 7-8 (staying a lower court order that changed election laws thirty-three days before the election).

**K. SETTLEMENT**

    **1.** Please set forth what efforts, if any, the parties have made to settle this case to this date. **None.**

    **2.** Do the parties wish to have a settlement conference? **No.**

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court: **No.**

DATED: June 9, 2022

                                                         Respectfully submitted,

                                                         */s/ John Adcock*
                                                         JOHN ADCOCK
                                                         Adcock Law LLC
                                                         Louisiana Bar No. 30372
                                                         3110 Canal Street
                                                         New Orleans, LA 701119
                                                         Tel: (504) 233-3125
                                                         Fax: (504) 308-1266
                                                         Email: jnadcock@gmail.com

                                                         */s/ Ron Wilson*
                                                        Louisiana Bar No. 13575
                                                        701 Poydras Street, Ste. 4100,
                                                        New Orleans, LA 70139

Tel: (504) 525-4361
Fax: (504) 525-4380
Email: cabral2@aol.com

 /s/ *Sarah Brannon*
Sarah Brannon*
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org


Sophia Lin Lakin*
T. Alora Thomas*
Samantha Osaki*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
athomas@aclu.org
sosaki@aclu.org

/s/ *Nora Ahmed*
Nora Ahmed*
N.Y. Bar. No. 5092374
Stephanie L. Willis
LA. Bar No. 31834
ACLU Foundation of Louisiana
1340 Poydras St.
St. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
swillis@laaclu.org
NAhmed@laaclu.org

/s/ *Michael de Leeuw*
Michael de Leeuw**
Amanda Giglio**
Jacqueline Green***
Cozen O'Connor
3 WTC, 175 Greenwich St.
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com
JGreen@cozen.com

*/s/ Leah Aden*
Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP LEGAL DEFENSE &.
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965-2200

Andrew H. Stanko**
Daniel Brobst**
Cozen O'Connor
Liberty Place, 1650 Market St.
Suite 2800
Philadelphia, PA 19103
AStanko@cozen.com
DBrobst@cozen.com

9

laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans (admitted *pro hac vice*)
Sara Rohani (admitted *pro hac vice*)†
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

**Attorneys for Plaintiffs**


Janette Louard*
Anthony Ashton*
Anna Kathryn Barnes*
NATIONAL ASSOCIATION FOR
THE ADVANCEMENT OF COLORED PEOPLE (NAACP)
4805 Mount Hope Drive
 Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
barnes@naacpnet.org

**Attorneys for Plaintiff Louisiana State Conference of the NAACP**

*Admitted Pro hac vice
**Pro hac vice motions forthcoming
***Bar admission forthcoming


Jeff Landry
Louisiana Attorney General
*/s/ Jeffrey M. Wale*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee's (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL

10

LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov
jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov

*Counsel for the State of Louisiana through Attorney General Jeff Landry*

| | |
|---|---|
| E. Mark Braden* <br> Katherine L. McKnight* <br> Richard B. Raile* <br> **BAKERHOSTETLER LLP** <br> 1050 Connecticut Ave., N.W., Ste. 1100 <br> Washington, D.C. 20036 <br> (202) 861-1500 <br> mbraden@bakerlaw.com <br> kmcknight@bakerlaw.com <br> rraile@bakerlaw.com <br><br> Patrick T. Lewis* <br> **BAKERHOSTETLER LLP** <br> 127 Public Square, Ste. 2000 <br> Cleveland, Ohio 44114 <br> (216) 621-0200 <br> plewis@bakerlaw.com <br><br> Erika Dackin Prouty* <br> **BAKERHOSTETLER LLP** <br> 200 Civic Center Dr., Ste. 1200 <br> Columbus, Ohio 43215 <br> (614) 228-1541 <br> eprouty@bakerlaw.com <br><br> * *Admitted pro hac vice* | /s/ Michael W. Mengis <br> Michael W. Mengis, LA Bar No. 17994 <br> **BAKERHOSTETLER LLP** <br> 811 Main Street, Suite 1100 <br> Houston, Texas 77002 <br> Phone: (713) 751-1600 <br> Fax: (713) 751-1717 <br> Email: mmengis@bakerlaw.com <br><br> *Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate* |

11

By: /s/ Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

*Counsel for Defendant*
*\*Admitted Pro Hac Vice*