UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DR. DOROTHY NAIRNE, et al.**    CIVIL ACTION

**VERSUS**    NO. 22-178-SDD-SDJ

**R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE**

---

# SCHEDULING ORDER

---

Following the Court's review of the parties' Status Report (R. Doc. 52), United States Magistrate Judge Scott D. Johnson held a Scheduling Conference on June 23, 2022, at 10:00 a.m. by phone. The following counsel of record participated:

| | | | |
|---|---|---|---|
| **Alora Thomas** | **Thomas Farr** | **Kate McKnight** | **Angelique Freel** |
| **Ronald Wilson** | **Alyssa Riggins** | **Michael Mengis** | **Tom Jones** |
| **John Adcock** | **John Walsh** | **Mark Braden** | Counsel for Intervenor |
| **Sarah Brannon** | Counsel for Defendant | **Erika Prouty** | State of Louisiana |
| **Amanda Giglio** | | Counsel for Intervenors | |
| **Sara Rohani** | | Louisiana Legislators | |
| Counsel for Plaintiffs | | | |

The Court addressed its two main areas of concern, given the disagreements outlined in the parties' joint Status Report: (1) Defendant's contention that a scheduling order is "premature" before resolution of his Motion to Convene a Three-Judge Court (R. Doc. 34); and (2) the parties' conflicting positions on rebuttal experts (R. Doc. 52 at 4, 5, 7).

To begin, the Court made clear that it did not "find[] good cause [to] delay" the issuance of a Scheduling Order simply because Defendant's Motion to Convene a Three-Judge Panel (R. Doc.

C:cv32a; T: 00:33

34) has not been resolved. Fed. R. Civ. P. 16(b)(2) ("judge must issue the scheduling order as soon as practicable" absent good cause for delay). The Court further reiterated its expectation that the parties diligently pursue discovery.

Second, the parties discussed at length their positions on the appropriateness, timing, and scope of rebuttal experts. (R. Doc. 52 at 4, 5, 7).[1] Ultimately, the parties agreed that Plaintiffs would be able to "introduce[e] new experts at the rebuttal stage" but **only** "to rebut expert testimony" offered by Defendant and Intervenors "on topics not covered by Plaintiffs' initial slate of experts." (R. Doc. 52 at 7). Defendant and Intervenors can then offer sur-rebuttal expert reports, but any sur-rebuttal by Defendant and Intervenors would be limited to those experts first identified by Plaintiffs "at the rebuttal stage." (R. Doc. 52 at 5, 7). Therefore, the Court has included an additional deadline for Defendant and Intervenors to provide sur-rebuttal expert reports.

The parties also raised concerns about the appropriate scope of any rebuttal and sur-rebuttal expert reports. But at this stage of the litigation, expert reports have not been exchanged. And so, these concerns are premature, and the Court need not address them now.

The Court again reminds the parties of their obligation to meet and confer to amicably resolve any issues that arise during fact and expert discovery. The parties should make every effort to resolve issues as they arise, without the need for Court intervention. Should the parties — after diligently working to resolve their issues in good faith — remain in conflict on any discovery issues, they are encouraged to request a status conference with the Court before resorting to motion practice.

---

[1] Much of the disagreement centered around the fifth "subject matter[] as to which" Defendant and Intervenors intend to offer expert testimony— "whether considerations of race predominated in the development of Plaintiffs' requested relief and the development of their illustrative plans." (R. Doc. 52 at 4). Plaintiffs claim this subject matter is inappropriate in a "civil action to secure equitable relief under Section 2 of the Voting Rights Act," and therefore do not intend to cover this topic in their "initial slate of experts." (R. Doc. 52 at 1, 7).

And so, based on the parties' representations made during the Scheduling Conference, and in their joint Status Report (R. Doc. 52), the Court issues the instant Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure:

1. The deadline to join parties or otherwise amend pleadings is: **July 1, 2022.**

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by Rule 26(a)(1): **June 16, 2022.**

    b. **Completing** both **fact** and **expert** discovery and **filing** any discovery-related motions: **October 17, 2022.**

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

    c. Disclosure of identities and resumés of experts:

    | | |
    |---|---|
    | **Plaintiffs:** | **July 15, 2022.** |
    | **Defendant and Intervenors:** | **September 2, 2022.** |
    | **Plaintiffs (Rebuttal):** | **September 16, 2022.** |
    | **Defendant and Intervenors (Sur-Rebuttal):** | **September 30, 2022.** |

    d. Expert reports must be submitted to opposing parties as follows:

    | | |
    |---|---|
    | **Plaintiffs:** | **July 22, 2022.** |
    | **Defendant and Intervenors:** | **September 9, 2022.** |
    | **Plaintiffs (Rebuttal):** | **September 16, 2022.** |
    | **Defendant and Intervenors (Sur-Rebuttal):** | **September 30, 2022.** |

The Court reminds the parties of the following limitations regarding rebuttal and sur-rebuttal experts. Again, **Plaintiffs** can "introduce[e] **new experts** at the **rebuttal** stage" but **only** "to rebut expert testimony" offered by Defendant and Intervenors "on **topics not covered** by Plaintiffs' **initial** slate of experts." (R. Doc. 52 at 7). **Defendant** and **Intervenors** can then offer **sur-rebuttal** expert reports, but any sur-rebuttal by Defendant

and Intervenors is **limited** to those experts **first identified** by Plaintiffs "at the **rebuttal** stage." (R. Doc. 52 at 5, 7).

3. Deadline to file dispositive motions and Daubert motions: **October 28, 2022.**

4. Deadline to file pre-trial order: **December 5, 2022.**[2]

   **Prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.**

5. Pre-trial conference date: **December 19, 2022, at 2:30 p.m.** in the chambers of the Honorable Shelly D. Dick.

6. Deadline to file Proposed Findings of Fact and Conclusions of Law: **December 12, 2022.**

7. Deadline to submit trial briefs to the presiding judge: **December 23, 2022.**

   **The information regarding the Honorable Shelly D. Dick's pretrial order may be found on the court's website at (**http://www.lamd.uscourts.gov**) under "Judges' Info."**

8. **A 7-day bench trial is scheduled for 9:30 a.m. beginning on January 17, 2023, in Courtroom 3.**

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed, or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure. Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Further, a motion to extend any deadline set by this Order must be filed before its expiration. Untimely motions to extend will be

---

[2] Motions to extend or otherwise modify this date and the dates/deadlines that follow shall be directed to the district judge.

C:cv32a; T: 00:33

automatically denied, absent a showing of excusable neglect for the late filing. *See* Fed. R. Civ. P. 6(b)(1)(B).

Parties are directed to consult the Middle District's Administrative Procedures which contains additional mandatory filing rules and procedures. The Administrative Procedures are available for viewing and download on the court's website (http://www.lamd.uscourts.gov) under "E-Filing," "CM/ECF Info," "Administrative Procedures."

Signed in Baton Rouge, Louisiana, on August 10, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

C:cv32a; T: 00:33