# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, <br><br>*Plaintiffs*, <br><br>v. <br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana <br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES OF THE SECRETARY OF STATE**

Defendant R. Kyle Ardoin ("Defendant"), in his capacity as the Secretary of State of Louisiana, by and through undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, serve his objections and responses to Plaintiffs' First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Defendant makes the following answers, responses, and objections to Plaintiffs' First Set of Interrogatories of the Secretary of State ("Interrogatories"). Each of the following responses is made subject to any and all objections as to competence, relevance, or other grounds that would require exclusion of such statement if made by a witness present and testifying in court. Any and all such objections and grounds are expressly reserved.

1

The responses are based on Defendant's present knowledge, information, and belief, as derived from: (a) the knowledge and information of present employees or agents of Defendant gained in their capacity as such, and (b) a review of the documents and materials maintained by Defendant that would be likely to contain the information called for by the Interrogatories. These responses are subject to amendment and supplementation as Defendant acquires additional information. Defendant states that his responses to the Interrogatories were prepared in consultation with his attorneys and may not exactly match the words or phrases that may be used by individuals in the course of this litigation to describe events, policies, and practices discussed herein.

No incidental or implied admissions are intended by these responses. The fact that Defendant responds or objects to any Interrogatories should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such Interrogatories or that such Response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any interrogatory is not intended to be, and shall not be construed as a waiver by Defendant of any part of any objection to any interrogatory. Defendant will respond to Plaintiffs' Interrogatories in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure and will not provide responses or documents to the extent such responses or production would exceed the requirements of those Rules.

Since the Federal Rules of Civil Procedure prohibit discovery of privileged matters, Defendant has interpreted each Interrogatory to call for discoverable matter only. To the extent any response or produced document contains or refers to matters otherwise protected from discovery by the work product doctrine, the attorney-client privilege, or any other applicable

privilege, no waiver is intended, nor is any waiver intended as to any other matters that are or may be subject to such protection or otherwise privileged.

Defendant also objects that none of these Interrogatories are limited to the relevant time frame in this action. Particularly, as Defendant is sued in his official capacity as Secretary of State of Louisiana, these Interrogatories as written, call for Defendant to review records pertaining to all redistricting for his office going back decades. Because of this, all Interrogatories, as written, are unduly burdensome, and unlikely to lead to the discovery of relevant admissible evidence. As such, in his responses, Defendant has interpreted these Interrogatories to only seek information pertaining to the 2021/2022 legislative redistricting cycle.

These responses are provided solely for the purpose of and in relation to this action.

**OBJECTIONS TO DEFINITIONS**

1.      Defendant objects to the term "PREDECESSOR MAPS" as overly broad, unduly burdensome and not proportionate to the needs of this case as it seeks information that Defendant has no personal knowledge of for an unreasonable period of time.  Defendant further objects to the definition of "PREDECESSOR MAPS" in that it seeks documents or information not within his personal knowledge, or outside of his possession, custody, or control.  Defendant has interpreted these Interrogatories to only seek information pertaining to the 2021/2022 legislative redistricting cycle.

2.      Defendant objects to the term "RACIALLY POLARIZED" as it purports to set forth a legal conclusion. Defendant further objects to the definition of "RACIALLY POLARIZED" to the extent seeks information covered by the attorney-client, work product, or any other applicable privilege.

3.      Defendant objects to the definition of "SECTION 5" or "PRECLEARANCE" as overly broad, unduly burdensome, and not proportionate to the needs of the case as Section 5 preclearance is not required. Defendant further objects to the definition to the extent that it seeks to purport a legal conclusion.

4.      Defendant objects to the definition of "THIRD PARTIES" to the extent that it seeks information covered by the attorney-client, work product, or any other applicable privilege.

## OBJECTION TO INSTRUCTIONS

1.      Defendant objects to each and every "instruction" to the extent that it is inconsistent or goes beyond Defendant's obligations under the Federal Rules of Civil Procedure, the Local Rules for the Middle District of Louisiana, and the Parties' ESI Agreement.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons in Your office(s) involved in any evaluation, compilation, collection of data, estimate, report, study, or analysis concerning voting patterns, habits, behavior, demographic trends, or practices by race or ethnicity in Louisiana created or dated from January 1, 2022 to the present.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "habits," "behavior," and "practices." Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects that this Interrogatory is overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks any and all reports and studies that involve Louisiana voters' race or ethnicity without regards to any election or particular districting map.

4

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds that this information is contained in ERIN and that the reports which are being produced through Request 8 speak for themselves.

**INTERROGATORY NO. 2**

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to refute or support any position that You have taken or intend to take in this action, and state the subject matter of the information possessed by that person.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that this request is overly broad and unduly burdensome in that it requires Defendant to speculate to other persons' knowledge that Defendant may not have access to.  Defendant also objects that "discoverable information" is vague and ambiguous, as it is undefined and subject to multiple meanings. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects to this Interrogatory on the grounds that it is duplicative of Defendant's initial disclosures.

Subject to and without waiving the foregoing objections, and consistent with his understanding of this Interrogatory, Defendant refers Plaintiffs to Defendant's Initial Disclosures, served on June 16, 2022.

**INTERROGATORY NO. 3**

Identify each of the Black candidates elected to serve in the Louisiana State Senate since January 1, 1980 to the present, including their names, positions, dates of election, and the demographics of the district from which they were elected.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as it seeks information for State Senate districts for over forty years, which is an unreasonable period of time. Defendant further objects that "demographics" is vague and ambiguous, and that Defendant is unable to ascertain the specific meaning, as the term is undefined and subject to multiple meanings. Upon clarification of the term "demographics" Defendant will supplement this response with information, to the extent such information is within his custody or control, for a reasonable time frame.

**INTERROGATORY NO. 4**

Identify each of the Black candidates elected to serve in the Louisiana House of Representatives since January 1, 1980 to the present, including their names, positions, dates of election, and the demographics of the district from which they were elected.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as it seeks information for State Senate districts for over forty years, which is an unreasonable period of time. Defendant further objects that "demographics" is vague and ambiguous, and that Defendant is unable to ascertain the specific meaning, as the term is undefined and subject to multiple meanings. Upon clarification of the term "demographics" Defendant will supplement this response with information, to the extent such information is within his custody or control, for a reasonable time frame.

**INTERROGATORY NO. 5**

Please describe any involvement anyone in Your office had in providing advice, considering, creating, developing, drafting, and proposing the maps adopted in S.B. 1, H.B. 14, and all Predecessor Maps.

**RESPONSE:** Defendant objects that this Interrogatory is duplicative of Requests 1, 2, 3, and 5, as well as Interrogatory 1, and is therefore unduly burdensome to answer. Defendant also objects to this Interrogatory as it is vague and ambiguous as to "involvement," "advice," "considering," "creating," "developing," "drafting," and "proposing," which are subject to multiple meanings. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Additionally, Defendant objects to the extent this Interrogatory seeks information regarding legislative districts which are not at issue in this case. Therefore, Defendant's response is limited to the maps adopted in S.B. 1 and H.B. 14.

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds: None.

**INTERROGATORY NO. 6**

Please provide the name and contact information of anyone in Your office had in providing advice, considering, creating, developing, drafting, and proposing the maps adopted in S.B. 1, H.B. 14, and all Predecessor Maps.

**RESPONSE:** Defendant objects that this Interrogatory is duplicative of Requests 1, 2, 3, and 5, as well as Interrogatories 1 and 5, and is therefore unduly burdensome to answer. Defendant also objects to this Interrogatory as it is vague and ambiguous as to "involvement," "advice," "considering," "creating," "developing," "drafting," and "proposing," which are subject to multiple meanings. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant further objects to the extent this Interrogatory seeks information regarding drawing of legislative districts

which are not at issue in this case. Therefore, Defendant's response is limited to the maps adopted in S.B. 1 and H.B. 14.

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds: None.

**INTERROGATORY NO. 7**

Please describe whether and how anyone in Your office was provided any the maps or amendments for Louisiana Senate or Louisiana House districts maps prior to the adoption of S.B. 1, H.B. 14.

**RESPONSE:** Defendant objects that this Interrogatory is duplicative of Requests 1, 2, 3, and 5, and Interrogatories 5 and 6, and is therefore unduly burdensome to answer. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects to the extent that this Interrogatory seeks information not within his personal knowledge, and outside of his possession, custody, or control.

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds: None.

**INTERROGATORY NO. 8**

Please identify the name, title, and, if known, address of each person in Your office who was provided with any of maps or amendment for Louisiana Senate and Louisiana House districts prior to the adoption of S.B. 1 or H.B. 14.

**RESPONSE:** Defendant objects that this Interrogatory is duplicative of Requests 1, 2, 3, and 5, and Interrogatories 5, 6, and 7, and is therefore unduly burdensome to answer. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work

8

product, or any other applicable privilege. Defendant also objects to the extent that this Interrogatory seeks information not within his personal knowledge, and outside of his possession, custody, or control.

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds: None.

**INTERROGATORY NO. 9**

Please identify the name, title, and, if known, address of each person who shared with You any proposed maps or amendments to maps for the Louisiana Senate and Louisiana House prior to the adoption in S.B. 1, H.B. 14, or any Predecessor Maps.

**RESPONSE:** Defendant objects that this Interrogatory is duplicative of Requests 1, 2, 3, and 5, and Interrogatories 5, 6, 7, and 8, and is therefore unduly burdensome to answer. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects to the extent that this Interrogatory seeks information not within his personal knowledge, and outside of his possession, custody, or control. Defendant further objects to the extent this Interrogatory seeks information regarding legislative districts which are not at issue in this case. Therefore, Defendant's response is limited to the maps adopted in S.B. 1 and H.B. 14.

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds: None.

9

**INTERROGATORY NO. 10** Identify whether You are aware of any analysis conducted which included race, ethnicity or class in the drawing of the Louisiana Senate or Louisiana House districts and identify the person who conducted it prior to the adoption of S.B. 1 or H.B. 14.

**RESPONSE:** Defendant objects that this Interrogatory is duplicative of Requests 1, 2, 3, and 5, and Interrogatories 1, 5, 6, 7, 8, and 9, and is therefore unduly burdensome to answer. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects to the extent that this Interrogatory seeks information not within his personal knowledge, and outside of his possession, custody, or control.

Subject to and without waiving these objections, and consistent with Defendant's understanding of this Interrogatory, Defendant responds: None.

**INTERROGATORY NO. 11**

Describe the process by which the race category is completed when new individuals are added as voters to the Elections Registration and Information Network (ERIN system) or the statewide voter registration computer system, including but not limited, to how the race category is completed when new voters are added to the ERIN system when they respond to the race category on the voter registration application by selecting more than one option.

The Louisiana voter registration form asks voters to select from among the following races categories: White, Black, Asian, Hispanic, American Indian or Other.  But the race categories provided on the voter registration lists provided to the general public pursuant to Title 31, Chapter 1, §105. Sale of Voter Registration Lists only includes White, Black and Other.  Please describe the relationship between the race category selected by a voter when registering to vote and the race

10

category provided to the public with these voter registration lists and how those considerations reflected the drawing of the districts.

**RESPONSE:** Defendant object to this Interrogatory as duplicative of Request 16. Defendant also objects to this Interrogatory as unduly burdensome and confusing as it appears to contain two or more separate interrogatories, and is otherwise inconsistent with the Federal Rules of Civil Procedure. Additionally, Defendant objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant further objects to the extent this Interrogatory requires Defendant to ascertain the intent of individual voters when selecting among races when registering to vote. Such information is not within Defendants' personal knowledge, and outside of his possession, custody, or control.

Subject to and without waiving these objections, and consistent with the Federal Rules of Civil Procedure, Defendant states that the Parish Registrar of Voters is responsible for the tasks asked about in this Interrogatory.

**INTERROGATORY NO. 12**

Identify any relevant election dates for the 2023 Louisiana Senate and Louisiana House elections and describe their importance to the election calendar.

**RESPONSE:** Defendant objects to this Interrogatory as duplicative of Request 15. Defendant also objects to this Interrogatory on the grounds that it is vague and ambiguous as to "relevant" and "importance," which are undefined and subject to multiple meanings. Defendant further objects to the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Additionally, Defendant objects on the grounds that this Interrogatory is overly broad and unduly burdensome, especially since much of this information is publicly available on the [Louisiana Secretary of State's Website.](#)

11

Subject to and without waiving these objections, and consistent with his understanding of this Interrogatory, Defendant responds that the documents which are being produced through Request 15 speak for themselves.

**INTERROGATORY NO. 13**

Identify any processes that your office undertakes prior to 2023 Louisiana Senate and Louisiana House elections to help in the administration of those elections.

**RESPONSE:** Defendant objects to this Interrogatory as duplicative of Request 15 and Interrogatory 12. Defendant also objects to this Interrogatory on the grounds that it is vague and ambiguous as to "processes," which is undefined and subject to multiple meanings. Defendant further objects the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects on the grounds that this Interrogatory is overly broad and unduly burdensome, especially since much of this information is publicly available on the [Louisiana Secretary of State's Website.](#)

Subject to and without waiving these objections, and consistent with his understanding of this Interrogatory, Defendant responds that the documents which are being produced through Request 15 speak for themselves.

**INTERROGATORY NO. 14**

Identify and describe which election administration functions are conducted by Your office and identify which other government offices or entities conduct the other administrative functions for the 2023 Louisiana Senate and Louisiana House elections.

**RESPONSE:** Defendant objects to this Interrogatory as duplicative of Request 15 and Interrogatories 12 and 13. Defendant also objects to this Interrogatory on the grounds that it is vague and ambiguous as to "functions," "other government offices or entities," and "other

administrative functions," which are undefined and subject to multiple meanings. Defendant further objects the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects on the grounds that this Interrogatory is overly broad and unduly burdensome, especially since much of this information is publicly available on the [Louisiana Secretary of State's Website.](#)

Subject to and without waiving these objections, and consistent with his understanding of this Interrogatory, Defendant responds that the documents which are being produced through Request 15 speak for themselves.

**INTERROGATORY NO. 15**

Identify the name, title, and professional address of each person consulted by You in answering these Interrogatories, specifying on which Interrogatory or Interrogatories such person was consulted.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "consulted," which is undefined and subject to multiple meanings. Defendant further objects the extent this Interrogatory calls for information covered by the attorney-client, work product, or any other applicable privilege.

Subject to and without waiving these objections, and consistent with his understanding of this Interrogatory, Defendant responds that Sherri Hadskey assisted in responding to these interrogatories in consultation with legal counsel.

**INTERROGATORY NO. 16**

Describe why You should succeed on the defenses asserted in Your Answer.

13

**RESPONSE:** Defendant objects to this Interrogatory to the extent it seeks information covered by the attorney-client, work product, or any other applicable privilege. Defendant also objects to this Interrogatory to the extent that it seeks information beyond his personal knowledge. Defendant also objects to this Interrogatory to the extent it seeks a legal opinion or improper lay witness testimony.

    Subject to and without waiving these objections, Defendant states that his Answer speaks for itself.

This the 18th day of July, 2022.

/s/ Phillip J. Strach
Phillip J. Strach*
phillip.strach@nelsonmullins.com
    *Lead Counsel*
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Ph: (919) 329-3800

/s/ *John C. Walsh*
John C. Walsh, LA Bar 'Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P**
Batton Rouge, LA 70821
Ph: (225) 383-1461
Fax: (225) 346-5561
john@scwllp.com

*Admitted pro hac vice


*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

<div style="text-align:right">/s/ Phillip J. Strach</div>