IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>     *Plaintiffs*,<br><br> v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana<br><br>     *Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST FOR STATUS CONFERENCE**

Plaintiffs request a status conference with the Court to address three discovery-related issues between Plaintiffs and Defendant-Intervenors Clay Schexnayder and Patrick Page Cortez (hereinafter, the "Legislative Intervenors") that—despite significant efforts—these parties have been unable to resolve. First, Plaintiffs seek to discuss the Legislative Intervenors' decision to allow the Louisiana Legislature to "review and cull" the Legislative Intervenors' own documents before providing them to counsel for the Legislative Intervenors—potentially excluding core responsive documents from production. Second, Plaintiffs seek to discuss Legislative Intervenors' representation that they will not produce a sufficient privilege log that includes information related to documents withheld on the grounds of legislative privilege in violation of Rule 26. Third, Plaintiffs seek to discuss Legislative Intervenors' refusal to produce electronically stored information in the format in which it is usually maintained in violation of Rule 34.

**FACTUAL BACKGROUND**

As the Court is aware, this action centers on Plaintiffs' claims that the redistricting maps governing the election of the Louisiana Legislature violate Section 2 of the Voting Rights Act. While Plaintiffs did not bring this action against the Legislative Intervenors, on April 4, 2022, the Legislative Intervenors moved to intervene in this action. (ECF No. 13.) The Court granted this motion on May 17, 2022, and the Legislative Intervenors became parties to this action.

On June 3, 2022, Plaintiffs served their First Set of Requests for Production of Documents and Interrogatories on the Legislative Intervenors (as well as the other Defendants). In the weeks that followed, the parties met and conferred on several occasions and have exchanged extensive correspondence regarding the parameters for the collection, review, and production of documents responsive to those requests. While the parties have been able to reach agreement on a number of material issues, the parties have been unable to resolve three issues, and now request the Court's guidance. Plaintiffs discuss each issue in turn.

**ARGUMENT**

**A.   Legislative Intervenors' Processes for Reviewing and Producing Documents**

The discovery disputes requiring this Court's attention center on the process the Legislative Intervenors have outlined for the review and production of their own documents—specifically, allowing staff of the Louisiana Legislature to pre-screen all of the Legislative Intervenors' documents and, in the process, to exclude potentially responsive documents prior to turning them over to counsel for the Legislative Intervenors. As a result of this procedure, as explained below, the Legislative Intervenors and their counsel have stated that they are unable to fully satisfy the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure, and to that extent, Plaintiffs maintain that the procedure is improper, and that the Legislative Intervenors must

provide their counsel with direct access to all of their documents to enable a complete and legally sufficient response to Plaintiffs' discovery requests.

On July 8, 2022—over a month after Plaintiffs served their discovery requests—the Legislative Intervenors informed Plaintiffs that the Louisiana Legislature is both collecting *and* conducting an initial screening of Legislative Intervenors' documents. Plaintiffs' understanding is that the Louisiana Legislature is: (1) segregating the email folders of the Legislative Intervenors and relevant staff; (2) running search terms negotiated by the parties through those email folders; and (3) *removing* any emails that—in the view of the Louisiana Legislature's staff counsel—are protected by legislative privilege of non-party legislators. All of these "removed" documents would be withheld not only from Plaintiffs but also from Legislative Intervenors' own litigation counsel in this case. Two weeks later, on July 25, 2022, counsel for the Legislative Intervenors informed Plaintiffs that the Louisiana Legislature would also *not* be logging the records removed during this initial review. As a result, there would be no way ever to know that these documents existed or to challenge the assertion of privilege. In addition, counsel also informed Plaintiffs that the Louisiana Legislature would be providing the non-withheld documents in PDF format—a substantially different and inferior format to the one in which emails are traditionally kept.

In response to Plaintiffs' request for copies of any written policies that govern the Legislature's collection, review, and production of documents, on August 1, 2022, the Legislative Intervenors sent Plaintiffs a letter stating that the "general procedure for responding to requests for records is available online on the Senate and House of Representative's websites," and referring Plaintiffs to the Legislature's policies for responding to requests for public records under Louisiana's freedom of information law.

As Plaintiffs have repeatedly made clear to Legislative Intervenors, Plaintiffs' requests for production of documents are *not* requests for public information governed by the public's statutory or state constitutional right to examine and copy public documents in the state's possession; rather, they are requests for responsive, non-privileged documents issued to a party to litigation by another party in the litigation and are therefore governed by the Federal Rules of Civil Procedure.

Counsel for the Legislative Intervenors have tried to pass the buck, suggesting that Plaintiffs' issue is really a dispute with the *Louisiana Legislature*, which is not a party to this action and, accordingly, is not subject to the Federal Rules of Civil Procedure. But the Legislative Intervenors are—and elected to be—parties to this action, and *they* have discovery obligations under the federal rules. Whether they involve the Louisiana Legislature in that process is their own choice, but internal procedures of Louisiana Legislature, do not trump the requirements of the Federal Rules of Civil Procedure.

Moreover, the reason the Legislative Intervenors have cited for insisting on this procedure—that allowing their counsel to view the documents risks breaching the legislative privilege of non-party legislators—does not withstand scrutiny.[1] Legislative privilege is not absolute, and is not a privilege against disclosure. *See League of United Latin American Citizens Abbott v. United States*, No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022) (confirming that "the state legislative privilege is not absolute" and "must not be used as a cudgel to prevent the discovery of non-privileged information"); *Page v. Virginia State Bd. of Elections*, 15 F. Supp. 3d 657, 665 (E.D. Va. 2014) ("the 'legislative privilege is one of non-evidentiary use

---

[1] The baselessness of Legislative Intervenors' notion that counsel's review of documents would somehow break the legislative privilege is made even clearer by Legislative Counsel's representation on August 9, 2022 that they will be representing the Legislative Committee Chairs in a forthcoming subpoena for their responsive documents.

of legislative acts against a legislator, *not one of non-disclosure*'" and is not "an impenetrable shield that completely insulates any disclosure of documents" (quoting *E.E.O.C. v. Wash. Suburban Sanitary Comm'n*, 666 F. Supp. 2d 526, 532 (D. Md. 2009), *aff'd* 631 F.3d 174 (4th Cir. 2011))) (emphasis added); *see also Perez v. Perry*, No. SA-11-CV-360, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014) (concluding that "[a]ny individual asserting [legislative] privilege must, however, provide enough facts so that a court, if necessary, can determine whether the information sought falls within the scope of the privilege"). Further, allowing litigation counsel, rather than staff of the Louisiana Legislature, to collect and review responsive documents for legislative privilege would allow for the production of a privilege log, enabling plaintiffs to challenge the assertion of privilege where it is improperly asserted, and would resolve the issues with Legislative Intervenors' manner of production by allowing Legislative Intervenors to produce documents in the proper format.

**B.     Legislative Intervenors' Privilege Log**

Rule 26(b)(5)(A) states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Throughout the parties' meet and confer process, Legislative Intervenors have made clear that staff of the Louisiana Legislature is *not* logging information about any of the Legislative Intervenors' documents that they have withheld (or redacted) on privilege grounds; they are simply removing those documents or portions of documents from the production. Without the information required by Rule 26(b)(5)(A), Plaintiffs cannot assess—let alone challenge—legislative staff's unilateral decisions, as is Plaintiffs' right. *See Estate of Manship v. United States*, 232 F.R.D. 552,

5

561 (M.D. La. 2005) (requiring the federal government to produce a privilege log pursuant to Rule 26(b)(5) or else waive them as privilege objections "can only be sustained if they are properly asserted and the facts supporting the privileges *are established by evidence, not merely declared by lawyer argument*") (emphasis added).[2]

Accordingly, Plaintiffs maintain that, however they organize the review of their documents, Legislative Intervenors to provide a log of *all* documents withheld on the grounds of legislative privilege in compliance with Rule 26.

**C.  Legislative Intervenors' Production of Electronically Stored Information**

The Louisiana Legislature's "regular practice" of producing any responsive, non-privileged documents to Legislative Intervenors' counsel *in PDF format*—first shared with Plaintiffs on July 25, 2022, nearly *two months* after Plaintiffs served their requests for documents on Legislative Intervenors—does not comply with Rule 34.

Rule 34(b)(2)(E)(ii) requires the Legislative Intervenors to produce electronically stored information in the form in which it is requested or "in a form or forms in which it is ordinarily maintained" (*i.e.*, in native format), not in whatever format is most convenient for the Louisiana Legislature or as the Louisiana Legislature produces documents in response to public records requests. *See, e.g.*, *Trmanini v. Ross Stores, Inc.*, No. 21-CV-00044, 2021 WL 5926128, at *2 (W.D. Tex. Dec. 15, 2021) ("Rule 34 of the Federal Rules of Civil Procedure governs the production of ESI.  The Rule provides that '[u]nless otherwise stipulated or ordered by the court, . . . [a] party must produce documents as they are kept in the usual course of business,' *i.e.,*

---

[2] While Legislative Intervenors have informed Plaintiffs that the Louisiana Legislature has not yet withheld any of Legislative Intervenors' documents on these grounds, and may not withhold *any* documents on the basis of legislative privilege, the possibility that they will do so is unacceptable.  Plaintiffs cannot until the Louisiana Legislature has completed its review to raise this question before this Court because doing so would—if an issue arises—unnecessarily delay the already expedited discovery schedule at issue here.

6

*their native format*.") (internal citation omitted) (emphasis added) (alterations in original).  By converting these electronically stored documents—including, but not limited to, emails—into PDF documents, the Louisiana Legislature is removing critical metadata from those documents (*e.g.*, to, from, cc, bcc, subject, date sent, date received, email headers, etc.) and possibly removing content from those documents (*e.g.*, information appearing in track changes or content that is not visible when a document is printed such as hidden text, comments, etc.).

Accordingly, Plaintiffs have sought production of responsive, non-privileged documents in native format, and maintain that compliance with the requirements of Rule 34 mandates that production format.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court set a status conference to provide the parties with guidance concerning the issues identified above.

Dated: August 11, 2022

                                          Respectfully submitted,

                                          */s/ John Adcock*_____
                                          JOHN ADCOCK
                                          Adcock Law LLC
                                          Louisiana Bar No. 30372
                                          3110 Canal Street, New Orleans, LA 70119
                                          Tel: (504) 233-3125
                                          Fax: (504) 308-1266
                                          Email: jnadcock@gmail.com

                                          */s/ Ron Wilson*
                                          Louisiana Bar No. 13575
                                          701 Poydras Street, Ste. 4100, New Orleans, LA 70139
                                          Tel: (504) 525-4361
                                          Fax: (504) 525-4380
                                          Email: cabral2@aol.com

*/s/ T. Alora Thomas-Lundborg*
Sophia Lin Lakin\*
T. Alora Thomas\*
Samantha Osaki\*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
athomas@aclu.org
sosaki@aclu.org

Sarah Brannon\*
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

*/s/ Nora Ahmed*
Nora Ahmed\*
N.Y. Bar. No. 5092374
ACLU Foundation of Louisiana
1340 Poydras St.
Suite 2160
New Orleans, LA 70112
Tel: (504) 522-0628
NAhmed@laaclu.org

*/s/ Leah Aden*
Leah Aden\*
Stuart Naifeh\*\*
Victoria Wenger\*
NAACP LEGAL DEFENSE &.
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

*/s/ Michael de Leeuw*
Michael de Leeuw\*
Amanda Giglio\*
Cozen O'Connor
3 WTC, 175 Greenwich St.
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Andrew H. Stanko\*\*
Daniel Brobst\*\*
Cozen O'Connor
Liberty Place, 1650 Market St.
Suite 2800
Philadelphia, PA 19103
AStanko@cozen.com
DBrobst@cozen.com

\*Admitted *Pro Hac Vice*
\*\**Pro Hac Vice* Forthcoming

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record through a Notice of Electronic Filing generated by the Court's CM/ECF system on August 11, 2022.

/s/ John Adcock  
John Adcock