UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>    *Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>    *Defendant.* | Case No. 3:22-cv-00178-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**LEGISLATIVE INTERVENORS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

Legislative Intervenors Clay Schexnayder and Patrick Page Cortez ("Legislative Intervenors") are prepared to participate in the status conference Plaintiffs request if the Court believes the dispute is ripe for a conference. (Doc. 68.) Because Plaintiffs took the liberty of accompanying their request with a seven-page memorandum that misses the heart of the outstanding discovery dispute, Intervenors feel compelled to respond.

1. Legislative Intervenors are obligated only to produce "documents that are within their 'possession, custody or control.'" *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (quoting Fed. R. Civ. P. 34(a)(1)). Thus, their production obligation is limited to documents they have "the legal right" or "practical ability to obtain." *Id.* (quoting *Estate of Monroe v. Bottle Rock Power Corp.*, No. 03–2682, 2004 WL 737463, at * 10

(E.D. La. April 2, 2004)). "The burden…is on the party seeking discovery to make a showing that the other party has control over the documents sought." *Id.*

The present dispute involves review of Legislative Intervenors' official email accounts at the Louisiana Legislature for documents responsive to Plaintiffs' discovery requests. Plaintiffs take exception to what they call "the Legislative Intervenors' decision to allow the Louisiana Legislature to 'review and cull' the Legislative Intervenors' own documents before providing them to counsel for the Legislative Intervenors..." (Doc. 68-1 at 1.) But Plaintiffs' memorandum fails to address the threshold question of possession, custody, or control. It conflates the terms "Legislature" and "Legislative Intervenors," but Legislative Intervenors are not the Louisiana Legislature. They are *two* of *144* members of that body's respective chambers.[1] The mere fact that they are the presiding officers of the House and Senate, respectively, does not *ipso facto* confer on them the legal right or practical ability to obtain documents owned, possessed, and controlled by the Legislature. The Louisiana officers with authority over materials within the Legislature's computer system are the Secretary of the Senate and the Clerk of the House of Representatives. These officers are not within the employment of either Legislative Intervenor. Rather, they are elected by the members of the Senate and the House, respectively, in the same manner as the President and the Speaker.[2] Legislative Intervenors can neither hire nor fire these officers[3] and

---

[1] The fact that counsel to Legislative Intervenors "will be representing the Legislative Committee Chairs in a forthcoming subpoena for their responsive documents" (Doc. 68-1 at 4 n.1) does not move the needle for Plaintiffs. Even assuming these individuals could be aggregated in the manner Plaintiffs imply, that would mean only that *four* of *144* legislators are represented by the undersigned counsel at the present stage of proceedings.

[2] *See Secretary of The Senate*, https://senate.la.gov/Officers#Secretary (last visited Aug. 11, 2022); Clerk Of The House & Custodian Of House Records, https://house.louisiana.gov/H_Staff/H_Staff_ClerksOffice (last visited Aug. 11, 2022); HRULE 2.9, http://legis.la.gov/legis/Law.aspx?d=113294 (last visited Aug. 11, 2022); SRULE 3.6, http://www.legis.la.gov/legis/Law.aspx?p=y&d=180510 (last visited Aug. 11, 2022).

[3] *See* SRULE 3.6(B), http://www.legis.la.gov/legis/Law.aspx?p=y&d=180510 (last visited Aug. 11, 2022) (providing that the Secretary may be removed from office in the same manner as the president – i.e., by an affirmative vote of at least 20 members as set forth in SRULE 3.2(B)); *see also* HRULE 2.9.

2

cannot command them to override the records custody and production rules governing the House or Senate.

Plaintiffs cannot compel Legislative Intervenors to produce documents beyond their legal and practical ability to produce. By comparison, the Second Circuit found abuse of discretion in a lower court's demand for document production from a chairman of a corporate board of directors, where "his minority status as a shareholder and Russian law pose[d] insurmountable barriers to his obtaining the documents." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007); *see also Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501–02 (D. Kan. 2001) (overruling magistrate's order compelling company president to produce documents of the company, because the party seeking discovery "cannot properly seek to obtain from one entity or individual what belongs to another"); *cf. New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 267–68 (N.D.N.Y. 2006) (similar holding in case involving government agencies). So too here. Intervenors lack the legal authority and practical ability to meet Plaintiffs' demand to produce documents that belong to the Legislature. Plaintiffs state that "the Legislative Intervenors must provide their counsel with direct access to all of their documents to enable a complete and legally sufficient response to Plaintiffs' discovery requests." (ECF No. 68-1 at 2–3.) Simply put, the documents at issue are not "their documents" to produce.

It bears noting that this point—the difference between the Legislature as a body and Legislative Intervenors as two members of that body—was repeatedly made clear to Plaintiffs during the meet and confer process. It is telling that Plaintiffs make no effort to counter or even mention the issue in their memorandum.

2.   Intervenors have been working in good faith to use the full extent of their practical ability to obtain documents within the possession, ownership, and control of the Legislature to

3

respond to Plaintiffs' discovery demands. They have sought responsive documents from the Secretary of the Senate and the Clerk of the House of Representatives and worked with them to facilitate the process of searching the accounts and producing relevant, responsive, non-privileged documents. As record custodians, the Secretary and the Clerk are responsible for responding to record requests, including from Legislative Intervenors. These officers are "required to review all requested documents to ensure compliance" with the legislative privilege afforded to legislators by the Louisiana Constitution as part of this review.[4]

When Legislative Intervenors approached the Secretary and Clerk regarding discovery in this case, they were informed that the following procedure governs Legislative Intervenors' ability to obtain materials in the possession, custody, and control of the Legislature:

> Our procedure relative to requests for emails is to task our computer staff with segregating the mailboxes of the persons for those email communications that you requested. The computer staff segregates the members' mailboxes, runs the search inquiries using the terms you supplied covering the request period and provides those search results to us. The computer searches are run by a joint (House and Senate) computer staff and can only be run one-at-a-time and in the order received.
>
> Following the computer staff's segregation of emails, we then must review the emails located within the mailboxes which are identified using the search terms you provided to: (1) remove all non-public records, i.e. e-mails that have nothing to do with conducting the public's business, and (2) identify the emails that are protected speech under our constitutional privilege contained in LA Constitution Art. III, § 8. After identification of any privileged e-mails, if any, we discuss each privileged record with the member to ascertain whether that member will waive or assert the privilege on each identified record. If the member asserts this privilege, we must then remove those from the documents from other records that could be produced. This process results in a set of e-mails which is then made available for inspection and copying.

*See* Ex. A; *see also How to Request a Public Record from the Louisiana State Senate*, https://senate.la.gov/Officers#Secretary (last visited Aug. 11, 2022); *How to Request a Public*

---

[4] *See How to Request a Public Record from the Louisiana State Senate*, https://senate.la.gov/Officers#Secretary (last visited Aug. 11, 2022); *How to Request a Public Record from the Louisiana House of Representatives*, https://house.louisiana.gov/H_Staff/H_Staff_ClerksOffice#HowToRequestRecord (last visited Aug. 11, 2022).

*Record from the Louisiana House of Representatives*, https://house.louisiana.gov/H_Staff/H_Staff_ClerksOffice#HowToRequestRecord (last visited Aug. 11, 2022). Contrary to Plaintiffs' suggestion that Intervenors failed to adduce "any written policies that govern the Legislature's collection, review, and production of documents" (Doc. 68-1 at 3), they in in fact provided this explanation to Plaintiffs' counsel on July 8, 2022. Ex. A. Plaintiffs did not then object to this process. Legislative Intervenors learned for the first time in Plaintiffs' memorandum that Plaintiffs believe Legislative Intervenors, through their litigation counsel, are obligated to collect documents directly from their electronic accounts for production. Legislative Intervenors did not understand that to be the crux of Plaintiffs demand and did not understand Plaintiffs to object to Legislative Intervenors' recourse to their legal and practical means of obtaining responsive materials. Plaintiffs do not explain why exercising Legislative Intervenors' maximum legal and practical authority over materials in the possession, custody, and control of the Legislature does not satisfy their discovery obligations.

3.      Because Plaintiffs fail to address the threshold question of possession, custody, and control—which is their burden to establish—they mis-frame the "three issues" they claim this Court is called upon to address. (Doc. 68-1 at 2.)

First, Plaintiffs nonsensically accuse Legislative Intervenors of "*allowing* staff of the Louisiana Legislature to pre-screen" documents within the possession, custody, and control of the Legislature. (Doc. 68-1 at 2 (emphasis added).) The Secretary and Clerk have both legal and practical control over the electronic accounts in question, and they will exercise that control whether or not Legislative Intervenors "allow" it. Plaintiffs' argument that Legislative Intervenors "have discovery obligations under the federal rules" (Doc. 68-1 at 2) misses that the federal rules do not expand the possession, custody, and control Legislative Intervenors otherwise possess.

5

Plaintiffs also overlook that "Rule 45 is the proper vehicle through which" they may obtain discovery from the Louisiana Legislature. *Am. Maplan Corp.*, 203 F.R.D. at 502.

Second, Plaintiffs contend that Intervenors must "provide a log of *all* documents withheld on the grounds of legislative privilege." (Doc. 68-1 at 6.) Yet again, Plaintiffs conflate Legislative Intervenors with the Legislature. As Intervenors have explained to Plaintiffs, the Secretary and Clerk will not produce documents withheld on the ground of legislative privilege to counsel for Legislative Intervenors, and Legislative Intervenors have no legal or practical recourse to compel the Secretary and Clerk to do otherwise. How can Legislative Intervenors produce a log of documents that are not produced to them by the Legislature? Plaintiffs have no answer. Moreover, Plaintiffs neglect to mention that the Secretary and Clerk have informed Legislative Intervenors that a *single* document is currently being withheld, and one other document has been redacted, on the ground of legislative privilege and that Intervenors conveyed this message—as they said they would—to Plaintiffs before Plaintiffs filed the instant motion. Exs. B & C. Plaintiffs do not explain why these two documents are worth scarce party and judicial time and resources of further litigation.[5]

Third, Plaintiffs complain of the Legislature's production of emails to Legislative Intervenors in PDF format, but their arguments fail for the same reason. (Doc. 68-1 at 6.) Legislative Intervenors can only produce the documents provided to them by the Secretary and Clerk in the format the Secretary and Clerk produce those documents to Legislative Intervenors. Legislative Intervenors cannot re-inject "critical metadata" into PDF documents produced to them

---

[5] Plaintiffs' argument that legislative privilege does not support non-disclosure is premature, and ignores that their own cited authority employs "a flexible approach to resolving discovery objections based on legislative privilege." *Page v. Virginia State Bd. of Elections*, 15 F. Supp. 3d 657, 665 (E.D. Va. 2014). Plaintiffs cannot declare victory in litigating under such a standard, assuming it applies, before that litigation even occurs.

6

or otherwise revert them to a format in which the Secretary and Clerk obtained them. (Doc. 68-1 at 7.) Plaintiffs do not explain how it could be otherwise. Nevertheless, where Legislative Intervenors could adjust the production to conform with the agreements between the parties in producing ESI, Legislative Intervenors have done so in compliance with the Federal Rules. Specifically, where Legislative Intervenors received multiple documents in one PDF, Legislative Intervenors have broken up that single PDF into individual documents and then produced those documents in accordance with the Federal Rules and the ESI protocol – i.e., as single-page TIFFs with OCR extracted text files for searchability. *See* Fed. R. Civ. 34(b)(2)(E)(ii) ("If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained *or in a reasonably usable form or forms*") (emphasis added). Legislative Intervenors have also informed Plaintiffs that they are "working with the Legislature to ascertain the feasibility of receiving, and thereafter producing, native versions of the ESI discovery Legislative Intervenors have produced thus far." Ex. C.

For these reasons, the outstanding dispute should not detain the Court for long. Legislative Intervenors stand ready to explain their position to the Court at an upcoming conference and to provide further briefing in the Court's discretion.

                                                    Respectfully submitted,

| */s/ Michael W. Mengis* | */s/ Erika Dackin Prouty* |
|---|---|
| Michael W. Mengis, LA Bar No. 17994 | Erika Dackin Prouty* |
| **BAKERHOSTETLER LLP** | **BAKERHOSTETLER LLP** |
| 811 Main Street, Suite 1100 | 200 Civic Center Dr., Ste. 1200 |
| Houston, Texas 77002 | Columbus, Ohio 43215 |
| Phone: (713) 751-1600 | (614) 228-1541 |
| Fax: (713) 751-1717 | eprouty@bakerlaw.com |
| Email: mmengis@bakerlaw.com | |
| | *Counsel for Legislative Intervenors, Clay* |
| E. Mark Braden* | *Schexnayder, in his Official Capacity as* |
| Katherine L. McKnight* | *Speaker of the Louisiana House of* |

Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

* *Admitted pro hac vice*

*Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

8

**CERTIFICATE OF SERVICE**

I certify that on August 12, 2022, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

/s/ Erika Dackin Prouty
Erika Dackin Prouty *(admitted pro hac vice)*
**BAKERHOSTETLER LLP**

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*