# Exhibit C

# BakerHostetler

Baker&Hostetler LLP

200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

August 9, 2022

Erika D. Prouty
direct dial: 614.462.4710
eprouty@bakerlaw.com

**VIA E-MAIL (AGIGLIO@COZEN.COM)**

Amanda Giglio
Cozen O'Connor
3 WTC, 175 Greenwich Street 55th Floor
New York, NY 10007

Re:   *Nairne v. Ardoin* - Response to Plaintiffs' August 6, 2022 Correspondence

Counsel,

Legislative Intervenors write in response to the issues raised in your August 6, 2022 correspondence:

### I.   <u>Legislative Intervenors are not withholding documents based on legislative privilege</u>

Legislative Intervenors are not currently asserting legislative privilege over any responsive documents and are therefore not withholding any responsive documents on those grounds. Legislative Intervenors have made clear that they will prepare a privilege log for any responsive documents they withhold for a privilege belonging to the Speaker or the President, in accordance with the Federal Rules of Civil Procedure and the parties' ESI protocol.

We can confirm that no documents are currently being withheld by the Secretary of the Senate from President Cortez's productions[1] based on legislative privilege asserted by other legislators, though one document will include redactions for legislative privilege asserted by another member. We will identify that document when it is produced.

We are still awaiting final confirmation of whether any responsive documents will be withheld by the Clerk of the House of Representatives from Speaker Schexnayder's productions based on

---

[1] To be clear, these productions only include the results of the searches conducted of Legislative Intervenors' legislative email accounts using Plaintiffs' original search terms and the April 12, 2021 to February 18, 2022 date range. If additional date ranges or search terms must be applied, the Legislature will conduct the same review for private and privileged information and may withhold or redact additional documents.

Amanda Giglio
August 9, 2022
Page 2

legislative privilege asserted by other legislators. We hope to have the final confirmation this week and will update Plaintiffs as soon as we have that information.

We must reiterate that these documents would be withheld *by the Legislature* based on the assertion of legislative privileged by *other members* of the Legislature. To be clear, Legislative Intervenors do not have the ability to assert, or to waive, legislative privilege for other members. *See Perez v. Perry*, No. 11–360, 2014 WL 106927, at *1 (W.D.Tex. Jan. 8, 2014) ("The legislative privilege is a personal one and may be waived or asserted by each individual legislator . . . A legislator cannot assert or waive the privilege on behalf of another legislator."); *Favors v. Cuomo*, 285 F.R.D. 187, 213 (E.D.N.Y. 2012) (same).

Plaintiffs have not cited any authority or case law for the proposition that Legislative Intervenors can or must produce a privilege log for documents that they are not withholding and over which they are not asserting privilege, particularly when counsel for Legislative Intervenors will not even receive those documents from the Legislature.

Plaintiffs characterize this as a "choice" that Legislative Intervenors have made, and claim that "[t]he law does not support" their position. (Aug. 6, 2022 Ltr. from Giglio at 3). But Legislative Intervenors have explained that the Secretary of the Senate and the Clerk of the House of Representatives are the custodians of records for the Legislature and are required by law to review all requested records for legislative privilege.[2] None of the cases Plaintiffs cite address how Legislative Intervenors have the authority to circumvent this process and demand that non-parties—i.e., the Legislature and other legislators—allow litigation counsel for parties to review legislative privileged material for the purpose of creating a privilege log for use in this litigation.

Nor do Plaintiffs cite any authority requiring the non-party Legislature or other non-party legislators to create a privilege log, and courts have held that requiring creation of such a log for legislative privilege claims "would itself significantly intrude into the legislative sphere, and would also place a heavy burden on the legislators in contravention of one of the aims of the legislative privilege." *N. Carolina State Conf. of the NAACP v. McCrory*, No. 1:13CV658, 2014 WL 12526799, at *5 (M.D.N.C. Nov. 20, 2014), *objections overruled sub nom. N. Carolina State Conf. v. McCrory*, No. 1:13CV658, 2015 WL 12683665 (M.D.N.C. Feb. 4, 2015); *see also In re Hubbard*, 803 F.3d 1298, 1311 (11th Cir. 2015) ("To insist on unnecessary detail and procedures, as the district court did, would undermine a primary purpose of the legislative privilege—shielding lawmakers from the distraction created by inquiries into the regular course of the legislative process."). We reiterate that Louisiana public records laws do not require the creation of a privilege

---

[2] *See, e.g.*, How to Request a Public Record from the Louisiana State Senate, https://senate.la.gov/Officers#Secretary (last visited Jul. 31, 2022) ("Some legislative records are privileged pursuant to La. Const. Art. III, Sec §8 and the Secretary is required to review all requested documents to ensure compliance with this provision of law.")

Amanda Giglio
August 9, 2022
Page 3

log, and neither the current Secretary nor the current Clerk have ever previously provided a log pursuant to a records request.[3]

Nevertheless, we have requested that the Legislature confirm in writing to us if responsive documents are withheld by the Legislature on the basis of legislative privilege asserted by non-party legislators. We will share any such information with Plaintiffs as soon as we receive it.

### II.    Rule 34 does not apply to the Legislature

Plaintiffs again fail to address how the Legislature—which is not a party to this litigation—is subject to the requirements of Federal Rule of Civil Procedure 34 or provide any authority to support the contention that Legislative Intervenors can demand that a non-party custodian collect and produce documents to them in a specific format.

Legislative Intervenors have complied with the requirements of Rule 34 by producing the documents "in a reasonably useable form" as they were received from the Legislature, Fed. R. Civ. P. 34(b)(2)(E)(ii), and in accordance with the specifications of the parties' ESI protocol. Legislative Intervenors are also happy to "organize and label documents to correspond to the categories" in Plaintiffs' requests as set forth in Rule 34(b)(2)(E)(i). Please let us know if Plaintiffs will accept that proposal to resolve this dispute.

Additionally, in the interest of providing Plaintiffs with as much information as possible and in an effort to resolve this dispute, we are working with the Legislature to ascertain the feasibility of receiving, and thereafter producing, native versions of the ESI discovery Legislative Intervenors have produced thus far. In the meantime, Legislative Intervenors will continue their ESI productions on a rolling basis in the same format used to date in order to provide Plaintiffs with the requested documents as soon as possible.

### III.    Subpoenas to Representative Stefanski and Senator Hewitt

We can confirm that we will represent Representative Stefanski and Senator Hewitt and can accept subpoenas on their behalf.

---

[3] *See also* How to Request a Public Record from the Louisiana House of Representatives, https://house.louisiana.gov/H_Staff/H_Staff_ClerksOffice#HowToRequestRecord (last visited Jul. 31, 2022) ("No duty exist under law to create a record which is not otherwise created or maintained in the normal course of business of the House of Representatives.").

Amanda Giglio
August 9, 2022
Page 4

### IV.  Interrogatories 5 & 15

#### A.  Interrogatory No. 5

Plaintiffs' August 3, 2022 email correspondence requested that in response to Plaintiffs' Interrogatory No. 5, "Legislative Intervenors provide the names and a brief description of the 'technical' and/or 'administrative assistance' provided by the staff members referenced in your response and any other staff members involved in the creation, development, or drawing of the enacted maps."

Subject to and without waiving their objections set forth in their July 18, 2022 Objections and Answers to Plaintiffs' Interrogatories, Legislative Intervenors are serving a supplemental answer to Interrogatory No. 5 today, and will follow-up with an updated verification page as soon as possible.

That supplemental answer identifies Legislative Analyst Patricia Lowry and Demographer Dr. William Blair as legislative staff who provided technical and/or administrative assistance to President Cortez and Speaker Schexnayder and were "involved in the creation, development, or drawing of the enacted maps."

We are working to identify whether there are responsive, non-privileged documents that are in the "possession, custody, or control" of President Cortez or Speaker Schexnayder that can be collected from Dr. Blair or Ms. Lowry and will produce any such materials. Plaintiffs already will receive responsive, non-privileged email correspondence between President Cortez and Speaker Schexnayder and these two individuals as part of the searches and productions from the President and Speaker's legislative email accounts.

#### B.  Interrogatory No. 15

Plaintiffs also asked that Legislative Intervenors supplement their answer to Interrogatory No. 15. This interrogatory seeks the identification of "any" community of interest "considered in the map drawing process." Subject to and without waiving their objections to this interrogatory, Legislative Intervenors have supplemented their answer to Interrogatory No. 15 to specify the records that must be reviewed to identify the communities of interest discussed during the legislative debates related to the map drawing process and identified where, in Plaintiffs' counsel's possession or on the internet, Plaintiffs may examine those records. *See*, Fed. R. Civ. P. 33(d). Legislative Intervenors also have supplemented their answer to note that the subject of communities of interest and how they are reflected in the enacted map and Plaintiffs' illustrative maps are a subject of expert witness testimony and expert disclosures have not yet concluded in this matter.

### V.  Search Terms and Date Range

We await your response to our proposed global resolution of the search terms and date range issues set forth in our August 4, 2022 correspondence.

Amanda Giglio
August 9, 2022
Page 5


Sincerely,

*Erika Dash Prouty*

Erika D. Prouty
Associate




cc:     Katherine L. McKnight