UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOROTHY NAIRNE, *et al*

*versus*

R. KYLE ARDOIN, in his capacity
as Secretary of State of Louisiana

CIVIL ACTION

22-178-SDD-SDJ

## RULING

Before the Court is the *Joint Motion to Stay Proceedings*[1] filed by Attorney General Jeff Landry on behalf of the State of Louisiana and by the Legislative Intervenors, Clay Schexnayder and Patrick Page Cortez (collectively, the "Intervenor Defendants").[2] Plaintiffs Dorothy Nairne, Jarrett Lofton, Clee E. Lowe, Alice Washington, Rose Thompson, the Louisiana State Conference of the NAACP, and the Black Voters Matter Capacity Building Institute (collectively, "Plaintiffs") filed an *Opposition*,[3] to which Defendants filed a *Reply*.[4] For the reasons that follow, the Court finds that the Intervenor Defendants' *Motion* shall be GRANTED.

I.    BACKGROUND

Plaintiffs, a group of Black Louisianans and Louisiana nonprofit organizations, filed the instant action on March 14, 2022, alleging that the 2022 redistricting plans for the Louisiana House of Representatives and State Senate unlawfully diluted their votes in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301. On July 18, 2022, the Intervenor Defendants filed the instant *Motion*, urging the Court to stay all

---

[1] Rec. Doc. No. 61.
[2] Although Defendant Secretary of State Ardoin did not join in the *Motion to Stay*, the movants aver that he was consulted and "consents to the relief sought herein" (Rec. Doc. No. 61, p. 2).
[3] Rec. Doc. No. 64.
[4] Rec. Doc. No. 77.

1

proceedings pending the United States Supreme Court's resolution of *Merrill v. Milligan*,[5] which is set for oral argument on October 4, 2022.[6] According to the Intervenor Defendants, the Court should wait for *Merrill* because it promises to resolve "lingering questions regarding the application of Section 2 of the Voting Rights Act, and specifically questions as to when the creation of an additional majority-minority district is required."[7] These questions, they aver, will "directly impact the outcome of the present matter."[8] The Intervenor Defendants note that the Supreme Court recently stayed an injunction by this Court in *Robinson v. Ardoin*[9] which had ordered the creation of a remedial congressional plan with two majority-Black districts. In its order granting the emergency application for stay, the Supreme Court ordered *Robinson* be held in abeyance pending the outcome in *Merrill*. Arguing that this case involves similar Section 2 issues, and that judicial inefficiency and hardship to the parties could result from proceeding before *Merrill* is decided, the Intervenor Defendants urge the Court to stay the instant matter.

Plaintiffs, on the other hand, argue there is "no reason"[10] to stay this case pending the resolution of *Merrill*. If the issues are as inextricably linked as the Intervenor Defendants claim, Plaintiffs cry foul at the decision to wait four months after the filing of the *Complaint* in this matter to request a stay. At this point, Plaintiffs explain, discovery is well underway – in fact, the *Motion to Stay* was filed on the same day that Plaintiffs served their expert reports. Instead of requesting a stay when *Robinson* was stayed, Plaintiffs accuse the Intervenor Defendants of manipulating the timing "to forestall adjudication of

---

[5] 142 S.Ct. 1105.
[6] https://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalOctober2022.pdf
[7] Rec. Doc. No. 61-1, p. 3.
[8] *Id.*
[9] No. 3:22-cv-211-SDD-SDJ.
[10] Rec. Doc. No. 64, p. 2.

Plaintiffs' claims in order to deny Louisiana's Black voters full, unfettered access to their fundamental right to vote."[11] Plaintiffs also argue that, if the Supreme Court does not issue a decision in *Merrill* until the end of the upcoming term, in June 2023, only a few months would remain to try this case prior to the November 2023 election. Finally, Plaintiffs contend that issuing a stay "based on the mere possibility that the Supreme Court might change the standard applicable to Section 2 vote dilution claims"[12] is not appropriate.

## II. LAW AND ANALYSIS

### A. Motions to Stay

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[14] When determining whether to exercise its discretion to stay proceedings, relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy.[15] "A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals."[16]

---

[11] *Id*. at p. 3.
[12] *Id*. at p. 6.
[13] *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936).
[14] *Id.* at 254–55.
[15] *Chevallier v. Our Lady of the Lake Hosp., Inc.*, No. CV 18-0997-BAJ-EWD, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019).
[16] *Greco v. Nat'l Football League,* 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

B.  <u>Analysis</u>

In April 2022, the same Intervenor Defendants sought a stay in *Robinson v. Ardoin*, citing the same grounds: the pendency of *Merrill*. The Court denied that motion, finding that "the moved-for stay [could not] be justified by speculation over future Supreme Court deliberations."[17] Now, however, the lay of the land has changed. On June 28, 2022, the Supreme Court granted a stay of this Court's injunction, granting certiorari before judgment and specifically noting that "[t]he case is held in abeyance pending this Court's decision in *Merrill*. . ."[18]

By holding *Robinson* in abeyance pending the outcome of *Merrill*, the Supreme Court has unmistakably communicated that the outcomes in those cases are intertwined. Although Plaintiffs here attempt to distinguish *Robinson* from the instant case, there is no question that both cases arise under Section 2 of the Voting Rights Act. Nor can there be any serious debate that the Supreme Court has expressed that cases applying Section 2 are better held until *Merrill* is decided. The fundamental voting rights of Black Louisianans are paramount, but ignoring the clear "yield" sign from the Supreme Court and proceeding with this case now is not the best way to vindicate those rights. Once *Merrill* is decided, this important case can be litigated without the risk of draining the parties' and the Court's resources, only to start over if legal contours change. Accordingly, the Court will exercise its discretion to stay this case in the interest of avoiding hardship and prejudice to the parties and in the interest of judicial economy.

---

[17] Rec. Doc. No. 135, p. 4 in No. 3:22-cv-211-SDD-SDJ.
[18] *Ardoin v. Robinson*, 142 S. Ct. 2892 (2022).

### III. CONCLUSION

For the above-stated reasons, the *Joint Motion to Stay Proceedings*[19] is hereby GRANTED.

**IT IS ORDERED.**

Baton Rouge, Louisiana, this 30th day of August, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[19] Rec. Doc. No. 61.