IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>*Defendant*. | Civil Action No. 3:22-cv-00178 SDD-SDJ |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING SCHEDULE

Plaintiffs, Dr. Dorothy Nairne, Jarrett Lofton, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, Alexis Calhoun, Black Voters Matter Capacity Building Institute, and the Louisiana State Conference of the NAACP, by and through undersigned counsel, move the Court for an expedited schedule for the resolution of a motion for a preliminary injunction that Plaintiffs anticipate filing on or before June 15, 2023.

Plaintiffs respectfully request that the Court enter an expedited schedule for briefing and hearing their anticipated motion for a preliminary injunction seeking to enjoin Louisiana's redistricting maps for the Louisiana House of Representatives and Senate. The primary election for state legislative seats will take place on October 14,

1

2023. The qualifying period for candidates to run in the primary is August 8–10, 2023. A decision on a preliminary injunction in this case must be issued sufficiently in advance of those dates to allow new maps to be implemented.

Simultaneously with this motion, Plaintiffs have filed a motion to lift the stay of proceedings ordered by this Court on August 30, 2022, in light of the issuance of the U.S. Supreme Court's decision in *Allen v. Milligan* (formerly "*Merrill v. Milligan*"), No. 21-1086, 599 U.S. ___ (2023), on June 8, 2023.

In light of that decision and once the stay is lifted, Plaintiffs intend to file their motion for preliminary injunction and amended expert reports as soon as possible and no later than June 15, 2023. Plaintiffs request that Defendant's and Intervenors' responses to the motion for a preliminary injunction be due no later than two weeks after Plaintiffs' motion is filed, and that Plaintiffs' reply be due five days after the oppositions are filed. Plaintiffs further request that, if the Court considers an evidentiary hearing helpful or necessary, the Court schedule a hearing on the preliminary injunction during the week of July 10, 2023, or at the earliest available date thereafter.

## ARGUMENT

Under Federal Rule of Civil Procedure Rule 16(a), a court may order attorneys to appear for a conference for the purpose of, among other things, "expediting disposition of the action" and "establishing early and continuing control so that the case will not be protracted." Courts "shall expedite the consideration of" any action "if good cause therefore is shown." 28 U.S.C. § 1657(a). For purposes of this section,

"good cause" is shown "if a right under . . . a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

Protecting the right to vote guaranteed by the Voting Rights Act is plainly encompassed by Section 1657(a), and actions to vindicate that right should be resolved expeditiously. *See, e.g.*, *Thomas* v. *Bryant*, Case No. 3:18-cv-00441-CWR-FKB, ECF No. 28 (S.D. Miss. Nov. 16, 2018) (granting plaintiffs' motion for expedited schedule in Section 2 challenge to state legislative plan); *Kirksey* v. *City of Jackson*, 625 F.2d 21, 22 (5th Cir. 1980) (ordering district court to expedite voting rights case challenging at-large districts on remand because of "the importance of this case and its urgency in terms of [upcoming] elections").

Addressing the issues presented by this action is a matter of urgency, as any relief for the 2023 election cycle must be issued in advance of the October 14, 2023 primary election. Prompt adjudication of plaintiffs' motion is particularly critical in view of the Supreme Court's instruction, under *Purcell* v. *Gonzalez*, 549 U.S. 1, 4–5 (2006), that the federal courts not interfere with state elections, including with respect to redistricting, close to the election date.

The parties are well-positioned to move forward on an expedited basis. The Supreme Court's decision in *Allen* does not work any material change to the redistricting landscape: indeed, the Supreme Court rejected petitioners' "attempt to remake [its] §2 jurisprudence," Slip Op. 15, and reaffirmed that the same *Gingles* framework that "has governed our Voting Rights Act jurisprudence since it was

3

decided 37 years ago" remains intact, Slip Op. 11. And because Plaintiffs served their expert reports on July 22, 2022, before this case was stayed, Defendant and Intervenors have had over ten months to digest the core support for Plaintiffs' forthcoming motion.

Nor does a speedy resolution of Plaintiffs' preliminary injunction risk generating voter confusion. The maps at issue are hardly static—indeed, the legislature introduced another map for consideration even in this most recent legislative session (which just ended yesterday, on June 8). *See* H.B. 534 (2023 Regular Session). The Court can instill much-needed clarity about the lawfulness of the existing maps without introducing voter confusion or unnecessary burdens on the state if the briefing on this motion moves quickly, which Plaintiffs are prepared to do.

While there is still sufficient time to adjudicate this matter in conformity with *Purcell*, in view of the fact that the upcoming election will not be held until October 14, 2023, the available time to do so is short. Accordingly, as noted, Plaintiffs intend to move promptly, and no later than June 15, 2023, for a preliminary injunction enjoining Defendant from using the legislatively-approved state redistricting map for the state legislative elections to be held on October 14, 2023, and requiring that a new map be ordered for use in that and future elections occurring during the pendency of this litigation.

For the foregoing reasons, Plaintiffs request that the Court order that:

(i) Plaintiffs' motion for a preliminary injunction and supporting evidence shall be filed no later than June 15, 2023;

4

(ii) Defendant's and Intervenors' motions and supporting papers in opposition to Plaintiffs' motion for a preliminary injunction shall be filed no later than 14 days after Plaintiffs' motion is filed;

(iii) Plaintiffs' reply motion, if any, shall be filed no later than 5 days after oppositions are filed; and

(iv) A hearing on Plaintiffs' motion for a preliminary injunction, should the Court deem it necessary, shall begin on July 10, 2023, or as soon thereafter as Plaintiffs' motion may be heard.

Date: June 9, 2023

Respectfully submitted,

/s/ Sarah Brannon
Sarah Brannon*
Megan C. Keenan**
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

Sophia Lin Lakin*
Dayton Campbell-Harris**
Luis Manuel Rico Román**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

T. Alora Thomas-Lundborg*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105

5

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice
**Pro Hac Vice Motion Forthcoming