IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, <br><br> Plaintiffs, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> Defendant. | Civil Action No. 3:22-CV-00178-SDD-SDJ <br><br> Chief Judge Shelly D. Dick <br><br> Magistrate Judge Scott D. Johnson |

**NOTICE OF DEFENDANTS' JOINT POSITION ON TRIAL SCHEDULE**

NOW COME Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana, and Intervenor-Defendants, the State of Louisiana through the Attorney General, and Speaker of the House Clay Schexnayder; and President of the Senate Patrick Page Cortez (collectively, "Defendants") and, per this Court's request in the June 21, 2023, status conference, submit the following notice regarding Defendants position on the trial schedule.

During the status conference of June 21, 2023, the Court provided the parties with only two options for a trial date in this matter. The Court requested the parties to identify their preferred dates by the close of business today. While the Defendants prefer the November 27 trial date over the November 6 trial date identified during the status conference, Defendants have serious reservations about any trial date in November and believe a trial in January 2024, as originally proposed by Plaintiffs, is more appropriate, for the following reasons:

1

1. To the extent that the rationale for a November trial is the potential for a special election for the fall of 2024 based on revised districts, such remedy is effectively foreclosed by Supreme Court precedent. *North Carolina v. Covington*, 581 U.S. 486 (2017), summarily and unanimously rejected a three-judge court's order mandating a special election and cutting legislators' term lengths short, even though the Supreme Court the same day summarily affirmed the underlying order finding that dozens of legislative districts had been configured with invidious discriminatory intent. *See id.* at 486–87 & n.*. The Court declined to decide whether special elections and truncated terms are ever "a proper remedy," but held that, if they are, "there is much for a court to weigh." *Id.* at 486. It explained that "obvious considerations include the severity and nature of the particular constitutional violation, the extent of the likely disruption to the ordinary processes of governance if early elections are imposed, and the need to act with proper judicial restraint when intruding on state sovereignty." *Id.* at 488. Needless to say, special elections are not automatic just because "Plaintiffs first seek pre-election relief and were denied." Doc. 89 at 2. Here, there are no constitutional claims, and the *Covington* decision so strongly militates against the possibility of such a special election that it should not be a consideration in setting the trial date. The next legislative elections occur in the Fall of 2027 so expedition of two or three months (the difference between a November 2023 trial and a January 2024 trial) is not warranted. There is simply no realistic prospect of a special election and hence no need to rush the trial.

2. Currently, Louisiana's Gubernatorial Primary election is scheduled for October 14 and the Gubernatorial General election is scheduled for November 18. La. R.S. 18:402. *See also* https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2023.pdf Virtually all elections for statewide office are tied to the gubernatorial election by constitution or statute, as are a substantial number of parish and local elections. As of now, there are at least **1,152**

elections scheduled for the October and November elections in Louisiana. The primary elections occur on October 14, 2023, with the general on November 18, 2023. Election officials, particularly the Louisiana Secretary of State and the 64 parish registrars of voters, must prepare ballots for the primary and then the general election. And of course, military and overseas ballots must be mailed well ahead of primary and as soon as the ballot can be prepared prior to the general. Early voting must be held prior to the primary and the general elections. Early voting for the November 18 general election is scheduled between November 3 and November 11, 2023. The interim between the primary and the general is the busiest and most time intensive time period for state and parish election officials. To attempt a trial paralleling the elections is a virtual impossibility for the Secretary of State, his office legal counsel, and his staff. Preparing for a trial during the election period would take the election officials away from their election responsibilities and so disrupt the ordinary election process that the effect would risk the integrity of the election.

    3. The proposed trial dates conflict with the State's ability to obtain witness testimony from election officials, including the Louisiana Secretary of State, the Commissioner of Elections, Registrars of Voters, and Clerks of Court. The proposed trial dates would likely hamper the ability of the State to obtain witness testimony of those running for these legislative offices, who may also be called to testify. Candidates for the same offices whose districts are at issue cannot reasonably be called upon to testify in discovery in the midst of a campaign. The election officials who may be called have numerous responsibilities in the Election Code. For example, Early Voting for the November 18 election occurs from November 3 to November 11, 2023. Early voting is conducted by the registrars of voters. La. R.S. 18:1309. They are assisted by the Secretary of State as the state's chief election official. Also, during this time period, the registrars of voters are preparing, sending, and receiving absentee by mail ballots. La. R.S. 18:1308.

4. After both the primary and the general election, recounts of ballots may be requested. Such recounts must take place the fifth day after the election. La. R.S. 18:1313(K); La. R.S. 18:1313.1(L). For the November 18 election, such recount would take place on November 23. Also following an election, a candidate may contest the election. La. R.S. 18:1401. Such a contest must be filed within nine days of the election. La. R.S. 18:1405(B). The contest must be tried within four days after filing of the suit. La. R.S. 18:1409(A)(1). For the October 14 election, this means election contests must be filed by October 23, with trials on the contests beginning October 27. For the November 18 election, this means the election contest must be filed on November 27 with contest trials beginning on December 1. The Louisiana Election Code further provides deadlines for appeals, which take days beyond the hearing of the contest. La. R.S. 18:1409. The Attorney General is statutorily designated counsel for the registrars and in those instances in which the registrar is involved in the election contest, knowledgeable counsel from the Attorney General must attend the election contest trial. La. R.S. 18:64.

5. As the State's chief election official, the Secretary of State and his staff are involved in every process of the election, from the creation of ballots to the promulgation of results. See Title 18 of the Louisiana Revised Statutes. The Secretary of State's staff is consumed with the numerous responsibilities in the Election Code that only he and his staff can administer. A list of the election duties required by the Secretary's staff in November and December is attached as **Exhibit 1** and it is voluminous.

6. In addition to the burden a trial in November would place on necessary witnesses, undersigned counsel for the Attorney General also has responsibilities pursuant to the Election Code. The Attorney General serves as legal advisor to all Registrars of Voters and Parish Boards of Election Supervisors. La. R.S. 18:64; La. R.S. 18:423(G). Undersigned counsel must be

available to advise and represent these officials when called upon in the course of their numerous duties. The Secretary of State's counsel is likewise consumed with a litany of legal questions that arise during the administration of the elections.

7. Finally, a November trial setting might not yield the beneficial results the Court expects. Under *Purcell*, the United States Supreme Court has indicated that results of elections that occur while a voting case is pending can be useful in reaching the correct legal decision by the Court. *Purcell v. Gonzalez,* 549 U.S. 1, 8 (2006). Particularly, Justice Stevens noted in his concurrence that allowing an election to proceed will allow the statutory provisions at issue provides the courts with a better record with which to render a decision. *Id.* A January trial date would allow the election results from October and November of 2023 to be used in the analyses required in *Gingles,* including whether there is evidence of district specific legally significant racially polarized voting in the enacted districts and Plaintiffs' Illustrative Districts. Here, the election results from the November 2023 elections will not be sufficiently final by the time of a November 27 trial that the Court could use them to assist in ultimately reaching the correct decision here.[1] A trial in January 2024 would allow full use of fulsome election data to analyze the legal theories plaintiffs have asserted.

Respectfully Submitted,

By: /s/ Phillip J. Strach
Phillip J. Strach* (Lead Counsel for the Secretary)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*

---

[1] In fact, supplemental briefing and even a supplemental hearing may be required to fully account for any new evidence the October and November 2023 election results produce.

cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
\* *Pro Hac Vice*

By: /s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*

*By: /s/Michael W. Mengis*
LA Bar No. 17994
BAKERHOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden\*
Katherine L. McKnight\*
Richard B. Raile\*
BAKERHOSTETLER LLP
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis\*
BAKERHOSTETLER LLP
127 Public Square, Ste. 2000
Cleveland, Ohio 44114

Jeff Landry
Louisiana Attorney General
*/s/ Jeffrey M. Wale*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
mcphees@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
lagrouea@ag.louisiana.gov
walej@ag.louisiana.gov

(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
BAKERHOSTETLER LLP
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com


* Admitted pro hac vice

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com

Phillip M. Gordon (DC Bar No. 1531277)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com
*admitted pro hac vice

4880-3918-5003 v.1

7