IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana<br><br>*Defendant*. | Civil Action No. 3:22-cv-00178 SDD-SDJ |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' JOINT POSITION ON TRIAL SCHEDULE**

Without having first conferred with Plaintiffs (as directed by this Court), Defendants filed a notice stating that, of the two trial dates offered by the Court during the status conference held on June 21, 2023, Defendants prefer trial to commence on November 27, 2023. ECF No. 92. Stepping further outside this Court's limited mandate, Defendants then engage in a lengthy argument that trial in this matter should commence *months* later than the trial dates offered by this Court and go so far as to suggest that no trial date need be set at all at this stage. As explained further below, Plaintiffs prefer that trial in this matter commence on November 6, 2023, but can stand ready for trial on November 27, 2023, and Defendants' assertions that trial should be delayed until January 2024 (or indefinitely) are baseless and should be ignored by this Court.

*First*, as stated at the status conference, Plaintiffs are available for both November trial dates that the Court proposed, either starting on November 6 or November 27, 2023. Plaintiffs

1

prefer that the trial commence on November 6, 2023. Nevertheless, consistent with the Court's request that the parties respond with their preference as between *those two dates*, Plaintiffs hereby notify the Court that they are available to proceed to trial on November 27, 2023.

*Second*, as noted, Defendants failed to meet and confer with Plaintiffs regarding the trial dates offered by this Court, let alone notify Plaintiffs that they intended to propose alternatives to the two trial dates offered by the Court. The Court was clear at the status conference that the parties were to confer and notify the Court of a *mutually* agreed upon trial date, and the Federal Rules of Civil Procedure and this Court's local rules also require the parties to meet and confer on scheduling issues prior to seeking relief from the Court. But only *after* submitting its filing and *after* this Court submitted a minute entry repeating its clear mandate, Defendants offered to confer as to which of the two *November* trial dates Plaintiffs preferred. And, in response to Plaintiffs' offer to do so, Defendants declined Plaintiffs' suggestion that they withdraw their filing and instead draft the simple, joint submission requested by this Court. Because Defendants had already made their position known to the Court in a filing in which they made misleading arguments and suggested an alternative trial date the Court had not offered, Plaintiffs are now compelled to respond.

*Third*, Plaintiffs agree with the Court that time is of the essence in this matter, and completing a trial on the merits as soon as possible is necessary to allow for the potential for a meaningful remedy if Plaintiffs prevail on their claims under Section 2 of the Voting Rights Act.[1] A trial well in advance of November 2024 will ensure that, if Plaintiffs succeed on the merits and

---

[1] Defendants also repeat their argument, made at the status conference, that Plaintiffs would not be entitled to the remedy of a special election even if they prevail on the merits. As the Court observed at the status conference, the Court need not resolve the question of Plaintiffs' right to a special election in order to set an expedited trial and schedule. Because the Court already indicated it will not decide the special election issue at this juncture, Plaintiffs will respond to Defendants' arguments at the appropriate time.

2

obtain a judgment in their favor, there will be adequate time to put such a remedy in place consistent with the principles set forth in *Purcell v. Gonzalez*, 549 U.S. 1 (2006).[2]

*Fourth*, Defendants' arguments that trial in November 2023 would be unduly burdensome for their clients is not persuasive. If the trial commences on November 27, 2023, that would be after the 2023 general election and after the bulk of the Secretary's and other election officials' administrative work for the fall elections has been completed, and after any candidates running for office have completed their campaigning. More importantly, extensive additional discovery and factual preparation should not be needed: the discovery needs in Section 2 vote dilution claims are limited, because the evidence in such cases consists primarily of expert testimony. Moreover, significant discovery in this case was completed prior to the entry of the stay. Consistent with this Court's original scheduling order, Plaintiffs identified their expert witnesses and served their initial expert reports in July 2022, and the legal standards applicable to the analysis of that evidence has not changed since that time. This means Defendants have had over *ten months* to review Plaintiffs' reports and prepare their own. Given that context, it is feasible for this matter to proceed to trial in November 2023 without prejudice or any significant burden to either side.

*Fifth*, Defendants suggest that the Supreme Court has indicated that the results of elections that occur while a voting case is pending can be useful in reaching the correct legal decision. *See Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006) (Stevens, J. concurring).[3] But there is no requirement that courts wait to evaluate the merits of redistricting cases even if the results of impending future

---

[2] To the extent the Court is inclined to consider Defendants' request for a January 2024 trial (though it should not): Plaintiffs would not oppose deferring trial until January 2024 on the condition that Defendants enter into a stipulation providing that, if judgment is entered in favor of Plaintiffs no later than March 31, 2024, and if the Court orders a special election in November 2024, they waive any argument under *Purcell v. Gonzalez* that the implementation of new state legislative maps prior to the 2024 election would be untimely or infeasible or would cause confusion for voters, candidates, or election officials.

[3] While Justice Stevens's concurrence noted that such election results might be useful, the *per curiam* majority does not address this subject.

elections might be useful—indeed, it is difficult to see how voting rights cases would ever be resolved if such a requirement existed, because the next election on the horizon could always yield additional evidence for consideration, as would the next election after that, and so on. And it is not clear that it would even be *possible* to conduct analysis on Louisiana's October and November 2023 elections in advance of Defendants' proposed January 2024 trial date. Any deadline for disclosure of expert opinions would be several months before a January trial, and most likely, before the relevant data from those elections became available for analysis.

Furthermore, there were a number of relevant elections in 2022 while this case has been pending. The parties' experts will be able to provide analysis of those elections within expert disclosure deadlines established by any new scheduling order and in advance of the November 27, 2023 trial date. The Court, therefore, will have the benefit of relevant evidence from very contemporary elections when reaching its decision on Plaintiffs' Section 2 claims.

Finally, any benefit of awaiting additional election results is outweighed by the risk that deferring resolution of Plaintiffs' claims may preclude relief prior to the next scheduled election or may require a special election to be conducted on a date other than the date of a regularly scheduled election, increasing the costs and burdens for voters and election officials.

\* \* \*

An expedited trial best ensures that the fundamental right to vote is protected and avoids the risk that *Purcell* concerns will require Plaintiffs and similarly situated voters to live with unlawful districts for years. For the foregoing reasons, the Court should proceed with trial in this matter on November 27, 2023.

DATED: June 22, 2023                              Respectfully submitted,

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

*/s/ Sarah Brannon*
Sarah Brannon*
Megan C. Keenan*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris*
Luis Manuel Rico Román*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

T. Alora Thomas-Lundborg*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice
**Pro Hac Vice Motion Forthcoming

5