UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>    *Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, *et al.*<br><br>    *Defendants.* | Case No. 3:22-cv-00178-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**DEFENDANTS' JOINT MOTION FOR
CONTINUANCE OF THE NOVEMBER 27, 2023, TRIAL DATE**

    Defendants jointly submit this Motion for Continuance of the November 27, 2023, trial date and in support hereof would show the Court as follows. Plaintiffs have taken the hardline position that election data from this Fall's October and November legislative elections cannot be used at the November 27, 2023, trial because there will not be sufficient time to analyze it. These endogenous elections—both contemporary and in the districts challenged—are highly probative for the type of analysis this Court must undertake in a Voting Rights Act Section 2 case. *See Bone Shirt v. Hazeltine*, 461 F.3d 1011, 1020–21 (8th Cir. 2006); *Uno v. City of Holyoke*, 72 F.3d 973, 990 (1st Cir. 1995). This evidence is so probative and of such value that circuit courts have found that a district court errs when it fails to consider recent endogenous elections. *See, e.g.*, *Westwego Citizens for Better Gov't v. City of Westwego*, 906 F.2d 1042, 1045 (5th Cir. 1990) (holding the

"district court erred in refusing to consider" the "highly relevant evidence" of election results occurring in the challenged election system *subsequent* to trial); *see also Levy v. Lexington Cnty., S.C.*, 589 F.3d 708, 714–15 (4th Cir. 2009) (failure to reopen evidence to consider results of elections in the challenged districts that occurred after trial but before judgment was an abuse of discretion warranting reversal). This Court should continue the trial date until a time when the parties may provide the Court with analyses of these endogenous elections.

I.     BACKGROUND

On June 21, 2023, this Court held a telephone conference to discuss, among other things, a date for trial. During the telephone conference, the Court suggested starting trial on either November 6, 2023, or November 27, 2023. No trial date was selected during the telephone conference. Rather, Defendants requested time to consider the two options.

Later that same day, Defendants filed their Joint Notice Regarding Trial Dates. Doc. 92. The Joint Notice set forth reasons why Defendants believed a trial in November 2023 was unworkable, unnecessary and ill-advised, including that there is no need to rush the trial of this case because there is no realistic prospect of Plaintiffs' requested remedy of a special election before the next scheduled election in 2027. Doc 92 at 2; *see North Carolina v. Covington*, 581 U.S. 486, 486–87 & n.\* (2017) (rejecting unanimously a three-judge court's order mandating a special election cutting legislators' term lengths short even where dozens of legislative districts were found to have been configured with invidious discriminatory intent). Defendants also explained that Louisiana's Gubernatorial and Legislative Primary elections are scheduled for October 14, 2023, and the Gubernatorial and Legislative General elections are scheduled for November 18, 2023, and that preparing for a trial during this election period will interfere with the

Secretary of State and Attorney General's statutory obligations related to the election and their ability to prepare for and participate in the trial. Doc. 92 at 2-5.

Finally, Defendants pointed out that a November trial setting might not yield the beneficial results the Court expects. The United States Supreme Court has indicated that results of elections that occur while a voting case is pending can be useful in reaching the correct legal decision by the Court. *See Purcell v. Gonzalez*, 549 U.S. 1, 8 (2006). Particularly, Justice Stevens noted in his concurrence that "[a]llowing the election to proceed without enjoining the statutory provisions at issue will provide the courts with a better record on which to judge their constitutionality" and "will enhance the likelihood that [the legal issues] will be resolved correctly on the basis of historical facts rather than speculation." *Id.* (Stevens, J., concurring); Doc. 92 at 5.

Plaintiffs filed a response on June 22, 2023, urging the Court to proceed with a trial on November 27, 2023. *See* Doc. 94. While Plaintiffs noted in passing that it was "not clear that it would even be possible" to analyze Fall 2023 election data before a January 2024 trial date, *id.* at 4, they did not tell the Court that those results could and should not be used at trial.

On June 22, 2023, the Court set this case for trial on November 27, 2023, and referred the scheduling issues to Magistrate Judge Johnson. Magistrate Judge Johnson set a scheduling conference for June 29, 2023. During the meet and confer process prior to this scheduling conference, Defendants raised the issue of the use of the election data from this Fall's elections. On June 28, 2023, counsel to Defendants wrote to Plaintiffs' counsel and listed as one of the issues to be discussed:

> **Fall 2023 Election Data**: we expect that Parties may want to make use of election data from October 14 and November 18 elections and we would like to protect the Parties' right to do so to the extent possible given the tight timeframe.

(*See* Jun. 29, 2023, Email from Plaintiffs' Counsel at 6, attached as Exhibit A). The parties discussed the use of data from the October and November 2023 elections later that day during their meet and confer, and the next day, on June 29, 2023 (the day of the scheduling conference), Plaintiffs' counsel responded:

> Additionally, Plaintiffs have considered Defendants' proposal that the parties be allowed to supplemental expert reports with data from the October 14, 2023 and Nov. 18, 2023 elections. Plaintiffs opposed this request. This would be weeks, if not well over a month, after the close of expert discovery, which under the Defendants proposed schedule would be Sept. 29, 2023. And in the case of the Nov. 18, 2023 election, less than ten days before trial. Plaintiffs do not think it is feasible in this time period for the data to be made available, analyzed and appropriately disclosed to opposing counsel before trial. Furthermore, this additional data is not necessary. There is other recent election data available currently to all parties. This is also something we should discuss with the Magistrate.

(*See* Exhibit A at 1).

The issue with the use of this Fall's election data was raised during the scheduling conference with Magistrate Judge Johnson, and Plaintiffs restated their objection to the use of data from the October and November 2023 elections at the November 27, 2023, trial. Magistrate Judge Johnson did not rule on the issue, believing that it was a matter to be addressed by the District Judge.

## II. ARGUMENT

Plaintiffs now object to the use of the evidence that will be available this Fall—election data for the actual legislative districts at issue—because they do not believe there is sufficient time to analyze the data prior to the November trial date. A later trial date, presumably in early 2024, would allow time for the election results from October and November of 2023 to be used in the analyses required by *Thornburg v. Gingles*, 478 U.S. 30 (1986), including whether there is

4

evidence of district-specific legally significant racially polarized voting in the enacted districts and Plaintiffs' Illustrative Districts.

The election data from the October and November 2023 elections are highly probative and relevant evidence available to the Court. *See Bone Shirt v. Hazeltine*, 461 F.3d 1011, 1020–21 (8th Cir. 2006) ("Endogenous and interracial elections are the best indicators of whether the white majority usually defeats the minority candidate. The more recent an election, the higher its probative value.") (internal citations removed); *Uno v. City of Holyoke*, 72 F.3d 973, 990 (1st Cir. 1995) ("a court has a duty to ponder all available evidence concerning racially polarized voting that promises to cast light on the factors at work in a particular electoral scheme.").

Failure to consider this data merits reversal. *See Westwego Citizens*, 906 F.2d at 1045; *Levy*, 589 at 714–15. In *Westwego*, the Fifth Circuit held that even elections occurring *after* trial were so "highly relevant" to the district court's analysis that the case was remanded for further proceedings to adduce that evidence. *Westwego Citizens*, 906 F.2d at 1045. In *Levy*, the Fourth Circuit held similarly: the district court erred in not considering election results that occurred shortly after trial. *Levy*, 589 at 714–15.

A later trial date would allow this Court to rely on fulsome election data in the first case at trial, not post-hoc as in *Westwego* and *Levy*, to analyze the claims and defenses in this case.[1]

In the alternative, and only if this Court denies this Motion, Defendants request that this Court enter an order expressly allowing evidence and expert testimony relating to the October and November 2023 legislative elections.

---

[1] Defendants note that if this case is continued, the November 27, 2023, trial date could be used to try the *Robinson/Galmon* cases, Case Nos. 3:22-cv-211 and 3:22-cv-214, involving Louisiana's congressional districts. That case should take priority because of the 2024 Congressional elections.

WHEREFORE, Defendants request that this Court grant their motion for continuance and reset this case for trial at a time sufficient to allow the use of evidence from the October and November 2023 elections, or in the alternative to enter an order expressly allowing the introduction of evidence and expert testimony relating to the October and November 2023 elections and for such other and further relief to which Defendants show themselves justly entitled.

Respectfully submitted,

*/s/ Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com
* *Admitted pro hac vice*

*/s/ Erika Dackin Prouty*
Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

/s/ Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
* *Admitted pro hac vice*

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*

**Jeff Landry**
**Louisiana Attorney General**

/s/ Angelique Duhon Freel

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com

Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
mcphees@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
lagrouea@ag.louisiana.gov
walej@ag.louisiana.gov

Phillip M. Gordon (DC Bar No. 1531277)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com
**admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2023, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

                                          */s/ Erika Dackin Prouty*
                                          Erika Dackin Prouty (admitted pro hac vice)
                                          **BAKERHOSTETLER LLP**

                                          *Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*