UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, *et al.*<br><br>*Defendants.* | Case No. 3:22-cv-00178-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**MEMORANDUM IN SUPPORT OF INTERVENOR-DEFENDANT'S MOTION TO CONTINUE THE NOVEMBER 27, 2023, TRIAL DATE AND FOR MODIFICATION OF SCHEDULING ORDER**

Intervenor-Defendant, the State of Louisiana, by and through Attorney General Jeff Landry, respectfully submits this memorandum in support of his Motion to Continue the November 27, 2023 Trial Date and Scheduling Order (R. Doc. 110), for the reasons more fully expressed below.

**Introduction**

Litigation involving the Voting Rights Act involves some of the most complex litigation in the federal courts. See, *Abbott v. Perez*, 201 L. Ed. 2d 714, 138 S. Ct. 2305, 2327 (2018). Yet, Defendants are not being given an opportunity to *adequately* prepare a defense in this case. This Honorable Court has set hearings in a separate matter regarding the Louisiana Congressional

1

remedy phase, while at the same time, many of the same parties and same counsel are expected to prepare for a trial in connection with the underlying challenge to the State's Legislative maps.

Moreover, the hearing in the Congressional case and the trial dates in this case overlap with the State's fall election calendar, which involves elections of all Louisiana's statewide elected officials and legislative members. The primary election is scheduled for October 14, 2023 and the general election is scheduled for November 18, 2023. The trial and timing of the trial is disruptive to the state's elections scheduled for this fall and may impact witness availability.

By continuing the trial and the dates in the scheduling order, it would allow the district court an opportunity to set reasonable deadlines. Additionally, the district court could have at its disposal data from endogenous elections from the actual districts being challenged in this lawsuit. While the State acknowledges the need to try these cases expeditiously in light of the recent decision in *Allen v. Milligan*, 143 S.Ct. 1487, 1504 (2023), the cases should not be tried at a speed that would limit the parties' ability to adequately prepare a case on such important issues or lead to exclusion of important evidence.

## I.  FACTS AND BACKGROUND

Before the Court are three redistricting cases: two consolidated challenges to Louisiana's congressional districts enacted by the legislature in Act 5 of the 2022 First Extraordinary Legislative Session, in the *Robinson/Galmon* cases, Case Nos. 3:22-cv-211 and 3:22-cv-214, Middle District of Louisiana, and a challenge to state legislative districts for the House of Representatives and the Senate under the above heading. It is important to consider the scheduling orders entered in both cases, as the overlapping proceedings impact the ability of the parties to adequately prepare for trial.

Challenge to State Legislative Maps

The challenge to state legislative districts is scheduled for a trial on the merits on November 27, 2023, after the district court lifted the stay of the case on June 22, 2023. R. Doc. 95.  Defendants have previously moved for a continuance of the trial for several reasons.  R. Doc. 107. It was filed before the *Robinson/Galmon* cases were set for trial.  The initial request for a continuance has not been heard or set for a hearing.

Following a June 21, 2023 status conference, the district judge referred the matter to the magistrate judge to issue a scheduling order.  R. Doc. 93.  A status conference was held by the magistrate judge on June 29, 2023.  R. Doc. 98.  In response, on July 17, 2023, the magistrate judge issued a "Scheduling Order".  R. Doc. 110.  It is the dates contained in this Scheduling Order that the State seeks to continue.

Challenge to Congressional Maps

With respect to the challenge to the Congressional redistricting map, the Court heard a preliminary injunction on the liability portion of the case on May 9, 2022 to May 13, 2022.  On the preliminary hearing, the Court found a violation of Section 2 of the Voting Rights Act and set a hearing on the remedial phase of the preliminary injunction prior to the 2022 congressional elections.  However, before the hearing on remedial maps was held, the U.S. Supreme Court granted a writ of certiorari and issued a stay of further proceedings in the case. *Ardoin, La. Sec. of State, et al. v. Robinson, Press, et al*, Docket No. 21-1596 (21A814).   The defendants simultaneously appealed the district court's ruling on the preliminary injunction to the Fifth Circuit Court of Appeals.  The writ was subsequently lifted as improvidently granted, and the stay was vacated to allow the matter to proceed before the Fifth Circuit for review in advance of the 2024 congressional elections.  Exhibit A, June 26, 2023 Letter from Supreme Court of the United States.

3

The ruling on the preliminary injunction is pending in the Fifth Circuit where Defendants' have asked the Fifth Circuit to vacate the preliminary injunction in favor of a trial on the merits of the case. Rather than await a ruling by the Fifth Circuit or setting the case for a merits trial, this Court scheduled a trial on the remedy phase of the preliminary injunction for October 3-5, 2023, Case 3:22-cv-00211, R. Doc. 250, with a scheduling order in that case to be agreed upon by July 21, 2023. Thus, a new scheduling order on an expedited timeframe will tighten the screws even further on an already compressed discovery and pretrial schedule.

## II.  LAW AND ARGUMENT

The Scheduling Order issued on July 17, 2023 contains retroactive dates and other compressed timelines that make it difficult or impossible for the Defendants to comply. For example, in the Scheduling Order, Section 2(c) requires the Defendants/Intervenors to disclose the identities and resumés of their experts by July 13, 2023. R. Doc. 110. This date was already four days past before the Scheduling Order issued. The Scheduling Order also contains other compressed timelines, such as Section (d) requiring the Defendant/Intervenors to submit their expert reports on July 28, 2023, only 11 days away from the scheduling order.

### A.  *Modification of the Scheduling Order*

Scheduling orders may be modified for good cause shown. F.R.C.P. 16(b)(4). There are four relevant factors to consider to determine if good cause exists pursuant to Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir.2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019).

4

Here, each factor in this test is met. Intervenor-Defendant cannot reasonably comply with the Scheduling Order, a new expedited hearing with an attendant compressed schedule and prepare adequately for the trial case for trial. Setting unrealistic timelines is unnecessary and arbitrary when Nairne could be continued for a few weeks without prejudice to any of the parties leaving room on the calendar to set the *Robinson/Galmon* case for a full trial including a remedy phase if needed.

The first factor is the explanation for the failure to timely [comply with the scheduling order]. The defense of the case will suffer for the sake of expedition. For instance, the deadline for expert and resumé disclosure had passed when the Scheduling Order was issued.

The second factor, the importance of the modification, is also met. It is vital that Intervenor-Defendant has an adequate time to prepare, and Intervenor-Defendant maintains that all parties need a viable scheduling order to ensure they can properly prepare for trial.

The third factor is the potential prejudice in allowing the modification. No prejudice would flow to the parties nor the Court by a brief continuance. In fact, it was the *Nairne* plaintiffs themselves who suggested trial to being January 16, 2024. A six-week continuance will not cause prejudice when the next elections for state legislature, following the 2023 elections, take place in 2027.

The fourth and final factor is the availability of a continuance to cure such prejudice. A continuance would cure the manifest prejudice to Intervenor-Defendant in the Scheduling Order and expedited trial. By allowing additional time, all parties can prepare for trial.

### B. *Continuance of the November 27, 2023 Trial*

Furthermore, Intervenor-Defendant respectfully requests that this Court continue the November 27, 2023 trial date for the reasons more fully expressed in *Defendants' Joint Motion for*

*Continuance of the November 27, 2023 Trial Date* (R. Doc. 107), as well as *Defendants' Joint Supplemental Notice of Proposed Pre-Trial Schedule* (R. Doc. 101). However, Intervenor-Defendant urges two additional reasons for a continuance.

While a court has the inherent authority to control its own docket, appellate courts have recognized that in certain cases the denial of a continuance may be so arbitrary and fundamentally unfair as to invoke constitutional protection. *See Shirley v. State of N.C.*, 528 F.2d 819, 822 (4th Cir. 1975). "If the goal of expediency is given higher priority than the pursuit of justice, the bench and bar will have failed in their duty to uphold the Constitution and the underlying principles upon which our profession is founded." *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996). A trial is a proceeding designed to be a search for the truth, and when the cumulative effect of the procedures employed by the court diminish the quality of justice, the search for the truth falls victim to haste and constitutes an abuse of the court's discretion. *Id.* 849.

The Court has now set *Robinson/Galmon* cases, Case Nos. 3:22-cv-211 and 3:22-cv-214, for a further hearing on proposed remedial district for October 3 – 5, 2023. Case 3:22-cv-00211, R. Doc. 250. The *Robinson/Galmon* cases involve the same defense attorneys who must simultaneously conduct discovery and pretrial preparation for challenges to the congressional district, state house districts and state senate districts. Discovery and experts in *Robinson* must be conducted in the interstices of the *Nairne* schedule, and *Nairne* discovery and experts must be conducted in the interstices of the *Robinson/Galmon* schedule.

For example, the Scheduling Order in *Nairne*, R. Doc. 110, sets the filing of dispositive, Daubert, or Expert-Related Motions deadline on October 6, 2023, when many of the counsel involved will have been in a separate hearing for the previous few days. This results in an undue hardship on counsel and experts and will inevitably result in error and injustice. Further, many of

6

the discovery deadlines will likely overlap with whatever scheduling order issues from the *Robinson/Galmon* cases. Counsel will be overwhelmed by preparing for a trial and the remedy phase of a preliminary injunction in separate matters simultaneously.

Again, discovery has been sought from Senator Sharon Hewitt and Representative John Stefanski, members of the Louisiana legislature. Senator Hewitt and Representative Stefanski are candidates for statewide office and are engaged in campaigns across the state for elections this fall. A brief continuance would better enable them to respond without a disruption of their campaigns.

Second, the Scheduling Order states that the bench trial will be seven days, beginning on November 27, 2023. R. Doc. 110. Undersigned counsel maintains that at least ten business days are needed to adequately present the evidence in this case. Therefore, Intervenor-Defendant requests that the trial either be continued to a date when more time is available or alternatively that a new Scheduling Order be issued to reflect the additional time required.

As an illustrative point, Intervenor-Defendant notes that a scheduling order was previously issued in this case, R. Doc. 66. This Scheduling Order provided for at least six months between the issuance of the scheduling order and the trial. This scheduling order contained more time for the parties to conduct discovery, and while Intervenor-Defendant still finds those timelines extremely compressed, Intervenor-Defendant notes those were a more acceptable timeline.

WHEREFORE, Intervenor-Defendant respectfully requests that this Court continue the trial date and the dates contained in the Scheduling Order to allow sufficient time for all parties to prepare for this case.

                        Respectfully submitted,

                        **JEFF LANDRY**
                        **LOUISIANA ATTORNEY GENERAL**

                        */s/ Angelique Duhon Freel*

Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
mcphees@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
lagrouea@ag.louisiana.gov
walej@ag.louisiana.gov


Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com


Phillip M. Gordon (DC Bar No. 1531277)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com
*admitted pro hac vice

**CERTIFICATE OF SERVICE**

I certify that on July 19, 2023, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel