IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiffs*, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> *Defendant*. | Civil Action No. 3:22-cv-00178 SDD-SDJ |

**PLAINTIFFS' OPPOSITION TO INTERVENOR-DEFENDANT'S
MOTION FOR CONTINUANCE OF THE NOVEMBER 27, 2023 TRIAL DATE**

Plaintiffs, Dr. Dorothy Nairne, Jarrett Lofton, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, Alexis Calhoun, Black Voters Matter Capacity Building Institute, and the Louisiana State Conference of the NAACP, by and through undersigned counsel, respectfully submit this Opposition to *Intervenor-Defendant's Motion for Continuance of the November 27, 2023 Trial Date.* (ECF No. 112) filed by the Intervenor-Defendant, the State of Louisiana (the "State"). Granting the State's motion would be unduly prejudicial to Plaintiffs and Defendant has failed to show good cause for such a change.

To prevail on a motion to modify the trial schedule, the State must show that, among other factors, it has good reason for its inability to comply with the existing scheduling order and the modification will not prejudice the other parties. *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (outlining the good cause factors applicable to a motion to modify a scheduling order). The State has failed to satisfy either of these factors.

First, the state has not demonstrated a sufficient reason that it cannot meet the existing trial schedule. As an initial matter, the State *voluntarily* intervened both in this matter and in *Robinson v. Ardoin*. When seeking to intervene in these matters, the State represented to this Court that their "intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." ECF No. 33, at 13 (April 19, 2022); *see also Robinson v. Ardoin*, Case No.: 3:22-CV-00211-SDD-RLB, (April 13, 2022), ECF No. 30, at 10. The State now argues the opposite: that it is unable to dedicate resources to pursue both the instant matter and the remedial proceeding that this Court ordered in *Robinson/Galmon*, Case. Nos. 3:22-cv-211 and 3:22-cv-214. Continuing the trial scheduled here would unduly delay the adjudication of Plaintiffs' claims. And given that the State voluntarily chose to participate in these cases, the State's concerns about limited resources are burdens of its own creation that this Court should afford little weight.

The State has also failed to explain *why* they lack sufficient resources to pursue both the instant litigation here and *Robinson* on the schedules issued by this Court. The State of Louisiana is represented in this matter by both the Office of the Attorney General (the "AG") and by outside counsel from Holtzman Vogel Baran Torchinsky & Josefiak PLLC. *See* ECF Nos. 56, 57, 58, 60 (June 30, 2022) (motions by outside counsel to appear pro hac and order granting pro hac). Indeed,

2

eight different attorneys have entered appearances in this matter on behalf of the State alone.[1] With those significant resources on hand, the State is unquestionably able to adhere to this Court's schedule as is. Plaintiffs have been diligently working along with Defense counsel to meet all of the Court's deadlines.

Defendant also claims that the upcoming elections will limit the availability of some witnesses who are legislators to respond to discovery because they are running for elected office in the fall elections. The AG and the State's outside counsel do not represent these individuals and they fail to explain how the difficulty of these witnesses to respond to discovery impacts the State's ability to comply with the existing schedule. Even if the State were somehow impacted by the availability of these witnesses, trial in this matter is set for November 27, 2023, which is *after* all the primary and general elections will have concluded. With respect to discovery, Plaintiffs are willing to accommodate the campaign schedules of the witnesses to ensure discovery can be completed consistent with deadlines in the current Scheduling Order.

None of the current proceedings should come as a surprise to Defendant. All these cases have been pending for well over a year, giving all parties plenty of time to work on litigation preparations. The State was aware that the Supreme Court would most likely issue an opinion in *Allen v. Milligan*, 143 S. Ct. 1487 (2023) by the end of the Supreme Court term in June 2023, and that once an opinion was issued, the stays in these matters would be likely be lifted and these cases

---

[1] As this Court is aware, there are three (3) different Defendant groups that have appeared in the instant litigation: the State, the Louisiana Secretary of State (the "Secretary"), and the President of the Louisiana Senate and Secretary of the Louisiana House of Representatives (the "Legislative Intervenors" and, collectively with the State and the Secretary, the "Defendants"). While each of these Defendant groups is represented by separate counsel, the Defendants have been coordinating work whenever possible, further lessening the load placed on the State.

would return to active litigation.² The State was also aware that time is of the essence in these matters, so the expedited schedules should come as no surprise. And as the Voting Rights Act vote dilution standard in *Thornburg v. Gingle*s, 478 U.S. 30 (1986) has remained unchanged, there is no need to revisit the substantial discovery that has already been completed. In reflection of that reality and the pressing need to address Plaintiffs' claims, this Court issued a schedule that was similar to the prior schedule. Defendant's dissatisfaction with that schedule, without more, is insufficient to change it. The State has failed to show that it has good reason for its alleged inability to comply with the existing schedule.

Second, the State inaccurately asserts that there would be no prejudice to either Party. *See* ECF No. 112-1 at 4. This is clearly not correct given the concerns about timeliness created by *Purcell v. Gonzalez*, 549 U.S. 1 (2006). As the Court has acknowledged, there must be a decision on the merits of Plaintiffs' Voting Rights Act claims in time to allow this Court to consider relief in the form of a special election in November 2024, and for any appeals to be exhausted. In this latest motion, Defendant does not even address the issues created by *Purcell*. ³ Delaying the trial would threaten the potential for relief in 2024, significantly prejudicing Plaintiffs. Given its failure to address the substantial prejudice a change in the trial date and pre-trial schedule would pose to Plaintiffs, the State has failed to show good cause for its request to modify the trial schedule.

---

² Moreover, it was foreseeable that the *Robinson v. Ardoin*, Case No.: 3:22-CV-00211-SDD-RLB, matter might move forward quickly with remedial proceedings as soon as the Supreme Court lifted the stay in that matter. It was in remedial proceedings at the time that the Supreme Court granted the stay, after the Fifth Circuit denied Defendants' request for a stay. *See Robinson v. Ardoin*, Case No. 22-30333, Order, ECF No. 89-1, June 12, 2022.

³ It is worth noting that in none of the several motions filed by all the Defendants about the schedule have they even attempted to provide any explanation for why postponing the trial in this matter to sometime in 2024 would not create *Purcell* issues in advance of a potential November 2024 special election.

The State has repeatedly been heard on this issue, and its instant motion is frivolous and a waste of both this Court's time and the parties' resources. This Court has held *two* scheduling conferences in this matter, and the Defendants have already filed a *joint* motion for a continuance of the November 27 trial date that is pending before this Court. This latest motion represents the *fifth* attempt by Defendants to delay the schedule and Plaintiffs' pursuit of justice. (*See* ECF Nos. 92, 99, 101 and 107). As Plaintiffs have continually explained, and as this Court has credited through issuance of the existing scheduling order, the operative schedule best ensures that the fundamental right to vote is protected and avoids the risk that *Purcell* concerns will require Plaintiffs and similarly situated voters to live with unlawful districts for years.

For the foregoing reasons, the Court should deny Intervenor-Defendant State of Louisiana's Motion for Continuance of the November 27, 2023 Trial Date, and allow this matter to proceed with trial in on November 27, 2023 as currently set.

Date: July 26, 2023

Respectfully submitted,

/s/ John Adcock
John Adcock (La. Bar No. 30372)

Sarah Brannon*
Megan C. Keenan*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Tel: (504) 525-4361
Fax: (504) 525-4380
cabral2@aol.com

Sophia Lin Lakin*
Dayton Campbell-Harris*
Luis Manuel Rico Román*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund

5

| | |
|---|---|
| T. Alora Thomas-Lundborg<br>Election Law Clinic<br>Harvard Law School<br>6 Everett Street, Ste. 4105<br>Cambridge, MA 02138<br>tthomaslundborg@law.harvard.edu<br><br>Nora Ahmed (N.Y. Bar. No. 5092374)<br>ACLU Foundation of Louisiana<br>1340 Poydras St., Suite 2160<br>New Orleans, LA 70112<br>NAhmed@laaclu.org<br><br>Michael de Leeuw*<br>Amanda Giglio*<br>Cozen O'Connor<br>3 WTC, 175 Greenwich St.,<br>55th Floor<br>New York, NY 10007<br>MdeLeeuw@cozen.com<br>AGiglio@cozen.com | 40 Rector Street, 5th Floor<br>New York, NY 10006<br>laden@naacpldf.org<br>snaifeh@naacpldf.org<br>vwenger@naacpldf.org<br><br>I. Sara Rohani*<br>NAACP Legal Defense & Educational Fund<br>700 14th Street, Suite 600<br>Washington, DC 20005<br>(929) 536-3943<br>srohani@naacpldf.org<br><br>Josephine Bahn**<br>Cozen O'Connor<br>1200 19th Street NW<br>Washington, D.C. 20036<br>JBahn@cozen.com |

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice
**Pro Hac Vice Motion Pending

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023 this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system.

*/s/ Sarah Brannon*
