**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| DR. DOROTHY NAIRNE, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>R.  KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Plaintiff National Association for the Advancement of Colored People Louisiana State Conference ("Louisiana NAACP") respectfully moves for the entry of a protective order in this action, protecting personally identifiable information concerning members of Plaintiff's organization from discovery by the Defendant and Intervenor-Defendants (together "Defendants"). Plaintiff seeks this protective order to safeguard the First Amendment rights of itself and its members from deeply intrusive discovery requests propounded by Defendant Secretary of State and to clarify that production of such information is not necessary to establish the Louisiana NAACP's associational standing.

### BACKGROUND

Plaintiffs filed this action on March 14, 2022, alleging that Louisiana's adopted state legislative maps violate Section 2 of the Voting Rights Act. Complaint, *Nairne v. Ardoin*, No.

1

3:22-cv-00178-SDD-SDJ (M.D. La. Mar. 14, 2022), ECF No. 1. On July 22, 2022, Plaintiffs

received Defendant Ardoin's first set of discovery requests. Interrogatory No. 3 requests the

identification of Louisiana NAACP members and the production of "any and all" communications

between the Louisiana NAACP and its members in each challenged district. Def. Ardoin's First

Set of Interrogs. at 8 (July 22, 2022), attached as Exh. 1 to the Declaration of I. Sara Rohani (Aug.

9, 2022) ("Rohani Decl."). In particular, Interrogatory No. 3 seeks, in relevant part, the following

information:

> As to each Louisiana State House and State Senate District at issue in the
> Complaint, and for each Organizational Plaintiff, state the following identifying to
> which district the response relates:
>
> (a) Identify the members of your organization living in each challenged district;
>
> . . .
>
> (d) identify and produce any and all communications between your organization
> and its members in each challenged district.

*Id*. The interrogatories define the term "identify" as follows:

> The words "identify" or "specify" as related to a person mean, in each instance, to
> state his or her full name, present or last known address and telephone number, date
> of birth, and present or last known job classification or position.

*Id.* at 4.

In its timely response to Interrogatory No. 3, Plaintiff Louisiana NAACP stated, in relevant

part, as follows:

> Plaintiff further objects to Interrogatory No. 3 on the grounds that it seeks
> information protected by Plaintiff's and its members' First Amendment rights to
> freedom of speech and freedom of association.
>
> Subject to and without waiving these objections, Plaintiff responds as follows:
>
> (a) The Louisiana NAACP has approximately 5,000 members throughout the state,
> including Black Louisianians who are registered voters. The Louisiana NAACP has
> over 40 local branches comprising adult members and 16 youth and college
> chapters across Louisiana. Members of the Louisiana NAACP live in nearly every

region of the state, including all the disputed areas in this matter—those areas where the State's enacted legislative maps dilute the voting strength of Black voters, including in Bossier, Caddo, Jefferson, St. Charles, East Baton Rouge, West Baton Rouge, Iberville, Point Coupee, DeSoto, Natchitoches, Red River, Ascension, and East Feliciana Parishes. Specifically, Plaintiff has identified members who reside in each of the districts challenged in this litigation.

Louisiana NAACP's Resps. & Objs. to Def. Ardoin's First Set of Interrogs. at 8-10 (June 30, 2023), attached as Exh. 2 to Rohani Decl. In responding to the request for communications with its members and other requests for production, Plaintiff provided responsive documents with the personally identifiable information concerning individual members redacted. Plaintiff's interrogatory responses were signed under penalty of perjury by its President, Michael McClanahan. *Id.* at 30.

On July 20, 2023, Plaintiffs received a letter from counsel for Defendant Secretary of State Ardoin asserting a number of purported deficiencies in Plaintiff's responses. Letter from P. Strach to A. Giglio (July 20, 2023), at 2-3, attached as Exh. 3 to Rohani Decl. The letter asserted, among other things, that Plaintiff's response to Interrogatory No. 3, was deficient because it "fail[ed] to identify the district-specific membership information requested." The letter contended that this information was "critical for Defendant Ardoin to adequately assess the standing of the Organizational Plaintiffs in this matter." Defendant understood that Plaintiff's response was an indication that specific individual members had been identified in each of the districts,[1] but asserted that Plaintiff's statement "is not a sufficient response that would allow Defendant Ardoin to adequately address Louisiana NAACP's standing," and went on to contend, without any supporting legal authority, that "[i]dentification of particular members in each particular state

---

[1] Specifically, Defendant argued that because these members had already been identified, it should not be difficult to provide a list, indicating that defendant correctly understood Plaintiff's response to relate to specific identified members in each challenged district, and not a probabilistic assertion that among Plaintiffs statewide membership, there must be an affected individual in each of the districts.

House and Senate district challenged here is required." Defendant threatened that if Plaintiff Louisiana NAACP failed to provide the information, Defendant would subpoena the individual NAACP branches throughout the state in an attempt to obtain the information from those entities. Defendant also challenged eight documents produced by Plaintiff Louisiana NAACP as having "inappropriate redactions [...] of various individual identities" *Id*. Plaintiff responded to the July 20, 2023 Letter on July 25, 2023, explaining in more detail the constitutional basis for the objection to disclosure of member information and offering to meet and confer. Letter from S. Brannon to P. Strach (July 20, 2023), at 2-4, 5, attached as Exh. 4 to Rohani Decl. Plaintiffs received no response to their letter. Rohani Decl. ¶ 8.

## LEGAL STANDARD

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a party to move for a protective order to prevent or limit the discovery of confidential information. Fed. R. Civ. P. 26(c)(1). The Rule provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. "'Good cause' exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 156876, at *7 (E.D. La. Jan. 11, 2023) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

## ARGUMENT

Plaintiff Louisiana NAACP seeks a protective order relieving it of any obligation to produce personally identifiable information about Plaintiff's members in response to discovery requests propounded by the Defendants. As courts have repeatedly recognized, the identity of Plaintiff's members is protected by the "associational and privacy rights guaranteed by the First

and Fourteenth Amendments." *Hastings v. N.E. Indep. Sch. Dist.*, 615 F.2d 628, 631 (5th Cir. 1980); *see Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association"); *Hastings*, 615 F.2d at 631–33 (compelled disclosure exposed members to economic reprisal, loss of employment, threats of physical coercion, [or] other manifestations of public hostility and abridged plaintiffs' associational and privacy rights under the First and Fourteenth Amendments).

In *NAACP*, the Supreme Court recognized an associational privilege under the First Amendment because public disclosure of membership lists "entail[s] the likelihood of a substantial restraint upon the exercise by [a party's] members of their right to freedom of association." 357 U.S. at 462. Based on this associational privilege, courts in this Circuit have routinely granted protection to membership lists of advocacy organizations. *See, e.g., Young Conservatives of Texas Found. v. Univ. of N. Texas*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, at *4 (E.D. Tex. Jan. 11, 2022) (recognizing the First Amendment right to the confidentiality of membership lists); *League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259-DCG-JES-JVB, 2022 WL 2806850, at *3 (W.D. Tex. July 18, 2022) (granting plaintiffs "leave to pseudonymously identify members of their organizations that they allege have suffered the requisite harm"); *Hastings*, 615 F.2d at 633 (reversing discovery sanctions for failure to disclose labor union membership lists); *cf. Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539, 543 (1963) (denying state legislative committee subpoena for NAACP branch's membership list on First and Fourteenth Amendment grounds where a representative of the NAACP had answered questions based on his own personal knowledge of branch's members).

5

To show that the First Amendment privilege against disclosure of membership lists applies, a party "need only demonstrate an objectively reasonable probability that disclosure of the information may expose its 'members to economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility." *Young Conservatives of Texas Found.*, 2022 WL 2901007, at *2 (citations omitted). The threatened harm need not rise to any particular level of severity. For example, in *Bright Response, LLC v. Google Inc.*, the court found the privilege applied to prevent disclosure of Google's lobbying activities because disclosure of those activities threatened to chill the company's First Amendment rights. No. 2:07CV371, 2009 WL 10741629, at * 1 (E.D. Tex. Sept. 29, 2009).

Here, Plaintiff Louisiana NAACP's interest in the confidentiality of its membership is at minimum as strong as in the many other contexts where this First Amendment right has been protected. As explained in the declaration of Louisiana NAACP President Michael McClanahan, attached to this motion, Louisiana NAACP leadership and members have been harassed, threatened, and retaliated against due to their affiliations with the NAACP. Declaration of Michael McClanahan ¶¶ 4-11. Mr. McClanahan has received hate mail and intimidating letters that threaten the membership broadly due to their affiliation with a racial justice organization. *Id.* ¶ 8-9. Disclosure of members' identities and private information could induce them to withdraw from their membership in the organization and discourage others from joining. *Id.* ¶ 10. Subjecting Louisiana NAACP members to the risk of such reprisals through the public disclosure of their personally identifiable information would impede the Louisiana NAACP's work, including advocacy efforts on sensitive issues. *Id.*

Mr. McClanahan's experience is consistent with the long, well-documented history of reprisals and retaliation against NAACP members that continues into the modern day. These types

of retaliatory actions extend far beyond Louisiana and pervade NAACP chapters across the country, and involve harassment, retaliation, and reprisals by private and governmental actors. There are recent instances of NAACP leaders and members being targeted for police surveillance in Minnesota,[2] harassed by both law enforcement and members of the general public in Florida[3] and Mississippi,[4] attacked with hate mail for encouraging activism in Arizona,[5] and arrested and barred from public legislative buildings for peacefully protesting in North Carolina.[6] Within the last five years across Louisiana alone, a Black mayor received racially motivated threats alluding to the lynching and dumping of Black bodies,[7] three Black churches were the targets of arson attacks,[8] Black fifth-grade students received virtual threats in the middle of class,[9] and Black university students were the targets of bomb threats.[10] Furthermore, Plaintiff's members are not

---

[2] *NAACP Lawsuit Claims Minneapolis Police Spied on its Members*, KSTP (Apr. 26, 2023), https://kstp.com/kstp-news/local-news/naacp-lawsuit-claims-minneapolis-police-spied-on-its-members/.

[3] Isabel Mascareñas, *Manatee NAACP President Claims He's Being Harassed by Bradenton Police*, WTSP (May 10, 2019), https://www.wtsp.com/article/news/manatee-naacp-president-claims-hes-being-harassed-by-bradenton-police/67-60e6b807-0ae4-40a3-9d28-c4c64041d6cd; *Lee NAACP President Says He's Getting Violent Threats After Confederate Statue Comments*, WINK News (May 3, 2018), https://winknews.com/2018/05/03/lee-county-naacp-president-says-hes-getting-death-threats-confederate-statue-comments/.

[4] Justin Victory, *Jackson NAACP Head Pulled Over, Threatened for Forest Hill Comments, He Says*, Mississippi Clarion Ledger (Oct. 26, 2018), https://www.clarionledger.com/story/news/local/2018/10/26/jackson-ms-naacp-head-pulled-over-threatened-forest-hill-comments-fbi/1773988002/.

[5] John Genovese, *Local NAACP President Receives Racist Letter Following Call for Boycott*, ABC 15 (Dec. 20, 2018), https://www.abc15.com/news/state/local-naacp-president-receives-racist-letter-following-call-for-boycott.

[6] *Barber Banned From Legislative Building After Arrest*, Fayetteville Observer (June 19, 2017), https://www.fayobserver.com/story/news/state/2017/06/19/barber-banned-from-legislative-building-after-arrest/20528048007/; Chris Seward, *NAACP Activists Threatened With Arrest While Delivering Letter to House Speaker's Office*, The News & Observer (Mar. 3, 2018), https://www.newsobserver.com/news/politics-government/politics-columns-blogs/under-the-dome/article156146389.html#storylink=cpy.

[7] Zach Labbé and Kylee Bond *"Gone Too Far" Bogalusa Mayor Speaks Out After Racially-Motivated Social Media Threat*, CBS 42 (Mar. 2023), https://www.cbs42.com/regional/louisiana-news/gone-too-far-bogalusa-mayor-speaks-out-after-racially-motivated-social-media-threat/amp/.

[8] Bill Hutchinson, *NAACP President Calls Series of Church Fires in Louisiana "Domestic Terrorism,"* ABC News (Apr. 9, 2019), https://abcnews.go.com/US/naacp-president-calls-series-church-fires-louisiana-domestic/story?id=62231554.

[9] Kasey Bubnash, *Racist "Zoombombing" of Harvey Fifth-Grade Class Leads to Federal Indictment*, Nola.com (Jul. 6, 2022), https://www.nola.com/news/courts/racist-zoombombing-of-harvey-fifth-grade-class-leads-to-federal-indictment/article_29896f5e-fcc6-11ec-bea0-4f93f1867884.html.

[10] Caroline Kollath Wells, *Xavier, HBCUs Targeted With Bomb Threats: "Most Primitive Form of Racism,"* Nola.com (Feb. 1, 2022), https://www.nola.com/news/crime_police/xavier-hbcus-targeted-with-bomb-threats-most-primitive-form-of-racism/article_9ba233b6-8375-11ec-8724-172f9ed27262.html.

themselves party to this lawsuit and therefore have not consented to public disclosure of their personally identifying information. Compelled disclosure here will harm Plaintiff's ability to engage in advocacy, as involuntary disclosure of member information will discourage current and prospective members from engaging with the Louisiana NAACP.

Once the party asserting the privilege makes "a prima facie showing that it applies, then the burden shifts to the party seeking the information to demonstrate a compelling need for the information and that the information cannot be obtained from other sources." *Bright Response*, 2009 WL 10741629, at * 1. Defendants cannot make such a showing. The only need Defendant has identified for seeking this information is to "assess [Plaintiff's] standing" to assert the causes of action outlined in the complaint on behalf of its members. However, the names and other personal information of individual members is not required to establish associational standing. Rather, Plaintiff must proffer sufficient evidence to establish that "at least one identified member had suffered or would suffer harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009). While some language in *Summers* might suggest that a plaintiff must name names to establish associational standing, *Summers* does not actually go so far. The issue in *Summers* was not whether the members with sufficiently concrete harms had been named, but whether such members could be identified at all beyond a mere probability that they existed. 555 U.S. at 497-99 (rejecting a test that would rely on a statistical probability that at least one member would be harmed by the challenged activity). While naming names might be one way of establishing that such members exist, nothing in *Summers* requires a particular type or quantum of evidence to establish that an identifiable member has been harmed. Here, Plaintiffs do not rely on the probability that one or more of their members reside in the challenged districts. Rather, Plaintiff's president, Michael McClanahan, signed interrogatory responses under penalty of perjury stating that the organization

8

had identified specific members who reside in each of the challenged districts. Louisiana NAACP's Resps. & Objs. to Def. Ardoin's First Set of Interrogs. at 8-10, June 27, 2023. That is sufficient to establish there are real, identified members who have suffered an injury-in-fact for standing purposes from residing in districts that dilute their right to vote. *See, e.g. U.S. v. Hays*, 515 U.S. 737, 745 (1995); *Shaw v. Hunt*, 517 U.S. 899, 904 (1996); *Miller v. Johnson*, 515 U.S. 900, 909 (1995).

Indeed, the test for associational standing includes as its third element that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). Defendant has identified no aspect of Plaintiff's claim that would require the participation of individual members. Because there is no need for individual NAACP members to participate in the lawsuit, there is no reason that they need to be identified by name or other personally identifiable information. They will not be deposed; they will not serve as witnesses; they have no discoverable information that cannot be obtained from the Plaintiff. Thus, Defendants cannot establish a need for individual NAACP members to be named that would be sufficient to overcome the associational privilege, and the Court should enter a protective order protecting Plaintiff and its local branches from being required to disclose the names of individual members or to produce documents containing such information.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that the Court enter a protective order protecting Plaintiff from being required to disclose personally identifying information of its members and clarifying that such information is not required to establish Plaintiff's associational standing to challenge the redistricting plans at issue in this litigation.

DATED: August 9, 2023

Respectfully submitted,

*/s/ I. Sara Rohani*
I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris**
Luis Manuel Rico Román**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

Sarah Brannon*
Megan C. Keenan**
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

T. Alora Thomas-Lundborg*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice
**Pro Hac Vice Motion Forthcoming