IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

### DECLARATION OF I. SARA ROHANI IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to 28 U.S.C. § 1746, I, I. Sara Rohani, declare as follows:

1. I am over 18 years of age and competent to make this declaration.

2. I am an attorney with the NAACP Legal Defense and Educational Fund, Inc., and counsel of record for the Plaintiffs, including Plaintiff Louisiana State Conference of the National Association for the Advancement of Colored People ("Louisiana NAACP"), in this litigation.

3. On July 22, 2022, Defendant Secretary of State Kyle Ardoin served each of the organizational Plaintiffs with a set of interrogatories and requests for production in this case. A true and correct copy of the discovery requests is attached as Exhibit 1. Interrogatory Number 3 of these requests seeks, among other things, the names, birth dates, and other personally identifiable information of the organizational Plaintiffs' members residing in the state legislative districts challenged in this litigation, and seeks production of communications between the organizations and their members.

4. Plaintiff Louisiana NAACP timely served its responses on June 30, 2023, after the court lifted its stay of the proceedings imposed on August 30, 2022. A true and correct copy of the Louisiana NAACP's responses to Defendant's discovery requests is attached hereto as Exhibit 2. In response to Interrogatory Number 3, the Louisiana NAACP objected that the information sought is "protected by Plaintiff's and its members' First Amendment rights to freedom of speech and freedom of association." In an effort to provide as much responsive information as possible without violating the constitutionally protected rights of the organization and its members, Louisiana NAACP's response states that it had identified individual members residing in each of the challenged districts and in the surrounding parishes.

5. In responding to the Defendant's requests for production, where responsive documents contained names or other personally identifiable information of NAACP members, Plaintiff redacted that information.

6. On July 20, 2023, counsel for Defendant Ardoin sent a letter to counsel for the Plaintiffs asserting, among other things, that the failure to include the names of NAACP members and the redaction of NAACP member names and email addresses in 8 documents rendered the Louisiana NAACP's discovery responses deficient. The letter requested a response by July 25, 2023, and offered to meet and confer regarding the identified discovery issues. A true and correct copy of the July 20, 2023, letter from counsel for Defendant Ardoin is attached as Exhibit 3.

7. On July 25, 2023, counsel for Plaintiffs sent a letter in response to Defendant Ardoin's July 20 letter. Among other things, the letter reiterated that the personal information of individual NAACP members was protected from disclosure under the First and Fourteenth Amendments, and stating that the information would not be provided nor would documents be produced without redactions. The letter, which was sent to counsel for all parties, offered

Plaintiffs' willingness to meet and confer about these issues and requested Defense counsel's availability that same week. A true and correct copy of the July 25, 2023, letter from counsel for Plaintiffs is attached as Exhibit 4.

8. As of August 8, 2023, two weeks after Plaintiffs' July 25 letter, Plaintiffs had received no response to their July 25 letter nor any indication that Defendant or Defendant-Intervenors wished to meet and confer further.

9. On August 8, 2023, I sent an email to counsel for Defendant and Defendant-Intervenors, notifying them that the Louisiana NAACP intended to seek a protective order precluding discovery of NAACP member names and permitting the redaction of that information from documents produced in response to requests for production. Counsel requested the positions of the parties on the motion.

10. Counsel for Intervenor the State of Louisiana replied stating that the State opposed the motion.

11. Counsel for the Legislative Intervenors stated that they needed more time to consider the issue and indicated their position that Plaintiffs had not adequately met and conferred regarding the motion. However, when I asked how much time the Legislative Intervenors believed they needed to consider the issue and whether they believed a further meet and confer would be productive, I received no response.

12. Counsel for the Secretary of State, the proponent of the discovery requests in question, initially responded to state simply that the Secretary opposed the motion for a protective order. However, after the Legislative Intervenors asserted a need for more time to consider Plaintiff's request, counsel for the Secretary responded again, stating, for the first time, that they intended to respond to Plaintiffs' July 25 letter, and that the response had been delayed due to an

unrelated jury trial involving many of the same counsel as are representing the Secretary here, and would be forthcoming on Friday, August 11, 2023 or Monday, August 14, 2023.

       13.      On August 9, 2023, I responded to inquire whether the Secretary's counsel believed the letter would obviate the need to seek the Court's intervention. I requested to meet and confer on these issues the same day, during a previously scheduled call to discuss other discovery issues, or at some other mutually convenient time the same week but no later than Friday, August 11, 2023. I expressed that given the limited time left to complete discovery, time was of the essence in attempting to resolve the discovery dispute.

       14.      Counsel's response provided no basis for believing the dispute could be resolved through negotiation, offering only the anodyne observation that meeting and conferring may help resolve or narrow the issues. Despite my request for a timely call, Defense counsel stated that due to their trial, the were unavailable to meet and confer before August 14, 2023, only two and a half weeks prior to the close of fact discovery, providing insufficient time to fully brief and resolve a motion on this discovery dispute that had been under discussion since July 20.

       15.      The email correspondence described herein is attached as Exhibit 5.

       16.      Pursuant to Fed. R. Civ. P. 26(c)(1), I certify that counsel for Plaintiffs conferred in good faith with counsel for Defendant and Defendant-Intervenors in an effort to resolve this dispute without the need for Court action. The parties were not able to resolve the issues.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2023.

*/s/ I. Sara Rohani*
I. Sara Rohani