# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, AND DR. ROSE THOMPSON, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, | Civil Action No. 3:22-cv-00178-SDD-SDJ |
| *Plaintiffs,* | Chief Judge Shelly D. Dick |
| v. | Magistrate Judge Scott D. Johnson |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | |
| *Defendant.* | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE ORGANIZATIONAL PLAINTIFFS**

Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, requests that Plaintiffs Black Voters Matter Capacity Building Institute and the Louisiana State Conference of the NAACP (collectively the "Organizational Plaintiffs") respond to the following within 30 days:

**DEFINITIONS**

For purposes of responding to these Interrogatories and Document Requests, the common usage of a word or term should apply unless the word or term is otherwise defined. The following definitions are operative unless the text of a specific Interrogatory or Document Request clearly indicates that a different meaning is intended:

1.      "Communication" means the delivery or transfer of information of any type, regardless of whether it involves face-to-face conversations, conferences, telephone conversations,

1

written communications and correspondence, electronic communications or correspondence, computerized communications or correspondence, or any other means.

2.      "Complaint" means the Amended Complaint filed by Plaintiffs in the above-captioned action including any further amendments.

3.      The word "Defendant" means R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana, and the office of Louisiana Secretary of State.

4.      The term "Legislative Intervenors" means defendant intervenors Clay Schexnayder, in his official capacity as Speaker of the Louisiana House of Representatives, and Patrick Page Cortez, in his official capacity as President of the Louisiana Senate.

5.      The term "State Intervenor" refers to defendant intervenor the State of Louisiana, by and through Attorney General Jeff Landry.

6.      The word "Defendants" means Defendant and all defendant intervenors named in the above-captioned matter.

7.      The term "State Legislative Maps" refers to S.B. 1 and H.B. 14, passed by the State legislature and adopted into law, reflecting the 2022 redistricting plans for the Louisiana House of Representatives and State Senate, as reflected in paragraph 1 of the Amended Complaint.

8.      The term "document," whether singular or plural, is used herein in the broadest sense of the term and means each and every writing of whatever nature, and shall mean the original and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, and shall mean, without limitation, each and every tangible thing from which information can be processed or transcribed from disk, diskette, compact disc, tape or other electronic media or data computations. The term includes, but  is not limited to, letters, electronic mail ("email") and any attachments, messages, text messages, facsimile transmissions,

telegrams, memoranda, handwritten notes, reports, books, agreements, correspondence, contracts, financial statements, instruments, ledgers, journals, accountings, minutes of meetings, payrolls, studies, statements, calendar and diary entries, notes, charts, schedules, tabulations, maps, work papers, brochures, evaluations, memoranda of telephone conversations, audio and video recordings, internal communications, bills, tapes, computer printouts, drawings, designs, diagrams, exhibits, photographs, reproductions, any marginal comments appearing on any document and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind copy" notes or notations appear thereon or are attached thereto). The term "document(s)" includes the defined terms, "Communication" and "Electronically-Stored Information," as defined herein.

9.     The term "Electronically-Stored Information" or "ESI" means any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of a computing device. This term includes but is not limited to databases; all text file and word processing documents (including metadata); presentation documents; spreadsheets; graphics, animations, and images (including but not limited to "JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling information; cache memory; Internet history files and preferences; audio; video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and

voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

10.    The words "identify" or "specify" as related to a person mean, in each instance, to state his or her full name, present or last known address and telephone number, date of birth, and present or last known job classification or position.

7.    The words "identify" or "specify" as related to a document mean, in each instance, the document should be identified with sufficient specificity to form the basis of a request pursuant to Rule 34 of the Rules of Civil Procedure, including the date, author, type of document, and the present location and custodian of the document.

8.    The term "individual plaintiffs" refers to all plaintiffs except for the organizational plaintiffs as defined below.

9.    The term "organizational plaintiffs" refers to the Black Voters Matter Capacity Building Institute and the Louisiana State Conference of the NAACP.

10.    The term "person" means natural persons, all corporate organizations, all private or governmental organizations, all associations, all other entities and the representatives of each natural person, organization or entity.

11.    The term "Plaintiff" means the plaintiff to whom each Interrogatory and Document Request is addressed, and any persons acting or purporting to act on that person's behalf.

12.    The terms "relate to," "pertain to," "relating to," and "regarding" mean discussing, constituting, embodying, concerning, reporting, regarding, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, demonstrating, describing, setting forth, containing, analyzing, reflecting, presenting, refuting, mentioning, supporting, referring to, or

being in any way factually connected with, directly or indirectly, the subject matter identified in the request, but does not include any information which may be subject to any privilege, including, but not limited to, attorney-client communications and attorney work product.

13.     The term "Social Posts" means any and all communications, documents, information, pictures, videos, audio files, and media written on, uploaded to, or posted to any mobile device, software application, website, business, or entity commonly known as a "social media" site or "app," which includes but is not limited to Facebook, YouTube, Twitter, LinkedIn, Pinterest, Google Plus+, Tumblr, Instagram, Snapchat, WhatsApp, KIK, TikTok, Reddit, Signal, Slack.

14.     The word "you," "your," or "your organization" mean the organizational plaintiff to whom each Interrogatory or Document Request is addressed and all other persons acting or purporting to act on that person's behalf.

## **INSTRUCTIONS**

The following instructions shall apply to these Interrogatories and Document Requests except as otherwise required by context:

1.     You are required to answer these Interrogatories and Document Requests separately and fully in writing and to serve a copy of your answers on undersigned counsel for Defendant as specified in the Federal Rules of Civil Procedure and the Local Rules of this Court.  Interrogatory responses must be answered under oath.

2.     In answering these Interrogatories and Document Requests, you must furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your employees, attorneys, consultants, representatives, investigators, agents, and all others acting on your behalf.

3.      For each Interrogatory and Document Request and subpart of each Interrogatory and Document Request, if the information furnished in your answer is not within personal knowledge of you or the person signing and verifying the answers to these Interrogatories and Document Requests, identify each person to whom the information is a matter of personal knowledge, if known.

4.      If you are unable to answer fully any of these Interrogatories and Document Requests, you must answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswerable portion.

5.      These Interrogatories and Document Requests are continuing in nature. Accordingly, you are under a continuing duty to supplement your responses to these Interrogatories and Document Requests in a timely manner, and to amend a prior response if you obtain information or documents on the basis of which you know that the response was incorrect when made or that the response, though correct when made, is no longer true.  Additionally, any information or documents created or obtained after you serve your responses to these Interrogatories and Document Requests must be produced to counsel for Legislative Defendants in supplemental responses and/or productions.

6.      Words used in singular form shall include the plural form, and words used in the plural form include the singular form.

7.      The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory or Document Request all responses that otherwise might be construed to be outside of its scope.

8.     If any Interrogatory or Document Request is objected to on the grounds of its being overly broad or unduly burdensome, state the manner in which it is overly broad or unduly burdensome and respond to the Interrogatory or Document Request as narrowed to conform to such objection.

9.     For any document no longer in your possession, custody, or control, identify the document and the type of information contained within it, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

10.    Per the Federal Rules of Civil Procedure and Local Rule 26(c), if any documents, communications, information, or other items are withheld on the ground of any privilege, provide a description of the basis for the claimed privilege and all information necessary for the Legislative Defendants to assess the claim of privilege, including but not limited to the following:

a.  the names and addresses of the speaker or author of the communication or document;

b.  the date of the communication or document;

c.  the name and address of any person to whom the communication was made or the document was sent or to whom copies were sent or circulated at any time;

d.  the name and address of any person currently in possession of the information or document or a copy thereof; and

e.  the privilege claimed and specific grounds therefor.

11.    Documents are to be produced as they are kept in the ordinary course of business and pursuant to any ESI Protocol in this litigation. Pursuant to the ESI Protocol, a list of search

terms that organizational plaintiffs shall use is set forth in **Exhibit A**.  All search terms shall be run in accordance with the Parties' ESI Protocol.

12.    Unless otherwise specified in an Interrogatory or a Document Request, the applicable date range for all discovery requests is January 1, 2020 to the present. You also have a continuing obligation throughout this litigation to supplement your responses with newly discovered or created documents and information.

## INTERROGATORIES

**INTERROGATORY NO. 1**

For each of the organizational plaintiffs, please state or identify:

(a) Your organization's full legal name and any other names (including acronyms, pseudonyms, or assumed names) that you have used in the past ten (10) years;

(b) The address at which you maintain your headquarters, principal place of business, or principal office in the State of Louisiana;

(c) The addresses of any other offices, facilities, or locations used by you in the State of Louisiana;

(d) The full legal name of any other entity with which you share board members, executive staff and/or employees; and identify these shared individuals and the positions they hold in each entity;

(e) A brief description of all election-related activities that your organization, or its members, engage in on behalf of the organization; and

**RESPONSE:**

**INTERROGATORY NO. 2**

As to each Louisiana State House and State Senate District at issue in your Complaint, state the following, identifying to which district the response relates:

(a) All facts and documents of which you are aware that support your claims in the Complaint or on which you intend to rely to show that a particular district violates Section 2 of the Voting Rights Act or is otherwise an impermissible racial gerrymander . This includes not only identifying the particular portion of any expert report that relates to the particular district challenged, but also any anecdotal, testimonial, statistical, or non-statistical proofs not included in the reports;

(b) Identify all persons with knowledge, including but not limited to, witnesses you intend to call as to each particular district to establish the facts listed under subpart (a). As to those you intend to call as witnesses, provide a detailed summary of the substance and scope of their anticipated testimony, indicate to which district their anticipated testimony will relate, and identify and produce the documents they will refer to or use in their testimony; and

**RESPONSE:**

**INTERROGATORY NO. 3**

As to each Louisiana State House and State Senate District at issue in the Complaint, and for each Organizational Plaintiff, state the following identifying to which district the response relates:

      (a)     Identify the members of your organization living in each challenged district;

      (b)     For your organization, list events, presentations, or other programs that the Organizational Plaintiff has held in each challenged district since January 2008;

      (c)     Identify all facts and all documents on which you intend to rely to support your organization's standing with respect to each challenged district; and

      (d)     Identify and produce any and all communications between your organization and its members in each challenged district.

**RESPONSE:**

**INTERROGATORY NO. 4**

State whether your organization has drawn or created any alternative maps to the State Legislative Maps or any illustrative maps, including but not limited to, in draft or incomplete form.  If you have drawn or created such maps, identify each individual involved in the development of each map you created, the software used to draw or create each map, describe the criteria and formula you or your organization used to draw or create each map, and for each criteria explain why it was selected and how it was weighted.

**RESPONSE:**

**INTERROGATORY NO. 5**

Please describe your responsibility, if any, for the payment of any attorney's fees or costs incurred by your counsel or any attorney's fees or costs that might be awarded against you by the court in this lawsuit.  If you are not responsible for such fees or costs, identify the persons or persons who are responsible for these fees and costs by stating the name and address for any such person or persons.

**RESPONSE:**

**INTERROGATORY NO. 6**

Explain in detail how your organization came to be a plaintiff in this lawsuit.  Include in your answer whether you were asked to be a plaintiff by another person or persons, the identity of any such person or persons, the organization or employer with which that person was employed or affiliated, the date of any such conversations, and the substance of any such conversations.

**RESPONSE:**

**INTERROGATORY NO. 7**

List any legal proceedings where your organization has been a party or someone from your organization has testified on behalf of the organization as a witness since January 1, 2010. In doing so, please provide the caption of the case and file number, the court or administrative agency in which any case identified above was filed, a short explanation of the substance of the case, the nature of your involvement (i.e., party or witness), and current status of the proceedings.

**RESPONSE:**

**INTERROGATORY NO. 8**

Identify each person or group, other than any attorney retained to represent you in this action, with whom you have communicated or obtained any written or oral statement from regarding the allegations or claims made in this lawsuit.

For each communication you identify, state the date, time, place, and method of each communication, the substance of the communication, and identify any documents that you provided to or exchanged with each such person or group regarding the allegations or claims made in this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 9**

Identify every public hearing regarding Louisiana's 2021/2022 legislative redistricting process or the State Legislative Maps that a representative attended on behalf of your organization, and for each such hearing, state or describe the following: (a) the date(s) and location(s) of the hearing(s) you attended; (b) whether you provided any testimony or comments during the hearing(s) on your own behalf or on behalf of an organization; (c) any documents you took with you to the hearing or that you received or created before or during the hearing, or that you relied upon for any testimony you provided during the hearing; and (d) if you attended any hearing with or on behalf of a group or organization, the name of that group or organization.

**RESPONSE:**

**INTERROGATORY NO. 10**

Except for your attorney, identify each person who participated in the preparation, factual investigation, and/or drafting of your responses to these Interrogatories or who you consulted, relied upon, or otherwise received information from in preparing your answers to these Interrogatories and specify each Interrogatory for which he/she participated in the preparation, factual investigation, and/or drafting of your responses or was consulted, relied upon, or otherwise constituted a source of information.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All documents identified in your answers to the above Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**

All documents in your possession, custody, or control that you have received or viewed which were produced by Defendant or Legislative Intervenors, and their staff, in response to any public records request regarding the 2021/2022 legislative redistricting process or the State Legislative Maps.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**

Any alternative maps to the State Legislative Maps or illustrative maps, including in draft or incomplete form, created, received, or maintained by you related to Louisiana's 2021/2022 legislative redistricting process or the State Legislative Maps, and all documents and ESI relating to or otherwise supporting the creation of the alternative or illustrative maps, including but not limited to, documents describing the criteria and formulas used to create the maps.

**RESPONSE:**

19

**REQUEST FOR PRODUCTION NO. 4**

Any non-privileged communications or documents created, received, or maintained by you that you contend support or otherwise relate to the allegations or claims in the Complaints (as amended) you filed in the lawsuit in which you are a plaintiff, including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or other electronically stored media.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**

Any non-privileged communications or documents created, received, or maintained by you that relate to Louisiana's state legislative maps or legislative districting since January 1, 2020, including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or other electronically stored media.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**

Copies of any letters, contracts, or other documents that explain who is responsible for the payment of legal fees and costs in this litigation or contracts, letters, or other documents that state whether you are responsible or not responsible for these fees and costs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

All communications and documents, including any emails, text messages, letters or other correspondence that you have given or sent to, received from, exchanged or discussed with any person whom you may call as a witness at trial in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any third party about any of the allegations or claims made in your Complaints (as amended) including, but not limited to, emails, notes, text messages, or recordings of any such conversations or communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any member of your organization about any of the allegations or claims made in your Complaints (as amended) including, but not limited to, press releases, statements, submissions to the media, emails, notes, text messages, or recordings of any such conversations or communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Copies of all Social Posts by you that relate to or reflect any of the allegations or claims you have made in this lawsuit, or related to Defendant or Intervenor Defendants since January 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

All reports, correspondence, written opinions, or other documents reflecting either the substance of the opinions of each expert you identified in your answers to the preceding Interrogatories or any facts relied upon by any such expert in forming his or her opinion, and the most current resume or *curriculum vitae* of each such expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any alleged "injury" you claim to have suffered as a result of the State Legislative Maps, including but not limited to, financial records, communications, emails, notes, text messages, or recordings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**

Copies of any source code, software, or electronic programs/applications used by any of your experts in connection with this litigation. To the extent such items were not developed by your expert but are commercially available for purchase, please identify the code, software, programs, or applications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

All charter documents, amendments, and board and meeting minutes for your organization since 2010.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

All documents and communications discussing, related to, referring to, or concerning Louisiana's legislative district lines, the 2021/2022 legislative redistricting process, or State Legislative Maps.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**

     All documents, items, objects, materials, charts, graphs, displays, and exhibits that Organizational Plaintiffs' expect to, intend to, or may use or offer as exhibits or as evidence at any hearing or trial of this matter.

**RESPONSE:**

     This the 22nd day of July, 2022.

/s/Phillip J. Strach
Phillip J. Strach*
phillip.strach@nelsonmullins.com
*Lead Counsel*
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Ph: (919) 329-3800

/s/ *John C. Walsh*
John C. Walsh, LA Bar 'Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P**
Baton Rouge, LA 70821
Ph: (225) 383-1461
Fax: (225) 346-5561
Email: john@scwllp.com

*Admitted pro hac vice*

*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*

## EXHIBIT A

state* OR Louisiana AND represent*
state* OR Louisiana AND senator*
legislat* AND primar*
legislat* AND general*
legislat* AND map*
legislat* AND plan*
legislat* AND district*
legislat* AND (study* OR estimate* OR report* OR analys*)
legsilat* AND ("RPV" OR "racially polarized")
legislat* AND (draw* OR create)
legislat* AND (alternative* OR illustrat*) AND (map OR plan)
legislat* AND (hearing* OR committee* OR testimony OR testify OR comment*)
legislat* AND ("Section 2" OR "VRA" OR "majority-Black" OR "majority-minority" OR "Gingles")
legislat* AND (majority OR minority OR "BVAP" OR precent)
communit* w/3 interest
communit* OR parish* AND (majority OR minority OR "BVAP" OR precent)
communit* OR parish* AND ("Section 2" OR "VRA" OR "majority-Black" OR "majority-minority" OR "Gingles")
communit* OR parish* AND ("RPV" OR "racially polarized")
redistrict* AND (majority OR minority OR "BVAP" OR precent)
redistrict* AND ("Section 2" OR "VRA" OR "majority-Black" OR "majority-minority" OR "Gingles")
records w/3 request

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of July, 2022, I served the foregoing **DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ORGANIZATIONAL PLAINTIFFS** upon the following persons via electronic mail:

John Adcock
ADCOCK LAW LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
Tel: (504) 233-3125
Email: jnadcock@gmail.com

Ron Wilson
Louisiana Bar No. 13575
701 Poydras Street, Ste. 4100
New Orleans, LA 70139
Tel: (504) 525-4361
Email: cabral2@aol.com

Sophia Lin Lakin*
T. Alora Thomas*
Samantha Osaki*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
athomas@aclu.org
sosaki@aclu.org

Sarah Brannon*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

Stephanie Willis, La. Bar No. 31834
Nora Ahmed*
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St., Suite 2160
New Orleans, LA 700112
Phone: (504) 522-0628

Michael W. Mengis
LA Bar No. 17994
BAKERHOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
BAKERHOSTETLER LLP
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
Phone: (202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rralie@bakerlaw.com

Patrick T. Lewis*
BAKERHOSTETLER LLP
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
Phone: (216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
BAKERHOSTETLER LLP
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
Phone: (614) 228-1541
eprouty@bakerlaw.com

*Admitted pro hac vice

Counsel for Legislative Intervenors

nahmed@laaclu.org
swillis@laaclu.org

Leah Aden*
Stuart Naifeh*
Victoria Wagner*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York NY 10006
Phone: (212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

*Admitted pro hac vice*

*Counsel for Plaintiffs*

Jeff Landry
Louisiana Attorney General
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov
jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov

Jason B. Torchinsky*
Phillip M. Gordon*
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY,
PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808
jtorchinsky@hvjt.law
pgordon@hvjt.law

*Counsel for Intervenor the State of Louisiana*

/s/ Phillip J. Strach
Phillip J. Strach