Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| DR. DOROTHY NAIRNE, et al.<br><br>*Plaintiffs*,<br><br>    v.<br><br>R.  KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**PLAINTIFF NAACP LOUISIANA STATE CONFERENCE'S RESPONSES &
OBJECTIONS TO DEFENDANT ARDOIN'S FIRST SET OF
INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO THE ORGANIZATIONAL PLAINTIFFS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Local Rules 26.1 and 33.1, the NAACP Louisiana State Conference ("Louisiana NAACP"), by and through its undersigned counsel, hereby submit these responses and objections (together as "Responses") to interrogatories set forth in Defendant Kyle Ardoin, in his official capacity as Louisiana Secretary of State ("Defendant Ardoin"), First Set of Interrogatories, dated July 22, 2022, without waiving any defenses that Plaintiff Louisiana NAACP has or hereafter may assert in the above-captioned action.

**INTERROGATORIES**

**I.     GENERAL OBJECTIONS**

Each of the Plaintiff Louisiana NAACP's responses to the Interrogatories is subject to, and incorporates, the following objections (the "General Objections"). Louisiana NAACP specifically

1

incorporates each of these General Objections into its responses to each of Defendant's interrogatories, whether or not each such general objection is expressly referred to in Plaintiff's response to a specific interrogatory.

1.      Plaintiff objects to the Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and the common-interest privilege, or any information which is not otherwise subject to discovery.

2.      Plaintiff objects to the Interrogatories to the extent they seek information the disclosure of which would violate the rights of the Louisiana NAACP and/or its members to Freedom of Speech and of Association protected by the First Amendment to the U.S. Constitution.

3.      Plaintiff objects to the Interrogatories to the extent that they are premature in that discovery is not complete.

4.      Plaintiff objects to each Interrogatory to the extent it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects to these Interrogatories to the extent that response thereto would cause undue burden, undue expense and/or oppression.

6.      Plaintiff objects to each Request for Production that seeks materials obtainable from another source that is more convenient, less burdensome, or less expensive.

7.      Plaintiff makes these responses subject to and without waiving Plaintiff right to introduce, use, or refer to information which Plaintiff presently have, but which Plaintiff have not yet had sufficient time to analyze and evaluate, as well as Plaintiff's right to amend and/or supplement their responses in the event that any information previously available to Plaintiff is unintentionally omitted from its responses.

8.      Nothing herein shall be construed as an admission with respect to the admissibility

or relevance of any information, fact or document, or the truth or accuracy of any characterization or statement of any kind contained in the Interrogatories.

## II.    SPECIFIC OBJECTIONS AND RESPONSES

In addition, and subject to the General Objections set forth in this Response, Plaintiff Louisiana NAACP submits the following Specific Objections and limitations. To the extent that Specific Objections and limitations are set forth in responding to a particular interrogatory, those Specific Objections and limitations are set forth because they are believed to be particularly appropriate to the Specific Interrogatory and do not constitute a waiver or limitation of any other Objections' application to that Interrogatory:

**INTERROGATORY NO. 1:**

*For each of the organizational plaintiffs, please state or identify:*

(a) *Your organization's full legal name and any other names (including acronyms, pseudonyms, or assumed names) that you have used in the past ten (10) years;*

(b) *The address at which you maintain your headquarters, principal place of business, or principal office in the State of Louisiana;*

(c) *The addresses of any other offices, facilities, or locations used by you in the State of Louisiana;*

(d) *The full legal name of any other entity with which you share board members, executive staff and/or employees; and identify these shared individuals and the positions they hold in each entity;*

(e) *A brief description of all election-related activities that your organization, or its members, engage in on behalf of the organization;*

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Louisiana NAACP repeats and reasserts its General Objections, and further objects to Interrogatory No. 1 on the grounds that (1) it is overbroad and unduly burdensome; and (2) it is compound in that, at minimum, subparts (d) and (e) each constitute separate and distinct

3

interrogatories. Plaintiff further objects to Interrogatory No. 1 to the extent that it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving these objections, Plaintiff responds as follows:

a) The Louisiana NAACP's full legal name is the National Association for the Advancement of Colored People Louisiana State Conference. It may also be referred to as the Louisiana NAACP, the Louisiana State Conference of the NAACP, or NAACP Louisiana State Conference, the Louisiana State NAACP Conference, or similar names, but has maintained no other legal name in the past 10 years.

b) The Louisiana NAACP maintains its headquarters at 3113 Government St, Baton Rouge, LA 70806.

c) The Louisiana NAACP has no other offices or facilities in the State of Louisiana.

d) The Louisiana NAACP does not have a board separate from the national NAACP. Louisiana NAACP President Michael McClanahan is a member of the board of the national NAACP. The Louisiana NAACP has no knowledge of any other entity with which any of its other board members, executive staff, and/or employees may be affiliated.

e) The Louisiana NAACP engages in multiple election-related activities and encourages its membership and community members to be civically active. Louisiana NAACP's statewide election initiatives include "get out the vote" campaigns; widespread voter registration efforts; candidate forums and voter education events; voter engagement and education via social media; Relational Voting and the Hustle Initiative, which are voter engagement, registration, and information programs that have engaged over

100,000 Louisiana voters; and a "Souls to the Polls" program that engaged tens of thousands of Louisiana voters during the last presidential election.

**INTERROGATORY NO. 2**

*As to each Louisiana State House and State Senate District at issue in your Complaint, state the following, identifying to which district the response relates:*

(a) *All facts and documents of which you are aware that support your claims in the Complaint or on which you intend to rely to show that a particular district violates Section 2 of the Voting Rights Act or is otherwise an impermissible racial gerrymander. This includes not only identifying the particular portion of any expert report that relates to the particular district challenged, but also any anecdotal, testimonial, statistical, or non-statistical proofs not included in the reports;*

(b) *Identify all persons with knowledge, including but not limited to, witnesses you intend to call as to each particular district to establish the facts listed under subpart (a). As to those you intend to call as witnesses, provide a detailed summary of the substance and scope of their anticipated testimony, indicate to which district their anticipated testimony will relate, and identify and produce the documents they will refer to or use in their testimony;*

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 2 on the grounds that: (1) it is overbroad, unduly burdensome, and vague; (2) it is premature, given that discovery is not yet complete, and the deadline for the exchange of exhibit lists and witness lists is in the future; and (3) it is compound, asking two different questions. Plaintiff reserves the right to supplement this Response.

Subject to and without waiving these objections, Plaintiff responds as follows:

a)    At least three additional districts providing an opportunity for Black voters to elect their candidates of choice could be created in the Senate redistricting plan. Illustrative maps proffered by Plaintiff's expert witness Bill Cooper show that additional districts could be created in areas of the following Senate districts created by S.B. 1: 2, 5, 7, 8, 10, 14, 15, 17, 19, 31, 36, 38 and 39. Areas within and around these Senate districts contain sufficiently large and

geographically compact Black Voting Age Populations such that it would be possible to create additional electoral opportunities for Black voters in districts that adhere to traditional redistricting principles if the these districts were redrawn. Redrawing these districts may or may not also require reconfiguration of one or more surrounding districts.

At least six additional districts providing an opportunity for Black voters to elect their candidates of choice could be created in the House redistricting plan. The illustrative map proffered by Plaintiff's expert witness Bill Cooper show that additional districts could be created in areas of following districts in H.B. 14: 1, 2, 4, 5, 7, 13, 22, 25, 29, 34, 35, 37, 58, 59, 60, 61, 62, 63, 65, 66, 68, 69, 70, 81, 88, and 101. Areas within and around these House districts contain sufficiently large and geographically compact Black Voting Age Populations such that it would be possible to create additional electoral opportunities for Black voters in districts that adhere to traditional redistricting principles if these districts were redrawn. Redrawing these districts may or may not also require reconfiguration of one or more surrounding districts. The Expert Reports of Bill Cooper and Dr. Craig Colten contain the specific facts concerning the size and compactness of the Black population in these districts.

Voting in and around these districts is racially polarized. This leads to the usual defeat of candidates preferred by a significant and cohesive bloc of Black voters by white voters voting as a bloc for other candidates in districts that are not majority Black. The Expert Report of Dr. Lisa Handley contains the specific facts concerning racially polarized voting that support Plaintiff's claims in this case.

Furthermore, the persistent effects of discrimination across multiple metrics (economic, health, employment, living, environmental conditions) have produced severe socioeconomic disparities that hinder the ability of Black Louisianans to participate in the political process. Each

6

of these disparities are indicative of a failure on the part of elected officials to address the needs of Black Louisianans. Black candidates in Louisiana are underrepresented in office and rarely win elections outside of majority-minority districts and Louisiana's political campaigns have been persistently marked by overt and implicit racial appeals. The Expert Reports of Dr. R. Blakeslee Gilpin and Dr. Traci Burch contain the specific facts demonstrating ongoing and historical voting-related discrimination that support Plaintiff's claim that in the totality of the circumstances, Black voters in Louisiana have less opportunity than other voters to participate in the political process and elect their candidates of choice to the Louisiana House of Representatives and Louisiana Senate.

   b)    Plaintiff intends to call the following expert witnesses to support the facts stated in paragraph (a) above. The substance of their testimony is described in detail in the expert reports they have produced or will produce in this litigation.

- Bill Cooper

- Dr. Lisa Handley

- Dr. Traci Burch

- Dr. Robert Blakeslee Gilpin, and

- Dr. Craig Colten

In addition, Plaintiff intends to call a number of fact witnesses. The specific fact witnesses Plaintiff will call have not yet been determined but will likely include Louisiana NAACP President Michael McClanahan. Mr. McClanahan's testimony will include information about the Louisiana NAACP's activities and mission, the harm to the organization, its members, and Black communities in Louisiana caused by the enacted maps, the lack of responsiveness of elected officials in addressing issues faced by Black Louisianans, and other topics relevant to Plaintiffs'

claims.  The other plaintiffs in this case will also likely testify, including representatives from the Black Voters Matter Fund and the individual plaintiffs. Other witnesses Plaintiff may call will be identified as their identities are determined and in accordance with the pre-trial schedule and Plaintiff's discovery obligations.

**INTERROGATORY NO. 3**

*As to each Louisiana State House and State Senate District at issue in the Complaint, and for each Organizational Plaintiff, state the following identifying to which district the response relates:*

      (a)    *Identify the members of your organization living in each challenged district;*

      (b)    *For your organization, list events, presentations, or other programs that  the Organizational Plaintiff has held in each challenged district since January 2008;*

      (c)    *Identify all facts and all documents on which you intend to rely to support your  organization's standing with respect to each challenged district; and*

      (d)    *Identify and produce any and all communications between your organization and its members in each challenged district.*

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 3 on grounds that: (1) it is overbroad and unduly burdensome; and (2) it is compound, containing multiple subparts that each constitute a separate interrogatory. Plaintiff further objects to Interrogatory No. 3 to the extent that it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to Interrogatory No. 3 on the grounds that it seeks information protected by Plaintiff's and its members' First Amendment rights to freedom of speech and freedom of association.

Subject to and without waiving these objections, Plaintiff responds as follows:

(a) The Louisiana NAACP has approximately 5,000 members throughout the state, including Black Louisianians who are registered voters. The Louisiana NAACP has over 40 local

branches comprising adult members and 16 youth and college chapters across Louisiana. Members of the Louisiana NAACP live in nearly every region of the state, including all the disputed areas in this matter—those areas where the State's enacted legislative maps dilute the voting strength of Black voters, including in Bossier, Caddo, Jefferson, St. Charles, East Baton Rouge, West Baton Rouge, Iberville, Point Coupee, DeSoto, Natchitoches, Red River, Ascension, and East Feliciana Parishes. Specifically, Plaintiff has identified members who reside in each of the districts challenged in this litigation.

(b) The Louisiana NAACP hosts a variety of routine and special events throughout the state, including in the challenged districts, and by virtual means. For example, for at least the last three years, the Louisiana State Conference has hosted weekly calls on Monday nights via video conference. These meetings are open to members statewide, including members in the challenged districts. The Louisiana NAACP also hosts quarterly meetings and an annual statewide conference. The 2022 conference was hosted in early September in Baton Rouge, Louisiana, where there are multiple challenged districts. Leading up to elections, the Louisiana NAACP supports local branches in hosting candidate forums, including in the challenged districts, as well as "get out the vote" campaigns, voter registration efforts, voter education events, town halls with elected officials, and "Souls to the Polls" programs. During the redistricting process, the Louisiana NAACP cohosted several trainings leading up to the redistricting roadshow sessions, engaged with its members throughout the extraordinary redistricting sessions, and participated in recap events follow the process. The Louisiana NAACP also participated in a coordinated campaign against the State's now-enacted maps, including signing onto a January 19, 2022, letter to the Legislature advocating for additional majority-minority districts, and a February 22, 2022 press release calling for the Governor to veto S.B. 1 and H.B. 14. Documents within Plaintiff Louisiana NAACP's

possession, custody, or control pertaining to these activities that are not protected from discovery by any privilege or other protection, including in challenged districts, will be produced.

(c) The Louisiana NAACP intends to establish both organizational and associational standing by demonstrating that 1) the discriminatory maps impede the Louisiana NAACP's mission to achieve equity, political rights, and social inclusion for Black voters across the entire state; and 2) the advancement of Louisiana's discriminatory state legislative maps forced the Louisiana NAACP to divert resources, including member and volunteer time, to counteract the harm caused by the enacted maps as described in part above; and 3) members of the Louisiana NAACP reside in the challenged districts resulting from the enacted maps and their votes are diluted. The enacting of the state legislative maps coincided with impending voter registration and GOTV timelines for the spring 2022 elections and required the Louisiana NAACP to pivot focus from that work to account for addressing the threatened harms from the enacted maps. As long as the new maps remain in effect, the Louisiana NAACP will be forced to divert resources from broader voter registration and community empowerment initiatives toward protecting the representation and interests of members in the affected districts. Documents within Plaintiff Louisiana NAACP's possession, custody, or control pertaining to Plaintiffs' standing in each challenged district that are not protected from discovery by any privilege or other protection, including in challenged districts, will be produced.

(d) Documents within Plaintiff Louisiana NAACP's possession, custody, or control reflecting written communications between Plaintiff and its members in each challenged district that are not protected from discovery by any privilege or other protection, including in challenged districts, will be produced.

**INTERROGATORY NO. 4**

State whether your organization has drawn or created any alternative maps to the State Legislative Maps or any illustrative maps, including but not limited to, in draft or incomplete form. If you have drawn or created such maps, identify each individual involved in the development of each map you created, the software used to draw or create each map, describe the criteria and formula you or your organization used to draw or create each map, and for each criteria explain why it was selected and how it was weighted.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 4 on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Plaintiff further objects to Interrogatory No. 4 to the extent that it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff Louisiana NAACP did not draw or create any alternative maps. Plaintiff intends to rely upon illustrative maps created by its expert witness Mr. Bill Cooper. His initial expert report, which includes his illustrative maps and other information sought by Interrogatory No. 4, has already been produced in this case. Any additional illustrative maps Mr. Cooper may create in any supplemental or rebuttal expert report will be served in accordance with the Federal Rules of Civil Procedure and the pretrial schedule in this case.

**INTERROGATORY NO. 5**

Please describe your responsibility, if any, for the payment of any attorney's fees or costs incurred by your counsel or any attorney's fees or costs that might be awarded against you by the court in this lawsuit. If you are not responsible for such fees or costs, identify the persons or persons who are responsible for these fees and costs by stating the name and address for any such person or persons.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 5 on the grounds that 1) it is not relevant to any party's claims or defenses, and 2) it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Plaintiff further objects to Interrogatory No. 5 on the ground that it seeks information protected by Plaintiff's and Plaintiff's attorneys' First Amendment rights to freedom of speech and freedom of association.

Subject to and without waiving those objections, Plaintiff responds as follows:

Plaintiff's attorneys in this case are representing Plaintiff on a pro bono basis and have agreed to advance all costs of the litigation. Plaintiff therefore has no responsibility for the payment of attorney's fees or costs. With the potential exception of Defendant's responsibility for fees and costs under fee-shifting statutes if Plaintiffs are successful, there is no other person other than Plaintiff's counsel who is responsible for attorney's fees and costs in this litigation.

**INTERROGATORY NO. 6**

*Explain in detail how your organization came to be a plaintiff in this lawsuit. Include in your answer whether you were asked to be a plaintiff by another person or persons, the identity of any such person or persons, the organization or employer with which that person was employed or affiliated, the date of any such conversations, and the substance of any such conversations.*

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 6 to the extent that 1) it is overbroad and unduly burdensome; 2) it seeks information that is not relevant to any party's claims or defenses; and 3) it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege.

Subject to and without waiving these objections and the General Objections, Plaintiff

responds as follows:

The Louisiana NAACP has been involved in the 2020 redistricting process in Louisiana for several years and has advocated for fair maps. When the legislature failed to adopt state legislative maps that provide an equal opportunity for Black Louisianans to elect their candidates of choice and when the maps adopted by the legislature became law, the Louisiana NAACP made the decision to challenge the maps in court.

**INTERROGATORY NO. 7**

*List any legal proceedings where your organization has been a party or someone from your organization has testified on behalf of the organization as a witness since January 1, 2010. In doing so, please provide the caption of the case and file number, the court or administrative agency in which any case identified above was filed, a short explanation of the substance of the case, the nature of your involvement (i.e., party or witness), and current status of the proceedings.*

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 7 on the grounds that 1) it is vague and ambiguous, overly broad, and unduly burdensome and 2) seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving these objections, Plaintiff responds as follows:

- *Louisiana State Conference of National Association for Advancement of Colored People v. Louisiana*
  - 19-479-JWD-SDJ
  - United States District Court, M.D. Louisiana
  - Voting Rights Act §2 Challenge to Louisiana Supreme Court Districts
  - Plaintiff
  - Proceedings Ongoing

- *Clark v. Edwards / Power Coalition v. Edwards*
  - CV 20-283-SDD-RLB, CV 20-308-SDD-RLB, CV 20-495-SDD-RLB
  - United States District Court, M.D. Louisiana
  - Challenge to COVID-19 Absentee Ballot and Other Voting Restrictions
  - Plaintiff
  - Proceedings Concluded

- *Harding v. Edwards*

- o CV 20-495-SDD-RLB
- o United States District Court, M.D. Louisiana
- o Challenge to COVID-19 Absentee Ballot and Other Voting Restrictions
- o Plaintiff
- o Proceedings Concluded

- *Scott v. Schedler*
  - o 13-30185, 11-926
  - o United States Court of Appeals, Fifth Circuit; EDLA
  - o National Voter Registration Act (NVRA) Challenge
  - o Plaintiff
  - o Proceedings Concluded

- *Ferrand v. Schedler*
  - o CIV.A. 11-926
  - o United States District Court, E.D. Louisiana
  - o NVRA Challenge
  - o Proceedings Concluded

- *Louisiana State Conference of the NAACP v. Ardoin*
  - o C-716837
  - o 19th Judicial District
  - o Malapportionment challenges to Louisiana Congressional Districts
  - o Proceedings Concluded

- *Robinson v. Ardoin*
  - o CV 22-211-SDD-SDJ, CV 22-214-SDD-SDJ
  - o United States District Court, M.D. Louisiana
  - o Voting Rights Act §2 Challenge to Louisiana Congressional Districts
  - o Proceedings Ongoing

**INTERROGATORY NO. 8**

*Identify each person or group, other than any attorney retained to represent you in this action, with whom you have communicated or obtained any written or oral statement from regarding the allegations or claims made in this lawsuit.*

*For each communication you identify, state the date, time, place, and method of each communication, the substance of the communication, and identify any documents that you provided to or exchanged with each such person or group regarding the allegations or claims made in this lawsuit.*

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further

objects to Interrogatory No. 8 on the grounds that 1) it is overbroad and unduly burdensome; and

2) it seeks information that is not relevant to any party's claims or defenses; and 3) it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege.

Subject to and without waiving these Objections, Plaintiff respond as follows:

Non-privileged, non-protected documents within Plaintiff's possession, custody, or control reflecting written communications or statements Plaintiff has made or received regarding the allegations or claims in this lawsuit will be produced.

**INTERROGATORY NO. 9**

*Identify every public hearing regarding Louisiana's 2021/2022 legislative redistricting process or the State Legislative Maps that a representative attended on behalf of your organization, and for each such hearing, state or describe the following: (a) the date(s) and location(s) of the hearing(s) you attended; (b) whether you provided any testimony or comments during the hearing(s) on your own behalf or on behalf of an organization; (c) any documents you took with you to the hearing or that you received or created before or during the hearing, or that you relied upon for any testimony you provided during the hearing; and (d) if you attended any hearing with or on behalf of a group or organization, the name of that group or organization.*

**RESPONSE TO INTERROGATORY NO. 9**

Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 9 on the grounds that 1) it is overbroad and unduly burdensome; and 2) it seeks some information that is not relevant to any party's claims or defenses; and 3) it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege.

Subject to and without waiving these objections, Plaintiff responds as follows:

Members of the Louisiana NAACP attended the "redistricting roadshow" hearings across Louisiana and were in attendance for several meetings in Baton Rouge during the 2022 First Extraordinary Session ("redistricting session"). On behalf of the Louisiana NAACP, President Michael McClanahan personally attended and testified at the roadshow in Baton Rouge on

15

Tuesday, November 16, 2021, at Southern University's Smith-Brown Memorial Union. President

McClanahan, to the best of his recollection, was in attendance at the State Capitol for several

hearings of the legislative committees on Governmental Affairs. Other members of the Louisiana

NAACP testified, at minimum, at the following roadshow and special session meetings:

- October 20, 2021 Monroe Roadshow Meeting
  - o Reverend Ambrose Douzart, Ouachita Parish NAACP

- October 21, 2021 Shreveport Roadshow Meeting
  - o Demetrius Norman, Shreveport NAACP

- January 11, 2022 Thibodaux Roadshow Meeting
  - o Major Tracy Riley, NAACP President for the Algiers, Gretna, and Plaquemines Parishes

- February 2, 2022 Senate and Governmental Affairs Committee Meeting
  - o Spencer Jones, Louisiana NAACP Youth and College Division
  - o Pastor Chips Taylor, NAACP Religious Affairs Division
  - o Omega Taylor, Youth and College State Advisor for the NAACP

- February 9, 2022 Senate and Governmental Affairs Committee Meeting
  - o Marja Broussard, former president of the Lafayette NAACP, current Louisiana State Conference District D, Vice-President and Louisiana State Conference Political Action Chairperson

All non-privileged, non-protected documents within Plaintiff's possession, custody, or

control pertaining to public hearings attended by or written and oral testimony made by Plaintiff's

leadership or members during Louisiana's 2021/2022 legislative redistricting process or the State

Legislative Maps made will be produced.


**INTERROGATORY NO. 10**

*Except for your attorney, identify each person who participated in the preparation, factual investigation, and/or drafting of your responses to these Interrogatories or who you consulted, relied upon, or otherwise received information from in preparing your answers to these Interrogatories and specify each Interrogatory for which he/she participated in the preparation, factual investigation, and/or drafting of your responses or was consulted, relied upon, or otherwise constituted a source of information.*

**RESPONSE TO INTERROGATORY NO. 10**

      Plaintiff Louisiana NAACP repeats and reasserts their General Objections, and further objects to Interrogatory No. 10 on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege.

      Subject to and without waiving these objections, Plaintiff responds as follows:

- Michael McClanahan, President of the Louisiana NAACP.

## REQUESTS FOR PRODUCTION

### I.    GENERAL OBJECTIONS

Each of Plaintiff's responses to the Requests for Production is subject to, and incorporates, the following objections (the "General Objections"). Plaintiff specifically incorporates each of these general objections into its responses to each of Defendant's Request for Production, whether or not each such general objection is expressly referred to in Plaintiff's response to a specific Request.

1.    Plaintiff objects to the Requests to the extent they seek the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine and/or the common interest privilege, or any information which is not otherwise subject to discovery. Plaintiff will provide a privilege log.

2. Plaintiff objects to the Request to the extent that they are premature in that discovery is not complete.

3. Plaintiff objects to each Request to the extent it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each request that fails to describe with reasonable particularity the documents sought.

5. Plaintiff objects to each request to the extent that response thereto would cause undue burden, undue expense and/or oppression.

6. Plaintiff objects to each request that seeks materials obtainable from another source that is more convenient, less burdensome or less expensive.

7.    Nothing herein shall be construed as an admission with respect to the admissibility or relevance of any information, fact or document, or the truth or accuracy of any characterization or

statement of any kind contained in the Request.

8. Plaintiff reserves the right to supplement its responses to these Requests as appropriate.

## II.    SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 1

*All documents identified in your answers to the above Interrogatories.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Subject to and without waiving the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 2

*All documents in your possession, custody, or control that you have received or viewed which were produced by Defendant or Legislative Intervenors, and their staff, in response to any public records request regarding the 2021/2022 legislative redistricting process or the State Legislative Maps.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Subject to and without waiving the General Objections, Plaintiff has not made any public records requests to Defendant or Legislative Intervenors or their staff regarding the 2021/2022 legislative redistricting process or the State Legislative Maps and as such does not have any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 3

*Any alternative maps to the State Legislative Maps or illustrative maps, including in draft or incomplete form, created, received, or maintained by you related to Louisiana's 2021/2022 legislative redistricting process or the State Legislative Maps, and all documents and ESI relating to or otherwise supporting the creation of the alternative or illustrative maps, including but not limited to, documents describing the criteria and formulas used to create the maps.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Plaintiff objects to this Request to the extent that it seeks documents protected by the

attorney-client privilege, common-interest privilege, and/or the attorney work product doctrine. Subject to and without waiving these objections and the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4**

*Any non-privileged communications or documents created, received, or maintained by you that you contend support or otherwise relate to the allegations or claims in the Complaints (as amended) you filed in the lawsuit in which you are a plaintiff, including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or other electronically stored media.*

**RESPONSE TO REQUEST FOR PRODUCTION NO.**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case;  seeks information that is not relevant to any party's claims or defenses, to the extent that it seeks documents pertaining to allegations made in "Complaints" and "lawsuits" other than the instant litigation; is premature in that discovery is not complete; and seeks documents protected by the attorney-client privilege, the common interest privilege, and/or the attorney work product doctrine. Subject to and without waiving these objections and the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5**

*Any non-privileged communications or documents created, received, or maintained by you that relate to Louisiana's state legislative maps or legislative districting since January 1, 2020, including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or <u>other electronically stored media.</u>*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case; seeks information that is not relevant to

any party's claims or defenses. Plaintiff further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the common interest privilege, and/or the attorney work product doctrine.

Subject to and without waiving these objections and the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody or control. In responding to this request, Plaintiff has run electronic searches (using the provided search terms by Defendant and consistent with the ESI protocols) on the files of Louisiana NAACP President Michael McClanahan, including on his email server and cell phone. Plaintiff has also requested that President McClanahan identify any other files that would be responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

*Copies of any letters, contracts, or other documents that explain who is responsible for the payment of legal fees and costs in this litigation or contracts, letters, or other documents that state whether you are responsible or not responsible for these fees and costs.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses.  Plaintiff objects to this Request as it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine.

Subject to and without waiving these objections and the General Objections, Plaintiff responds that it has no non-privileged, non-protected documents responsive to this Request within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**

*All communications and documents, including any emails, text messages, letters or other correspondence that you have given or sent to, received from, exchanged or discussed with any person whom you may call as a witness at trial in this lawsuit.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses, in that it seeks all communications with persons who may be called as witnesses and not only communications with such persons pertaining to this litigation or to the subject of their testimony. Plaintiff further objects to this Request as it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine. Plaintiff also objects to the Request to the extent that it is premature in that discovery is not complete.

Subject to and without waiving these objections and the General Objections, Plaintiff will produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**

*Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any third party about any of the allegations or claims made in your Complaints (as amended) including, but not limited to, emails, notes, text messages, or recordings of any such conversations or communications.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome not proportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to this Request as it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine.

Subject to and without waiving these objections and the General Objections, Plaintiff will

produce any documents responsive to this Request. In responding to this request, Plaintiff has run electronic searches (using the provided search terms by Defendant and consistent with the ESI protocols) on the files of Louisiana NAACP President Michael McClanahan, including on his email server and cell phone. Plaintiff has also requested that President McClanahan identify any other files that would be responsive to this request. All non-privileged and responsive materials resulting from these searches, including all information per the ESI protocol, will be produced.

**REQUEST FOR PRODUCTION NO. 9**

*Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any member of your organization about any of the allegations or claims made in your Complaints (as amended) including, but not limited to, press releases, statements, submissions to the media, emails, notes, text messages, or recordings of any such conversations or communications.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to this Request as it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine. Plaintiff further objects to Interrogatory No. 4 on the ground that it seeks information protected by Plaintiff's and its members' First Amendment rights to freedom of speech and freedom of association.

Subject to and without waiving these objections and the General Objections, Plaintiff will produce any non-privileged, non-protected documents responsive to this Request. In responding to this request, Plaintiff has run electronic searches (using the provided search terms by Defendant and consistent with the ESI protocols) on the files of Louisiana NAACP President Michael McClanahan, including on his  email server and cell phone. Plaintiff has also requested that

President McClanahan identify any other files that would be responsive to this request.

**REQUEST FOR PRODUCTION NO. 10**

*Copies of all Social Posts by you that relate to or reflect any of the allegations or claims you have made in this lawsuit, or related to Defendant or Intervenor Defendants since January 1, 2020.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses, in that it seeks all "Social Posts" "related to Defendant or Intervenor Defendants," and not only those pertaining to the subject matter of this litigation.

Subject to and without waiving these objections and the General Objections, Plaintiff responds that the Louisiana NAACP Facebook Page is publicly available at: https://www.facebook.com/MrLAStatePresident/.

**REQUEST FOR PRODUCTION NO. 11**

*All reports, correspondence, written opinions, or other documents reflecting either the substance of the opinions of each expert you identified in your answers to the preceding Interrogatories or any facts relied upon by any such expert in forming his or her opinion, and the most current resume or curriculum vitae of each such expert.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and to the extent it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Scheduling Order entered in this case. Plaintiff further objects to this Request as it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine.

Subject to and without waiving these specific objections and the General Objections, Plaintiff

24

responds that all initial expert reports and related non-privileged, non-protected materials required to be disclosed by the Federal Rules of Civil Procedure have previously been produced to Defendants. Plaintiffs will produce additional expert reports and other non-privileged, non-protected materials required to be disclosed by the Federal Rules of Civil Procedure in accordance with the schedule in this case governing expert disclosures. Additionally, Plaintiff reserves the right to supplement the previously reports and its response to this Request if new and relevant information comes to its attention in the course of this litigation.

**REQUEST FOR PRODUCTION NO. 12**

*Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any alleged "injury" you claim to have suffered as a result of the State Legislative Maps, including but not limited to, financial records, communications, emails, notes, text messages, or recordings.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Plaintiff objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Plaintiff further objects to the request to the extent it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine.

Subject to and without waiving these objections and the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13**

*Copies of any source code, software, or electronic programs/applications used by any of your experts in connection with this litigation. To the extent such items were not developed by your expert but are commercially available for purchase, please identify the code, software, programs, or applications.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and to the extent it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Scheduling Order entered in this case. Plaintiff further objects to this Request as it seeks materials that are subject to licensing agreements forbidding the unauthorized copying of the materials.

Subject to and without waiving these specific objections and the General Objections, Plaintiff responds that all initial expert reports and related non-privileged, non-protected materials required to be disclosed by the Federal Rules of Civil Procedure have previously been produced to Defendants. Plaintiffs will produce additional expert reports and other non-privileged, non-protected materials required to be disclosed by the Federal Rules of Civil Procedure in accordance with the court's scheduling order in this case governing expert disclosures. Any relevant source code, software, or electronic programs/applications have been (and will be) disclosed in the reports submitted by Plaintiff's experts. Plaintiff further reserves the right to supplement the previously produced reports and its response to this Request if new and relevant information comes to its attention in the course of this litigation.

**REQUEST FOR PRODUCTION NO. 14**

*All charter documents, amendments, and board and meeting minutes for your organization since 2010.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses, in that it seeks all "charter documents, amendments, and board and meeting minutes," regardless of whether they discuss matters related to the subject matter of this litigation.

Subject to and without waiving these objections and the General Objections, Plaintiff will produce the Louisiana NAACP's current operative charter document and amendments to that charter documents, if any, and any non-privileged, non- protected board and meeting minutes, if any, that discuss matters related to the subject matter of this litigation.

**REQUEST FOR PRODUCTION NO. 15**

*All documents and communications discussing, related to, referring to, or concerning Louisiana's legislative district lines, the 2021/2022 legislative redistricting process, or State Legislative Maps.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Plaintiff objects to this Request as it seeks documents protected by the attorney-client privilege, the common-interest privilege, and/or the attorney work product doctrine. Subject to and without waiving these objections and the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 16**

*All documents, items, objects, materials, charts, graphs, displays, and exhibits that Organizational Plaintiffs' expect to, intend to, or may use or offer as exhibits or as evidence at any hearing or trial of this matter.*

**REQUEST FOR PRODUCTION NO. 16**

Plaintiff objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Plaintiff further objects as the Request seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Scheduling Order entered in this case and is premature in that discovery is not complete, and Plaintiff may rely upon demonstrative exhibits and materials at the time of trial. Plaintiff also objects to this Request as it seeks documents protected by the attorney-client privilege, the

common-interest privilege, and/or the attorney work product doctrine.

Subject to and without waiving these objections and the General Objections, Plaintiff will produce non-privileged, non-protected documents responsive to this Request within Plaintiff's possession, custody, or control.

DATED: June 30, 2023

Respectfully submitted,

*/s/ Sarah Brannon*

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Sarah Brannon*
Megan C. Keenan**
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris**
Luis Manuel Rico Román**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

T. Alora Thomas-Lundborg*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice
**Pro Hac Vice Motion Forthcoming

## VERIFICATION OF MICHAEL MCCLANAHAN

I hereby state that the Louisiana NAACP's Responses to Defendant Ardoin's First Set of Interrogatories and First Set of Requests for Production of Documents served on July 3, 2023, are true to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2023:

_____
Michael McClanahan

30