# Exhibit 3



**NELSON MULLINS**

Phillip J. Strach
T: 919.329.3812
phil.strach@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
T: 919.329.3800  F: 919.329.3799
nelsonmullins.com

July 20, 2023

<u>Via E-mail</u>

Amanda Giglio
Cozen O'Connor
3 WTC, 175 Greenwich Street 55th Floor
New York, NY 10007
AGiglio@cozen.com

**RE:** *Nairne v. Ardoin,* **M.D. La. No. 3:22-cv-00178-SDD-SDJ**
**Plaintiffs' Responses to Defendant Ardoin's First Sets of Discovery**

Dear Counsel:

    We have reviewed Plaintiffs' written responses and documents produced so far in response to Defendant Ardoin's First Set of Interrogatories and Requests for Production of Documents to Plaintiffs. We believe that Plaintiffs' responses and document productions do not fully respond to Defendant Ardoin's Requests.

    As a preliminary matter, in order to allow time to resolve these disputes and take depositions after written discovery and document productions are complete, we are concerned about the nature of your rolling productions. Thus far, the only individual Plaintiff that we have received a preliminary document production from is Dorothy Nairne. And the productions by the named custodians for Black Voters Matter Capacity Building Institute ("BVM") and the NAACP Louisiana State Conference's ("Louisiana NAACP") (collectively, the "Organizational Plaintiffs") are either incomplete or missing entirely. In anticipation of needing time to work through our present discovery disputes and take fact witness depositions before the close of fact discovery currently set for September 1, 2023 [D.E. 110], please let us know when you anticipate completion of your document production—including the production of a complete privilege log—as soon as possible.

    Other deficiencies include, but are not limited to: failure to produce certain documents in color, failure to produce documents linked in emails, improper redactions,

Amanda Giglio
July 20, 2023
Page 2

and deficient responses to Interrogatory 3 by Organizational Plaintiffs. We outline our particular concerns in greater detail below.[1]

I. **The documents produced thus far are not in color, despite containing color content.**

First and foremost, none of the documents or communications produced thus far are in color. The monochrome nature of Plaintiffs' productions makes certain documents and communications illegible. For example, BVM-La-Leg0001300 through BVM-LA-Leg0001347 appears to contain illustrative maps for the Louisiana State Senate and State House. Because the maps are monochrome, it is unclear where the lines of that proposed illustrative map have been drawn. Please re-produce in color all documents and communications produced thus far with color content with the same bates numbers so that discovery is not further delayed.

II. **Plaintiffs have failed to produce documents linked to in emails.**

Many of the communications that Plaintiffs have produced include links to other documents that have not been produced. A few examples include:

- BVM-LA-Leg0001483
- BVM-LA-Leg0001533
- BVM-LA-Leg0001686
- BVM-LA-Leg0002313
- BVM-LA-Leg 0002458

Linked documents serve the same functions as attachments and and must be produced. Please supplement your production accordingly.

III. **Inappropriate redactions.**

Additionally, several documents and communications produced by Plaintiffs appear to have inappropriate redactions. For example, the following include redactions of various individual identities, which is in no way privileged:

- NAACP-LA-Leg 0000010
- NAACP-LA-Leg 0000013
- NAACP-LA-Leg0000014-NAACP-LA-Leg0000015
- NAACP-LA-Leg0000066-NAACP-LA-Leg0000067
- NAACP-LA-Leg0000069

---

[1] This letter is meant to illustrate only certain preliminary concerns with Plaintiffs' responses and productions, and is not meant to be an exhaustive list of each and every deficiency therein. Failure to include a deficiency in this preliminary letter is not intended as a waiver of the issue by Defendant Ardoin. Defendant Ardoin reserves the right to raise any and all deficiencies at a later date in more detail as provided by applicable law. All such rights and remedies are specifically reserved.

Amanda Giglio
July 20, 2023
Page 3

- NAACP-LA-Leg0000077
- NAACP-LA-Leg0000119
- NAACP-LA-Leg0000122

Other puzzling redactions appear throughout the production, such as on BVM-LA-Leg0001607. Please advise as to the rationale behind these redactions and/or supplement your production with unredacted copies accordingly.

The redactions in BVM-LA-Leg0003067 are particularly problematic. BVM-LA-Leg0003067 appears to be a screenshot or pdf of a spreadsheet listing funding requests and the status of each for funding applications submitted to BVM between 1/1/2021 to 12/31/2022.[2] The columns entitled "Awarded Amount," "Applying Organization," "Billing Zip/Postal Code," and "501c(3) or 501(c)(4)" are wholly redacted. This information is not privileged or proprietary to BVM in any way, and is essential for Defendant Ardoin to adequately assess BVM's standing in this matter. Simply providing the "Organization County" for some, but not all, unidentified applying organizations for a limited period of time is wholly insufficient. BVM must supplement its response and provide this spreadsheet in native format for the full time-frame requested (from 2019, when BVM purportedly first had a presence in Louisiana, through the present) as soon as possible.

### IV. Organizational Plaintiffs' failure to adequately answer Interrogatory No. 3.

Organizational Plaintiffs' responses to Interrogatory No. 3 fails to identify the district-specific membership information requested. A district-specific member list is critical for Defendant Ardoin to adequately assess the standing of the Organizational Plaintiffs in this matter. In full, Interrogatory No. 3 provides:

**INTERROGATORY NO. 3**

As to each Louisiana State House and State Senate District at issue in the Complaint, and for each Organizational Plaintiff, state the following identifying to which district the response relates:

(a)  Identify the members of your organization living in each challenged district;

(b)  For your organization, list events, presentations, or other programs that the Organizational Plaintiff has held in each challenged district since January 2008;

---

[2] Confusingly, the title of this spreadsheet is "3/21 Monthly report." Given the contradictory title of the document, please confirm whether this understanding of the timeframe of applications listed in BVM-LA-Leg0003067 is correct.

Amanda Giglio
July 20, 2023
Page 4

    (c)    Identify all facts and all documents on which you intend to rely to support your organization's standing with respect to each challenged district; and

    (d)    Identify and produce any and all communications between your organization and its members in each challenged district.

Organizational Plaintiffs' responses to this Interrogatory fail to connect the dots between members and the districts at issue in this case. BVM's written response only identifies some of the "many local organizations in Louisiana" that BVM purportedly partners with and does not specify which state House and Senate districts those member organizations operate or have members in. BVM purportedly produced a list of grants it issued to partner organizations in 2021 and 2022 within Louisiana; however, as described *supra*, the list provided at BVM-LA-Leg0003067 is needlessly redacted. BVM also fails to adequately address the other sub-parts of Interrogatory No. 3. For example, BVM does not list any specific events, presentations, or other programs other than vague examples from February 2022 that BVM has held in each challenged district since 2019 as requested by sub-part (b).

    Louisiana NAACP's written response to Interrogatory No. 3 also misses the mark. Louisiana NAACP claims to have 5,000 members and 40 local branches with adult members statewide. However, instead of naming individual members that live in each challenged state House and Senate district, NAACP summarily claims that it "has identified members who reside in each of the districts challenged in this litigation." This is not a sufficient response that would allow Defendant Ardoin to adequately address Louisiana NAACP's standing. Identification of particular members in each particular state House and Senate district challenged here is required. As Louisiana NAACP claims to have already identified those members, supplementing this response should not be difficult.

    If Organizational Plaintiffs fail to timely supplement their responses and provide responsive information regarding their activities in specific State House and State Senate districts, Defendant Ardoin will be forced to subpoena BVM's "partners" and the NAACP Louisiana State Conference's individual chapters to obtain that information so that Defendant Ardoin can adequately address Organizational Plaintiffs' standing.

### V.    Request for additional custodians.

    According to BVM's written responses, it has designated Omari Ho-Sang and Keturah Butler-Reed as custodians. Defendant Ardoin hereby requests an additional custodian for BVM: April England-Albright.

    Ms. England-Albright is the signatory of BVM's interrogatories and, therefore, has sworn under penalty of perjury that she has personal knowledge of the information that Defendant Ardoin seeks in his First Set of Discovery. We look forward to Ms. England-Albright's production.

Amanda Giglio
July 20, 2023
Page 5

      Please provide the supplementation requested herein or schedule a time to meet and confer on these issues by **Tuesday, July 25, 2023**.

                Sincerely,

                Phillip J. Strach

cc: All counsel.