# Exhibit 4

July 25, 2023

**VIA E-MAIL**

Phillip J. Strach
Nelson Mullins
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603
Phil.strach@nelsonmullins.com

**Re:**   *Nairne v. Ardoin*, No. 3:22-cv-00178

Counsel,

Plaintiffs are in receipt of your July 20, 2023 letter addressing various concerns about Plaintiffs' Responses to Defendant Ardoin's First Set of Interrogatories and First Set of Requests for Production of Documents.

As an initial matter, Plaintiffs provide the following information about the status of their document productions and privilege log. Plaintiffs are in the process of preparing a privilege log to accompany the recent production, and hope to be able to provide Defendants with a copy of that privilege log within the week. Moreover, a second rolling production of documents from Plaintiff Black Voters Matter ("BVM") and Plaintiff The Louisiana Chapter of the NAACP (the "NAACP") will be produced by this Friday, July 28, 2023. Additionally, Plaintiffs will be providing additional materials from BVM custodians Omari Ho-Sang and Keturah Butler-Reed; and as explained below, Plaintiffs have started the process of collecting materials from additional BVM custodian Ms. England-Albright. Plaintiffs expect to make a third rolling production that includes those materials by August 4, 2023.

With that, Defendants should have in their possession all responsive documents from Plaintiffs well in advance of the September 2, 2023 fact discovery deadline in this matter.

Plaintiffs address each of the specific concerns raise by Defendants in turn below.

**I.   Color Document Production**

Defendants object to Plaintiffs' production of documents in grayscale, not color. Plaintiffs do not have any obligation to produce documents in color, and wholescale reproduction of Plaintiffs' documents would impose an undue burden on Plaintiffs. That said, Plaintiffs will produce the document specifically flagged--BVM-La-Leg0001300 through BVM-LA-Leg0001347--in color as part of their second rolling document production, expected by July 28,

Phillip J. Strach
July 25, 2023
Page 2

_____

2023. To the extent there are additional specific documents already produced where Defendants can identify specifically why color would be helpful, please provide the associated bates number range, and Plaintiffs will make our best efforts to provide color reproductions of those documents. Going forward, Plaintiffs will endeavor to provide future supplemental productions in color.

## II.    Documents Linked in Emails

Defendants identified five (5) documents where Defendants allege that the linked materials embedded in the Plaintiffs' produced emails have not been produced. Those documents are: (1) BVM-LA-Leg0001483; (2) BVM-LA-Leg0001533; (3) BVM-LA-Leg0001686; (4) BVM-LA-Leg0002313; and (5) BVM-LA-Leg0002458. Plaintiffs note it appears that the links to the documents within the emails are accessible within the version of the documents provided to Defendants. But in an abundance of caution, Plaintiffs will provide separate copies of these documents as follows:

1. The documents accessible by the links found in BVM-LA-Leg0001483; BVM-LA-Leg0001686; and BVM-LA-Leg0002458 will be produced in the third rolling document production, expected by August 4, 2023. Plaintiffs anticipate the production of these documents as custodial files of Omari Ho-Sang. Plaintiffs believe that producing the documents in this manner will allow for metadata to be captured and provided.

2. The document linked in BVM-LA-Leg0001686 will be produced as part of their second rolling document production, expected by July 28, 2023. This document was originally a PDF as shared in the link. The document itself does not contain the same metadata as the other documents.

3. The document that is linked within the email bates labeled BVM-LA-Leg0001533 refers to materials related to the redistricting of the Congressional map. As such, that document is not relevant to this matter or responsive to any request for production. It will not be produced.

## III.   Plaintiffs' Redactions

Defendants have raised concerns about certain of Plaintiffs' redactions, specifically identifying BVM-LA-Leg-0001607 and BVM-LA-Leg0003067. The redactions in both these documents relate to amounts of money spent on general work of BVM within Louisiana and the amounts of grants BVM has made to its Louisiana partners. The specific amounts of the grants constitute confidential financial information that has no relevance to the instant litigation. Additionally, tax status of BVM Louisiana partners has no relevance to any claims in this matter. Plaintiffs are not obligated to provide this information. However, to avoid further disputes about this issue, Plaintiffs agree to produced unredacted copies of BVM-LA-Leg-0001607 and BVM-LA-Leg0003067 as part of the second rolling document production, expected by July 28, 2023.

Phillip J. Strach
July 25, 2023
Page 3

      BVM-LA-Leg0003067 is a complete list of all BVM's Louisiana partners who received any Black Voters Matter grant funding from January 1, 2021 through December 31, 2022. This spreadsheet cannot be produced in its Native Format, as it is part of a much larger report that contains irrelevant information about BVM yearly grants to partners in other states *besides* Louisiana. It would be burdensome and harassing for BVM to have to provide that irrelevant, confidential, financial information. To fulfill its obligations without producing irrelevant, confidential information, Plaintiffs are producing screen shots of all the information maintained in these reports about grants to all BVM Louisiana partners.

      Defendants also take issue with the time period covered by BVM-LA-LEG0003067, claiming that BVM must produce the data from 2019 to present. This data is provided yearly, so the information for 2019 and 2023 is not a part of the produced report. Moreover, it is not responsive. Defendants document requests seek information about BVM's redistricting work related to the state legislative maps. As produced, this document currently includes the names of any partners working with BVM on advocacy related to the redistricting of the state legislative maps. As explained in the early written discovery responses, BVM did not engage in any work related to redistricting until late summer 2021 (i.e., *after* the start date for the data provided in BVM-LA-Leg0003067). And while BVM has been engaged in this litigation in 2023, BVM has not work with any partners on advocacy related to the state legislative maps since the legislative maps at issue were passed and enacted in the spring of 2022. Therefore, information about grant awards outside the time frame provided is not response to any of the Defendants requests.

      The redactions in the NAACP documents are the names of NAACP members. NAACP declines to produce those names and, as such, declines to provide unredacted reproductions of those documents. As courts in the Fifth Circuit have repeatedly recognized, Plaintiffs have a constitutional right to maintain the confidentiality of their members. *See Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ["NAACP"] ("[C]ompelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association). An associational privilege under the First Amendment exists, as is the case here, when discovery "entail[s] the likelihood of a substantial restraint upon the exercise by [a party]'s members of their right to freedom of association." 357 U.S. at 462. Compelled disclosure of a party's membership violates the First Amendment where such disclosure adversely affects the ability of the party and its members to engage in advocacy by inducing members to withdraw and discouraging others from joining. *Id*. at 462-63. Courts in this Circuit have routinely prevented public disclosure of membership lists. *See, e.g., Young Conservatives of Texas Found. v. Univ. of N. Texas,* No. 4:20-CV-973-SDJ, 2022 WL 2901007, at *4 (E.D. Tex. Jan. 11, 2022*)* (limiting the disclosure of member names to party counsel in recognizing the First Amendment right to confidential membership lists). Plaintiffs, therefore, have no obligation to disclose the identities of NAACP members that are constitutionally protected from disclosure.

    **IV.**    **Interrogatory No. 3**

      Defendants assert that organizational Plaintiffs' answers to Interrogatory No. 3 is not sufficient, asserting among other things that not enough information has been provided about the

Phillip J. Strach
July 25, 2023
Page 4

---

location of the members of BVM partner organizations. To be clear, as stated in BVM's initial written responses, BVM does not have any members, nor is BVM seeking standing on the basis of the residence or activities of the members of its partners. BVM, however, is now providing an unredacted version of the list of its Louisiana partners who received grants during a certain relevant time period. This document now provides the specific locations of BVM's partners and their work. Accordingly, this document provides evidence that BVM supports partners operating and working in numerous areas of the state that Plaintiffs have identified as the locations of challenged House and Senate districts from the enacted maps.

To the extent the Interrogatory seeks detailed information about all BVM events, presentations or programs going back to 2019, Plaintiffs object to Integratory No. 3 because it is overly board and burdensome. Not all of the work that BVM has done in Louisiana is relevant to BVM's claims that it has been injured by having to divert resources to address the vote dilution caused by the enacted maps and will have to divert resources in the future to address the ongoing impact of that vote dilution. Plaintiffs, however, will provide supplemental details about some of the events BVM has participated in or supported, including information about locations. BVM State Coordinator, Omari Ho Sang, is currently on personnel leave but she will be returning on Monday, July 31, 2023 and will assist with providing this additional information. Plaintiffs will provide this supplemental Interrogatory response by August 4, 2023.

Additionally, as noted above, Plaintiffs have no obligation to identify individual NAACP members by name. Plaintiffs NAACP, therefore, declines to supplement its response to Interrogatory No. 3.

V.     **Request for Additional Custodians**

Defendants have requested that electronic searches be conducted of materials in the possession of Ms. England-Albright. Ms. England-Albright is the Legal Director of Black Voter Matter Fund, and as such, almost all of the materials in her possession that are responsive and relevant to Defendants' document requests will likely be subject to attorney-client privilege. Plaintiffs, however, agree to run the electronic searches using the search terms provided and will produce any responsive, non-privileged materials from Ms. England-Albright. Plaintiffs will also update the privilege log accordingly.

\* \* \*

Phillip J. Strach
July 25, 2023
Page 5

_____

      If Defendants would like to discuss these matters further, Plaintiffs are willing to meet and confer. If you believe meeting and conferring would be productive, please send us times when you would be available on Thursday or Friday of this week.

Sincerely,

  *-S-*

Sarah Brannon

cc: All Counsel