IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, | |
| *Plaintiffs,* | Civil Action No. 3:22-cv-00178-SDD-SDJ |
| v. | Chief Judge Shelly D. Dick |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | Magistrate Judge Scott D. Johnson |
| *Defendant.* | |

# DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana, pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 7, files this responsive Memorandum in Opposition to Plaintiffs' Motion for Protective Order, D.E. 119 (hereinafter the "Motion"), and materials Plaintiffs filed in support of their Motion, D.E.s 119-1–119-8. As shown herein, Plaintiffs' Motion is premature and binding precedent requires production of Plaintiff National Association for the Advancement of Colored People Louisiana State Conference ("Louisiana NAACP") membership information.

**I.    Louisiana NAACP's Motion should be denied as premature and in violation of Rule 26(c)(1) of the Federal Rules of Civil Procedure.**

As a preliminary matter, Louisiana NAACP's Motion should be denied in its entirety for failure to follow the mandatory procedure set forth in Rule 26(c)(1) of the Federal Rules of Civil Procedure. Rule 26(c)(1) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has *in good faith* conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

1

Fed. R. Civ. P. 26(c)(1) (emphasis added).

After exchanging preliminary letters regarding Plaintiffs' deficient discovery responses, on Tuesday, August 8, 2023, Plaintiffs informed the parties that they intended to file a Motion for Protective Order that same day. (D.E. 119-7 – Ex. 5, Aug. 2023 Email Correspondence). Plaintiffs gave the parties a mere five hours to respond with a position—initially without offering any potential time to discuss. (*Id.*). Shortly thereafter, counsel for Defendant indicated that Secretary Ardoin intended to respond in writing to Plaintiffs' July 25, 2023 letter and August 8, 2023 email by Friday, August 11, 2023, but that counsel of choice for Defendant Ardoin was in a jury trial that week that limited availability. (*Id.*). Counsel for Plaintiffs responded with times for a potential meet and confer that Defendant's counsel had previously stated they were unavailable for due to pre-existing trial obligations. (*Id.*). In response, counsel for Defendant then reasserted that Secretary Ardoin intended to respond in writing by Friday and offered to set up a time to meet and confer via phone on Monday, August 14, 2023 to potentially resolve or narrow the issues. (*Id.*). Instead of working on a mutually-agreeable date to meet and confer with counsel for Secretary Ardoin, Plaintiffs filed their Motion for Protective Order on Wednesday, August 9, 2023.[1] (D.E. 119). Plaintiffs did not follow the mandatory procedure set forth in Rule 26(c)(1) of the Federal Rules of Civil Procedure and their Motion was made in bad faith. For this reason alone, Plaintiffs' Motion should be denied in its entirety.

---

[1] In contrast to Plaintiffs' failure to meet and confer prior to filing their motion, counsel for Defendant requested a time to meet and confer prior to filing this response. The conference was held on August 16, 2023, at 9:00 a.m. CDT via online video conferencing. During the call, counsel for Defendant voiced concerns regarding Plaintiffs' intention to affirmatively use evidence regarding its members while simultaneously seeking to prevent Defendant from obtaining discovery regarding the same. Counsel for Plaintiffs responded that to prove Louisiana NAACP's standing, all Louisiana NAACP had to do was identify members in each district internally and that Defendant just had to trust that Louisiana NAACP has members in each district. This representation flies in the face of standard discovery practices, and certainly does not accurately reflect the standing doctrine in vote dilution cases. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 216, 110 S. Ct. 596, 599, 107 L. Ed. 2d 603 (1990) (holding than an affidavit was insufficient to establish standing where it failed to identify the individuals actually harmed).

2

**II.     Plaintiffs have failed to account for binding precedent that requires identification of individual members in each district at issue in the Amended Complaint.**

Rule 26(c)(1) also requires the party moving for a protective order to establish "good cause" for the order. Fed. R. Civ. P. 26(c)(1). "'Good cause' exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. 22-2398, 2023 WL 156876, *7 (E.D. La. Jan. 11, 2023) (quotation omitted). Plaintiffs' Motion and Memorandum in Support fails to account for binding precedent that requires identification of individual members in each district at issue in a vote dilution case and, therefore, Plaintiffs fail to establish good cause for their overbroad proposed protective order.

Louisiana NAACP's purported rationale for a protective order here is implication of its First Amendment associational rights. However, courts have found "good cause" to protect First Amendment associational rights only in certain fact-specific scenarios when a discovery order "entail[s] the likelihood of a substantial restraint upon the . . . right to freedom of association." *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Determining whether a substantial restraint exists to prevent disclosure requires a balancing of certain factors, including "(1) the importance of the information sought to the issues in the case, (2) the availability of the information from alternative sources, (3) the substantiality of the First Amendment interests at stake, and (4) whether the request is carefully tailored to avoid unnecessary interference with protected activities." *Young Conservatives of Texas Found. v. Univ. of N. Texas*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, *3 (E.D. Tex. Jan. 11, 2022) (internal citations omitted). A balancing of the interests here shows that production of membership information—at the very least, identification

of members residing in each state House and state Senate district challenged in the Amended Complaint, D.E. 14[2]—is crucial for Defendant to properly defend this vote dilution case.

Specifically, the information sought here is vital to Defendant's defense. Louisiana NAACP's sworn interrogatory responses served on July 3, 2023, state that Louisiana NAACP asserts associational standing on behalf of its members who purportedly "reside in the challenged districts resulting from the enacted maps and their votes are diluted." (D.E. 119-4, p. 11). Given this representation, Louisiana NAACP has an affirmative duty to prove it has standing to bring this action on behalf of its members. *See United States v. Hays*, 515 U.S. 737, 744–745 (1995); *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010). The United States Supreme Court has repeatedly held that proof of associational standing in redistricting cases with vote dilution claims requires an organizational plaintiff to prove that individual members live in each challenged district. *Alabama Legis. Black Caucus v. Alabama*, 575 U.S. 254, 263 (2015) (reaffirming *United States v. Hays*, 515 U.S. 737, 744–745 (1995)); *see Gill v. Whitford*, 138 S. Ct. 1916, 1931–32 (2018) (providing that a plaintiff must reside in a challenged district in order to have standing to challenge it as dilutive). Accordingly, Plaintiffs must produce membership information to prove that Louisiana NAACP actually has members in each challenged district or Defendant Ardoin cannot properly defend this case. *See Alabama Legis. Black Caucus*, 575 U.S. at 263 (requiring the trial court on remand to "reconsider the Conference's standing by permitting the Conference to file a list of members and permitting the State to respond"). Defendant cannot obtain the information from other sources and would be prejudiced at trial if

---

[2] Plaintiffs' Amended Complaint alleges that Louisiana's legislative maps "dilute votes of members of the Louisiana NAACP[;]" that Louisiana NAACP's "members have been and, if the State Maps are not enjoined, will continue to be harmed by the State Maps as the State Maps impermissibly dilute their votes[;]" and that S.B. 1 and H.B. 14 "den[y] or abridge[] the Plaintiffs' and/or their members' right to vote on account of their race and color[.]" (D.E. 14, ¶¶ 42–45).

4

Plaintiffs were allowed to present evidence regarding Louisiana NAACP's members that Defendant does not have access to.

The cases Plaintiffs cite in support of their Motion either do not involve vote dilution claims or do not support Plaintiffs' requested relief. (*See* D.E. 119-2). For example, *National Association for Advancement of Colored People v. State of Alabama*, 357 U.S. 449, 451–52 (1958) involved the applicability of corporate registration statutes for foreign companies conducting business in the state of Alabama. In their complaint, the NAACP alleged that the Alabama Attorney General was effectively attempting to oust the NAACP from the state. *Id.* The Court was not facing the well-established standing principles in vote dilution cases that have since developed and are directly applicable here. *See, e.g., City of Kyle, Tex.*, 626 F.3d at 237 (denying associational standing for organizations that failed to identify any members in challenged districts); *see EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (requiring a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" for entry of a protective order (internal quotation omitted)). The same facts are not present here. In fact, Plaintiffs here intend to affirmatively put on evidence at trial regarding Louisiana NAACP's members. *See infra* Part III.

**III. At a minimum, Plaintiffs should be barred from presenting evidence on Louisiana NAACP's members if it chooses to assert its First Amendment privileges.**

Plaintiffs cannot have their cake and eat it too. If the Court is inclined to enter a protective order preventing Defendant from obtaining information regarding Louisiana NAACP's membership, Plaintiffs should be held to the same standard. The proposed order, as written, is improperly one-sided and inequitable. (*See* D.E. 119-9).

In its Responses to Defendant's First Set of Discovery to Organizational Plaintiffs, Louisiana NAACP states that the "testimony" of NAACP President Michael McClanahan "will include information about the Louisiana NAACP's . . . *members* . . . ." (D.E. 119-4, p. 7 (emphasis added)). The Responses further assert general statements regarding membership that Defendant has no way of verifying. (*Id.* at pp. 7–9 (providing that Louisiana NAACP "has approximately 5,000 members throughout the state, including Black Louisianians who are registered voters[;]" that its members "live in nearly every region of the state, including all the disputed areas in this matter[;]" and that it "has identified members who reside in each of the districts challenged in this litigation.")). Plaintiffs' Fact Witness List, served on the parties on August 14, 2023, confirms that Plaintiffs expect to call Mr. McClanahan at trial. A true and correct copy of Plaintiffs' Fact Witness List served on Defendant is attached hereto as **Exhibit 1**. Given these representations, it is wholly inappropriate for this Court to limit or bar Defendant's access to Louisiana NAACP's membership information, but allow Louisiana NAACP to put on evidence regarding its "members" at trial. Plaintiffs must either produce Louisiana NAACP's membership information or be barred from introducing evidence regarding the same at trial. If the Court is inclined to grant Plaintiffs' Motion, the Court should enter Defendant's proposed order, attached hereto as **Exhibit 2**, in lieu of Plaintiffs' proposed order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Protective Order should be denied in its entirety. Alternatively, to the extent that this Court grants any part of Plaintiffs' Motion, the Court should enter Defendant's proposed order, attached hereto as **Exhibit 2**.

Respectfully submitted, this the 16th day of August, 2023.

/s/ Phillip J. Strach
Phillip J. Strach*
phil.strach@nelsonmullins.com
*Lead Counsel*
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800

/s/ *John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
Email: john@scwllp.com

*Admitted pro hac vice

*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*