UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>    *Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, *et al.*<br><br>    *Defendants.* | Case No. 3:22-cv-00178-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**[PROPOSED] ORDER**

This case comes before the Court on the motion of Plaintiff NAACP Louisiana State Conference (the "NAACP") for a protective order. Dkt. No. 119. The NAACP invokes its First Amendment privilege as a bar to discovery concerning its members, including any discovery to ascertain names or other identifying information of members.

Assuming the NAACP has satisfied any applicable threshold showing necessary to trigger First Amendment scrutiny, the Court analyzes whether (and to what degree) discovery can be narrowly tailored to an important governmental objective. *See Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2385 (2021). The Court has a compelling interest in ensuring that litigants who present evidence on subject matters of their own choosing may not use a privilege "as both a sword and a shield." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999). Along similar lines, cross-cutting principles of anticipatory waiver apply to evidentiary privileges founded in the

Constitution. *See, e.g.*, *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992).

As applied to this case, those principles direct a fair resolution of this discovery dispute. On the one hand, the NAACP may assert (and has asserted) privilege to protect information concerning its members from discovery. On the other hand, the NAACP may not at the same time introduce evidence concerning its members on a selective basis.

Accordingly, the Court ORDERS as follows:

1. Defendants' discovery requests seeking information concerning NAACP members are hereby STRICKEN, and discovery is forbidden into the subject matter of the NAACP's members;

2. All evidence regarding Louisiana NAACP's members is hereby STRICKEN, and all parties are forbidden from introducing evidence at any stage of these proceedings concerning the subject matter of the NAACP's members.

This the ___ day of _____, 2023.

_____
UNITED STATES MAGISTRATE JUDGE