IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

## JOINT REQUEST FOR A STATUS CONFERENCE

On August 21, 2023, counsel for all of the parties to this action met and conferred regarding Plaintiff NAACP Louisiana State Conference's request for a protective order precluding discovery of personally identifiable information of its members. The parties discussed a number of options for resolving the discovery dispute Plaintiff's request but were unable to come to an agreement. The parties believe that it would be helpful to have the Court's assistance and guidance in their effort to reach an agreement and obviate the need for the Court to resolve the dispute. Accordingly, the parties jointly request a status conference to address the NAACP's request for a protective order.

In support of this request, the parties provide the following summary of their positions and the status of their discussions.

1. The Louisiana NAACP considers the identities of its members and their addresses to be privileged. As such, the Louisiana NAACP will not produce that information absent a court order. Defendants' position is that Plaintiffs have placed this information about its members at issue in this case by asserting associational standing and introducing evidence concerning them in their discovery responses, and that Defendants are therefore

   entitled to seek relevant information regarding those members.

2. The Louisiana NAACP will not agree to Defendant Ardoin's proposal to produce the member identities and addresses under a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY, with a corresponding stipulation that any such information must be filed with the Court under seal.

3. Each of the parties has proposed a resolution, but they have not been able to reach an agreement.

    a. The Legislative Intervenors submit the following statement:

    Legislative Intervenors offered to stipulate that they would not seek any discovery about the identity of the Louisiana NAACP's members if the Louisiana NAACP would stipulate that it would not seek to submit any further evidence regarding its membership other than what is already stated in their interrogatory responses. Legislative Intervenors do so without admitting that any information the Louisiana NAACP presents is factually accurate or waiving any argument that the information contained in the interrogatory responses does not establish the Louisiana NAACP's standing in this case.  The Louisiana NAACP does not agree.  Rather, the Louisiana NAACP seeks to admit further evidence about its membership that it claims is "substantially similar" to what is in its interrogatory responses without revealing the specific personal information of its members. First, it is unclear what the Louisiana NAACP believes to be "substantially similar."  Second, the Louisiana NAACP cannot use any first amendment privilege as both a sword and a shield.  They cannot put forth some information about their membership, and deny Legislative Intervenors the ability to conduct discovery about their membership including testing the veracity of the evidence that is submitted, which requires discovery about individual members to ensure that any general statements about them are in fact accurate.  This is important,

      given that in asserting associational standing, the Louisiana NAACP is asserting claims for the individual injury of particular members in particular districts. By opening that door, Legislative Intervenors must be entitled to conduct discovery about the individual members on their purported Section 2 injury.

    b. The Louisiana NAACP submits the following statement:

      The Louisiana NAACP offered to stipulate that while it is entitled offer non-privileged evidence about its membership similar to what was provided in its response to the Secretary of State's interrogatory, it would not seek to rely on any personal information of its members that is protected by the First Amendment. The NAACP believes Defendants may take discovery concerning any non-protected information regarding its members but are not entitled to discovery of the protected information. Defendants disagree and seek member names and addresses, as well as birth dates and voting choices, information that the NAACP generally does not have and that could only be obtained by questioning individual members. Plaintiff rejects the Intervenors' sword and shield analogy. Plaintiffs have not sought to selectively waive the protections of the First Amendment; rather, it seeks to establish standing through purely non-protected information concerning their members, for example by identifying the Louisiana House and/or Senate districts they reside in, which is not protected, without revealing their names or addresses, which could expose them to harassment or retribution and is therefore protected by the First Amendment.

The parties propose holding the conference on any time on Friday, August 25, or at another time convenient to the Court.

DATED: August 23, 2023                                Respectfully submitted,

/s/ Stuart Naifeh

| | |
|---|---|
| John Adcock (La. Bar No. 30372)<br>Adcock Law LLC<br>Louisiana Bar No. 30372<br>3110 Canal Street<br>New Orleans, LA 701119<br>jnadcock@gmail.com | Stuart Naifeh*<br>Leah Aden*<br>Victoria Wenger*<br>NAACP Legal Defense & Educational Fund<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>snaifeh@naacpldf.org<br>laden@naacpldf.org<br>vwenger@naacpldf.org |
| Ron Wilson (La. Bar No. 13575)<br>701 Poydras Street, Suite 4100<br>New Orleans, LA 70139<br>cabral2@aol.com | |
| Nora Ahmed (N.Y. Bar. No. 5092374)<br>ACLU Foundation of Louisiana<br>1340 Poydras St., Suite 2160<br>New Orleans, LA 70112<br>NAhmed@laaclu.org | I. Sara Rohani*<br>NAACP Legal Defense & Educational Fund<br>700 14th Street, Suite 600<br>Washington, DC 20005<br>srohani@naacpldf.org |
| Sarah Brannon*<br>Megan C. Keenan**<br>American Civil Liberties Union Foundation<br>915 15th St. NW<br>Washington, DC 20005<br>sbrannon@aclu.org<br>mkeenan@aclu.org | Sophia Lin Lakin*<br>Dayton Campbell-Harris**<br>Luis Manuel Rico Román**<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>slakin@aclu.org<br>dcampbell-harris@aclu.org<br>lroman@aclu.org |
| Michael de Leeuw*<br>Amanda Giglio*<br>Cozen O'Connor<br>3 WTC, 175 Greenwich St.,<br>55th Floor<br>New York, NY 10007<br>MdeLeeuw@cozen.com<br>AGiglio@cozen.com | T. Alora Thomas-Lundborg*<br>Election Law Clinic<br>Harvard Law School<br>6 Everett Street, Ste. 4105<br>Cambridge, MA 02138<br>tthomaslundborg@law.harvard.edu |
| Josephine Bahn**<br>Cozen O'Connor<br>1200 19th Street NW<br>Washington, D.C. 20036<br>JBahn@cozen.com<br>*Attorneys for Plaintiffs*<br>*Admitted Pro Hac Vice<br>**Pro Hac Vice Motion Forthcoming | *Counsel for Plaintiffs* |

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

/s/ Phillip J. Strach*
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough St, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Counsel for Defendant*
**Admitted Pro Hac Vice*

/s/ Michael W. Mengis
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114

/s/ Erika Dackin Prouty
Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

(216) 621-0200
plewis@bakerlaw.com

\* *Admitted pro hac vice*

| | |
|---|---|
| /s/ Jeffrey M. Wale<br>Elizabeth B. Murrill (LSBA No. 20685)<br>Solicitor General<br>Shae McPhee (LSBA No. 38565)<br>Angelique Duhon Freel (LSBA No. 28561)<br>Carey Tom Jones (LSBA No. 07474)<br>Amanda M. LaGroue (LSBA No. 35509)<br>Jeffrey M. Wale (LSBA No. 36070)<br>OFFICE OF THE ATTORNEY GENERAL<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third St.<br>Baton Rouge, LA 70804<br>(225) 326-6000 phone<br>(225) 326-6098 fax<br>murrille@ag.louisiana.gov<br>mcphees@ag.louisiana.gov<br>freela@ag.louisiana.gov<br>jonescar@ag.louisiana.gov<br>lagrouea@ag.louisiana.gov<br>walej@ag.louisiana.gov | Jason Torchinsky (DC 976033)<br>Phillip M. Gordon (DC 1531277)<br>Dallin Holt (VSB 97330)<br>Brennan Bowen (AZ 36639)\*<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK PLLC<br>15405 John Marshall Hwy<br>Haymarket, VA 20169<br>Telephone: (540) 341-8808<br>Facsimile: (540) 341-8809<br>jtorchinsky@holtzmanvogel.com<br>pgordon@holtzmanvogel.com<br>dholt@holtzmanvogel.com<br>bbowen@holtzmanvogel.com<br><br>Counsel for Intervenor-Defendant State of Louisiana |