# **Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, | Civil Action No. 3:22-cv-00178-SDD-SDJ |
| *Plaintiffs,* | |
| v. | Chief Judge Shelly D. Dick |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | Magistrate Judge Scott D. Johnson |
| *Defendant.* | |

## CONSENT PROTECTIVE ORDER

THIS MATTER COMING BEFORE THE COURT upon the consent of the parties to enter a protective order governing the production of certain materials in connection with this matter, and the parties appearing to have consented to the terms thereto, the Court enters the following protective order.

1. This Agreement shall govern the production and exchange of the Parties' documents, and any testimony relating to such documents, that reflect the Parties' confidential information, specifically including answers to requests for admission, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. In addition, the terms of this Agreement shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things. To fall within the scope of this Agreement, all such Confidential material shall be designated as "CONFIDENTIAL," as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY."

2.       As a general guideline, "CONFIDENTIAL" information shall be those things that may be disclosed to the Plaintiffs and Defendants for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by the Court, once designated as "CONFIDENTIAL," such information shall be used by the Parties solely in connection with this litigation, and not for any political, business, commercial, competitive, personal, governmental, or other purpose or function whatsoever, and such information shall not be disclosed to anyone except as provided herein. The producing Party may designate as "CONFIDENTIAL" any material that it produces in the litigation which it believes constitutes, contains, reflects, or discloses confidential, non-public trade secrets, competitively sensitive or proprietary information, research and analysis, development or commercial information, or other information for which a good faith claim of need of protection from disclosure can be made.

3.       As a general guideline, "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" information shall be those things that may be disclosed only to outside attorneys of the receiving party who are not also employees of the receiving party. Absent a specific order by the Court, once designated as "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY," such information shall be used by the Parties solely in connection with this litigation, and not for any political, business, commercial, competitive, personal, governmental, or other purpose or function whatsoever, and such information shall not be disclosed to anyone except as provided herein. The producing Party may designate as "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" (a) any non-public personal information or (b) any CONFIDENTIAL material that the producing Party reasonably and in good faith believes to be extremely sensitive confidential and/or proprietary information, disclosure of which to a Party or another non-party would create a substantial risk of significant competitive or business injury.

4. All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" information and material covered by this Agreement shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons as provided herein. However, information may be kept in the law offices of the respective counsel without additional security measures beyond those typically accorded client files.

5. All counsel for the Parties who have access to information or material designated as CONFIDENTIAL" or -HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" under this Agreement acknowledge that they are bound by this Agreement and submit to the jurisdiction of this Court for the purposes of enforcing this Agreement.

6. No designated confidential material shall be reproduced except as required in connection with the litigation of this case. Any person making, or causing to be made, photocopies, excerpts, blow-ups, or demonstrative material reflecting any designated confidential material (such as charts or diagrams) shall make certain that each such item bears the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" marking. All copies, extracts, or summaries prepared from designated confidential materials produced hereunder shall be subject to the same terms of this Agreement as the designated confidential material from which such copies, extracts, or summaries were prepared.

7. Entering into, agreeing to, and/or producing or receiving information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTRNEYS' EYES ONLY" in compliance with the terms of this Agreement shall not:

    a. Operate as an admission by any Party that any particular information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" contains or

    reflects trade secrets, proprietary or commercially-sensitive information, or any other type of confidential information;

b. Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY";

c. Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement;

e. Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Agreement;

f. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information; and

g. Prevent the Parties to this Agreement from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided herein with respect to any particular information or material.

8. This Agreement has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information or the disclosure of a Party's information to the

Party or the Party's employees for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information, or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" obtained lawfully by such Party independently of any proceedings in this action, or which:

    a.    Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

    b.    Is or becomes publicly known through no fault or act of such Party; or

    c.    Is rightfully received by such Party from a third Party which has authority to provide such information or material and without restriction as to disclosure.

9.    For purposes of this Agreement, the word "document(s)" shall have the same meaning ascribed to the word "document" in Rule 34 of the North Carolina Rules of Civil Procedure.

10.    Information and documents containing information subject to this Agreement may be used as exhibits or otherwise during depositions and trial in this litigation. Any non-party witness shown Confidential information during a deposition, hearing, or trial in this litigation shall, prior to being shown the Confidential information, be asked to state under oath on the record, or shall execute an affidavit or declaration in the form attached as Exhibit A, that he or she has agreed to be bound by this Agreement.

11.    Information or material designated as "CONFIDENTIAL" may be disclosed, summarized, or otherwise made available in whole or in part only to the following persons:

    a.    counsel of record for the Parties and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

    b.    Plaintiffs, Defendants, and employees of the Plaintiffs or Defendants;

    c.    consulting or testifying experts retained for purposes of this litigation, who have signed a document in the form attached as Exhibit A to this Order,

    d.    the Court;

    e.    court reporters employed in connection with this action;

    f.    any other person only upon order of the Court or upon prior written consent of the Party producing the confidential information or material.

12.    Information or material designated as "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed, summarized, or otherwise made available in whole or in part only to the following persons:

    a.    outside counsel of record for the Parties and regular and temporary employees of such outside counsel to whom it is necessary that the information or material be shown for the purposes of this litigation, but not including any employee of a Party to this litigation;

    b.    the Court;

    c.    court reporters employed in connection with this action;

    d.    any other person only upon order of the Court or upon prior written consent of the Party producing the confidential information or material.

13.    The terms of this order are applicable to information produced by a non-Party in the litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE

ATTORNEYS' EYES ONLY," as applicable. Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Agreement. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

14. Nothing in this Agreement shall prevent any Party from producing any document or information in its possession in response to a lawful subpoena or other compulsory process, provided that prompt notice of the subpoena or compulsory process shall be given to the Party or who produced the information in this litigation. That notice shall be given prior to the date that the Party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought. A Party who receives a lawful subpoena or other compulsory process will cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose "CONFIDENTIAL" or "HIGHLY CONFIDENT1AL/OUTSIDE ATTORNEYS' EYES ONLY" information may be affected.

15. Inadvertent failure to designate material as Confidential material at the time of production may be remedied by supplemental written notice. Once such notice is received, all documents, material, or testimony so designated shall be treated as if they had been initially designated as Confidential material. Notwithstanding such notice, if prior to receipt of the notice. Confidential material has been disclosed or used in a manner inconsistent with the provisions of this Agreement, it shall be deemed a limited disclosure which shall not be considered a violation of this Agreement. Upon receipt of such notice, the designated material shall thereafter be considered subject to this Agreement.

16. The provisions of this Agreement shall remain in full force and effect following the conclusion of this litigation until or unless this Agreement is modified or vacated by the Court, or upon written consent of counsel for the Parties.

17. Within sixty (60) days after the conclusion of this litigation (whether by settlement, dismissal or final judgment, after any appeals are concluded or the time for further appeal has expired) all originals and reproductions of Confidential material subject to this Agreement shall be destroyed by the receiving party's counsel or returned to the producing party. Counsel for the receiving party shall certify to counsel for the producing party within said sixty (60) day time period that such destruction or return has taken place. Notwithstanding this provision, counsel are entitled to retain archival copies of all draft and final pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material subject to this Agreement. Any such archival copies that contain or constitute Confidential material subject to this Agreement will remain subject to this Agreement, including the restrictions on disclosure therein.

18. The Parties agree to be bound by the terms of this Order until such time as the Court rules thereon, and thereafter, the Parties will be bound by the ruling of the Court.

SO ORDERED,

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ <br><br> Chief Judge Shelly D. Dick <br><br> Magistrate Judge Scott D. Johnson |

# **AFFIDAVIT OF CONFIDENTIALITY**

I hereby acknowledge that I am about to receive information designated as "Confidential" supplied in connection with the above-referenced litigation. I have received and read a copy of the Consent Protective Order entered in this case.

I understand and agree to be bound by the terms of the Consent Protective Order, and I agree not to disclose or use this information except in accordance with the terms of the Consent Protective Order. I will not copy or use the Confidential Information I am about to receive except for purposes of this litigation unless such information is or becomes public information in accordance with the terms of the Consent Protective Order.

I understand and agree that the information designated as "Confidential" may only be used for purposes of this litigation only and for no other business,

I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any intentional violation of the Consent Protective Order.

I further agree that, upon termination of this litigation, or sooner if so requested., I will return to counsel all Confidential Information provided to me, including any copies and excerpts of such Confidential Information.

I understand that I am permitted to retain copies of my own work product provided that such materials are maintained and protected in accordance with the terms of the Consent Protective Order.

I understand that failure to abide by the terms of the Consent Protective Order may result in legal action against me.

Date:_____    By:_____

    Name:_____

Address:_____    Present Occupation or Job Description

_____    _____

    Employer:_____

Sworn to before me and subscribed in my presence this \_\_\_\_\_ day of _____,

_____

Notary Public