## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**DR. DOROTHY NAIRNE, et al.**                              **CIVIL ACTION**

**VERSUS**                                                  **NO. 22-178-SDD-SDJ**

**R. KYLE ARDOIN, IN HIS
OFFICIAL CAPACITY AS
SECRETARY OF STATE**

## ORDER

At the parties' request (R. Doc. 136), a video Status Conference was held on August 30, 2023, at 3:00 p.m. before United States Magistrate Judge Scott D. Johnson (R. Doc. 127), and included the following **participants**:

| | | |
|---|---|---|
| **John Adcock** | **John Walsh** | **Efrem Braden** |
| **Stuart Naifeh** | **Michael Mengis** | **Erika Prouty** |
| **Amanda Giglio** | **Alyssa Riggins** | **Robert Tucker** |
| **Sarah Brannon** | Counsel for Defendant | Counsel for Intervenors, |
| **Megan C. Keenan** | | Clay Schexnayder and |
| **Sara Rohani** | **Jeffrey Wale** | Patrick Page Cortez |
| **Victoria Wenger** | Counsel for Intervenor, | |
| Counsel for Plaintiffs | State of Louisiana | |

The Conference stemmed from the Court's recent denial of the NAACP's Motion for Protective Order (R. Doc. 119). The NAACP sought protection from the Secretary of State's discovery requesting the "personally identifiable information of its members." (R. Doc. 126 at 1); (R. Doc. 119-1 at 1). The Motion was denied without prejudice, however, as procedurally defective. (R. Doc. 123) (denied for failure to confer as required by Rule 26(c)(1)).

In its Order, the Court also instructed the parties to truly confer, and to do so in good faith, to resolve the discovery issues raised by the NAACP concerning the discoverability of "personally

C:cv32a; T: 00:44

identifiable information of its members." (R. Doc. 126 at 1). When the parties' additional conference did not resolve the issue, they requested this Status Conference. (R. Doc. 126).

The Court came prepared to hear the parties' positions on the issues outlined in their Motion for Status Conference (R. Doc. 126). And so, it was a pleasant surprise to learn that, after conferring a second time, the parties have resolved the discovery issue first raised in the Motion for Protective Order. (R. Doc. 119) (objecting to the discoverability of NAACP members' identities); (R. Doc. 127) (Order setting the Conference also required parties to confer again before the Conference).

While the parties had not yet exchanged language at the time of the Conference, they had reached a 'conceptual agreement' on the issue — i.e., the discoverability of the NAACP members' personally identifiable information — and intended to memorialize that agreement in a Stipulation. *See In re Morris Metal Prod. Corp.*, 4 F.2d 1003, 1004 (2d Cir. 1924) ("A 'stipulation' is an agreement between counsel respecting business before the court."); Black's Law Dictionary (11th ed. 2019) ("an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding").

While the parties were unsure whether they would file their Stipulation in the record, the Court **ORDERS** that any Stipulation agreed on by the parties must be **filed** in the **record** for the Court's review. *See United States v. Navarro*, 54 F.4th 268, 274 n.3 (5th Cir. 2022) ("A court is not bound by the parties' stipulations of law . . . .").

Signed in Baton Rouge, Louisiana, on August 30, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

C:cv32a; T: 00:44