UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DR. DOROTHY NAIRNE, et al.**                              CIVIL ACTION

**VERSUS**                                                  NO. 22-178-SDD-SDJ

**R. KYLE ARDOIN, IN HIS
OFFICIAL CAPACITY AS
SECRETARY OF STATE**

## ORDER

A video Status Conference was held on September 1, 2023, at 11:00 a.m. before United States Magistrate Judge Scott D. Johnson (R. Doc. 127), and included the following **participants**:

| | | |
|---|---|---|
| **Stuart Naifeh** | **John Walsh** | **Efrem Braden** |
| **Megan C. Keenan** | **Alyssa Riggins** | **Erika Prouty** |
| **Sara Rohani** | **John Conine, Jr.** | **Robert Tucker** |
| Counsel for Plaintiffs | **Thomas Farr** | **Patrick Lewis** |
| | Counsel for Defendant, | Counsel for Intervenors, |
| **Philip Gordon** | R. Kyle Ardoin | Clay Schexnayder and |
| **Carey Jones** | | Patrick Page Cortez |
| **Jeffrey Wale** | | |
| Counsel for Intervenor, | | |
| State of Louisiana | | |

After denying the NAACP's Motion for Protective Order (R. Doc. 119) on procedural grounds (R. Doc. 123), the Court held a Conference on August 30, 2023, to discuss the substantive issue that Motion raised — i.e., the discoverability of the "personally identifiable information of its members." (R. Doc. 126 at 1); (R. Doc. 119-1 at 1). At that Conference, the parties explained they had reached a 'conceptual agreement' on the issue and were in the process of exchanging language to memorialize their agreement in the form of a stipulation. On September 1, 2023, however, the

C:cv32a; T: 01:03

parties requested another Conference, as they could no longer agree on the exact language of the stipulation.

At the Conference, the parties explained that, despite their earlier conceptual agreement, negotiations on the exact language to include in their stipulation have come to a stand-still. The Conference lasted over an hour, and each side had multiple opportunities to explain their position to the Court.

The Court offered guidance on the issues presented. While much was discussed, the undersigned finds it important to reiterate the following: Given the litigation's procedural posture, the undersigned is prepared at this time to resolve disputes over the scope of discovery, but not the admissibility or sufficiency of evidence at trial. Those latter issues are for the district judge to decide at or closer to trial.

Finally, the Court discussed the various ways the parties could go about resolving their current discovery dispute—whether by stipulation, as previously planned, or through discovery motions in the event they cannot ultimately agree. The Court also made clear, however, that the parties **must** continue their efforts to **confer in good faith**, and that cooler heads can prevail.

The parties are therefore **ORDERED** to again **confer** — either in-person, by video, or by phone — and make every effort to **resolve** this discovery issue without the Court's involvement. The Court will automatically deny any discovery motion filed before this additional conference has taken place. And as always, the Court **encourages** the parties to **request** a **conference** with the **Court** if its guidance could avoid the need for motion practice.

Signed in Baton Rouge, Louisiana, on September 1, 2023.

*[signature: Scott Johnson]*

    **SCOTT D. JOHNSON**
    **UNITED STATES MAGISTRATE JUDGE**

C:cv32a; T: 01:03