IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, | |
| *Plaintiffs,* | Civil Action No. 3:22-cv-00178-SDD-SDJ |
| v. | Chief Judge Shelly D. Dick |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | Magistrate Judge Scott D. Johnson |
| *Defendant.* | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana ("Defendant"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Civil Rule 7, files this Memorandum in Support of Defendant's Motion to Compel the identification of Plaintiff the National Association for the Advancement of Colored People Louisiana State Conference's ("Louisiana NAACP") members which Louisiana NAACP intends to rely upon for associational standing in this matter. Defendant's written interrogatories propounded to Plaintiffs on July 22, 2022[1], included an interrogatory seeking identification of certain membership information that Louisiana NAACP intended to rely upon to establish associational standing in this matter. Although the parties agreed in principle to a compromise on August 30, 2023, that the Louisiana NAACP would supplement its interrogatory response and then "stipulate not to submit any other evidence than the supplemented interrogatory response to establish that their members would have standing…" (Exhibit 1), Plaintiffs waited until the eleventh hour then reneged on that agreement. In hashing out what Defendant believed was the

---

[1] This matter was stayed before the original discovery deadline was due. Once the stay was lifted, the parties agreed to a short extension of time for Plaintiffs to respond to Defendant Ardoin's First Set of Discovery up to and including July 2, 2023.

1

fine print, the Louisiana NAACP demanded the right to put on hearsay testimony through its President Michael McClanahan about the districts where members reside. This position is irreconcilable with the Louisiana NAACP's written communications amongst counsel, the agreement in principle between the parties, and basic notions of equity and fairness. Either the Louisiana NAACP may shield the identity of its members in discovery and forego the ability to use that information later, regardless of the potential legal ramifications of that decision, or it may respond to Defendant's discovery, and put on testimony and evidence regarding the identity of individual members and their residences. But, as explained in Defendant's Response to Louisiana NAACP's Motion for Protective Order, D.E. 121, and on today's status conference, the Louisiana NAACP simply cannot have its cake and eat it too.

Having engaged in many good-faith efforts to resolve this matter through meeting and conferring with Plaintiffs, including an additional meet and confer pursuant to D.E. 131, Defendant now respectfully requests that this Court order the Louisiana NAACP to supplement Interrogatory No. 3 and identify membership information requested therein.[2] A Proposed Order to this effect is attached as Exhibit 2.

### FACTS SINCE MOTION FOR PROTECTIVE ORDER BRIEFING

Defendant refers to the factual background set forth in Defendant's Response to Louisiana NAACP's Motion for Protective Order, D.E. 121, as if fully set forth herein.

On August 17, 2023, this Court denied Plaintiff's Motion for Protective Order without prejudice as Plaintiff failed to sufficiently confer with its opponents in good faith. (D.E. 123). The Court further ordered the parties to meet and confer by 5:00 p.m. CST on Monday, August 21, 2023 to "resolve the issues raised in the Motion for Protective Order." (*Id*.). Pursuant to the

---

[2] As originally offered to Plaintiffs, Defendant is willing to accept this information under a confidentiality designation and, to the extent it need to be submitted to the court, file any such information under seal.

order, the parties met and conferred on Monday, August 21, 2023. Shortly thereafter, due to failed negotiations, the parties filed a Notice of Request for Joint Status Conference on August 23, 2023. (D.E. 126). The Request was granted and a Status Conference was set for Wednesday, August 30, 2023. (D.E. 127). The parties were also ordered to continue to meet and confer (*Id.*) Pursuant to the Court's order, counsel for Defendant emailed counsel for Plaintiff seeking a time to meet and confer. (Exhibit 1). In response, on Tuesday, August 29, 2023, Plaintiff's counsel offered a compromise that would prohibit all parties from seeking, using, or disclosing Louisiana NAACP's personally identifiable membership information, in exchange for a supplemented interrogatory response. (Exhibit 1). The parties agreed in principle to the stipulation outlined in this correspondence and represented as much to Magistrate Judge Johnson at Status Conference on Wednesday, August 30, 2023. Later that evening, counsel for the Louisiana NAACP circulated a proposed written stipulation, to which counsel for Defendant and Intervenor-Defendants provided proposed redlines the next day. In response, counsel for Louisiana NAACP stated that the redlines were "non-starters" and without revealing any specific issues, demanded a phone call conference to discuss the issues.

At 9:15 a.m. on Friday, September 1, 2023, the parties again met and conferred. In that conference, counsel for Louisiana NAACP insisted that despite the agreement in principle to the contrary, the President of the Louisiana NAACP could testify at trial regarding the personally identifiable membership information of any Louisiana NAACP that waived their privilege between now and trial. Such a carve-out which would allow Mr. McClanahan to testify about information shielded from Defendant gutted the agreement between the parties on the very last day of fact discovery in this case. Now, to have access to the same crucial information as

Plaintiffs, Defendant must file this Motion to Compel despite the numerous attempts to reach an agreement, including as late as this afternoon.

I.    **Legal standard.**

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses under Rule 37 of the Federal Rules of Civil Procedure. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "In sum, a party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (internal quotations and citation omitted).

The party filing the motion to compel "bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) (quotation omitted). "Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Wymore v. Nail,* No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016). Further, "[a] trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) (citation omitted).

4

II.    **By bringing a vote dilution claim, Louisiana NAACP has an affirmative duty to prove associational standing by identifying, at a minimum, members in each district challenged.**

Louisiana NAACP's sworn interrogatory responses served on July 3, 2023, affirmatively states that NAACP asserts associational standing on behalf of its members who purportedly "reside in the challenged districts resulting from the enacted maps and their votes are diluted." (D.E. 119-4, p. 11). It is noteworthy that Louisiana NAACP's proposed supplemental interrogatory response reveals otherwise—that their members reside only in a third of the challenged districts in Louisiana. (Exhibit 1). "An association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the individual members' participation in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 1871 (2000). The United States Supreme Court has repeatedly held that proof of associational standing in redistricting cases with vote dilution claims requires an organizational plaintiff to prove that individual members live in each challenged district. *Alabama Legis. Black Caucus v. Alabama*, 575 U.S. 254, 263 (2015) (reaffirming *United States v. Hays*, 515 U.S. 737, 744–745 (1995)); *see Gill v. Whitford*, 138 S. Ct. 1916, 1931–32 (2018) (providing that a plaintiff must reside in a challenged district in order to have standing to challenge it as dilutive). As set forth in Defendant's Response in Opposition to Louisiana NAACP's Motion for Protective Order, D.E. 121, the cases

cited by Louisiana NAACP in support of its Motion for Protective Order do not recognize these nuances.[3]

Moreover, Plaintiffs' Amended Complaint alleges that Louisiana's legislative maps "dilute votes of members of the Louisiana NAACP[;]" that Louisiana NAACP's "members have been and, if the State Maps are not enjoined, will continue to be harmed by the State Maps as the State Maps impermissibly dilute their votes[;]" and that S.B. 1 and H.B. 14 "den[y] or abridge[] the Plaintiffs' and/or their members' right to vote on account of their race and color[.]" (D.E. 14, ¶¶ 42–45). Given the claims in the complaint, Louisiana NAACP has an affirmative duty to prove it has standing to bring this action on behalf of its members. *See United States v. Hays*, 515 U.S. 737, 744–745 (1995); *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010). Accordingly, Plaintiffs must produce membership information to prove that Louisiana NAACP actually has members in each challenged district or Defendant Ardoin cannot properly defend this case. *See Alabama Legis. Black Caucus*, 575 U.S. at 263.

### III. Louisiana NAACP's First Amendment protections cannot be used as both a sword and a shield.

Louisiana NAACP's purported rationale for refusing the identify its members, even under a confidentiality designation, is implication of its First Amendment associational rights. However, courts have found "good cause" to protect First Amendment associational rights only in certain fact-specific scenarios when a discovery order "entail[s] the likelihood of a substantial restraint upon the . . . right to freedom of association." *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Determining whether a substantial restraint exists to prevent disclosure requires a balancing of certain factors, including "(1) the importance of the information sought to the issues

---

[3] Defendant refers the Court to the arguments made in Defendant's Response and Legislative Intervenor's Response in Opposition to Louisiana NAACP's Motion for Protective Order and Legislative Intervenor's Opposition to Louisiana NAACP's as if fully set forth herein. (D.E. 121, 122).

in the case, (2) the availability of the information from alternative sources, (3) the substantiality of the First Amendment interests at stake, and (4) whether the request is carefully tailored to avoid unnecessary interference with protected activities." *Young Conservatives of Texas Found. v. Univ. of N. Texas*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, *3 (E.D. Tex. Jan. 11, 2022) (internal citations omitted). A balancing of the interests here shows that production of membership information—at the very least, identification of members residing in each state House and state Senate district challenged in the Amended Complaint, D.E. 14—is crucial for Defendant to properly defend this vote dilution case.

Specifically, the information sought here is clearly vital to Defendant's defense and Defendant cannot obtain the information from other sources. Defendant would be prejudiced at trial if Plaintiffs were allowed to present evidence regarding Louisiana NAACP's members that Defendant does not have access to because Plaintiffs themselves shielded Defendant's access.

**IV.    Courts in routinely require disclosure of the NAACP's membership information under some confidentiality designation.**

Defendant's position has remained unchanged throughout the course of this costly discovery dispute. *See* D.E. 121, 122. The most equitable pathways forward to balance the interests of the parties were (1) a mutually-agreeable stipulation to not seek or put on evidence regarding Louisiana NAACP's membership to respect the assertion of its First Amendment privileges; or (2) in the alternative, require Louisiana NAACP to produce its membership under a confidentiality designation via protective order and require the filing of the same to be done under seal. As the first pathway has failed, Defendant is forced to now seek an order from this Court to compel the second.

Courts routinely require disclosure of the NAACP's membership information under some confidentiality designation. *See, e.g., Young Conservatives of Texas Found. v. Univ. of N. Texas*,

7

No. 4:20-CV-973-SDJ, 2022 WL 2901007, *4 (E.D. Tex. Jan. 11, 2022) (requiring identification of members for standing purposes under protective order notwithstanding Plaintiff's First Amendment objections); *Terrebonne Parish Branch NAACP v. Jindal*, No. 14-49-JBB-SCR, 2015 WL 1930454 (M.D. La. Apr. 28, 2015). Particularly on point, is *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-00259, 2022 WL2806850, *8 (W.D. Tex. July 18, 2022), which was cited in Magistrate Judge Johnson in the Order Denying Plaintiffs' Motion for Protective Order. (D.E. 123). In that case, the court required the Texas NAACP to actually identify its members to opposing counsel. Specifically, when the Texas NAACP filed a motion to file an amended complaint under seal after its original complaint was dismissed for lack of standing, the court denied that motion. *Id.* Instead, the Court required the amended complaint to be filed using pseudonyms and ordered the Texas NAACP to "separately file the appropriate identifying information under seal as an exhibit to their amended complaint." *Id.*

Similarly, here Defendant has repeatedly offered to keep Louisiana NAACP's membership list confidential under a protective order. Plaintiffs have denied these offers of compromise while simultaneously maintaining they should be allowed to shield Defendant from all discovery into member identities but pierce that shield at any time they so choose. But the law, and basic principles of fairness in discovery require an equitable solution.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that its Motion to Compel be granted and the Court award any further relief as it deems fair and just.

Respectfully submitted, this the 1st day of September, 2023.

/s/ Phillip J. Strach
Phillip J. Strach*
phil.strach@nelsonmullins.com
*Lead Counsel*
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800

/s/ *John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
Email: john@scwllp.com

*Admitted pro hac vice

*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*