IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>　　　　　　　　*Defendants*. | Civil Action No. 3:22-cv-00178 SDD-SDJ |

## MEMORANDUM IN SUPPORT OF CONSENT MOTION TO DISMMIS PLAINTIFFS JARRETT LOFTON AND ALEXIS CALHOUN

Plaintiffs respectfully move this Court pursuant to Rules 21 and 41(a)(2) of the Federal Rules of Civil Procedure, to allow Mr. Jarrett Lofton and Ms. Alexis Calhoun to withdraw as plaintiffs in this action without prejudice. This motion is made *only* as to those two individual plaintiffs. In support of this Motion, Plaintiffs state as follows:

1.　　Plaintiffs Jarrett Lofton and Alexis Calhoun wish to voluntarily withdraw as plaintiffs in this case.

2.　　Federal Rule of Civil Procedure 21 provides that "the court may at

any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.[1] The trial judge's discretionary authority to dismiss a party from the case under Rule 21 shall be exercised on "just terms." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). *See also Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008). The court may accordingly allow parties to withdrawal so long as they are not indispensable under Rule 19, and upon finding that its actions "avoid prejudice and delay." *Acevedo*, 600 F.3d at 521.

3. There is no time limitation on the district court's ability to drop a party under Rule 21. *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 134 (3d Cir. 2022). "When there are several plaintiffs in a single suit and one is dismissed out, whether under Rule 21 or any other rule or doctrine, it is as if he had brought a separate suit that was dismissed." *Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000).

4. The Court also has discretion to dismiss a party's claims under Rule 41(a)(2) at the Plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The dismissal of a plaintiff's action is typically without prejudice. *Id.*

---

[1] "The courts have properly concluded that they may issue orders under Rule 21 even in the absence of misjoinder and non-joinder of parties, to construct a case for the efficient administration of justice." 4 Moore's Federal Practice § 21.02(1).

5.     Plaintiffs Jarrett Lofton and Alexis Calhoun are among the six individuals who joined as plaintiffs in this lawsuit and whose claims for relief were included in the Amended Complaint filed on April 4, 2022. Each individual joined this lawsuit as a Louisiana voter whose voting power would be diluted under the State's new Legislative Maps, denying them an opportunity for equal representation. All individual plaintiffs are seeking declaratory and injunctive relief, as well as nominal damages for the violation of their legal right to vote under Section 2 of the Voting Rights Act.

6.     Mr. Lofton and Ms. Calhoun no longer wish to participate as Plaintiffs in this case, and respectfully request the voluntary dismissal of their individual actions.

7.     None of these individual plaintiffs' allegations or claims are necessary to, or indispensable in, adjudicating the claims of the remaining plaintiffs; dropping them as plaintiffs and removing them from the case will not cause prejudice to any parties in this case. The claims for declaratory and injunctive relief of the remaining individual and organizational Plaintiffs will proceed, and Defendants will not be prejudiced, nor affected in any meaningful way, because Plaintiffs are all seeking identical claims for relief in this case. Granting the Plaintiffs' motion at this stage will not cause prejudice to any of the parties, nor would it lead to delays in the litigation.

8.      Plaintiffs have notified all counsel of record for all Defendants that Mr. Lofton and Ms. Calhoun wish to withdraw from this case. Defendants consent to Mr. Lofton and Ms. Calhoun withdrawing as plaintiffs from this case.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order dismissing Jarrett Lofton and Alexis Calhoun from this case pursuant to Rule 21 and/or 41(a)(2) without prejudice, and removing them from the caption of this case.

Date: September 1, 2023

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Tel: (504) 525-4361
Fax: (504) 525-4380
cabral2@aol.com

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense &
Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org

Respectfully submitted,

/s/ Sarah Brannon
Sarah Brannon*
Megan C. Keenan*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris*
Luis Manuel Rico Román*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

T. Alora Thomas-Lundborg
Election Law Clinic
Harvard Law School

vwenger@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense &
Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
(929) 536-3943
srohani@naacpldf.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice
**Pro Hac Vice Motion Pending

5

## CERTIFICATE OF SERVICE

      I hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing Consent Motion to Dismiss Plaintiffs Jarrett Lofton and Alexis Calhoun to be served via electronic mail to all counsel of record.

Dated: September 1, 2023                            */s/ Sarah Brannon*
                                                          Sarah Brannon