UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DR. DOROTHY NAIRNE, et al.**                                    CIVIL ACTION

**VERSUS**                                                        NO. 22-178-SDD-SDJ

**R. KYLE ARDOIN, IN HIS
OFFICIAL CAPACITY AS
SECRETARY OF STATE**

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL

Before the Court is Defendant Kyle Ardoin's Motion to Compel (R. Doc. 132) the Louisiana NAACP's supplemental response to Interrogatory No. 3, which seeks the following information:

> **Interrogatory No. 3:**
> As to each Louisiana State House and State Senate District at issue in the Complaint, and for each Organizational Plaintiff, state the following identifying to which district the response relates:
>
> (a) Identify the members of your organization living in each challenged district . . . .

(R. Doc. 119-3 at 12). Defendant's discovery requests elsewhere explain that to "identify" an individual, the responding party should provide: "his or her full name, present or last known address and telephone number, date of birth, and present or last known job classification or position." (R. Doc. 119-3 at 5). Defendant argues that, because the NAACP must establish that it has associational standing to bring its claim of vote dilution on behalf of its members, it must therefore provide a list of all its members in each challenged district.

In support of its position, Defendant references the Court's prior citation to *LULAC v. Abbott*, 2022 WL 2806850, at *7 (W.D. Tex. July 18, 2022), emphasizing that in *LULAC*, the organization disclosed the identities of certain members under seal in order to establish standing. (R. Doc. 132-1 at 8). But Defendant ignores that the organization in *LULAC* only provided that information under seal because its standing was being challenged. And even in the face of that challenge, the Court still did everything possible to protect the identities of the organization's members, highlighting the importance of the First Amendment's associational privilege.

Here, there has been no challenge to the NAACP's associational standing by any of its opponents, and the Court has not requested additional information from the NAACP on standing. Under similar circumstances, the Supreme Court has found an organization's statements — that it was a "statewide political caucus" with the "purpose" of "endorsing candidates . . . responsible to the needs" of "Blacks and other minorities and poor people" — taken together with the testimony of its representative — that the organization "has members in almost every county in Alabama" — was "sufficient to meet the [organization's] burden of establishing standing." *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 269-70 (2015) ("That is to say, it seems highly likely that a 'statewide' organization with members in 'almost every county,' the purpose of which is to help 'blacks and other minorities and poor people,' will have members in each majority-minority district."). The Supreme Court went on to find the organization "reasonably believed that, in the absence of a state challenge or a court request for more detailed information, it need not provide additional information such as a specific membership list." *Alabama Legislative Black Caucus*, 575 U.S. at 270.

Here, there has been no challenge to the NAACP's associational standing. The Court finds this critical. Indeed, it narrows the amount of information reasonably necessary to establish

standing and makes the additional information sought by Defendant disproportionate to the needs of this case. What's more, the NAACP intends to establish its associational standing with evidence similar to that described by the Supreme Court as "sufficient" in *Alabama Legislative Black Caucus*, 575 U.S. at 270. The NAACP also maintains that it has produced all evidence it intends to rely on for associational standing. And so, given both the absence of any standing challenge and the evidence on which the NAACP intends to rely, the Court finds any additional information concerning the identities of the NAACP's members is not proportional to the needs of this case and therefore beyond the scope of permissible discovery.[1]

As a final matter, even if Defendant had made some showing to overcome Plaintiff's First Amendment objections, the Court's conclusion would remain the same based on the request, as written. Defendant has not provided any reason to justify its request for the name, address, age, phone number, and occupation of every single member in every challenged district.[2] Simply put, Interrogatory No. 3 if overly broad, and the Court would not compel a response to the request, as written. Therefore,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 132) is **DENIED**. Despite its refusal to compel any supplemental answer to Interrogatory No. 3, the Court still reminds the

---

[1] The Court has defined the scope of discovery relating the NAACP's members based on this litigation's current posture. Indeed, were the NAACP's standing to later be challenged by any party or even sua sponte, that would seemingly alter the posture of the litigation and the scope of discovery. In that situation, "elementary principles of procedural fairness" would likely "require[]" that the NAACP have "an opportunity to provide evidence of member residence." *Alabama Legislative Black Caucus*, 575 U.S. at 271. This may warrant some amount of additional discovery, as well.

[2] In their Motion to Compel, Defendant states: "It is noteworthy that Louisiana NAACP's proposed supplemental interrogatory response reveals otherwise—that their members reside only in a third of the challenged districts in Louisiana. (R. Doc. 132-1 at 5). But this statement seems to imply that all 39 Senate Districts and all 105 House Districts are being challenged, which is not the case. Instead, the Court has reviewed the proposed supplemental response, and it makes clear that a member has been identified in each of the challenged district, listing out each challenged district to be sure. (R. Doc. 132-2 at 2); (R. Doc. 135 at 2). As a final matter, this Order (or any past Order by the undersigned related to this discovery issue) should not be construed as the Court rendering any opinion on the number or types of districts relevant to standing inquiry.

parties of their ongoing obligations to not only disclose the information on which they intend to rely at trial, Fed. R. Civ. P. 26(a)(1), but to timely update any prior disclosures or discovery responses that may be incomplete, Fed. R. Civ. P. 26(e)(1)(A). The Court also reminds the parties that the Federal Rules of Civil Procedure and Evidence are designed to ensure fairness and have built-in mechanisms aimed at preventing trial by ambush. *See* Fed. R. Civ. P. 37(c)(1).

Signed in Baton Rouge, Louisiana, on September 8, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**