IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. DOROTHY NAIRNE,** *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,** <br><br> *Defendant.* | **Civil Action No. 3:22-cv-00178-SDD-SDJ** <br><br><br> **Chief Judge Shelly D. Dick** <br><br><br> **Magistrate Judge Scott D. Johnson** |

## DEFENDANT'S MOTION TO REVIEW AND OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL

NOW COMES Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana ("Defendant"), by and through undersigned counsel, and pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Civil Rule 72(a), respectfully moves for review of and files objections to the magistrate judge's order denying Defendant's Motion to Compel, Rec. Doc 136. In support of these objections and motion to review, Defendant shows the Court as follows:

1. On July 22, 2022[1], Defendant served his First Set of Interrogatories and Requests for Production of Documents ("Defendant's First Set of Discovery") on Plaintiff the National Association for the Advancement of Colored People Louisiana State Conference's ("Louisiana NAACP"). (Rec. Doc 119-3).

2. Defendant's written interrogatories propounded on organizational Plaintiffs included an interrogatory seeking identification of certain membership information that Louisiana

---

[1] This matter was stayed before the original discovery deadline was due. Once the stay was lifted, the parties agreed to a short extension of time for Plaintiffs to respond to Defendant Ardoin's First Set of Discovery up to and including July 2, 2023.

NAACP intends to affirmatively rely upon to establish associational standing in this matter. That interrogatory provides in pertinent part:

> **Interrogatory No. 3:**
>
> As to each Louisiana State House and State Senate District at issue in the Complaint, and for each Organizational Plaintiff, state the following identifying to which district the response relates:
>
> (a)   Identify the members of your organization living in each challenged district . . . .

(Rec. Doc. 119-3 at 12).

3. On Wednesday, August 9, 2023, Plaintiff Louisiana NAACP filed a Motion for Protective Order. (Rec. Doc. 119). Louisiana NAACP's Motion was denied on August 17, 2023 as after it "failed to sufficiently confer with its opponents in good faith." (Rec. Doc. 123). In the order denying the Motion for Protective Order, the magistrate judge required the parties to actually confer by 5:00 p.m. CST on Monday, August 21, 2023. (*Id.*).

4. After a full conference failed to resolve the issue, the parties requested a status conference to seek guidance from the magistrate judge on how to proceed. (Rec. Doc. 126). The magistrate judge set a status conference for August 30, 2023, and again ordered the parties to meet and confer fully a second time before the status conference. (Rec. Doc. 127)

5. The night before the status conference on August 29, 2023, Louisiana NAACP sent a proposed compromise: in exchange for Defendant and Intervenor-Defendants' agreement to forgo discovery into Louisiana NAACP's district-specific membership information, Louisiana NAACP would supplement its response to Interrogatory No. 3 and then "stipulate not to submit any other evidence than the supplemented interrogatory response to establish that their members would have standing…" (Rec. Doc. 132-2 – Exhibit 1, Aug. 29 Email Correspondence). In reliance

on Louisiana NAACP's representation that it would not use its membership information as both a sword and a shield, Defendant accepted the framework of this compromise.

6.      In further reliance on Louisiana NAACP's representations, at the status conference on August 30, 2023, the parties informed the magistrate judge that the framework of an agreement had been reached as outlined in the email correspondence and that the parties intended to memorialize that agreement in a stipulation. (Rec. Doc. 130).

7.      Later that evening, counsel for the Louisiana NAACP circulated a proposed written stipulation, to which counsel for Defendant and Intervenor-Defendants provided proposed redlines the next day. In response, counsel for Louisiana NAACP stated that the redlines were "non-starters" and without revealing any specific issues, demanded a phone call conference to discuss the issues.

8.      At 9:15 a.m. EST on Friday, September 1, 2023, the parties again met and conferred. In that conference, counsel for Louisiana NAACP demanded a carve-out for the President of the Louisiana NAACP, Michael McClanahan, to be able to testify at trial regarding the personally identifiable membership information of any Louisiana NAACP that waived his or her privilege between now and trial. This eleventh-hour change gutted the agreement between the parties.

9.      As it was the last day of fact discovery and Mr. McClanahan's deposition was forthcoming[2], the parties again sought guidance from the magistrate judge. However, after a lengthy status conference, the magistrate judge declined to rule on the issue and again ordered the parties to confer and resolve the issue. (Rec. Doc. 131).

---

[2] The parties originally agreed to depose Mr. McClanahan on September 1, 2023; however, after scheduling conflicts, the parties mutually agreed to re-notice Mr. McClanahan's deposition after the close of fact discovery on September 8, 2023.

3

10. At 4:30 p.m. EST on Friday, September 1, 2023, the parties again met and conferred pursuant to the magistrate judge's latest order. As was forecast to the magistrate judge at the status conference earlier that day, the parties were at an impasse and no agreement was reached.

11. As such, Defendant filed a Motion to Compel on Friday, September 1, 2023, requesting the court enter an order compelling Louisiana NAACP to supplement its responses to Interrogatory No. 3 and identify the members which the Louisiana NAACP intends to rely upon for associational standing.[3] (Rec. Doc. 132).

12. On Friday, September 8, 2023, shortly before the deposition of Mr. McClanahan was set to begin, Magistrate Judge Johnson entered an order denying Defendant's Motion to Compel. (Rec. Doc. 136).

13. Pursuant to Fed. R. Civ. P. 72(a), Defendant objects to Magistrate Judge Johnson's order denying Defendant's Motion to Compel, Rec. Doc. 136 (hereinafter "the Order"). As set forth in Defendant's Memorandum in Support attached hereto, the Order is both clearly erroneous and contrary to the law.

14. Defendant specifically objects to the Order's: (1) incorrect factual findings[4]; (2) misinterpretations and misapplications of applicable caselaw[5]; and (3) failure to weigh the interests in disclosure against Louisiana NAACP's First Amendment showing. As such, the Order is clearly erroneous and contrary to law.

---

[3] As was originally offered to Plaintiffs, Defendant informed the magistrate that Defendant was willing to accept membership information under a confidentiality designation and, to the extent it need to be submitted to the court, file any such information under seal. Plaintiffs and the magistrate rejected that proposal.

[4] Those incorrect factual findings include: (1) that "there has been no challenge to the NAACP's associational standing by any of its opponents[;]" (2) that "[t]he NAACP also maintains that it has produced all evidence it intends to rely on for associational standing[;]" and (3) that "Defendant has not provided any reason to justify its request for the name, address, age, phone number, and occupation of every single member in every challenged district[.]" (Rec. Doc. 136).

[5] Namely *League of United Latin American Citizens v. Abbott*, No. 21-CV-00259, 2022 WL 2806850 (W.D. Tex. July 18, 2022) and *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254 (2015).

WHEREFORE, for the foregoing reasons, Defendant R. Kyle Ardoin, in his official capacity as Louisiana Secretary of State, respectfully requests that the Court review the magistrate judge's Order denying Defendant's Motion to Compel; that that Order be vacated in its entirety; that Plaintiffs be compelled to produce the membership information that Louisiana NAACP intends to rely on to assert associational standing in this case; and for any further relief that this Court deems equitable and just.

Respectfully submitted, this the 22nd day of September, 2023.

/s/ Phillip J. Strach
Phillip J. Strach*
*Lead Counsel*
Thomas A. Farr*
John E. Branch, III*
Alyssa M. Riggins*
Cassie A. Holt*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
john.branch@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com

/s/ *John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
John C. Conine, Jr., LA Bar Roll No. 36834
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
coninej@scwllp.com

*Admitted pro hac vice

*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*