# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. DOROTHY NAIRNE, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-178-SDD-SDJ** |
| **R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE** | |

## ORDER

A video Conference was held on November 2, 2023, at 11:00 a.m. before United States Magistrate Judge Scott D. Johnson, and included the following **participants**:

| | | |
|---|---|---|
| **Stuart Naifeh** | **Alyssa Riggins** | **Robert Tucker** |
| **Megan C. Keenan** | **John Conine, Jr.** | Counsel for Intervenors |
| **Michael Mengis** | **Cassie Holt** | Clay Schexnayder and |
| **Sara Rohani** | Counsel for Defendant | Patrick Page Cortez |
| **John Adcock** | R. Kyle Ardoin | |
| **Daniel Hessel** | | |
| **Dayton Campbell-Harris** | | **Jeffrey Wale** |
| **Amanda Giglio** | | **Brennan Bowen** |
| **Sarah Brannon** | | Counsel for Intervenor |
| **Tiffany Alora Thomas** | | State of Louisiana |
| **Victoria Wenger** | | |
| Counsel for Plaintiffs | | |

The parties discussed the issue before the Court on reconsideration (R. Doc. 158) — i.e., the scope of discovery related to the Louisiana NAACP's associational standing, and whether the recent Motion formally challenging that standing (R. Doc. 149) warrants a supplemental response to Interrogatory No. 3. (R. Doc. 159). Specifically, Secretary of State Kyle Ardoin's Interrogatory No. 3 asked the NAACP to identify its members "living in each challenged district." (R. Doc. 119-3 at 12).

C:cv25c; T: 01:03

The NAACP clearly has the burden of establishing associational standing. And all acknowledged that Defendants' recent challenge to associational standing alters the scope of discovery on that issue. Therefore, for the reasons given at today's conference, the Court **ORDERS** the Louisiana NAACP to **supplement** its **Answer** to **Interrogatory No. 3** by providing both the **name** and **address** of the **individual member**(s) from the **challenged districts**[1] that the NAACP **intends** to **offer** at trial to establish **associational standing**,[2] or any other part of its claim. Any member not identified in the NAACP's supplemental response will be presumed to be outside the scope of evidence to be offered in the matter by the NAACP. The NAACP must **supplement** its **Answer** by **5:00 p.m.** (CST) on **November 6, 2023**.

To protect the First Amendment rights of any identified NAACP member, the parties jointly made, and the Court **GRANTED**, an **oral Motion to Modify** the current Protective Order (R. Doc. 138) to include information identifying individual members of the Louisiana NAACP, who are not named parties. Therefore, the Court **ORDERS** that any discovery or information produced after this Order — whether provided in response to Interrogatory No. 3 or otherwise — that concerns the identity of a Louisiana NAACP member, who is not a party to this lawsuit, will be protected by and subject to the terms of the Protective Order (R. Doc. 138) previously entered by the Court.

Signed in Baton Rouge, Louisiana, on November 2, 2023.

_Scott Johnson_

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While Interrogatory No. 3, as written, seeks additional information about each member, the Court is limiting that information to the member's name and address.

[2] The Louisiana NAACP indicated today that they intend to identify one member from each of the 9 remedial districts—i.e., members who are harmed under the current map and would have that harm redressed under the new map.