UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DOROTHY NAIRNE, *et al*

versus

R. KYLE ARDOIN, in his capacity
as Secretary of State of Louisiana

CIVIL ACTION

22-178-SDD-SDJ

## RULING

Before the court is the Defendant Secretary of State's *Motion to Convene a Three-Judge Court or, in the Alternative, to Certify an Interlocutory Appeal.*[1] The Plaintiffs filed a *Response in Opposition*.[2] After considering the briefs, law, and argument, the *Motion* is DENIED for the following reasons.

The movant, Secretary of State, argues that 28 U.S.C. § 2284(a) mandates that a three-judge court be convened to preside over this matter. That statute provides:

> A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

Citing the United States Third Circuit Court of Appeal in *Page v. Bartels*,[3] movant submits that a three-judge court is required for any "constitutional or statutory challenge to the apportionment of a statewide legislative body."[4]

A plain reading of § 2284 does not support the movant's argument. There is no binding authority in the 5th Circuit which supports the movant's strained interpretation of § 2284.[5] Ascribing the words of 28 U.S.C. § 2284(a) their plain and ordinary meaning

---

[1] Rec. Doc. 34.
[2] Rec. Doc. 40.
[3] 248 F.3d 175 (3d Cir. 2001).
[4] Rec. Doc. 34-1.
[5] The movant concedes that there is no binding precedent in this Circuit. Rec. Doc. 34-1, pp. 4–6.

1

leads to the conclusion that the term "constitutionality" qualifies *both* "congressional district" *and* the "apportionment of any statewide legislative body." The statute is unambiguous; hence, the Court declines to look beyond the plain language of the text to find alternative meaning. Furthermore, the non-binding Third Circuit case[6] relied upon by the movant is inapposite and distinguishable because, unlike this case, it advanced both statutory *and* constitutional challenges to the apportionment of a state-wide legislative body.[7] Only a Voting Rights Act statutory claim is advanced in this case.

The Court is also persuaded by the respondents' arguments that § 2284's legislative history likewise fails to support the movant's argument.[8] There is a veritable plethora of district courts that have heard statutory re-apportionment cases under the Voting Rights Act before a single judge,[9] and leading treatises support the principle that § 2284(a) "is limited to federal constitutional claims."[10] The Supreme Court in *Allen v. Milligan* rather matter-of-factly noted that the underlying companion case, "*Caster*[,] proceeded before one of the judges on a parallel track."[11] The Supreme Court did not

---

[6] *Page v. Bartels*, 248 F.3d 175 (3d Cir. 2001).
[7] *Id.* at 194.
[8] Rec. Doc. 40, pp. 5–6.
[9] In the current redistricting cycle alone, one judge has heard Section 2 Voting Rights Act claims in the following cases: *Alpha Phi Alpha Fraternity, Inc., v. Raffensperger*, No. 1:21-cv-05337-SCJ, 587 F.Supp.3d 1222 (N.D. Ga. 2022); *Ark. State Conf. of NAACP v. Ark. Bd. of Apportionment*, 4:21-cv-01239-LPR, 2022 WL 300917 (8th Cir. 2022); and *cf. Balt. Cnty. Branch of the NAACP v. Balt. Cnty., Md.*, No. 1:21-cv-03232-LKG, 2022 WL 888419 (D.Md. 2021). Additionally, courts of appeal have repeatedly affirmed single-judge Section 2 determinations in cases involving state legislative redistricting: *See, e.g., NAACP, Inc. v. S.C. Democratic Party*, 898 F.2d 146 (4th Cir. 1990); *see also, Old Person v. Cooney*, 230 F.3d 1113, 1117 (9th Cir. 2000); *see also, Emery v. Hunt*, 272 F.3d 1042, 1045 (8th Cir. 2001).
[10] 22 *Moore's Federal Practice – Civil* § 404.03[2] 404–30 to –31 (3d ed. 2019).
[11] "Three groups of Alabama citizens brought suit seeking to stop Alabama's Secretary of State from conducting congressional elections under HB1. One group (*Caster* plaintiffs) challenged HB1 as invalid under § 2. Another group (*Milligan* plaintiffs) brought claims under § 2 and the Equal Protection Clause of the Fourteenth Amendment. And a third group (the *Singleton* plaintiffs) amended the complaint in their ongoing litigation to challenge HB1 as a racial gerrymander under the Equal Protection Clause. A three-judge District Court was convened, and the *Singleton* and *Milligan* actions were consolidated before that District Court for purposes of preliminary injunction proceedings, while *Caster* proceeded before one of the judges on a parallel track. After an extensive hearing, the District Court concluded in a 227-page opinion that the question whether HB1 likely violated § 2 was not 'close.' The Court preliminarily enjoined Alabama

note any jurisdictional infirmity of the Voting Rights Act case below proceeding before a single judge.[12]

The Court denies the Secretary of State's request to certify this issue for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The statute "permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation."[13] The reasons set forth above demonstrate that there is no "substantial ground for difference of opinion" about the applicability of 28 U.S.C. § 2284(a).

Accordingly, IT IS HEREBY ORDERED that the *Motion to Convene a Three Judge Court or, in the Alternative, to Certify an Interlocutory Appeal* (Rec. Doc. 34) is DENIED.

Baton Rouge, Louisiana, this 9th day of November, 2023.

*[signature]*

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

from using HB1 in forthcoming elections. The same relief was ordered in *Caster*." *Allen v. Milligan*, 143 S.Ct. 1487, 1492 (2023).
[12] *Id.*; *see also*, *Merrill v. Milligan*, 142 S.Ct. 879 (Mem) (U.S., 2022) (Supreme Court's memorandum ruling taking up the Motion to Stay in *Merrill v. Caster* as a petition for a writ of certiorari before judgment).
[13] *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007).