IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, | Civil Action No. 3:22-cv-00178-SDD-SDJ |
| *Plaintiffs,* | |
| v. | Chief Judge Shelly D. Dick |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | Magistrate Judge Scott D. Johnson |
| *Defendant.* | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS

Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana ("Defendant Ardoin"); Defendant Intervenors Patrick Page Cortez and Clay Schexnayder in their respective official capacities as President of the Louisiana Senate and Speaker of the Louisiana House of Representatives; and Intervenor-Defendant the State of Louisiana, through Louisiana Attorney General Jeff Landry (collectively, "Defendants"), respectfully submit this Memorandum in Support of their Joint Motion to Stay Proceedings.

### INTRODUCTION

Plaintiffs'[1] amended complaint contains one cause of action—that the Louisiana house and senate redistricting plans the Legislature enacted in 2022 violate Section 2 of the Voting Rights Act (the "VRA"), 52 U.S.C. § 10301, and therefore should be declared invalid and enjoined in full.[2] Doc. 14, Amended Compl., Claim for Relief, Prayer for Relief, ¶¶ A and B. But the Eighth

---

[1] The amended complaint lists six individuals as Plaintiffs: Dr. Dorothy Nairne, Jarrett Lofton, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, and Alexis Calhoun. Doc. 14, Amended Compl., ¶¶ 14–25. The amended complaint also lists two Entity Plaintiffs: Black Voters Matter Capacity Building Institute ("BVM") and the Louisiana State Conference of the National Association for the Advancement of Colored People (the "Louisiana NAACP"). *Id.* ¶¶ 26, 39. Plaintiffs Lofton and Calhoun have since voluntarily dismissed their claims. *See* Doc. 133.

[2] While Plaintiffs Claim for Relief also included "42 U.S.C. § 1983" in the title of Count 1, *see* Doc. 14, Amended Compl., Claim for Relief, Plaintiffs have only indicated in their filings before the Court that "Plaintiffs challenge the

Circuit Court of Appeals just recently held that there is no private right of action under Section 2, now creating a circuit split on the issue. *See Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, No. 22-1395, slip op. at 1 (8th Cir. Nov. 20, 2023). Thus, it is highly likely that the Supreme Court of the United States will soon be asked to rule definitively on whether Congress granted private plaintiffs the ability to sue under Section 2 of the VRA.[3] And as indicated by Justice Gorsuch, cases from the Supreme Court "have assumed—without deciding—that the Voting Rights Act of 1965 furnishes an implied cause of action under § 2." *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. __, 141 S. Ct. 2321, 2350 (2021). (Gorsuch, J., concurring).

Moreover, this case should be stayed pending the State of Louisiana's request for a sixty-day extension of time to file its Petition for En Banc Rehearing of the Fifth Circuit's opinion in *Robinson v. Ardoin*, No. 22-30333, 2023 WL 7711063 (5th Cir. Nov. 10, 2023). *See id.* at Doc. 344. In its request, the State of Louisiana has forecasted that the central issue for rehearing en banc is whether Section 2 of the VRA confers a private right of action. *Id.* As such, the Court should stay this matter pending resolution by the Supreme Court or the Fifth Circuit of whether Section 2 of the VRA grants a private right of action and, thus, whether Plaintiffs have standing to pursue their VRA claim here.

## ARGUMENT

The power to stay a case "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and

---

redistricting plans for the Louisiana House of Representatives and Louisiana Senate because they dilute the voting strength of Black voters, in violation of Section 2 of the Voting Rights Act of 1965." *See* Doc. 173, at 2.

[3] Appellants have until December 4, 2023—14 days after the entry of the Order— to file petitions for rehearing or rehearing en banc with the Eighth Circuit, *see* Fed. R. App. P. 40, and have 90 days from the entry of the Order to file a petition for a writ of certiorari with the Supreme Court of the United States, *see* Rule 13 of the Rules of the Supreme Court.

for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Courts have the inherent power to stay proceedings while awaiting the outcome of another matter which may have a substantial or dispositive effect. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). A court is within its discretion to grant a stay when a related case that presents substantially similar issues is pending before another court. *See Greco v. NFL*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

"Whether to grant a stay pending resolution of another case is a fact-intensive question." *Alford v. Moulder*, 2016 U.S. Dist. LEXIS 143293, at *4 (S.D. Miss. Oct. 17, 2016) (citing *In re Beebe*, 1995 U.S. App. LEXIS 41303 (5th Cir. 1995)). When considering whether to stay a matter pending resolution of a separate action, the Fifth Circuit considers multiple factors, including (1) a "balancing of the competing interests" of the parties, i.e., whether the "hardship of a stay on the plaintiffs" exceeds the "hardship or inequity [on defendants] in being required to go forward," (2) whether the length of the stay is of a reasonable duration, and (3) other "difficulties inherent in the general situation, including a potential judicial inefficiency . . . ." *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545-46 (5th Cir. 1983*), aff'd in part and vacated in part on other grounds*, 706 F.2d 541, 548 (5th Cir. 1983); *see also Greco*, 116 F. Supp. 3d at 761 ("[I]n determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources."); *Landis*, 299 U.S. at 254-55 (same). Here, these factors weigh decisively in favor of a stay.

I.    **A Stay Should Be Granted Pending Determination of Whether Section 2 of the VRA Confers a Private Right of Action.**

On November 20, 2023, the United States Court of Appeals for the Eighth Circuit issued an Opinion that determined that there is no private right of action under Section 2 of the VRA. *See*

*Arkansas State Conference NAACP*, No. 22-1395, slip op. at 1-22. The Eighth Circuit walked through a lengthy analysis and concluded that Section 2 does not create a private right of action because "Congress intended to place enforcement in the hands of the Attorney General, rather than private parties." *Id.* at 9 (quotation omitted). While the Fifth Circuit has concluded that the purpose of Section 2 of the VRA is to "surely allow the States to be sued by someone," *see Robinson*, 2023 WL 7711063, at 85, the Fifth Circuit has not engaged in an in-depth analysis like the Eight Circuit has on the outcome determinative question of whether Section 2 of the VRA grants a private right of action. However, the Fifth Circuit will soon receive the chance to engage in such an analysis pending the State of Louisiana's request for a sixty-day extension to file its Petition for En Banc Rehearing to address that very issue.

Because a definitive answer on the issue of whether Section 2 of the VRA confers a private right of action may impact Plaintiffs' ability to bring and litigate its present claim, a stay is warranted to prevent potential prejudice to Defendants—and by extension Louisiana's more than 4.6 million residents—and to preserve judicial recourses.

**A.  The Possibility of Prejudice to Defendants Weighs in Favor of Granting a Stay.**

In determining whether a stay in a given case is proper, courts must weigh, *inter alia*, the similarity of issues and the consequent likelihood that the related case will impact the case at bar, *see Greco*, 116 F. Supp. 3d at 761, the balance of the equities, *see Alford*, 2016 U.S. Dist. LEXIS 143293, at \*6, and the "interests of judicial economy," *Labouliere v. Our Lady of the Lake Found.*, No. 16-00785-JJB-EWD, 2017 U.S. Dist. LEXIS 160853, at \*25 (M.D. La., Sept. 29, 2017). Accordingly, courts frequently stay proceedings pending the outcome of a separate case that may substantially affect, or otherwise prove dispositive of, the instant matter. *See, e.g., Kamal v. J. Crew Grp., Inc.*, Civil Action No. 15-0190 (WJM), 2015 U.S. Dist. LEXIS 172578, at \*4 (D.N.J.

Dec. 9, 2015) (staying action pending the Supreme Court's decision in a separate but related action, and citing decision of nine federal district courts staying similar cases); *see also Tel. Sci. Corp. v. Asset Recovery Sols.*, LLC, No. 15 C 5182, 2016 U.S. Dist. LEXIS 581, at \*8 (N.D. Ill. Jan. 5, 2016) (same); *White v. J.P. Morgan Chase Bank, N.A.*, Civ. No. 10-3811, 2011 WL 13213618, \*2 (E.D. La. Mar. 15, 2011) (staying action pending en banc decision from Fifth Circuit in another case).

Here, there can be no argument that a binding decision on whether Section 2 of the VRA grants a private action is directly relevant to this matter. Indeed, if the Supreme Court or the Fifth Circuit determines that there is no private right of action, then this case would be dismissed with prejudice as the claim would be moot. *See Arkansas State Conference NAACP*, No. 22-1395, slip op. at 22 (8th Cir. Nov. 20, 2023). However, Defendants would incur substantial costs that would be irrecoverable if a stay is not granted. Thus, the "balance of equities tips heavily in favor" of Defendants. *See Becker v. United States*, 451 U.S. 1306, 1311-12, 101 S. Ct. 3161, 3164 (1981) (concluding lack of remedy for hardships resulting from lack of stay weighed in favor of continuing stay while judgment of the district court was pending appeal with the Court of Appeals). Indeed, the costs of trial, any subsequent judgment ordering Defendants to expend substantial time and expense, and any further proceedings are not the type of harms with respect to which Defendants will have any remedy if this matter is not stayed and thereafter the Supreme Court or the Fifth Circuit subsequently declares there is no private right of action under Section 2 of the VRA.

Meanwhile, Plaintiffs are unlikely to suffer prejudice from a stay. While Plaintiffs are likely to argue that a delay in this case will result in a delay of a final judgment and an injunction to which they believe they are entitled, such a delay does not harm Plaintiffs since the next cycle

of legislative elections will not occur until 2027—nearly four years away. Thus, any delay resulting from the Fifth Circuit ruling *En Banc* or the Supreme Court taking up and deciding the pending issue is negligible. At the very least, this Court should grant a stay of proceedings now, but which it can vacate if the Supreme Court or the Fifth Circuit deny any petitions filed on the issue of whether Section 2 of the VRA grants a private right of action. Thus, any delay as a result of the stay will be reasonable and proportional to the needs of the case.

**B. Conservation of Judicial Resources Also Counsels in Favor of a Stay.**

As demonstrated above, clarity on whether Section 2 of the VRA provides a private right of action could be dispositive in this matter. Therefore, the risk of wasting party and judicial resources by continuing proceedings, including trial, is substantial high. For this reason alone, the Court should stay this matter pending resolution of whether Section 2 of the VRA grants a private right of action.

## CONCLUSION

For all the reasons herein, the Court should grant Defendants' Joint Motion to Stay Proceedings.

Respectfully submitted, this the 22nd day of November, 2023.

/s/ Phillip J. Strach
Phillip J. Strach*
    *Lead Counsel*
Thomas A. Farr*
John E. Branch, III*
Alyssa M. Riggins*
Cassie A. Holt*
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603

6

Ph: (919) 329-3800
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
john.branch@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com

*/s/ John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
John C. Conine, Jr., LA Bar Roll No. 36834
SHOWS, CALL & WALSH, L.L.P.
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
coninej@scwllp.com

* *Admitted pro hac vice*

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*

Jeff Landry
Louisiana Attorney General

By: */s/Michael W. Mengis*                    By: */s/ Jeffrey M. Wale*
LA Bar No. 17994                              Elizabeth B. Murrill (LSBA No. 20685)
BAKERHOSTETLER LLP                            Solicitor General
811 Main Street, Suite 1100                   Shae McPhee (LSBA No. 38565)
Houston, Texas 77002                          Angelique Duhon Freel (LSBA No. 28561)
Phone: (713) 751-1600                         Carey Tom Jones (LSBA No. 07474)
Fax: (713) 751-1717                           Amanda M. LaGroue (LSBA No. 35509)
Email: mmengis@bakerlaw.com                   Jeffrey M. Wale (LSBA No. 36070)
                                              OFFICE OF THE ATTORNEY GENERAL
E. Mark Braden*                               LOUISIANA DEPARTMENT OF JUSTICE
Katherine L. McKnight*                        1885 N. Third St.
Richard B. Raile*                             Baton Rouge, LA 70804
BAKERHOSTETLER LLP                            (225) 326-6000 phone
1050 Connecticut Ave., N.W., Ste. 1100        (225) 326-6098 fax
Washington, D.C. 20036                        murrille@ag.louisiana.gov
(202) 861-1500                                mcphees@ag.louisiana.gov
mbraden@bakerlaw.com                          freela@ag.louisiana.gov
kmcknight@bakerlaw.com                        jonescar@ag.louisiana.gov
rraile@bakerlaw.com                           lagrouea@ag.louisiana.gov
                                              walej@ag.louisiana.gov

Patrick T. Lewis*
BAKERHOSTETLER LLP
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
Robert J. Tucker*
BAKERHOSTETLER LLP
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com
rtucker@bakerlaw.com

* *Admitted pro hac vice*

*Counsel for Legislative Intervenors, Clay
Schexnayder, in his Official Capacity as
Speaker of the Louisiana House of
Representatives, and of Patrick Page
Cortez, in his Official Capacity as
President of the Louisiana Senate*

Jason B. Torchinsky* (DC Bar No 976033)
Phillip M. Gordon* (DC Bar No. 1531277)
Brennan Bowen* (AZ Bar No. 36639)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
bbowen@holtzmanvogel.com

*Admitted pro hac vice*

8