IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ <br><br> Chief Judge Shelly D. Dick <br><br> Magistrate Judge Scott D. Johnson |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS' POST-TRIAL BRIEF

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Civil Rule 7(g), Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana; Defendant Intervenors Patrick Page Cortez and Clay Schexnayder in their respective official capacities as President of the Louisiana Senate and Speaker of the Louisiana House of Representatives; and Intervenor-Defendant the State of Louisiana, through Louisiana Attorney General Jeff Landry (collectively, "Defendants"), hereby submit this Memorandum in Support of Defendants' Joint Motion to Strike Plaintiffs' Post-Trial Brief, Rec. Doc. 207. Plaintiffs Post-Trial Brief should be struck for several reasons: (1) it is untimely, in violation of this Court's post-trial briefing Order, Rec. Doc. 203; (2) it exceeds the page limitation, in violation of the briefing Order and Local Civil Rule 7(g); and (3) it includes "scandalous," "malicious," and "impertinent" accusations against defense counsel that have no basis in the record.

**I.     Plaintiffs' Post-Trial Brief was Untimely.**

This Court's Order, Rec. Doc 203, is clear. Parties were "to submit simultaneous briefs with citations, not to exceed 40 pages" which "shall be submitted by close of business on

12/19/2023." Defendants complied with this order, submitting their brief, which complies with Local Civil Rule 7(g) on December 19, 2023 at 4:30 PM CST. [Rec. Doc. 206]. Over four hours later, and well after the close of business deadline, Plaintiffs filed their post-trial brief at 9:01 PM CST. [Rec. Doc. 207]. Even allowing some latitude on "close of business," 9:01 PM is clearly past close of business for federal courts. Plaintiffs did not file for an extension of time. Plaintiffs did not notify Defendants that the brief would be late due to some technical error.

This Court repeatedly stated on the record that the parties were to file "simultaneous" post-trial briefs, which was memorialized in Rec. Doc. 203. *See* Rec. Doc. 206-8 at 115:13, 116:11, and 214:10–11. But Plaintiffs filing their Post-Trial Brief hours after the deadline is not "simultaneous" and defeats the purpose of the word and of the Court's instruction.

Furthermore, the delay allowed Plaintiffs ample time to review Defendants' post-trial brief and adjust any arguments contained in their own accordingly. In fact, Plaintiffs' Brief shows that they, at a minimum, reviewed Defendants' filings. *See* Rec. Doc. 207 at 7, n. 2 (citing to Defendants' filings at Docs. 206-2 and 206-7). This, of course, is prejudicial to Defendants and puts Defendants at a disadvantage for complying with the Court's order. For this reason alone, Plaintiffs' Post-Trial Brief should be struck. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006) (holding no abuse of discretion by district court refusing to consider the plaintiff's untimely response to the defendant's motion for summary judgment and granting the defendant's motion as uncontested; noting delays in meeting court deadlines "are a particularly abhorrent feature of today's trial practice," that they increase litigation costs, "caus[e] disrespect for lawyers and the judicial process," and that "[a]dherence to reasonable deadlines is critical to restoring integrity in court proceedings.") (quotation omitted); *Nelson v. Star Enter.*, 220 F.3d 587

2

(5th Cir. 2000) (holding no abuse of discretion in district court treating defendants' motion for summary judgment as unopposed because plaintiff's opposition filing was untimely).

### II. Plaintiffs' Post-Trial Brief Exceeds the Page Limitation.

Plaintiffs' Post-Trial Brief should also be struck for failure to comply with Local Civil Rule 7(g) which requires that "[s]ignature blocks must begin on or before the last page" of the brief. This Court's post-trial briefing Order clearly limits the length of the parties' briefs to 40 pages. Defendants complied with that Order and the Local Rules. *See* Rec. Doc. 206. Plaintiffs did not. *See* Rec. Doc. 207. As a result, Plaintiffs' Brief should be struck for failure to comply with this Court's Order and the Local Rules. *See Rodgers v. La. Bd. of Nursing*, 665 F. App'x 326, 328-29 (5th Cir. 2016) (holding no abuse of discretion in striking plaintiff's response to motion to dismiss as untimely and in excess of page limit established by the district court, and noting the plaintiff failed to timely request for an extension of time or to seek leave to exceed page limits before filing as required by local rules); *United States v. Ferrand*, 284 Fed. Appx. 177, 179 (5th Cir. 2008) (holding the district court did not err in striking the defendant's reply brief for exceeding the page limit, where the defendant did not file a motion for leave to file longer brief); *Blackboard, Inc. v. Desire2Learn, Inc.*, 521 F. Supp. 2d 575, 577 (E.D. Tex. 2007) (striking summary judgment motion that exceeded page limit set by the court's scheduling order).

### III. Plaintiffs' Post-Trial Brief Includes Baseless Accusations Against Defense Counsel Unsupported by the Record.

Lastly, Plaintiffs' Post-Trial Brief should be struck pursuant to Fed. R. Civ. P. 12(f) because it includes "scandalous," "malicious," and "impertinent" accusations against defense counsel that have no basis in the record. Plaintiffs claim that "Mr. Farr misrepresented" a brief filed by the Harvard Election Law Clinic which discussed the use of simulations in racial gerrymandering cases under the Fourteenth Amendment. Rec. Doc. 207 at p. 22, n. 10.

3

Specifically, Plaintiffs claim the Amicus Brief "explicitly noted that the Supreme Court has ruled that simulations 'have no place in racial-vote-dilution cases,' and discussed the differences between the two claims." *Id.* But Mr. Farr's exact representation to the Court was as follows:

> We've cited to a brief in our Findings of Fact at document 177, page 34, note 5, that was filed by Ms. Thomas's organization, the Harvard Law Election School Clinic, with the United States Supreme Court in the South Carolina Case.
>
> And I won't quote it because we've cited it to you, but there's a lengthy discussion in this case about why simulations are relevant evidence on the intent of the map drawer in a racial case where there's a claim of racial gerrymandering.

Exhibit 1[1] at 17:6–15. Mr. Farr even offered to read the brief into the record for clarification, which he was told he did not need to do. Exhibit 1 at 18:15–19:2. Plaintiffs' allegations against Mr. Farr miss the mark.[2]

Plaintiffs' claims of "misrepresentation" by counsel is scandalous, malicious, and impertinent and, for those reasons, at a minimum footnote 10 in Plaintiffs' Post-Trial Brief should be struck.

## CONCLUSION

For these reasons, the Court should strike Plaintiffs' Post-Trial Brief, Rec. Doc. 207, in its entirety. In the alternative, should the Court decline to strike Plaintiffs' entire Post-Trial Brief, Defendants request that at a minimum footnote 10 be struck and Defendants be permitted to file a short reply to Plaintiffs' Brief. Defendants further request the Court grant any further relief it deems just and proper, including attorneys' fees incurred in bringing this Motion.

---

[1] Attached hereto as Exhibit 1 is the relevant portion of the certified copy of the trial transcript from the morning session of Day 6 when the Amicus was discussed. Defendants filed the rough version of Day 6 with their Post-Trial Brief, Rec. Doc. 206-7 because at the time of filing, to the best of Defendants' knowledge, the full Day 6 transcript had not yet been completed.

[2] Furthermore, as explained by Justice Kavanaugh, "Computer simulations might help detect the presence or absence of intentional discrimination." *Allen v. Milligan*, 599 U.S. 1, 44 (2023) (Kavanaugh, J., concurring).

Respectfully submitted, this the 20th day of December, 2023.

/s/ Phillip J. Strach
Phillip J. Strach*
    *Lead Counsel*
Thomas A. Farr*
John E. Branch, III*
Alyssa M. Riggins*
Cassie A. Holt*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
john.branch@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com


/s/ John C. Walsh
John C. Walsh, LA Bar Roll No. 24903
John C. Conine, Jr., LA Bar Roll No. 36834
SHOWS, CALL & WALSH, L.L.P.
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
coninej@scwllp.com

* *Admitted pro hac vice*

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*

Jeff Landry
Louisiana Attorney General

By: /s/ Michael W. Mengis
LA Bar No. 17994
BAKERHOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600

By: /s/ Jeffrey M. Wale
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)

Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
BAKERHOSTETLER LLP
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
BAKERHOSTETLER LLP
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
Robert J. Tucker*
BAKERHOSTETLER LLP
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com
rtucker@bakerlaw.com

* *Admitted pro hac vice*

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

Amanda M. LaGroue (LSBA No. 35509)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
mcphees@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
lagrouea@ag.louisiana.gov
walej@ag.louisiana.gov

Jason B. Torchinsky* (DC Bar No 976033)
Phillip M. Gordon* (DC Bar No. 1531277)
Brennan Bowen* (AZ Bar No. 36639)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
bbowen@holtzmanvogel.com

*Admitted pro hac vice*