IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>    *Plaintiffs*,<br><br> v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,<br><br>    *Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS' POST-TRIAL BRIEF**

  Plaintiffs oppose Defendants' motion to strike Plaintiffs' trial brief. None of the grounds Defendants raise are sufficient to strike the brief, for the following reasons.

  *First*, because the Court did not specify an earlier time by which the brief must be filed in the docket entry, ECF No. 203 (or at trial, Certified 12/5/23 Tr. 214:4-11), Plaintiffs understood the deadline to be consistent with the Court's local procedural rule allowing filings to be submitted by 11:59 P.M. Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil and Criminal Cases, Section 1.B.3 ("Filing must be completed prior to midnight, central time, to be considered timely filed."). To the extent that the Court intended for filings to be submitted earlier, Plaintiffs apologize for any misunderstanding and request the Court to construe this response as a motion for leave to accept the filing out of time.[1] Defendants suggest

---

[1] Neither of the cases Defendants cite stand for the proposition that a brief should be stricken when inadvertently filed—at most—three hours after the stated deadline. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156,

1

that they were somehow prejudiced by the later filing of Plaintiffs' trial brief because Plaintiffs had the opportunity to include a reference to Defendants' brief. The only instance in which Plaintiffs' brief makes reference to Defendants' trial brief, however, is to confirm when the parties were using the same trial transcripts. ECF 207 at 2 n.2.

*Second*, Plaintiffs' signature blocks were bumped to the next page due to a formatting error. Plaintiffs apologize to the Court for this technical error. It is plain from the amount of space at the bottom of page 40 that there was ample space for the signature block to begin on the bottom of the 40th page, consistent with the rule governing page limits, and that the formatting error is therefore harmless and unprejudicial. Plaintiffs have reattached a copy of the brief that corrects this formatting error without making any other changes to the content of the brief.

*Third*, Plaintiffs reject any accusation that including a footnote to clarify the record about the arguments that were actually submitted in the Harvard Election Law Clinic's brief that Mr. Farr spoke about at trial. In response to an objection to a question that asked Dr. Barber to offer an opinion as to Mr. Cooper's intent, Mr. Farr made the following speaking response to the objection:

> MR. FARR: I SHOULD HAVE SAID THIS EARLIER, YOUR HONOR, BUT I WANT TO MAKE THE POINT THAT THE PLAINTIFFS IN THIS CASE FILED A DAUBERT MOTION ON DR. JOHNSON TESTIFYING ABOUT THE SUBJECTIVE INTENT OF MR. COOPER. THEY DIDN'T FILE A DAUBERT MOTION ON DR. BARBER. I WILL SUGGEST TO YOU, YOUR HONOR, THE REASON WHY THEY DIDN'T DO THAT IS —WE'VE CITED TO A BRIEF IN OUR FINDINGS OF FACT AT DOCUMENT 177, PAGE 34, NOTE 5, THAT WAS FILED BY MS. THOMAS'S ORGANIZATION, THE HARVARD LAW ELECTION SCHOOL CLINIC, WITH THE UNITED STATES SUPREME COURT IN THE SOUTH CAROLINA CASE.
>
> AND I WON'T QUOTE IT BECAUSE WE'VE CITED IT TO YOU, BUT THERE'S A LENGTHY DISCUSSION IN THIS CASE ABOUT WHY SIMULATIONS ARE

---

161 (5th Cir. 2006) ("Adams failed to timely respond to Appellees' motion despite receiving two extensions, totaling more than 97 days . . ."); *see also Nelson v. Star Enterprise*, 220 F.3d 587 (5th Cir. 2000) (affirming district court decision considering summary judgment unopposed where plaintiff failed to file a timely opposition to summary judgment motion *after receiving continuance*).

RELEVANT EVIDENCE ON THE INTENT OF THE MAP DRAWER IN A RACIAL CASE WHERE THERE'S A CLAIM OF RACIAL GERRYMANDERING.

Certified 12/4/23 AM Tr. 16:25-18:4. Mr. Farr's suggestion that the Harvard Election Law Clinic's brief—and namedropping one of Plaintiffs' counsel in the process—provided any reason for Plaintiffs not to file a Daubert motion is wrong. Plaintiffs' footnote in the trial brief seeks to clarify that the brief referenced by Mr. Farr took *the opposite position* from Mr. Farr's characterization with respect to the vote dilution cases like the one before this Court, and that it did not inform Plaintiffs' decisions about what objections to make here.

DATED: December 20, 2023

Respectfully submitted,

*/s/ Megan C. Keenan*

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor

Megan C. Keenan*
Sarah Brannon*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris*
Garrett Muscatel*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

T. Alora Thomas-Lundborg*
Daniel J. Hessel*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

3

3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn*
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Robert S. Clark*
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
robertclark@cozen.com

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice