IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, *Plaintiffs*, v. R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, *Defendant*. | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

**MEMORANDUM OF LAW IN OPPOSITION TO JOINT MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR, IN THE ALTERNATIVE, JOINT MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Defendants' 12(b) Motion seeks extraordinary relief—it asks this Court, now post-trial, to dismiss this case for lack of subject matter jurisdiction. After nearly two years of litigating this case, Defendants now argue that Section 2 of the Voting Rights Act of 1965 ("Section 2") does not confer a private right of action. Importantly, Defendants' 12(b) Motion is not based on any binding law in this Circuit. Indeed, Defendants concede that this Circuit reaffirmed as recently as *last month* that private plaintiffs *can* bring suit under Section 2. And yet, Defendants now ask this Court to stray from nearly *fifty years* of litigation under Section 2 (including countless appeals to the Supreme Court) and repeated legislative confirmation that a private cause of action exists, and follow a recent, non-binding, outlier decision of the Eighth Circuit holding otherwise. This Court is bound by Fifth Circuit precedent, and that mandates denial.

I. **Defendants' Motion is Foreclosed by Fifth Circuit Precedent Finding a Private Right of Action Under Section 2.**

In *Robinson v. Ardoin*, the Fifth Circuit squarely held that private parties can bring Section 2 cases, holding that Section 2 "provides that proceedings to enforce voting guarantees in any state or political subdivision can be brought by the Attorney General *or* by an 'aggrieved person'" and that the private plaintiffs at issue—individual voters and civil rights organizations—were "aggrieved persons" who could seek to enforce Section 2. 86 F.4th 574, 588 (5th Cir. 2023) (holding that private parties can bring Section 2 cases, relying on *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017)). Plaintiffs here—also individual voters and civil rights organizations, many the same as those in *Robinson*—are identically situated and have the right to enforce Section 2.

Defendants make two arguments for why this Court should ignore binding Fifth Circuit precedent, neither of which authorize this Court to depart from the rule laid down in *Robinson*. *First*, Defendants' argument that this Court should dismiss the case notwithstanding the binding authority from the Fifth Circuit is predicated on the same defendants having filed a request for *en banc* rehearing in *Robinson*. That request has now been denied. ECF No. 363-2, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. Dec. 15, 2023).[1] Defendants therefore have no non-frivolous argument for dismissal.

---

[1] Of course, the *Robinson* precedent would be binding on this Court in any event. *See Perez v. Abbott*, 250 F. Supp. 3d 123, 139 (W.D. Tex. 2017) (a "district court is bound by [the Fifth Circuit] decision "unless or until it is *overturned* by an en banc decision of the circuit court or a decision of the Supreme Court" (emphasis added)); *J&J Sports Prods., Inc. v. Southwest Tex. Ent., Inc.*, No. DR-17-CV-045-AM-VRG, 2019 WL 1313474, at *8 (W.D. Tex. Jan. 23, 2019) ("[F]ederal district courts in the Fifth Circuit are bound by Fifth Circuit precedent absent an intervening change in the governing law, such as contrary ruling from the Fifth Circuit sitting en banc, or a Supreme Court opinion.").

*Second*, Defendants suggest that the *Robinson* court "did not thoroughly analyze the issue and instead relied on an earlier opinion that, in a sentence, declared that the VRA 'validly abrogated state sovereign immunity,'" which, they say, somehow leaves the issue "not settled." Mot. at 4–5 (citing *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204 (8th Cir. 2023)). But *Robinson* forecloses any such argument. Indeed, the *Robinson* court reached its decision over the same objections made by the same Defendants.[2] Specifically, the Attorney General and the Secretary of State argued that there is no express or implied private right of action for Section 2 claims and argued that Section 2 counsels against finding an implied private right of action. Appellant's Br. at 69–70, ECF No. 155, *Robinson, et al. v. Ardoin, et al.*, No. 22-30333 (5th Cir. June 21, 2022). Further, the State again attempted to distinguish the U.S. Supreme Court's decision in *Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996). *Id.* at 70–71. The Fifth Circuit has already heard and rejected the precise arguments Defendants now raise. Neither the Eighth Circuit's outlier decision in *Arkansas State* nor Defendants' dissatisfaction with the Fifth Circuit's sound rejection of these arguments renders this case law "not settled." Accordingly, Defendants' Motion is substantively baseless, and should be denied in its entirety.[3]

---

[2]    Defendants here raise the same arguments—*verbatim*. Defendants' Motion is a literal copy-and-paste of the *Robinson* Defendants' arguments that were rejected by the Fifth Circuit. *Compare* Mot. at 7–8 *with* 22-30333 Doc. 155-1 at pp. 69–71.

[3]    Even if there were any question concerning the existence of a private right of action under Section 2, Plaintiffs' claims in this matter would survive because Plaintiffs' Amended Complaint also asserts a right of action under Section 1983. *See* Am. Compl., ECF. No. 14. It is appropriate for parties to invoke § 1983 to enforce Section 2 of the VRA. *See* 42 U.S.C. § 1983; *Vote.Org. v. Callanen*, No. 22-50536, 2023 WL 8664636, at *6 (5th Cir. Dec. 15, 2023) (holding that § 1983 can be used to enforce the voting rights provisions of the Civil Rights Act of 1964, despite absence of express right of action); *Coca v. City of Dodge City*, No. 22-1274-EFM, 2023 WL 2987708, at *5–6 (D. Kan., April 18, 2023), *motion to certify appeal denied*, 2023 WL 3948472 (D. Kan. June 12, 2023) (holding in a Section 2 Voting Rights Act case that "Plaintiffs may alternatively assert a Section 2 claim under § 1983"); *Turtle Mountain Band of Chippewa Indians v. Jaeger*, No. 3:22-CV-22, 2022 WL 2528256, at *3 (D.N.D. July 7, 2022) (holding that it was not necessary to

**II.   Defendants Waived Arguments Regarding the Availability of a Private Right of Action under Section 2.**

Even if Defendants' argument had any merit, they have waived any argument that Section 2 does not confer Plaintiffs with a private right of action by failing to timely raise it as an affirmative defense. While the "technical failure" to raise an affirmative defense in response to a complaint does not necessarily waive the affirmative defense, an affirmative defense must be raised at a "pragmatically sufficient time," namely at a time that does not prejudice a plaintiff's ability to respond. *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014). Indeed, "[u]nfair surprise and prejudice are central concerns underlying the requirement that a defendant timely plead affirmative defenses" as plaintiffs "must be aware of issues outside of their petitions so that they can prepare oppositions and adjust their cases in light of new facts and issues." *Id.* at 402.

Defendants failed to raise the affirmative defense that Plaintiffs lack a private right of action to bring claims under Section 2 of the Voting Rights Act until filing the instant motion on November 29, 2023—three days into trial, and nearly two years after Plaintiffs commenced this action. Allowing Defendants to raise this affirmative defense at such a late stage unquestionably prejudices Plaintiffs, who would be robbed of the opportunity to respond to this defense before trial on this matter.

**III.  Defendants' 12(b)(1) Motion is Improper as the Availability of a Private Right of Action Does Not Implicate Subject Matter Jurisdiction.**

In any event, this Court's subject matter jurisdiction over this action does not hinge on the availability of a private right of action for a Section 2 claim, and any portions of the Motion

---

resolve whether Section 2 contains a private of action because "§ 1983 provides a private remedy for violations of Section 2 of the VRA").

4

premised on Rule 12(b)(1) should be dismissed on that ground. Even the Eighth Circuit's *Arkansas State* decision recognized "the general rule that the lack of a cause of action does not deprive a federal district court of subject-matter jurisdiction" unless a claim is "obviously doomed to fail" from the outset. *Ark. State Conf. NAACP. v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1217–18 (8th Cir. 2023) ("we can hardly say that the Section 2 claim was 'obviously doomed to fail' from the start" and holding that "the district court had jurisdiction all along" (quoting *Cross v. Fox*, 23 F.4th 797, 801 (8th Cir. 2022))); *see also Mata v. Lynch*, 576 U.S. 143, 150 (2015) ("The jurisdictional question (whether the court has power to decide if tolling is proper) is of course distinct from the merits question (whether tolling is proper)." (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998) ("[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction")))[4]

If the existence of a private right of action *was* a jurisdictional issue, Defendants would be asking this Court to dismiss this case and also acknowledge that *every Section 2 case ever brought by private plaintiffs for decades*—including *Thornburg v. Gingles*, 478 U.S. 30 (1986), a Section 2 case brought by private plaintiffs—should have been vacated for lack of subject matter jurisdiction. That is obviously not warranted by the case law.

**IV.    Defendants' 12(b)(6) Motion Is Untimely and Otherwise Procedurally Improper.**

To the extent Defendants argue for dismissal pursuant to Rule 12(b)(6), such application is untimely. While Plaintiffs acknowledge that Rule 12(h)(2) preserves the "failure to state a

---

[4]    Justice Gorsuch, joined by Justice Thomas, authored a concurrence in *Brnovich v. Democratic Nat'l. Comm.*, 141 S. Ct. 2321 (2021), on the specific issue of the availability of a private right of action for Section 2 claims. In that concurrence, Justice Gorsuch made clear that, while "no party argues that the plaintiffs lack a cause of action here . . . the existence (or not) of a cause of action does not go to a court's subject-matter jurisdiction." *Id.* at 2350 (citing *Mata*, 576 U.S. at 150).

claim" defense against *waiver*, Rule 12(h)(2) does not supersede this Court's inherent power to manage its own affairs and set deadlines for motions asserting that claim. *Westport Ins. Corp. v. Pa. Nat'l. Mut. Cas. Ins. Co.*, No. H-16-1947, 2021 WL 6050902, at *1 (S.D. Tex. Dec. 21, 2021). This Court exercised that inherent power when it set the deadline for any *dispositive* motions (like the one at issue) for October 6, 2023. ECF No. 110. Defendants were unquestionably aware of that deadline; they filed a motion for summary judgment seeking dismissal of Plaintiffs' claims that very day. ECF No. 149. And in that motion, Defendants affirmatively *declined* to proffer the arguments they now make in light of countervailing precedent from this Court and maintained that they would make such arguments "at any trial, as appropriate."[5] *See* ECF No. 149-1 at 14 n.5. But Defendants' stated intention to make this argument does not make their pursuit of dismissal under Rule 12(b)(6) procedurally proper.

## V. This Case Does Not Meet the Strict Criteria For Certification for Interlocutory Appeal.

This Court should also deny Defendants' request to certify this issue for interlocutory appeal. The Supreme Court has recognized that the final judgment rule—*i.e.*, the requirement that a ruling is eligible for appeal only when it is final and ends the litigation on the merits—"preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." *Microsoft Corp. v. Baker*, 582 U.S. 23, 36 (2017). "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal

---

[5] Defendants did, in fact, raise this argument at trial by arguing that Plaintiffs lacked a private right of action to pursue their claims under Section 2 at trial in their oral application for judgment pursuant to Rule 52(c). Certified 11/30/2023 Tr. 5:17-6:3. Defendants' argument fails for the reasons articulated in Plaintiffs' oral opposition to Defendants' motion under Rule 52(c), Certified 11/30/2023 Tr. 10:2-12:3, and for the reasons discussed *herein*.

6

appeals"; therefore, interlocutory appeals are "exceptional." *Clark–Dietz & Assocs.–Eng'rs., Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "The proponent of the interlocutory appeal bears the burden of demonstrating its necessity." *United States v. Louisiana,* No. 11-470, 2016 WL 4522171, at *2 (M.D. La. Aug. 29, 2016) (*citing Clark-Dietz*, 702 F.2d at 68); *Simoneaux v. E.I. du Pont de Nemours & Co.*, No. 12-219, 2016 WL 236239, at *3 (M.D. La. Jan. 20, 2016)).

This Court may certify an interlocutory order for immediate appeal only if it finds that Defendants have established *each* of the following criteria: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; **and** (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *TEN G, LLC v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.*, No. 22-4426, 2023 WL 8281569, at *1 (E.D. La. Nov. 30, 2023). The Fifth Circuit strictly construes these criteria. *Weams v. FCA US LLC*, No. 17-4-RLB, 2019 WL 3812222, at *2 (M.D. La. Jul. 9, 2019). Defendants' half-hearted attempt to meet these criteria in their Motion falls far short of demonstrating the "exceptional" circumstances warranting deviation from the final judgment rule, especially post-trial.

Defendants have not demonstrated that there exists a "substantial ground for difference of opinion" on the issue of whether there is a private right of action for a Section 2 claim. Defendants argue that there is a circuit split between the Eighth Circuit's *Arkansas State* case and the Fifth Circuit's decision in *Robinson*. But "[a] substantial ground for difference of opinion exists if the circuits are in dispute on the question *and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point ....*" *TEN G LLC*, 2023 WL 8281569, at *2 (emphasis added); *see also Scuderi v. Cushion Cut, Inc.*, No. 89-4803, 1992 WL 180129, at *1 (E.D. La. Jul. 21, 1992) (dismissing suggestion that circuit split is relevant to Section 1292(b) determination as

and finding that where "there does not appear to be substantial ground for difference of opinion within the Fifth Circuit," the Fifth Circuit law controls because even if Fifth Circuit law "may not be approved of nationwide, it is the law of this Circuit and controls this case."); *see also Fowler v. First Chem. Corp.*, No. 2:05CV16-KS-MTP, 2006 WL 2423043, at *3 (S.D. Miss. Aug. 21, 2006) ("Where a controlling court of appeals has decided an issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal."). As stated above, the Fifth Circuit has spoken definitively to these Defendants on the very issues Defendants now wish to appeal immediately. Despite Defendants' say-so, the law of this Circuit on the question of whether private plaintiffs have a private right of action under Section 2 is not "unsettled," difficult, or novel; it is settled.

Moreover, interlocutory appeal would in no way materially advance the ultimate termination of this litigation. Trial has concluded, and there is no more litigation left before this Court to materially advance.

For the foregoing reasons, the Court should deny Defendants' Joint Motion to Dismiss Plaintiffs' Amended Complaint or, in the Alternative, Join Motion for Certification for Interlocutory Appeal.

Date: December 20, 2023                              Respectfully submitted,

                                                     */s/ Megan C. Keenan*
                                                     Sarah Brannon*
Leah Aden*                                           Megan C. Keenan*
Stuart Naifeh*                                       American Civil Liberties Union Foundation
Victoria Wenger*                                     915 15th St. NW
NAACP Legal Defense & Educational Fund               Washington, DC 20005
40 Rector Street, 5th Floor                          sbrannon@aclu.org
New York, NY 10006                                   mkeenan@aclu.org
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

| | |
|---|---|
| I. Sara Rohani*<br>NAACP Legal Defense & Educational Fund<br>700 14th Street, Suite 600<br>Washington, DC 20005<br>srohani@naacpldf.org | Sophia Lin Lakin*<br>Dayton Campbell-Harris*<br>Garrett Muscatel*<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>slakin@aclu.org<br>dcampbell-harris@aclu.org<br>lroman@aclu.org |
| John Adcock (La. Bar No. 30372)<br>Adcock Law LLC<br>Louisiana Bar No. 30372<br>3110 Canal Street<br>New Orleans, LA 701119<br>jnadcock@gmail.com | T. Alora Thomas-Lundborg*<br>Daniel J. Hessel*<br>Election Law Clinic<br>Harvard Law School<br>6 Everett Street, Ste. 4105<br>Cambridge, MA 02138<br>tthomaslundborg@law.harvard.edu<br>dhessel@law.harvard.edu |
| Michael de Leeuw*<br>Amanda Giglio*<br>Cozen O'Connor<br>3 WTC, 175 Greenwich St.,<br>55th Floor<br>New York, NY 10007<br>MdeLeeuw@cozen.com<br>AGiglio@cozen.com | Nora Ahmed (N.Y. Bar. No. 5092374)<br>ACLU Foundation of Louisiana<br>1340 Poydras St., Suite 2160<br>New Orleans, LA 70112<br>NAhmed@laaclu.org |
| Josephine Bahn*<br>Cozen O'Connor<br>1200 19th Street NW<br>Washington, D.C. 20036<br>JBahn@cozen.com | Ron Wilson (La. Bar No. 13575)<br>701 Poydras Street, Suite 4100<br>New Orleans, LA 70139<br>cabral2@aol.com |
| Robert S. Clark*<br>Cozen O'Connor<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>robertclark@cozen.com | |

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice