**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DR. DOROTHY NAIRNE, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, | |
| *Plaintiffs*, | Civil Action No. 3:22-cv-00178 SDD-SDJ |
| v. | |
| NANCY LANDRY, in her official capacity as Secretary of State of Louisiana, | |
| *Defendant*. | |

## PLAINTIFFS' RENEWED MOTION FOR SCHEDULING CONFERENCE

Plaintiffs—Dr. Dorothy Nairne, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, Black Voters Matter Capacity Building Institute, and Louisiana State Conference of the NAACP—respectfully renew their motion for a scheduling conference.

On February 8, 2024, the Court permanently enjoined elections under S.B. 1 and H.B. 14 for violating Section 2 of the Voting Rights Act. ECF No. 233. The Court ordered that the state shall have "a reasonable period of time" to "address the Court's findings and implement State House and Senate election maps that that comply with § 2 of the Voting Rights Act," and specified that the Court would determine the "period of time" that the State would be afforded "following submittals by the parties." ECF No. 233 at 91.

Plaintiffs have filed two motions related to determining the appropriate period of time for the state to draw new maps: a motion for special elections on the remedial state legislative maps

in November 2024, and a motion to grant Plaintiffs' proposed scheduling order for the remedial phase of this case.

Both motions emphasize that it is vital to Plaintiffs' fundamental right to vote that this case move forward to the remedial stage as quickly as possible. And it is still possible to set a remedial schedule that would permit special elections in November 2024. *See* Exhibit A (proposed order granting alternative remedial schedule). Plaintiffs maintain that it would be prudent for the parties and the Court to discuss the appropriate schedule for the remedial phase of this case at the Court's earliest convenience.

Contrary to Defendants' representations,[1] this Court has jurisdiction to proceed to the remedial phase of this case while the appeal is pending. *See* Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the [district] court may suspend, modify, restore, or grant an injunction . . . on other terms that secure the opposing party's rights."). Because the only part of this Court's order that is arguably ripe for appeal is its interim injunction against the enacted maps, proceeding to the remedial phase would have no impact on the order that is the subject of the pending appeal. After a notice of appeal is

---

[1] Defendants have argued that their notice of appeal divested the district court of jurisdiction to consider Plaintiffs' motion for a special election. ECF No. 244 at 4–6. Defendants have invoked cases that stand for the unrelated principle that, once a notice of appeal is filed, the trial court no longer has the authority to revisit the merits of its ruling or to enlarge the scope of any injunctive relief it ordered. *Id.* (citing *McClatchy Newspapers v. Cent. Valley Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982); *Zimmer v. McKeithen*, 467 F.2d 1381 (5th Cir. 1972)). None of the cases Defendants cite stand for the proposition that a district court lacks jurisdiction to engage in *remedial proceedings* pursuant to its own order while an appeal from the *merits* order is pending. Neither Plaintiffs' request for special elections nor the anticipated proceedings leading to adoption of new VRA-compliant House and Senate maps is involved in the current appeal or seeks to revisit or enlarge the scope of this Court's order. Consideration of those issues does nothing to disrupt or alter the Court's merits ruling or the order enjoining use of Louisiana's current House and Senate maps in any way. Plaintiffs' request for special elections as part of the remedial phase of this case—which has not yet begun—thus cannot and does not seek to enlarge or alter any order that is currently on appeal.

filed, a district court still retains jurisdiction to manage its injunctive orders and may issue further orders to enforce the Ruling and Order's determination that Plaintiffs are entitled to further relief. *See Alberti v. Klevenhagen*, 46 F.3d 1347, 1358–59 (5th Cir. 1995); *Plaquemines Par. Comm'n Council v. United States*, 416 F.2d 952, 954 (5th Cir. 1969); *see also, e.g.*, *Robinson v. Ardoin*, 37 F.4th 208, 216 (5th Cir. 2022) (describing how district court proceeded to remedial phase of preliminary injunction proceedings while appeal of its preliminary injunction was pending before the Fifth Circuit); *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982) ("a district court maintains jurisdiction as to matters not involved in the appeal").

If this Court were nevertheless to conclude that it lacks jurisdiction to issue any remedial order, Plaintiffs would request that the Court provide an indicative ruling on their motion for special elections and on further remedial relief as may be necessary pursuant to Federal Rule of Civil Procedure 62.1. *See* 16A Fed. Prac. & Proc. Juris. § 3958.10 (Wright & Miller, 5th ed. 2020). Rule 62.1 would permit this Court to issue an indicative ruling on whether special elections are warranted and would ensure that—if this Court indicates special elections are warranted, and if the Fifth Circuit affirms this Court's injunction—a special election *could* still be held this fall. An indicative ruling could also provide a basis for the Fifth Circuit to remand the case to this Court to enter a remedial ruling, allowing the Fifth Circuit to consider appeals on liability and remedy together. *See* Fed. R. App. P. 12.1. Accordingly, if the Court believes it presently lacks remedial jurisdiction, Plaintiffs believe a status conference would be beneficial to allow the Court to set a schedule for remedial proceedings leading to an indicative ruling.

Plaintiffs respectfully request that the Court set a status conference to take place this week or on the earliest possible date so that the parties and the Court can discuss next steps in this case.

Date: March 5, 2024

Respectfully submitted,

/s/ Megan C. Keenan

Leah Aden (admitted *pro hac vice*)
Stuart Naifeh (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org


I. Sara Rohani (admitted *pro hac vice*)
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org


John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com


Michael de Leeuw (admitted *pro hac vice*)
Amanda Giglio (admitted *pro hac vice*)
Robert Clark (admitted *pro hac vice*)
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com


Josephine Bahn (admitted *pro hac vice*)
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com


 *Practice is limited to federal court.*

Megan C. Keenan (admitted *pro hac vice*)
Sarah Brannon (admitted *pro hac vice*)*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin (admitted *pro hac vice*)
Dayton Campbell-Harris (admitted *pro hac vice*)*
Garrett Muscatel (admitted *pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
gmuscatel@aclu.org

T. Alora Thomas-Lundborg (admitted *pro hac vice*)
Daniel J. Hessel (admitted *pro hac vice*)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
NY Bar No. 5092374 (admitted *pro hac vice*)
Pronouns: she, her, hers
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com


*Attorneys for Plaintiffs*

4