IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ <br><br> Chief Judge Shelly D. Dick <br><br> Magistrate Judge Scott D. Johnson |

### JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR SCHEDLING CONFERENCE

Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana (the "Secretary"), and Intervenor-Defendant the State of Louisiana (the "State") (collectively, "Defendants"), jointly file this Opposition to Plaintiffs' Renewed Motion for a Scheduling Conference, Rec. Doc. 254-254-2.

### BACKGROUND

On February 12, 2024, Plaintiffs filed a Motion to Set Schedule for Remedial Proceedings and a Motion for Scheduling Conference. [Rec. Docs. 235-235-2; 236-236-2]. The next day, Plaintiffs filed a Motion for Special Election and Expedited Briefing Schedule. [Rec. Docs. 237-237-2]. On February 14, 2024, the Court ordered Defendants and Intervenors to file expedited responses to Plaintiffs' Motion to Set Schedule and Plaintiffs' Motion for Special Election. [Rec. Doc. 238]. The Court also set a scheduling conference for February 21, 2024. [*Id.*].

On February 21, 2024, the Court cancelled the scheduling conference. [Rec. Doc. 248]. Plaintiffs then moved for Leave to File a Reply in further support of their Motion for Special Elections on February 22, 2024. [Rec. Doc. 249]. On March 5, 2024, before the Court had an

1

opportunity to issue a ruling on Plaintiffs' Motion for Leave to File Reply, Plaintiffs filed what amounts to a reply brief in support of their demand for a November 2024 special election, styled as another motion. [Rec. Doc. 254].

## ARGUMENT

I. **Plaintiffs' Renewed Motion for Scheduling Conference is Nothing More Than a Procedurally Improper Reply in Further Support of Their Motion for Special Election.**

As an initial matter, Plaintiffs' Motion is procedurally improper. Instead of waiting a reasonable amount of time for the Court to rule on their Motion for Leave to File a Reply, Rec. Doc. 249, Plaintiffs have filed this "Renewed" Motion for Scheduling Conference. The Court should not entertain Plaintiffs' brazen demand that the Court adopt their preferred timeline. The issues raised in Plaintiffs' Motion for Scheduling Conference and Memorandum in Support have already been briefed for the Court—namely, Plaintiffs' continued insistence on November 2024 special elections. Plaintiffs should not be permitted file an unauthorized reply, or to bypass word count limits and other procedural requirements, by filing a new motion seeking identical relief.[1]

II. **For the Same Reasons Defendants Set Forth in Prior Briefing, Plaintiffs' Motion for Special Elections Should Be Denied.**

To the extent that the Court is inclined to consider the merits of Plaintiffs' Motion for a Scheduling Conference, Plaintiffs' alternative remedial schedule and desire for special elections in November 2024 are unwarranted and impermissible for the same reasons set forth in Defendants' prior briefing on the issues. [Rec. Doc. 244 at pp. 4-14]. Defendants hereby incorporate by

---

[1] Plaintiffs seemingly raise a new Fed. R. Civ. P. 62.1 argument in their Memorandum in Support of Motion for Scheduling Conference. Such an add-on to a request for a Scheduling Conference is inappropriate. If Plaintiffs truly intend to seek relief under Rule 62.1, such arguments must be set forth in a separate motion with a memorandum in support of that separate motion.

reference their arguments in the Memorandum in Opposition to Plaintiffs Motion for Special Election and Motion to Set Schedule for Remedial Proceedings as if fully set forth herein.

Notably, Plaintiffs' latest Memorandum does not even attempt to distinguish *Covington*, which is dispositive here. *See Covington v. North Carolina*, 270 F. Supp. 3d 811, 902 (M.D.N.C. 2017). Nor can they, because just like *Covington*, "ordering a special election would entail either unduly abbreviating the process for enacting and reviewing new legislative districting plans, or ignoring a number of state laws designed to protect voters and the integrity of elections, or accepting the compressed, overlapping schedule proposed by Plaintiffs—which would likely confuse voters, raise barriers to participation, and depress turnout." *Id.*

Plaintiffs also fail to meaningfully address how their failure to put evidence on the trial record regarding whether a November 2024 Special Election was feasible impacts this Court's jurisdiction. As discussed in more detail in Defendants' prior brief, making these arguments now is akin to asking the court to enlarge its injunction, which is impermissible. *See* Rec. Doc. 244. In fact, Plaintiffs' alternative proposed remedial schedule is nothing more than a rushed attempt to correct their failure to question relevant witnesses about the timeframe needed for a special election. For the reasons set forth in Defendants' prior briefing, this is inappropriate, and the Court lacks jurisdiction to enlarge the injunction after all evidence has been presented.

**III.    Plaintiffs' Alternative Proposed Remedial Schedule is Untenable.**

Even if this Court had jurisdiction to enlarge the injunction, which it does not, Plaintiffs' alternative proposed remedial schedule is intertwined with their request for special election and is otherwise untenable. Plaintiffs' schedule was untenable when first proposed on February 12, 2024 and is even more so now. [*See* Rec. Doc. 244 at pp. 15-20]. Plaintiffs continue to seek an

3

unjustifiably expedited remedial schedule before election deadlines that are more than three years away. The Court should deny Plaintiffs' Motion for several reasons.

First and foremost, the 2024 Regular Legislative Session convened on Monday, March 11, 2024. Plaintiffs proposed schedule would only give the legislature approximately 10 legislative days (until March 25, 2024) to pass remedial plans for both the House and Senate. This is wholly insufficient time for a thoughtful legislative process to unfold—especially one made more complicated by the fact that some newly-elected members may be double-bunked or otherwise drawn out of their existing districts in an effort to comply with the Court's February 8 Order. Moreover, setting a deadline for Plaintiffs to serve proposed remedial maps before the Legislature has a meaningful opportunity to convene is classic redistricting by ambush. *See, e.g., In re Landry*, 83 F.4th 300, 303–04 (5th Cir. 2023).

Even so, Plaintiffs' proposed schedule does not give Defendants sufficient time for meaningful discovery into any remedial maps. Assuming arguendo that Plaintiffs' motions are resolved by March 19, Defendants are only given ten days to assess Plaintiffs' expert submissions. And the ten days cuts down to two between the time that Plaintiffs must notify the court as to whether the litigation will continue and the deadline for all of Defendants' expert reports. The proposal boasts a mere four days for Defendants to compile all of their expert materials from the deadline for Legislature to act. Meanwhile, Plaintiffs have approximately a week (from March 29 to April 4) to file any rebuttal reports or other opposition to Defendants' maps.

Furthermore, Plaintiffs propose April 10, 2024 as the date for a remedial hearing. But, as Plaintiffs well know, the trial in *Callais v. Landry*, W.D. La. No. 3:24-cv-00122 is set for April 8 and 9, 2024 in Shreveport. As substantially the same defense counsel is involved in both cases, an April 10 remedial hearing date would disrupt the ability of Defendants to prepare.

4

Lastly, Plaintiffs' Renewed Motion for Scheduling Conference contains the same flaws, or worse, than what the Fifth Circuit found to be impermissibly rushed in *Robinson*. *See In re Landry*, 83 F.4th at 303–04. But instead of the five weeks to prepare for a remedial hearing that was found to be insufficient in *In re Landry*, Plaintiffs propose a timeline that is a week shorter in this matter. *See, e.g., In re Landry*, 83 F.4th 300, 303–04 (5th Cir. 2023) (vacating remedial hearing that only gave the defendants five weeks to prepare for a hearing to determine a court-ordered redistricting map); *Jones v. City of Lubbock*, 727 F.2d 364, 387 (5th Cir. 1984) (criticizing a court-ordered redistricting plan in adopted in less than 1.5 months following judgment). In addition to the overall shorter timeline, Plaintiffs' proposal also gives Defendants fewer than 18 days to assess their proposed remedial maps, and a mere 10 days to assess Plaintiffs' expert submissions. In the *Robinson* scheduling that came after *In re Landry*, Defendants were given approximately 21 days for similar tasks[2]. *See Robinson v. Ardoin*, M.D. La. No. 3:22-cv-00211-SDD-SDJ, Rec. Doc. 330. The *Robinson* schedule also shows that expert discovery can turn out to be entirely unnecessary if the Legislature acts when given the appropriate time to do so. Ordering expert discovery occur before the Legislature has a chance to act will again require Defendants to spend significant resources for expedited expert review of remedial maps that might not even be necessary should Plaintiffs not oppose any newly enacted maps. Such a schedule is wholly unwarranted and potentially presents an unnecessary expense to the taxpayers that can and should be avoided.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' improper Renewed Motion for a Scheduling Conference, Rec. Doc. 254.

Respectfully submitted, this the 13th day of March, 2024.

---

[2] Defendants maintain that those 21 days, much of which included holidays, were insufficient to adequately assess *Robinson* and *Galmon* Plaintiffs' new illustrative plans.

| | |
|---|---|
| */s/ Carey Tom Jones* | */s/ Phillip J. Strach* |
| Elizabeth B. Murrill (LSBA No. 20685) | Phillip J. Strach* |
|    Louisiana Attorney General |    *Lead Counsel* |
| Morgan Brungard (LSBA No. 40298) | Thomas A. Farr* |
| Carey Tom Jones (LSBA No. 07474) | Alyssa M. Riggins* |
| Amanda M. LaGroue (LSBA No. 35509) | Cassie A. Holt* |
| Office of the Attorney General | **NELSON MULLINS RILEY &** |
| Louisiana Department of Justice | **SCARBOROUGH LLP** |
| 1885 N. Third St. | 301 Hillsborough Street, Suite 1400 |
| Baton Rouge, LA 70804 | Raleigh, North Carolina 27603 |
| (225) 326-6000 phone | Ph: (919) 329-3800 |
| (225) 326-6098 fax | phil.strach@nelsonmullins.com |
| murrille@ag.louisiana.gov | tom.farr@nelsonmullins.com |
| jonescar@ag.louisiana.gov | alyssa.riggins@nelsonmullins.com |
| brungardm@ag.louisiana.gov | cassie.holt@nelsonmullins.com |
| LaGroueA@ag.louisiana.gov | |
| | */s/ John C. Walsh* |
| Jason B. Torchinsky (DC 976033)* | John C. Walsh, LA Bar Roll No. 24903 |
| Phillip M. Gordon (DC 1531277)* | John C. Conine, Jr., LA Bar Roll No. 36834 |
| Brennan A.R. Bowen (AZ 036639)* | **SHOWS, CALL & WALSH, L.L.P.** |
| Holtzman Vogel Baran | 628 St. Louis St. (70802) |
| Torchinsky & Josefiak, PLLC | P.O. Box 4425 |
| 15405 John Marshall Highway | Baton Rouge, LA 70821 |
| Haymarket, VA 20169 | Ph: (225) 346-1461 |
| (540) 341-8808 phone | Fax: (225) 346-1467 |
| (540) 341-8809 fax | john@scwllp.com |
| jtorchinsky@holtzmanvogel.com | coninej@scwllp.com |
| pgordon@holtzmanvogel.com | * *Admitted pro hac vice* |
| bbowen@holtzmanvogel.com | |
| | *Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana* |
| *Counsel for Defendant State of Louisiana* | |