RE: Nairne, et al. v. Ardoin, et al., No. 3:22-cv-178 - SOS Discovery

## Thomas-Lundborg, Alora <tthomaslundborg@law.harvard.edu>

Mon 8/21/2023 8:59 PM

To:Alyssa Riggins <alyssa.riggins@nelsonmullins.com>;Tom Farr <tom.farr@nelsonmullins.com>;Phil Strach <phil.strach@nelsonmullins.com>;John Walsh <john@SCWLLP.COM>
Cc:Prouty, Erika Dackin <eprouty@bakerlaw.com>;WaleJ@ag.louisiana.gov <WaleJ@ag.louisiana.gov>;
JonesCar@ag.louisiana.gov <JonesCar@ag.louisiana.gov>;john@scwllp.com <john@SCWLLP.COM>;FreelA@ag.louisiana.gov <FreelA@ag.louisiana.gov>;kimk@scwllp.com <kimk@scwllp.com>;Mengis, Michael W. <mmengis@bakerlaw.com>;Sauceda, Carol <csauceda@bakerlaw.com>;Braden, E. Mark <MBraden@bakerlaw.com>;Raile, Richard <rraile@bakerlaw.com>;Lewis, Patrick T. <plewis@bakerlaw.com>;Jason Torchinsky <jtorchinsky@HoltzmanVogel.com>;Andrew Pardue <apardue@HoltzmanVogel.com>;Phil Gordon <pgordon@HoltzmanVogel.com>;McKnight, Katherine L. <kmcknight@bakerlaw.com>;Giglio, Amanda <agiglio@cozen.com>;John Walsh <john@SCWLLP.COM>;Molly Garyantes <MGaryantes@aclu.org>;Sarah Brannon <sbrannon@aclu.org>;Dayton Campbell-Harris <DCampbell-Harris@aclu.org>

📎 2 attachments (307 KB)
Second Request for Interrogatories (SOS).pdf; Second Request for Production (SOS).pdf;

---

**This Message Is From an External Sender**
This message came from outside your organization.

Dear Counsel,

Please see attached discovery requests.

Thank you,


**T. Alora Thomas-Lundborg**
**(pronouns she/her/hers)**
*Strategic Director of Litigation and Advocacy*
**Harvard Law School**
**Charles Hamilton Houston Institute for Race & Justice**
Areeda Hall, Room 522 | 1545 Massachusetts Avenue | Cambridge MA, 02138
w: (617) 998-1582

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ |
| *Plaintiffs*, | **PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana | |
| *Defendant*. | |

**PLAINTIFFS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS OF THE SECRETARY OF STATE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Dr.

Dorothy Nairne, Jarrett Lofton, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris,

Black Voters Matter Capacity Building Institute, and the Louisiana State Conference of the

NAACP ("Plaintiffs") hereby request that Kyle Ardoin, in his official capacity as Secretary of

State of Louisiana ("Defendant") produce the documents described herein for inspection and

copying and deliver copies by electronic mail or other electronic means the requested documents

to counsel for Plaintiffs at a mutually agreed upon date. Production can be made available to

Plaintiffs on a rolling basis. Further, Plaintiffs request that Defendant periodically update the

production of the documentation requested, through the time of this case, pursuant to Rule 26.

1

## **DEFINITIONS**

As used herein, the following terms have the following meanings:

1.      "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.`

2.      "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3.      "COMMITTEES" refers to the Louisiana House of Representatives House and Governmental Affairs Committee ("HGA") and the Senate and Governmental Affairs Committee ("SGA").

4.      "COMMITTEE MEMBERS" refers to any person or entity involved in the duties of the Committees or who acts or purports to act on a Committee's behalf, subject to a Committee's control, or is otherwise involved in the redistricting work of the Committees related to S.B. 1 and H.B. 14.

5.      "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

6.       "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages

2

sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases, electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records.  This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

  a. DOCUMENT or DOCUMENTS shall include Electronically Stored Information.  "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten

with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

7.     "ELECTION" shall include any election in the State of Louisiana, unless otherwise specified, and shall include voting by mail ballot, early in person, and in-person voting on Election Day.

8.     "SPECIAL ELECTION" means an election called to fill vacancy in the office of a state legislator (both in the State Senate and the State House of Representatives) that occurs with six months or more of the term remains unexpired, as described under R.S. 18:601. This term shall include both primary and general election held to fill vacancy as described above.

9.     "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

10.     "REGULAR ELECTION" means primary and general election held every four years to fill the offices of the State Legislature, both the State Senate and the State House of Representatives.

11.     "ELECTION CYCLE" refers to the phase of the electoral process beginning the day after the date of the most recent general election and ending on the date of the next general election. For example, the 2023 election cycle began on December 11, 2022, and will end on November 19, 2023.

12.     "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected

4

with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

13.     "VOTER" means any registered voter in Louisiana and all persons who are eligible to register to vote by the close of discovery in this case.

14.     "YOU" or "YOUR" refers to Defendant and includes any of Defendant's agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendant's behalf or subject to Defendant's control.

## INSTRUCTIONS

1.      The responsive documents should be produced in the manner prescribed by the Rules and in accordance with the ESI Protocols in the Parties' forthcoming joint Rule 26(f) Report.

2.      Submit objections to these Requests within two weeks of service of these Requests.

3.      If any part of the request is objected to, the reason for the objection should be stated with particularity.  If an objection is made to part of any item or category set forth in a request, that part should be specified.

4.      Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

5.      The documents produced in response to these requests are all responsive documents in Your possession, custody, or control, or known to be available to You, regardless of whether such documents are possessed directly by You or Your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on Your behalf or subject to Your control, and whether they are maintained at any of Your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to You.

6.      Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

7.      Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former

6

officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

8.      Where a request calls for information that is not available to You in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, You must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

9.      In addition to the responsive document, You shall produce all non-identical copies, including all drafts, of each responsive document.

10.     If any requested document is not or cannot be produced in full, You shall produce it to extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

11.     Each document produced must include all attachments and enclosures.

12.     Documents attached to each other shall not be separated.

13.     Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

14.     In accordance with Rule 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the

categories in the requests and identify the name of the person from whose files the documents were produced.

15.     Each request shall be responded to separately.  Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

16.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.  Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

17.     No part of a document request shall be left unanswered because an objection is interposed to another part of the document request.  If you object to any document request or sub-part thereof, state with specificity Your objection and all grounds therefore.  Any ground not stated will be waived.

18.     If You contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request You shall:

      a.     produce all documents and information available to You without undertaking what You contend to be an unreasonable burden; and

b.    set forth the particular grounds on which You contend that additional

efforts to obtain such documents and information would be unduly burdensome.

19.    If any document is withheld, in whole or in part, under any claim of privilege,

including without limitation, the work-product doctrine, attorney-client privilege, deliberative

process privilege, or investigative or law enforcement privilege, Your answer should provide the

following information in a single log:

a.    the type of document;

b.    the date of the document;

c.    the names of its author(s) or preparer(s) and an identification by

employment and title of each such person;

d.    the name of each person who was sent or furnished with, received,

viewed, or has had custody of the document or a copy thereof together with an

identification of each such person;

e.    its title and reference, if any;

f.    a description of the document sufficient to identify it without revealing the

information for which privilege is claimed;

g.    the type of privilege asserted;

h.    a description of the subject matter of the document in sufficient detail to

allow the Court to adjudicate the validity of the claim for privilege; and

i.    the paragraph of this request to which the document relates.

20.    Any requests propounded in the disjunctive shall be read as if propounded in the

conjunctive and vice versa.  Any request propounded in the singular shall be read as if

propounded in the plural and vice versa.  Any request propounded in the present tense shall also

be read as if propounded in the past tense and vice versa.

21.     These document requests cover the period from January 1, 2011 to the present,

unless otherwise indicated in the request itself.  The document requests set forth below

encompass all documents and information concerning this period, even though dated, prepared,

generated, or received prior to this period.

22.     These document requests are continuing in nature.  Pursuant to Rule 26(e), You

are under a continuing duty to supplement the production with documents obtained subsequent to

the preparation and service of a response to each Request.  Supplemental responses shall be

served and additional documents shall be made available promptly upon discovery of such

information.

## **DOCUMENTS REQUESTED**

### **REQUEST FOR PRODUCTION NO. 1:**

All documents reflecting the actions taken by the Secretary of State's office to implement

new Louisiana State House and Louisiana State Senate maps.

### **REQUEST FOR PRODUCTION NO. 2:**

All policies and procedures regarding the processes for implementation of new Louisiana

State House and Louisiana State Senate maps.

### **REQUEST FOR PRODUCTION NO. 3:**

All timelines for the administration of State House and State Senate elections, including both

regular and special elections for the 2019, 2020, 2022, 2023, and 2024 election cycles.

### **REQUEST FOR PRODUCTION NO. 4:**

All policies and procedures for the administration of State House and State Senate

elections, including both regular and special elections.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting the use of nomination to qualify as a candidate for Louisiana

State House of Representatives or State Senate.

Dated: August 21, 2023

/s/ Sarah Brannon

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Sarah Brannon*
Megan C. Keenan**
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

Sophia Lin Lakin*
Dayton Campbell-Harris**
Luis Manuel Rico Román**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

T. Alora Thomas-Lundborg*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice
**Pro Hac Vice Motion Forthcoming

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

*/s/ T. Alora Thomas-Lundborg*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

DR. DOROTHY NAIRNE, JARRETT
LOFTON, REV. CLEE EARNEST LOWE, DR.
ALICE WASHINGTON, STEVEN HARRIS,
BLACK VOTERS MATTER CAPACITY
BUILDING INSTITUTE, and THE
LOUISIANA STATE CONFERENCE OF THE
NAACP,

                        *Plaintiffs*,

      v.

R.  KYLE ARDOIN, in his official capacity as
Secretary of State of Louisiana

                        *Defendant*.

CIVIL ACTION NO. 3:22-cv-00178
SDD-SDJ

**PLAINTIFFS' SECOND SET OF
INTERROGATORIES**

**PLAINTIFFS' SECOND  SET OF
INTERROGATORIES OF THE SECRETARY OF STATE**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Dr. Dorothy

Nairne, Jarrett Lofton, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, Alexis

Calhoun, Black Voters Matter Capacity Building Institute, and the Louisiana State Conference of

the NAACP ("Plaintiffs") serve this First Set of Interrogatories on Kyle Ardoin, in his official

capacity as Secretary of State of Louisiana ("Defendant") and hereby request that Defendant

answer this First Set of Interrogatories by electronic mail or other electronic means within 30

days.

1

## **DEFINITIONS**

As used herein, the following terms have the following meanings:

1.       "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all."

2.       "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3.       "COMMITTEES" refers to the Louisiana House of Representatives House and Governmental Affairs Committee ("HGA") and the Senate and Governmental Affairs Committee ("SGA").

4.       "COMMITTEE MEMBERS" refers to any person or entity involved in the duties of the Committees or who acts or purports to act on a Committee's behalf, subject to a Committee's control, or is otherwise involved in the redistricting work of the Committees related to S.B. 1 and H.B. 14.

5.       "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

6.       "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts

on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases, electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records.  This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

      a.      DOCUMENT or DOCUMENTS shall include Electronically Stored Information.  "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a

backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

7. "ELECTION" shall include any election in the State of Louisiana, unless otherwise specified, and shall include voting by mail ballot, early in person, and in-person voting on Election Day.

8. "SPECIAL ELECTION" means an election called to fill vacancy in the office of a state legislator (both in the State Senate and the State House of Representatives) that occurs with six months or more of the term remains unexpired, as described under R.S. 18:601. This term shall include both primary and general election held to fill vacancy as described above.

9. "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

10. "REGULAR ELECTION" means primary and general election held every four years to fill the offices of the State Legislature, both the State Senate and the State House of Representatives.

11. "ELECTION CYCLE" refers to the phase of the electoral process beginning the day after the date of the most recent general election and ending on the date of the next

general election. For example, the 2023 election cycle began on December 11, 2022, and will end on November 19, 2023.

12. "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

13. "VOTER" means any registered voter in Louisiana and all persons who are eligible to register to vote by the close of discovery in this case.

14. "YOU" or "YOUR" refers to Defendant and includes any of Defendant's agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendant's behalf or subject to Defendant's control.

## **INSTRUCTIONS**

1.      Each Interrogatory shall be construed according to its most inclusive meaning so that if information or a document is responsive to any reasonable interpretation of the Interrogatory, the information or document is responsive.

2.      Submit objections to these Interrogatories within two weeks of service of these Interrogatories.

3.      If You object to any part of an Interrogatory and refuse to answer that part, identify that portion to which You object and answer the remaining portion of the Interrogatory.

4.      If You object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, please state Your objection and answer the Interrogatory for the scope or time period You believe is appropriate.

5.      If You object to any Interrogatory as vague or unclear, assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

6.      If You object to any Interrogatory as overbroad, provide a response that narrows the Interrogatory in a way that eliminates the purported over-breadth, state the extent to which Your response has narrowed the Interrogatory, and respond to the narrowed Interrogatory.

7.      If You withhold the answer to any part of any Interrogatory on the claim of privilege, state the specific factual and legal basis for doing so and answer any part of the Interrogatory that is not alleged to be objectionable.  Such information should be supplied in sufficient detail to permit the Plaintiffs to assess the applicability of the privilege claimed.

8.      These Interrogatories are continuing in nature, and You shall revise or supplement Your responses whenever you obtain different or additional relevant knowledge, information, or belief, from the time of your initial response through the end of trial.

9.      If You are unable to respond to any of the Interrogatories fully and completely, after exercising due diligence to obtain the information necessary to provide a full and complete response, so state, and answer each such Interrogatory to the fullest extent possible, specifying the extent of Your knowledge and Your inability to answer the remainder, and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and efforts You made to obtain the requested information.  If You have no information responsive to an Interrogatory, then You shall so state.

10.    The Interrogatories cover the period from January 1, 2011 to the present, unless otherwise indicated in the Interrogatory itself.  The Interrogatories set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

11.    Responsive documents to the Interrogatories should be produced in the manner prescribed by the Federal Rules of Civil Procedure and in accordance with any ESI Protocols agreed upon by the parties or ordered by the Court.

12.    If a responsive communication, document, or tangible thing has been prepared in copies that are not identical, or if additional copies have been made that are no longer identical, or if original identical copies are no longer identical by reason of subsequent notations on the front or back pages thereto, each non-identical copy is a separate communication, document, or tangible thing and shall be produced.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**

For each election, identify the number of candidates who qualified for the ballot for State Senate and State House of Representatives and whether they qualified for the ballot by nominating petition or qualifying fee from the 2010 election cycle to the present.

## **INTERROGATORY NO. 2**

Identify the name, date of election, and district for each candidate who qualified for State Senate or State House of Representatives by nominating petition from the 2010 election cycle to the present.

**INTERROGATORY NO. 3**

Identify the number of voter mailings and the cost of such mailing for the 2015, 2016, 2018, 2019, 2020, 2022, and 2023 election cycle.

**INTERROGATORY NO. 4**

Identify the projected number of voter mailings and the projected cost of such mailing for the 2024 election cycle.

**INTERROGATORY NO. 5**

Identify all objections to candidate qualification for State House of Representatives and State Senate whether during a special election or regular election since January 1, 2011.  Identify the date of the objection and the date of resolution of the objection.

**INTERROGATORY NO. 6**

Identify all the steps taken by Your office to implement a new map after it is passed by the State Legislature or ordered by a court.  Identify the staff time needed to complete each step and the staff responsible for completion.

Dated: August 21, 2022

|  |  |
|---|---|
| | /s/ Sarah Brannon |
| John Adcock (La. Bar No. 30372) | Sarah Brannon* |
| Adcock Law LLC | Megan C. Keenan** |
| Louisiana Bar No. 30372 | American Civil Liberties Union Foundation |
| 3110 Canal Street | 915 15th St. NW |
| New Orleans, LA 701119 | Washington, DC 20005 |
| jnadcock@gmail.com | sbrannon@aclu.org |
| | mkeenan@aclu.org |
| Ron Wilson (La. Bar No. 13575) | |
| 701 Poydras Street, Suite 4100 | Sophia Lin Lakin* |
| New Orleans, LA 70139 | Dayton Campbell-Harris** |
| cabral2@aol.com | Luis Manuel Rico Román** |
| | American Civil Liberties Union Foundation |
| Leah Aden* | 125 Broad Street, 18th Floor |

Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
lroman@aclu.org

T. Alora Thomas-Lundborg*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

Nora Ahmed (N.Y. Bar. No. 5092374)
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70112
NAhmed@laaclu.org

Josephine Bahn**
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice
**Pro Hac Vice Motion Forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

*/s/ T. Alora Thomas-Lundborg*