## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State of Louisiana,<br><br>    *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

### JOINT STATUS REPORT PURSUANT TO MAY 3, 2024, ORDER

The parties provide the following joint status report regarding "the State Legislature's progress on creating new, compliant maps" pursuant to this Court's Order of May 3, 2024 (Doc. 272 at 11).

### THE LOUISIANA STATE LEGISLATURE'S REGULAR SESSION

The Louisiana State Legislature concluded its 2024 Regular Session on June 3, 2024. *See* Session Information for the 2024 Regular Session, Louisiana State Legislature, at https://www.legis.la.gov/Legis/SessionInfo/SessionInfo_24RS.aspx (visited Jun. 4, 2024). No new redistricting plans were passed for the House or Senate in response to this Court's February 8, 2024, injunction (Doc. 233). The 2025 Regular Session of the Louisiana State Legislature will convene at noon on April 14, 2025. *See* Future Session Information, Louisiana State Legislature, at https://legis.la.gov/legisdocs/sessioninfo.pdf (visited Jun. 4, 2024). The Legislature currently has no special sessions scheduled between now and the convening of the 2025 Regular Session.

The parties offer the following additional information in response to the Court's order:

**Defendants' position:** Although circumstances may change, there is no current plan for the Legislature to produce enacted plans designed to satisfy this Court's injunction. The Equal

Protection Clause forbids an unjustified, predominant consideration of race in redistricting. *See Cooper v. Harris*, 581 U.S. 285, 292 (2017). But satisfying the injunction would require new majority-minority districts configured to hit racial targets. After the *Robinson* litigation, the Legislature's remedial congressional legislation was enjoined as an impermissible racial gerrymander by a three-judge court, in a ruling now on appeal. *Callais v. Landry*, No. 3:24-cv-122, 2024 WL 1903930, *1 (W.D. La. Apr. 30, 2024). Without further guidance concerning these competing hazards, the Legislature faces a "lose-lose situation." *Alexander v. South Carolina State Conf. of NAACP*, 602 U.S. --, 2024 WL 2335243, *31 (May 23, 2024) (Thomas, J., concurring).

The Fifth Circuit will exercise appellate review to determine whether redistricting plans compliant with this Court's injunction are necessary and appropriate, in whole or in part. Legislative Intervenors note the following two developments in the Fifth Circuit that are relevant to any future proceedings in this Court.

*First,* the Fifth Circuit has declined to remand this case for adjudication of Plaintiffs' request for special elections. This Court's May 3 Order made an indicative ruling, pursuant to Fed. R. Civ. P. 62.1, concerning a special election for the Louisiana State Legislature at a date "well prior to the October 2027 elections" called for in Louisiana's Constitution. May 3 Order at 10. On May 15, 2024, a Fifth Circuit panel entered an order addressing the indicative ruling. *Nairne v. Landry,* No. 24-30115, Doc. 153-1 (5th Cir. May 15, 2024). The court observed that indicative rulings are available "[w]hen a district court does not have authority to grant a particular motion during the pendency of the appeal," *id.* at *2 (citation omitted), and that the court of appeals has "authority to remand to allow the district court's order to be entered[.]" *Id.* at *3. The Fifth Circuit "decline[d] to do so" in this case. *Id.*

2

*Second*, the Defendant and Defendant-Intervenors filed a motion for initial hearing en banc in the Fifth Circuit on the question of whether there exists a private right of action under Section 2 of the Voting Rights Act. On May 22, 2024, the Fifth Circuit entered an order immediately circulating the petition for initial hearing en banc and holding the briefing schedule in abeyance. *Nairne v. Landry*, No. 24-30115, Doc. 174-2 (5th Cir. May 22, 2024). As of this joint status report, the Fifth Circuit has not yet announced whether it will conduct an initial hearing en banc.

**Plaintiffs' position:** As an initial matter, Plaintiffs respectfully submit that the arguments and analysis that make up "Defendants' position" well exceed the scope of this Court's Order, which sought only a joint status report regarding "the State Legislature's progress on creating new, compliant maps." Doc. 272 at 11. The legal arguments raised by Defendants are not appropriate at this juncture. That said, Plaintiffs briefly respond to Defendants' position.

Defendants' position makes clear that the State intends to ignore this Court's final, post-trial order finding the State House and Senate electoral maps violate Section 2 of the Voting Rights Act and calling for the State to "implement State House and Senate election maps that comply with § 2 of the Voting Rights Act," ECF No. 233 at 91, and this Court's subsequent order indicating that this Court retains jurisdiction to enforce its prior order. ECF No. 272 at 5. Defendants' reliance on the Western District of Louisiana's ruling in *Callais v. Landry*, No. 3:24-cv-122, 2024 WL 1903930, at *1 (W.D. La. Apr. 30, 2024)—an out-of-district, non-binding decision based on a different procedural posture and completely different maps—is misplaced. In this current case, this Court has already issued a final, post-trial order holding that the Illustrative Maps presented by Plaintiffs are sufficiently compact and are otherwise in compliance with the Voting Rights Act, *and* that race did not predominate in the configuration of the Illustrative Maps. *See generally* ECF

3

No. 233. There are no "competing hazards" at play and no justification for the State's blatant disregard of this Court's order.

Plaintiffs do not contest that the Fifth Circuit recently declined to return the instant matter to this Court following its indicative ruling on Plaintiffs' request for special elections, *Nairne v. Landry,* No. 24-30115, Doc. 153-1 (5th Cir. May 15, 2024), or that Defendants filed a motion for initial hearing *en banc* on the question of whether a private right of action exists under Section 2 of the Voting Rights Act, Doc. 125 (Apr. 23, 2024), which is currently pending before the Fifth Circuit, Doc. 174-2 (May 22, 2024).[1]  But, as indicated above, Plaintiffs contest Defendants' apparent position that no action is necessary until and unless the Fifth Circuit adjudicates the merits of the appeal, as it contradicts this Court's repeated rulings. ECF No. 272 at 5 (calling for the State to "remain active in creating new House and Senate elections maps, even amidst the appeal").

**The United States' Position:**  The United States takes no position at this time on matters disputed between Plaintiffs and Defendants.

|  |  |
|---|---|
|  | Respectfully submitted, |
| E. Mark Braden (pro hac vice)<br>Katherine L. McKnight (pro hac vice)<br>Richard B. Raile (pro hac vice)<br>**BAKERHOSTETLER LLP**<br>1050 Connecticut Ave., N.W., Ste. 1100<br>Washington, D.C. 20036<br>(202) 861-1500<br>mbraden@bakerlaw.com<br>kmcknight@bakerlaw.com<br>rraile@bakerlaw.com<br><br>Patrick T. Lewis (pro hac vice)<br>**BAKERHOSTETLER LLP**<br>127 Public Square, Ste. 2000<br>Cleveland, Ohio 44114<br>(216) 621-0200<br>plewis@bakerlaw.com | */s/ Michael W. Mengis*<br>Michael W. Mengis, LA Bar No. 17994<br>**BAKERHOSTETLER LLP**<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Phone: (713) 751-1600 / Fax: (713) 751-1717<br>Email: mmengis@bakerlaw.com<br><br>*Counsel for Legislative Intervenors, Phillip DeVillier, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Cameron Henry in his Official Capacity as President of the Louisiana Senate* |

---

[1] Plaintiffs have filed an opposition to the motion for initial hearing *en banc*, *Nairne v. Landry,* No. 24-30115, Doc. 134 (5th Cir. May 3, 2024), and so has the United States, Doc. 132 (May 3, 2024).

4

Erika Dackin Prouty (pro hac vice)
Robert J. Tucker (pro hac vice)
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com
rtucker@bakerlaw.com

/s/ Jason B. Torchinsky
Elizabeth B. Murrill (LSBA No. 20685)
   Louisiana Attorney General
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
jonescar@ag.louisiana.gov
brungardm@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

Jason B. Torchinsky (DC 976033)*
Phillip M. Gordon (DC 1531277)*
Brennan A.R. Bowen (AZ 036639)*
Holtzman Vogel Baran
Torchinsky & Josefiak, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 phone
(540) 341-8809 fax
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
bbowen@holtzmanvogel.com

*Counsel for Defendant State of Louisiana*

/s/ Phillip J. Strach
Phillip J. Strach*
*Lead Counsel*
Alyssa M. Riggins*
Cassie A. Holt*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com

/s/ John C. Walsh
John C. Walsh, LA Bar Roll No. 24903
John C. Conine, Jr., LA Bar Roll No. 36834
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
coninej@scwllp.com
* *Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana*

Leah Aden*
Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St.,
55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn*
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Robert S. Clark
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
RobertClark@cozen.com

*/s/ Megan C. Keenan*
Megan C. Keenan*
Sarah Brannon*†
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris*†
Garrett Muscatel*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg*
Daniel J. Hessel*
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed*
NY Bar No. 5092374
Pronouns: she, her, hers
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

*Attorneys for Plaintiffs*
**Admitted pro hac vice.*
*†Practice is limited to federal court.*

6

| | |
|---|---|
| RONALD C. GATHE, JR.<br>United States Attorney<br>Middle District of Louisiana | KRISTEN CLARKE<br>Assistant Attorney General |
| */s/ Justin A. Jack*<br>JUSTIN A. JACK, LBN 36508<br>Assistant U.S. Attorney<br>777 Florida Street, Suite 208<br>Baton Rouge, Louisiana 70801<br>Phone: (225) 389-0443<br>Fax: (225) 389-0685<br>E-mail: justin.jack@usdoj.gov | */s/ Daniel J. Freeman*<br>R. TAMAR HAGLER<br>TIMOTHY F. MELLETT<br>DANIEL J. FREEMAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 8.923<br>Washington, DC 20530<br>Phone: (800) 253-3931<br>Fax: (202) 307-3961<br>Email: daniel.freeman@usdoj.gov |

*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2024, this document was filed electronically on the Court's electronic case filing system on behalf of all parties. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

*/s/ Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**

*Counsel for Legislative Intervenors, Phillip DeVillier, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Cameron Henry, in his Official Capacity as President of the Louisiana Senate*