```
 1              UNITED STATES DISTRICT COURT

 2              MIDDLE DISTRICT OF LOUISIANA

 3

 4   DOROTHY NAIRNE, ET AL        *        CIVIL ACTION
                                  *
 5   VERSUS                       *        NO. 3:22-178-SDD
                                  *
 6   KYLE ARDOIN, ET AL           *        JULY 17, 2024
     * * * * * * * * * * * * * * *

 7

 8                     STATUS CONFERENCE
              BEFORE THE HONORABLE SHELLY D. DICK
 9            UNITED STATES CHIEF DISTRICT JUDGE

10

11   APPEARANCES:

12   FOR THE PLAINTIFFS:      AMERICAN CIVIL LIBERTIES UNION
                              FOUNDATION
13                            BY:  MEGAN C. KEENAN, ESQ.
                                   SARAH E. BRANNON, ESQ.
14                            915 15TH STREET, NW
                              WASHINGTON, DC 20005

15
                              NAACP LEGAL DEFENSE & EDUCATION
16                            FUND, INCORPORATED
                                 BY:  SARA ROHANI, ESQ.
17                            40 RECTOR STREET, FIFTH FLOOR
                              NEW YORK, NEW YORK 10006

18
                              COZEN O'CONNOR
19                            BY:  ROBERT S. CLARK, ESQ.
                              ONE LIBERTY PLACE
20                            1650 MARKET STREET, SUITE 2800
                              PHILADELPHIA, PENNSYLVANIA 19103

21
     FOR THE DEFENDANT,       NELSON MULLINS RILEY & SCARBOROUGH,
22   KYLE ARDOIN, IN HIS      LLP
     OFFICIAL CAPACITY AS     BY:  PHILLIP J. STRACH, ESQ.
23   SECRETARY OF STATE:      4140 PARKLAKE AVENUE, SUITE 200
                              RALEIGH, NORTH CAROLINA 27612

24

25
```

```
 1                                     SHOWS, CALI & WALSH, LLP
                                       BY:  JOHN C. CONINE, JR., ESQ.
 2                                          JOHN C. WALSH, ESQ.
                                       628 ST. LOUIS STREET
 3                                     BATON ROUGE, LOUISIANA 70802

 4   (VIA VIDEOCONFERENCE)
     FOR THE DEFENDANT,               BAKER & HOSTETLER, LLP
 5   CLAY SCHEXNAYDER:                 BY:  KATHERINE L. MCKNIGHT, ESQ.
                                            EFREM MARK BRADEN, ESQ.
 6                                          ERICA D. PROUTY, ESQ.
                                       200 CIVIC CENTER DRIVE, SUITE 1200
 7                                     COLUMBUS, OHIO 43215

 8   (VIA VIDEOCONFERENCE)            BAKER & HOSTETLER, LLP
                                       BY:  MICHAEL W. MENGIS, ESQ.
 9                                     811 MAIN STREET, SUITE 1100
                                       HOUSTON, TEXAS 77002
10
     FOR THE INTERVENOR, THE          LOUISIANA DEPARTMENT OF JUSTICE
11   STATE OF LOUISIANA BY AND         BY:  CAREY TOM JONES, ESQ.
     THROUGH ATTORNEY GENERAL          1885 NORTH THIRD STREET
12   JEFF LANDRY:                      BATON ROUGE, LOUISIANA 70802

13
     OFFICIAL COURT REPORTER:         SHANNON L. THOMPSON, CCR
14                                     UNITED STATES COURTHOUSE
                                       777 FLORIDA STREET
15                                     BATON ROUGE, LOUISIANA 70801
                                       SHANNON_THOMPSON@LAMD.USCOURTS.GOV
16                                     (225)389-3567

17

18       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY USING

19           COMPUTER-AIDED TRANSCRIPTION SOFTWARE

20

21

22

23

24

25
```

```
1                      (JULY 17, 2024)

2                (CALL TO THE ORDER OF COURT)

3          THE COURT:  OKAY.  BE SEATED, PLEASE.

4              OKAY.  GOOD AFTERNOON, COUNSEL.

5              WE ARE HERE IN NAIRNE VERSUS ARDOIN, ET AL,

6   22, CIVIL ACTION, 178.  THIS IS A STATUS CONFERENCE.  AND THE

7   COURT IS GOING TO PUT THIS STATUS CONFERENCE ON THE RECORD.  SO

8   I'M GOING TO GIVE YOU A MOMENT IN A MINUTE TO MAKE YOUR

9   APPEARANCES.  WE HAVE SOME PEOPLE ATTENDING BY VIDEOCONFERENCE

10  AS WELL.

11             WHEN AND IF YOU'RE GIVEN AN OPPORTUNITY TO SPEAK

12  OR YOU TAKE AN OPPORTUNITY TO SPEAK, IF YOU WOULD PLEASE STATE

13  YOUR NAME BEFORE YOU ADDRESS THE COURT FOR THE RECORD.

14             OKAY.  CAN I HAVE APPEARANCES, PLEASE?

15         MS. KEENAN:  GOOD AFTERNOON, YOUR HONOR.

16             MEGAN KEENAN FOR THE PLAINTIFFS; FROM THE ACLU.

17         MS. BRANNON:  GOOD AFTERNOON, YOUR HONOR.

18             SARAH BRANNON FOR THE PLAINTIFFS; FROM THE ACLU.

19         MR. CLARK:  GOOD AFTERNOON, YOUR HONOR.

20             ROBERT CLARK OF COZEN O'CONNOR; FOR PLAINTIFFS.

21         MS. ROHANI:  GOOD AFTERNOON, YOUR HONOR.

22             SARA ROHANI ON BEHALF OF THE PLAINTIFFS; FROM

23  THE LEGAL DEFENSE FUND.

24         THE COURT:  OKAY.  AND DEFENDANTS.  MR. STRACH?

25         MR. STRACH:  GOOD AFTERNOON, YOUR HONOR.
```

03:03 1                 PHIL STRACH, NELSON MULLINS, FOR THE SECRETARY.

2  AND I'M JOINED BY JOHN WALSH AND JOHN CONINE.

3          **THE COURT:**  OKAY.  AND ON THE VIDEO -- OH, I'M SORRY.

4  I OVERLOOKED YOU, SIR.

5          **MR. JONES:**  TOM JONES FROM THE AG'S OFFICE; FOR THE

6  STATE.

7          **THE COURT:**  GOOD AFTERNOON, MR. JONES.

8          OKAY.  ON THE --

9          **MS. MCKNIGHT:**  GOOD --

10         **THE COURT:**  -- VIDEO.

11         **MS. MCKNIGHT:**  PARDON ME, YOUR HONOR.

12         GOOD AFTERNOON, YOUR HONOR.

13         KATE MCKNIGHT ON BEHALF OF DEFENDANT

14  INTERVENORS.  AND ALONG WITH ME IN MY OFFICE IS MARK BRADEN.

15         **THE COURT:**  OKAY.  GOOD AFTERNOON.

16         **MR. MENGIS:**  YOUR HONOR, MICHAEL MENGIS, ALSO WITH

17  BAKER HOSTETLER; FOR LEGISLATIVE INTERVENORS.

18         GOOD AFTERNOON, YOUR HONOR.

19         **MS. PROUTY:**  GOOD AFTERNOON, YOUR HONOR.

20         ERICA PROUTY, ALSO BAKER HOSTETLER, ON BEHALF OF

21  THE LEGISLATIVE DEFENDANTS.

22         **THE COURT:**  OKAY.  GOOD AFTERNOON, EVERYONE.

23         THANKS FOR BEING HERE AND FOR BEING ON THE VIDEO

24  IF YOU COULD NOT BE HERE.

25         THE COURT WOULD LIKE THE PARTIES TO ADDRESS WHAT

03:04 1    PROGRESS HAS BEEN MADE BY THE LOUISIANA LEGISLATURE IN

2    COMPLYING WITH THE COURT'S FEBRUARY 2024 ORDER AND ALSO WHAT

3    NEXT STEPS OR RELIEF, IF ANY, DO THE PARTIES THINK IS

4    APPROPRIATE OR SEEK.

5                    SO I'D LIKE TO HEAR FROM THE PLAINTIFFS FIRST.

6    YOU CAN TAKE UP TO 15 MINUTES.  IF YOU NEED TO SPLIT YOUR TIME,

7    YOU'RE WELCOME TO.  AND THEN I'D LIKE TO HEAR FROM THE

8    DEFENDANTS INTERVENORS COLLECTIVELY.  CERTAINLY IF THE

9    INTERVENORS WANT TO BE HEARD SEPARATELY FROM THE DEFENDANTS,

10    THEN JUST SHARE YOUR TIME, IF YOU DON'T MIND.

11                    **MS. KEENAN:**  THANK YOU, YOUR HONOR.  WE WOULD LIKE TO

12    SPLIT OUR TIME JUST IN CASE --

13                    **THE COURT:**  OKAY.  WHY DON'T YOU USE THIS MIC.

14                    **MS. KEENAN:**  SURE.

15                    **THE COURT:**  YES.  IF YOU ARE IN OPEN COURT, IF YOU

16    DON'T MIND USING THIS MIC, IT'S RECORDED, AND SO THAT MAKES

17    SURE WE WILL GET A GOOD RECORD.

18                    **MS. KEENAN:**  SURE.  MEGAN KEENAN FOR THE PLAINTIFFS.

19    THANK YOU, YOUR HONOR.

20                    WE WOULD LIKE TO SPLIT OUR TIME.  DO YOU MEAN IN

21    ORDER TO RESPOND TO THE DEFENDANTS OR AMONGST COUNSEL?

22                    **THE COURT:**  AMONGST COUNSEL.

23                    **MS. KEENAN:**  OKAY.

24                    **THE COURT:**  BUT YOU CAN TAKE A MINUTE OR TWO TO

25    RESPOND TO THE DEFENDANTS AS WELL.

03:05 1          **MS. KEENAN:**  THAT WOULD BE GREAT.  IT WILL JUST BE ME

2  SPEAKING FOR THE PLAINTIFFS TODAY.

3          **THE COURT:**  OKAY.

4          **MS. KEENAN:**  SO FIRST, YOUR HONOR, AS WE SAW IN THE

5  JOINT STATUS REPORT, THERE HAS BEEN NO PROGRESS MADE BY THE

6  LOUISIANA LEGISLATURE IN PASSING A MAP.  THERE HAS BEEN A FULL

7  LEGISLATIVE SESSION SINCE YOUR ORDER REQUIRING NEW LAWFUL MAPS

8  INTO THE VRA.  THERE WERE THREE MAPS THAT WERE INTRODUCED BY

9  VARIOUS MEMBERS.  THEY WERE NEVER TAKEN TO FLOOR DEBATE.  THEY

10  WERE NEVER VOTED ON.  THERE HAS BEEN NO PROGRESS BEYOND THAT,

11  AS EVERYONE AGREED IN THE JOINT STATUS REPORT.

12          SO AS FAR AS NEXT STEPS, PLAINTIFFS BELIEVE IT'S

13  CLEAR THIS COURT CAN MOVE TO THE REMEDIAL PHASE PENDING THE

14  APPEAL.  AS THIS COURT HAS ALREADY RULED, IT HAS JURISDICTION

15  TO ENFORCE ITS EXISTING ORDER, AND TAKING STEPS TO IMPLEMENT

16  VRA-COMPLIANT MAPS IS SQUARELY ADDRESSED WITHIN THAT ORDER.

17  THAT IS STANDARD PRACTICE IN REDISTRICTING LITIGATION.  IT'S

18  WHAT HAPPENED HERE IN LOUISIANA IN *ROBINSON.*  IT'S WHAT

19  HAPPENED IN ALABAMA IN *MILLIGAN*.  AND IT HAPPENED IN NORTH

20  DAKOTA IN *TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS VERSUS HOWE*.

21  WE THINK IT'S CLEARLY APPROPRIATE FOR THE COURT TO MOVE TO THE

22  REMEDIAL PHASE.

23          NONE OF THE DEFENDANTS HAVE MOVED FOR A STAY OF

24  THESE PROCEEDINGS.  AND THE LEGISLATURE HAS HAD PLENTY OF TIME,

25  AS INDICATED BY THE FIFTH CIRCUIT IN ITS MANDAMUS ORDER LAST

03:06 1  FALL.  PLENTY OF TIME HAS PASSED AND THERE HAS BEEN NO STEP.

2  IT'S AN APPROPRIATE TIME FOR THIS COURT TO MOVE FORWARD.  I

3  THINK THAT MEANS THE ONLY QUESTION LEFT IS WHETHER THIS COURT

4  SHOULD MOVE FORWARD TO A REMEDIAL PHASE WHILE THE APPEAL IS

5  PENDING.  AND PARTICULARLY IN LIGHT OF THE INDICATIVE RULING,

6  PLAINTIFFS BELIEVE THE COURT SHOULD.

7            FIRST, THE STATE HAS OFFERED NO GOOD REASON TO

8  WAIT.  THE STATE AND THE LEGISLATURE SIMPLY CHOSE NOT TO ENGAGE

9  WITH THIS COURT'S ORDER WITHOUT EVER EVEN ASKING FOR A STAY

10  PENDING APPEAL.  JUST ASSERTING, CONTRARY TO THIS COURT'S

11  ORDER, THAT THEIR POSITION ON THE MERITS MIGHT BE RIGHT IS NOT

12  A LEGITIMATE REASON TO FURTHER DELAY RELIEF TO LOUISIANA'S

13  BLACK VOTERS.

14            SECOND, IF THE FIFTH CIRCUIT AFFIRMS, IT WILL BE

15  MUCH LESS DISRUPTIVE FOR THE STATE AND THE PEOPLE OF LOUISIANA

16  TO HAVE A REMEDIAL MAP ALREADY IN PLACE AT THE TIME THE

17  DECISION COMES DOWN.  HANDLING THE REMEDIAL PHASE NOW WOULD

18  AFFORD THE STATE AN OPPORTUNITY TO IMPLEMENT THE MAPS WITHOUT

19  RUSHING AND IT WOULD GIVE CANDIDATES A CHANCE TO CONSIDER

20  WHETHER TO RUN ON THIS SET OF MAPS.  THAT WAY, IF THE FIFTH

21  CIRCUIT AFFIRMS, ALL THAT'S LEFT TO DO IS TO SCHEDULE THE NEXT

22  AVAILABLE SPECIAL ELECTION.  WE THINK GETTING THE REMEDIAL MAPS

23  IN PLACE WILL ENSURE THAT THE ADDITIONAL RELIEF THIS COURT HAS

24  INDICATED IS APPROPRIATE WOULD BE FEASIBLE.

25            THIRD, IF WE WAIT TO START THE REMEDIAL PROCESS

03:07 1    UNTIL AFTER THE CONCLUSION OF THE APPEAL, THE SPECIAL ELECTIONS

2    RELIEF WILL BE DELAYED DRAMATICALLY, FURTHER PREJUDICING THE

3    PLAINTIFFS WHO HAVE ALREADY HAD TO WAIT QUITE A WHILE FOR

4    RELIEF IN THIS CASE DUE TO JUDICIAL PROCEEDINGS.  EVERY DAY

5    THAT THIS PROCESS IS DELAYED, THE SENATORS AND REPRESENTATIVES

6    THAT WERE ELECTED UNDER THESE MAPS, WHICH HAVE BEEN ILLEGAL

7    UNDER SECTION 2 FROM THE BEGINNING, WILL CONTINUE TO SIT IN

8    OFFICE AND WILL EFFECTIVELY CONTINUE TO DILUTE THE VOTES OF

9    BLACK LOUISIANIANS ACROSS THE STATE.

10              WE THINK HAVING THE REMEDIAL MAPS IN PLACE AND

11   READY TO GO AT THE CONCLUSION OF THE APPEAL WILL ENSURE THAT

12   THE RELIEF IS NO MORE UNDULY DELAYED THAN IT HAS BEEN OVER THE

13   PAST TWO YEARS ALREADY AND THAT COURTS HAVE MOVE FORWARD -- FOR

14   EXAMPLE, IN *CHISOM VERSUS ROEMER* -- AT A FASTER PACE TO

15   ACCOMMODATE THOSE SORTS OF PREJUDICES IN THE PAST.

16              I THINK THE LAST THING WE WOULD SAY IS THAT IT

17   IS, OF COURSE, THE STATE'S PREROGATIVE WHETHER IT CHOOSES TO

18   DRAW NEW MAPS.  BUT THE LEGAL REASONS THAT IT GAVE IN THE JOINT

19   STATUS REPORT FOR REFUSING TO DO SO DOES NOT IMPACT THIS

20   COURT'S ABILITY TO MOVE FORWARD WITH THE REMEDIAL PHASE, IN

21   PARTICULAR, BECAUSE THE *CALLAIS* CASE THAT CAME DOWN IN THE

22   WESTERN DISTRICT OF LOUISIANA WAS IN A COMPLETELY DIFFERENT

23   POSTURE THAN WHERE WE FIND OURSELVES NOW.  *CALLAIS* IS A CASE

24   ABOUT LEGISLATIVE ACTION.  IT'S NOT ABOUT WHETHER THIS COURT

25   CAN MOVE FORWARD OR ABOUT THE NATURE OF THE MAP THAT THIS COURT

03:08  1    CAN ENACT.  EVEN IF THE STATE HAS CHOSEN NOT TO ENACT A NEW MAP

       2    BECAUSE OF *CALLAIS*, THEIR UNILATERAL DECISION TO DO NOTHING

       3    DOES NOT PREVENT THIS COURT FROM MOVING FORWARD.  I'M HAPPY TO

       4    ADDRESS THAT FURTHER DEPENDING ON THE DEFENDANTS' ARGUMENTS.

       5                   IN TERMS OF A TIMELINE FOR WHEN WE COULD

       6    CONTINUE TO THE REMEDIAL PHASE, PLAINTIFFS HAVE MET THE

       7    SCHEDULE THAT WE INITIALLY PROPOSED.  THE DEFENDANTS HAVE HAD

       8    OUR PROPOSED MAPS AND EXPERT REPORTS SINCE MARCH 19 OF 2024.

       9    THOSE MAPS WERE JUST UPDATED SLIGHTLY TO FIT LOUISIANA'S OWN

      10    UPDATED PRECINCT LOCATIONS BUT HAVE NOT BEEN UPDATED IN ANY

      11    OTHER WAY.  WE THINK, BECAUSE OF THAT, THERE'S NO REASON TO

      12    RE-LITIGATE MOST OF THE LIABILITY ISSUES, INCLUDING THE RACIAL

      13    GERRYMANDERING QUESTION.  WE THINK IT WOULD BE PROPER FOR

      14    DEFENDANTS TO SUBMIT REBUTTAL EXPERT REPORTS RELATING TO

      15    PERFORMANCE AND TO THE REMEDING THE VRA VIOLATIONS.  BUT WE

      16    DON'T THINK DISCOVERY IS PARTICULARLY NECESSARY BASED ON THAT

      17    LIMITED SCOPE.  WE THINK WE COULD MOVE FORWARD QUITE QUICKLY

      18    WITH THE REMEDIAL PHASE OF THIS CASE.  AND WE'RE HAPPY TO

      19    PROPOSE SORT OF A MOST EXPEDITED SCHEDULE, SETTING THE REMEDIAL

      20    HEARING FOR SEPTEMBER, OR A SLIGHTLY MORE PROLONGED SCHEDULE

      21    THAT WOULD SET THE REMEDIAL HEARING FOR JANUARY.

      22                   I HAVE A SET OF PROPOSED DATES IF YOUR HONOR

      23    WOULD LIKE, BUT I'M HAPPY TO WAIT.

      24              **THE COURT:**  YES.  WE'LL GET TO THAT IN A MOMENT.

      25              **MS. KEENAN:**  OKAY.  THAT'S ALL THE PLAINTIFFS HAVE

03:10 1    FOR NOW THEN.  THANK YOU, YOUR HONOR.

2                    **THE COURT:**  OKAY.  THANK YOU.

3                    CAN I HEAR FROM THE DEFENDANTS/INTERVENORS?

4              **MR. STRACH:**  YOUR HONOR, GIVEN THE ISSUES INVOLVED

5    WITH PRIMARILY THE LEGISLATURE, I'LL DEFER TO THE LEGISLATIVE

6    INTERVENORS AT LEAST INITIALLY, IF THAT'S ALL RIGHT?

7                    **THE COURT:**  OKAY.

8                    MS. MCKNIGHT, DO YOU WANT TO TAKE THIS?

9              **MS. MCKNIGHT:**  YES.

10                    GOOD AFTERNOON, YOUR HONOR.

11                    I THINK I WILL START WITH IT, AND THEN I WILL

12    NEED TO DEFER TO THE COUNSEL FOR THE SECRETARY OF STATE ON

13    DATES, JUST WHAT DATES NEED TO BE MET IN ORDER FOR ANY SORT OF

14    ELECTION TO PROCEED UNDER A NEW PLAN.

15                    I THINK WHERE WE STAND TODAY, AS WE STATED IN

16    OUR STATUS REPORT IN JUNE, THERE WAS NO REDISTRICTING PLAN THAT

17    WAS PASSED DURING THE LEGISLATIVE SESSION.  AND THERE ARE

18    CURRENTLY NO PLANS FOR A SPECIAL SESSION TO OCCUR BETWEEN NOW

19    AND THE NEXT TIME THE LEGISLATURE GOES INTO REGULAR SESSION,

20    WHICH WILL BE -- WHICH IS SCHEDULED FOR APRIL 2025.

21                    IN BETWEEN THE TIME THAT THE STATUS REPORT WAS

22    FILED, THERE HAVE BEEN SOME FILINGS IN THE FIFTH CIRCUIT ON THE

23    APPEAL HERE.  THE FIFTH CIRCUIT DID GRANT PLAINTIFFS' REQUEST

24    TO EXPEDITE BRIEFING IN THAT MATTER.  BRIEFING WILL BE

25    CONCLUDED ON THE APPEAL BY SEPTEMBER 6TH.  AND ELECTIONS -- THE

03:11 1    NEXT SET OF REGULARLY SCHEDULED ELECTIONS IN -- FOR THE HOUSE

2    AND THE SENATE ARE NOT SET TO OCCUR UNTIL THE FALL OF 2027.

3            WITH THOSE FACTS AT PLAY, THE FACT THAT THERE IS

4    A LIVE APPEAL WHERE BRIEFING WILL CONCLUDE IN UNDER TWO MONTHS

5    AND WHERE THE NEXT SET OF REGULARLY SCHEDULED ELECTIONS IS NOT

6    SCHEDULED FOR ANOTHER THREE YEARS NOW; AND FOR THE REASONS THAT

7    WE STATED IN OUR BRIEF -- THIS IS BACK IN MARCH, DOCKET 266 --

8    SPECIAL ELECTIONS ARE NOT AVAILABLE TO PLAINTIFFS AS A MATTER

9    OF RELIEF IN THIS CASE.  WE UNDERSTAND THAT THE COURT, YOUR

10    HONOR, MAY DISAGREE, BUT WE HAVE DETAILED AND LAID OUT VERY

11    CLEARLY THAT IT'S NOT AVAILABLE RELIEF TO PLAINTIFFS HERE.

12            GIVEN THESE FACTS, THE FACT THAT THE NEXT

13    REGULARLY SCHEDULED ELECTION IS NOT UNTIL THE FALL OF 2027, THE

14    FACT THAT THERE ARE OTHER REGULAR SESSIONS THAT WILL OCCUR FOR

15    THE LEGISLATURE BETWEEN NOW AND THEN, AND THE FACT THAT THERE

16    IS A LIVE APPEAL WHERE BRIEFING WILL CONCLUDE WITHIN A MATTER

17    OF WEEKS -- JUST UNDER TWO MONTHS FROM NOW -- WE THINK IT'S

18    MOST PRUDENT, FOR JUDICIAL ECONOMY, TO WAIT AND TO DELAY THE

19    REMEDIAL PROCESS UNTIL THAT PLAYS OUT.

20            NOW, IF THE COURT DECIDES OTHERWISE, WE HAVE A,

21    YOU KNOW, VIEW TOWARD WHAT KIND OF SCHEDULE, WHAT KIND OF

22    BRIEFING OPPORTUNITIES WE ARE ENTITLED TO HAVE AS FAR AS A

23    REMEDIAL PROCESS PLAYS OUT.  I'M HAPPY TO ADDRESS THAT NOW,

24    YOUR HONOR, OR WAIT UNTIL YOU GET TO THAT STAGE OF THE

25    DISCUSSION.

03:13 1          THE COURT:  YES.  LET'S TALK ABOUT DATES IN A MINUTE

2    WHEN WE GET TO THAT.

3              IS THAT ALL, MS. MCKNIGHT?

4          MS. MCKNIGHT:  YES, YOUR HONOR.  AND WE WILL REST ON

5    WHAT WE'VE ALREADY BRIEFED IN THIS MATTER EARLIER THIS YEAR.

6          THE COURT:  OKAY.

7          MS. MCKNIGHT:  THANK YOU.

8          THE COURT:  OKAY.

9              MR. STRACH, ANYTHING FURTHER?

10         MR. STRACH:  JUST VERY BRIEFLY, YOUR HONOR.

11             GOOD AFTERNOON.

12             I WOULD NOTE:  SOMETHING THAT HASN'T BEEN

13   MENTIONED YET IS WHEN YOUR HONOR DID THE INDICATIVE RULING ON

14   THE SPECIAL ELECTION, THE PLAINTIFFS FILED THAT WITH THE FIFTH

15   CIRCUIT, AND THE FIFTH CIRCUIT DECLINED TO REMAND THE CASE BACK

16   TO THIS COURT FOR THAT PURPOSE.  SO IT STRIKES US THAT THE

17   COURT SHOULD WAIT TO HEAR FROM THE FIFTH CIRCUIT BECAUSE WE

18   DON'T KNOW WHAT THE FIFTH CIRCUIT'S GOING TO SAY.  THEY'VE

19   ALREADY SAID WE'RE NOT REMANDING IT FOR PURPOSES OF A SPECIAL

20   ELECTION.

21             SO EVEN IF THE COURT ENGAGES IN A REMEDIAL

22   PROCESS THAT INVOLVES LOOKING AT MAPS, BRIEFING, EXPERT

23   WITNESSES, ET CETERA, THE COURT WOULD NOT BE ABLE TO ISSUE ANY

24   FINAL RELIEF UNTIL THE FIFTH CIRCUIT PANEL DECISION COMES DOWN

25   ANYWAY, BECAUSE THE COURT DOESN'T HAVE JURISDICTION TO DO A

03:14 1  SPECIAL ELECTION UNTIL THAT TIME.  SO I WOULD JUST POINT OUT

2  THAT I THINK BASED ON THE -- WHERE THE FIFTH CIRCUIT IS, IT

3  MAKES -- IT STRIKES ME THAT IT MAKES MORE SENSE TO WAIT FOR

4  THEM.

5        **THE COURT:**  OKAY.  THANK YOU.

6        ANYTHING FURTHER, MS. KEENAN?

7        **MS. KEENAN:**  YES, YOUR HONOR, JUST BRIEFLY.  SO I DO

8  THINK THAT, AS THE DEFENDANTS' COUNSEL HAVE ACKNOWLEDGED, THE

9  IDEA OF LOOKING AT THE REGULARLY SCHEDULED ELECTION TIMELINE

10 DOES NOT ACCOUNT FOR THIS COURT'S INDICATIVE RULING.  AGAIN,

11 DEFENDANTS' DISAGREEMENT WITH THAT ORDER ON THE MERITS DOES NOT

12 PRECLUDE THIS COURT FROM MOVING FORWARD WITH REMEDIAL

13 PROCEEDINGS IN LIGHT OF THE INDICATIVE RULING AND THE RELIEF

14 THAT THIS COURT BELIEVES IS WARRANTED.

15        I ALSO THINK IT'S IMPORTANT TO NOTE, IN TERMS OF

16 WHETHER SPECIAL ELECTIONS ARE WARRANTED HERE, IN MISSISSIPPI A

17 THREE-JUDGE PANEL JUST ORDERED SPECIAL ELECTIONS IN A STATE

18 LEGISLATIVE REDISTRICTING CASE.  THEY HAVE ACTUALLY EXPRESSED A

19 PREFERENCE THAT THOSE SPECIAL ELECTIONS TAKE PLACE THIS YEAR,

20 SO ON AN EVEN FASTER TIMELINE THAN WE ARE CURRENTLY PROCEEDING.

21        AND HERE I THINK IF THE APPEAL -- THE BRIEFING

22 WILL BE CONCLUDED BY SEPTEMBER 6TH; MS. MCKNIGHT IS CORRECT

23 ABOUT THAT.  THAT DOES NOT ACCOUNT FOR THE TIME IT WILL TAKE,

24 THOUGH, FOR THE FIFTH CIRCUIT TO RULE.  AND HOLDING REMEDIAL

25 PROCEEDINGS NOW WOULD ALLOW THE COURT TO PROCEED TO THE SPECIAL

03:15 1    ELECTIONS RELIEF AS SOON AS THE FIFTH CIRCUIT HAS RULED,

2    WHETHER THAT IS BY THE END OF THE YEAR OR SOME TIME IN 2025.

3    WE BELIEVE THAT THE SPECIAL ELECTIONS WOULD BE APPROPRIATE

4    EITHER IN '25 -- OR SORRY -- IN 2025 AS LOUISIANA ELECTION

5    OFFICIALS HOLD SPECIAL ELECTIONS REGULARLY OR AS SOON AS IS

6    AVAILABLE, DEPENDING ON WHEN THE FIFTH CIRCUIT RULES.

7              **THE COURT:**  OKAY.  THANK YOU.

8              OKAY.  I WANT TO THANK THE PARTIES FOR THEIR

9    PRESENTATIONS.

10             THE PURPOSE OF THIS STATUS CONFERENCE WAS TO

11   ADDRESS THE LEGISLATURE'S FAILURE TO MAKE ANY REASONABLE

12   PROGRESS TO ENACT NEW VOTING-RIGHTS-COMPLIANT MAPS SINCE THE

13   COURT'S FEBRUARY ORDER.

14             ON FEBRUARY 8, 2024, THIS COURT ISSUED A RULING

15   WHICH FOUND SENATE BILL 1 AND HOUSE BILL 14 VIOLATED SECTION 2

16   OF THE VOTING RIGHTS ACT.  THE COURT PROVIDED THE STATE OF

17   LOUISIANA A REASONABLE PERIOD OF TIME TO IMPLEMENT A

18   VRA-COMPLIANT STATE HOUSE AND STATE SENATE ELECTION MAPS.

19             ON FEBRUARY 12TH THE PLAINTIFFS FILED A MOTION

20   TO SET A SCHEDULE FOR REMEDIAL PROCEEDINGS, A MOTION FOR A

21   SCHEDULING CONFERENCE, AND A MOTION FOR A SPECIAL ELECTION AND

22   EXPEDITED BRIEFING SCHEDULES.  THE COURT DID SET A SCHEDULING

23   CONFERENCE BASED ON THAT FILING, AT WHICH POINT -- OR SHORTLY

24   THEREAFTER, THE DEFENDANTS FILED THEIR NOTICE OF APPEAL.  IN

25   CONSIDERATION OF THE NOTICE OF APPEAL, THE COURT CANCELLED THE

03:17 1    SCHEDULING CONFERENCE THAT WAS SET FOR FEBRUARY.

2    IN MARCH -- SPECIFICALLY MARCH THE 5TH -- THE

3    PLAINTIFFS RENEWED THEIR MOTION FOR A SCHEDULING CONFERENCE.

4    IN APRIL THE FIFTH CIRCUIT -- IN THE FIFTH CIRCUIT, THE

5    LEGISLATIVE DEFENDANTS OR THE LEGISLATIVE INTERVENORS IN THE

6    STATE FILED A PETITION FOR AN INITIAL HEARING EN BANC ON THE

7    QUESTION OF WHETHER OR NOT THE VOTING RIGHTS ACT SECTION 2

8    CONTAINS AN IMPLIED RIGHT OF ACTION.  THE MOTION FOR EN BANC

9    INITIAL HEARING WAS DENIED.

10    IN MAY, MAY 3RD OF 2024, THIS COURT ISSUED A

11    RULING INDICATING THAT, IF REMANDED, THE COURT WOULD GRANT THE

12    PLAINTIFFS' MOTION TO ORDER A SPECIAL ELECTION.  THE COURT

13    DENIED WITHOUT PREJUDICE THE MOTION TO SET A SCHEDULE FOR

14    REMEDIAL HEARINGS.  THE COURT ALSO DENIED WITHOUT PREJUDICE THE

15    MOTION FOR A SCHEDULING CONFERENCE, WHICH THE COURT IS

16    CONDUCTING TODAY, AND ORDERED THE PARTIES TO FILE A JOINT

17    STATUS REPORT BY JUNE 7 OF 2024 UPON THE CLOSE OF THE

18    LEGISLATIVE -- OF THE FIRST REGULAR LEGISLATIVE SESSION OF

19    2024.  ACTUALLY IT WASN'T REGULAR -- WAS IT NOT A REGULAR

20    SESSION?  IT WAS A SPECIAL CALLED SESSION?  IT WAS A REGULAR

21    SESSION?  OKAY.

22    **MR. STRACH:**  REGULAR.

23    **THE COURT:**  OKAY.  JUST DOUBLE-CHECKING MY MEMORY.

24    THE PLAINTIFFS PROVIDED THE FIFTH CIRCUIT WITH

25    NOTICE OF THE COURT'S INDICATIVE RULING ON THE MOTION FOR

03:18 1  SPECIAL ELECTION.

2           ON MAY 15TH THE FIFTH CIRCUIT INDICATED THAT

3  THEY CONSTRUED THE PLAINTIFFS' NOTICE AS A MOTION FOR REMAND

4  AND THE FIFTH CIRCUIT DENIED THE MOTION FOR REMAND.  THE

5  DEFENDANTS MOVED FOR IMMEDIATE CIRCULATION OF THE PETITION FOR

6  INITIAL RE-HEARING EN BANC TO THE FULL COURT.  THE FIFTH

7  CIRCUIT GRANTED THE IMMEDIATE CIRCULATION AND HELD BRIEFING IN

8  ABEYANCE.  THE PARTIES FILED THEIR JOINT STATUS REPORT ON

9  JUNE 7TH, AS ORDERED BY THE COURT.  THE LEGISLATIVE SESSION HAD

10  ENDED ON JUNE 3RD.  THE LEGISLATURE DID NOT PRODUCE ANY ENACTED

11  MAPS THAT WERE -- TO SATISFY THE COURT'S FEBRUARY ORDER.

12           IN THE POST-SESSION STATUS REPORT, THE

13  DEFENDANTS NOTABLY STATE THAT THERE IS NO CURRENT PLAN FOR THE

14  LEGISLATURE TO PRODUCE ENACTED PLANS.  THE COURT NOTES RECORD

15  DOCUMENT 273, WHICH IS THE JOINT STATUS REPORTS.  THE

16  PLAINTIFFS SUBMIT, BASED ON THAT, THAT BASED ON THAT

17  REPRESENTATION -- THAT THE DEFENDANTS ARE IN BLATANT DISREGARD

18  OF THE COURT'S ORDER OF FEBRUARY 2024.

19           THEN IN JUNE, JUST RECENTLY, JUNE 24TH, THE

20  FIFTH CIRCUIT DENIED THE PETITION FOR INITIAL HEARING EN BANC

21  AND APPELLATE BRIEFING RESUMED.

22           I'M NOW INFORMED BY MS. MCKNIGHT THAT BRIEFING

23  IN THE CIRCUIT WILL BE COMPLETE IN SEPTEMBER, JUST SHORT OF TWO

24  MONTHS FROM NOW.  THAT IS KIND OF THE SHORT, MOST RECENT

25  PROCEDURAL HISTORY.  THE COURT HAS READ THE JOINT STATUS REPORT

03:20 1    FILED BY THE PARTIES AND THE OTHER FILINGS THAT THE PARTIES

2    HAVE MADE AND WOULD OFFER THE FOLLOWING IN TERMS OF THE COURT'S

3    UNDERSTANDING OF THE PARTIES' VARIOUS POSITIONS.

4               THE DEFENDANTS HAVE STATED THAT THERE'S NO

5    CURRENT PLAN FOR THE LEGISLATURE TO ENACT TO PRODUCE

6    VOTING-RIGHTS-COMPLIANT MAPS.  RELYING ON JUSTICE THOMAS IN

7    *ALEXANDER VERSUS SOUTH CAROLINA CONFERENCE OF NAACP*, THE

8    DEFENDANTS SUBMIT THAT THEY ARE IN A LOSE-LOSE SITUATION

9    BECAUSE SATISFYING AN INJUNCTION WOULD REQUIRE THAT NEW

10   MAJORITY-MINORITY DISTRICTS, QUOTE, HIT RACIAL TARGETS.  AND

11   THEY CITE THIS CASE -- OR THEY CITE THE COURT TO THE *CALLAIS*

12   CASE.

13              THE PLAINTIFFS' POSITION IS THAT THE DEFENDANTS

14   HAVE MADE IT CLEAR THAT THEY INTEND TO IGNORE THE COURT'S

15   FEBRUARY ORDER, AND THEY CONTEND THAT THE REFERENCE TO *CALLAIS*

16   IS MISPLACED FOR A NUMBER OF REASONS:  IT'S OUT OF DISTRICT; IT

17   CONCERNS A DIFFERENT MAP; AND IT INVOLVED A DIFFERENT

18   PROCEDURAL POSTURE.  THE COURT AGREES THAT THE *CALLAIS* DECISION

19   IS NOT PARTICULARLY PERSUASIVE.  AND IT'S CERTAINLY NOT

20   MANDATORY AUTHORITY OR DIRECTIVE OF THE COURT'S PROCEEDINGS IN

21   THIS CASE -- FURTHER PROCEEDINGS IN THIS CASE.

22              THE COURT FINDS THAT IT HAS JURISDICTION TO MOVE

23   FORWARD WITH THE REMEDIAL PHASE BASED ON ITS LEGAL RESEARCH.

24   IN *MANESS V. MYERS*, THE SUPREME COURT WAS -- HAD BEFORE IT

25   WHETHER OR NOT A LAWYER SHOULD BE HELD IN CONTEMPT FOR ADVISING

03:22 1    HIS CLIENT TO REFUSE TO PRODUCE MATERIALS THAT WERE SUBPOENAED

2    BY THE OPPOSING PARTY.  BEFORE ADDRESSING THE NARROW ISSUE, THE

3    COURT, HOWEVER, EXPLAINED THAT THERE IS A BASIC -- AND I

4    QUOTE -- A BASIC PROPOSITION THAT ALL ORDERS AND JUDGMENTS OF

5    COURTS MUST BE COMPLIED WITH PROMPTLY.  IF A PERSON TO WHOM A

6    COURT DIRECTS AN ORDER BELIEVES THAT THE ORDER IS INCORRECT,

7    THE REMEDY IS TO APPEAL, BUT ABSENT A STAY, HE MUST -- HE/SHE

8    MUST COMPLY WITH THE ORDER PENDING APPEAL.  THAT IS THE *MANESS*

9    *VERSUS MEYERS* CASE AT 459; SPECIFICALLY 419 U.S. 449 AT 459.

10    IT'S A 1975 CASE.

11        THE SUPREME COURT IN *MANESS* CONTINUED THAT THE

12    ORDERLY AND EXPEDITIOUS ADMINISTRATION OF JUSTICE BY THE COURTS

13    REQUIRE THAT AN ORDER ISSUED BY A COURT WITH JURISDICTION OVER

14    THE SUBJECT MATTER AND THE PERSON BE OBEYED BY THE PARTIES

15    UNTIL IT IS REVERSED BY ORDERLY AND PROPER PROCEEDINGS.

16        THE COURT NOTES THAT THERE IS NO STAY THAT HAS

17    BEEN REQUESTED, NOR HAS THERE BEEN A STAY ISSUED.

18        LIKEWISE IN THE WESTERN DISTRICT OF TEXAS IN THE

19    CASE OF *SMALLBIZPROS VERSUS MACDONALD*, THAT COURT RELIED ON THE

20    SUPREME COURT WHEN IT ADDRESSED A DEFENDANT'S MOTION TO VACATE

21    A SETTLEMENT AND RESCIND ITS THIRD CONTEMPT ORDER AGAINST THE

22    DEFENDANT.  IN THAT CASE, THE DEFENDANT CONTINUOUSLY FAILED TO

23    COMPLY WITH THE TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE

24    PARTIES.  IN THE DEFENDANT'S MOTION HE ARGUED THAT PREVIOUS

25    ORDERS FROM THE COURT WERE THE SUBJECT OF AN APPEAL AND

03:23 1    THEREFORE HE SHOULD NOT BE REQUIRED TO COMPLY WITH THEM UNLESS

2    THEY WERE AFFIRMED BY THE FIFTH CIRCUIT.  THE WESTERN DISTRICT

3    OF TEXAS, CITING *MANESS*, DISAGREED AND STATED THAT THE FACT

4    THAT AN ORDER IS ON APPEAL WILL NOT EXCUSE COMPLIANCE.

5              HERE, THE STATE DEFENDANTS HAVE NOT SOUGHT A

6    STAY EITHER FROM THIS COURT OR FROM THE FIFTH CIRCUIT.  THE

7    ONLY MATTER THAT HAS EVER BEEN IN ABEYANCE, AS FAR AS THE

8    COURT'S REVIEW OF THE CIRCUIT CALENDAR OR THE DOCKET REVEALS,

9    IS A SUSPENSION OF BRIEFING DEADLINES.

10              IN THIS COURT'S VIEW, THE DEFENDANTS IN THIS

11    CASE HAVE DONE LESS THAN THE DEFENDANT IN THE *SMALLBIZPROS* CASE

12    AND THEY -- AND I THINK THE COURT SHOULD REACH AND WILL REACH

13    THE SAME CONCLUSION.  THIS BASIC PROPOSITION THAT BOTH THE

14    *MANESS* COURT ANNUNCIATED IN NINETEEN -- *MANESS* SUPREME COURT

15    ANNUNCIATED IN 1975 AND THAT THE WESTERN DISTRICT CITED AGAIN

16    RECENTLY, THIS BASIC PROPOSITION HAS ALSO BEEN RELIED UPON BY

17    THE FIFTH CIRCUIT WHEN IT AFFIRMED LOWER COURTS' DECISIONS TO

18    ENTER A CONTEMPT ORDER AGAINST DEFENDANTS WHO REFUSED TO FOLLOW

19    A LOWER COURT'S ORDERS PENDING APPEAL.

20              IN ONE PARTICULAR CASE, THE FIFTH CIRCUIT FOUND

21    THAT THE PARTIES' EXCUSE FOR NONCOMPLIANCE, WHICH WAS THAT THEY

22    EXPECTED TO OBTAIN A STAY OF THE ORDER OF THE TRIAL COURT OR

23    THE FIFTH CIRCUIT, WAS AN INSUFFICIENT REASON FOR

24    NONCOMPLIANCE.  THE COURT CITES SAN ANTONIO TELEPHONE COMPANY,

25    529 F2D 694, FIFTH CIRCUIT, 1976.

03:25    1              THIS COURT IS CLOTHED WITH THE AUTHORITY TO

         2    ENFORCE ITS OWN JUDGMENTS AND IT DOES NOT HAVE TO SIT BY AND

         3    WAIT IDLY FOR THE MAKING OF ORDERS AND THE PRONOUNCING OF

         4    JUDGMENTS THAT ARE FLOUTED OR OBSTRUCTED OR VIOLATED WITH

         5    IMPUNITY.

         6              THE COURT FINDS THAT THE APPEAL DOES NOT HAVE

         7    SUSPENSIVE EFFECT ON THE FEBRUARY 2024 ORDER.  AND AS THE COURT

         8    HAS PREVIOUSLY HELD, THE DEFENDANTS CANNOT SIMPLY DISREGARD

         9    THAT ORDER UNLESS OR UNTIL THE FIFTH CIRCUIT -- OR UNLESS THE

        10    FIFTH CIRCUIT REVERSES.  AND THE APPEAL IS NOT AN EXCUSE FOR

        11    NONCOMPLIANCE.

        12              ACCORDINGLY, THE COURT WILL SET THIS MATTER FOR

        13    A REMEDIAL EVIDENTIARY HEARING.  INASMUCH AS THE COURT HAS

        14    DECLINED TO ORDER A SPECIAL ELECTION PENDING APPEAL AND THE

        15    CIRCUIT'S DECISION NOT TO REMAND FOR SAME, AND CONSIDERING THAT

        16    THE NEXT ELECTION IS OCTOBER OF 2027, THE COURT WILL PROCEED

        17    WITH ALL INTENTIONALITY.  BUT THE COURT DOES NOT CONSIDER THAT

        18    EXPEDIENCE -- OR UNNECESSARY, I SHOULD SAY, UNTOWARD EXPEDIENCE

        19    IS REQUIRED.

        20              THE COURT IS GOING TO ORDER THAT THE EVIDENTIARY

        21    REMEDIAL HEARING IS SET TO COMMENCE ON MONDAY, AUGUST 25, 2025

        22    AT 9:00 A.M.  I UNDERSTAND THAT THE PARTIES DO NOT INDICATE THE

        23    NEED FOR FACT DISCOVERY, AT LEAST THAT'S WHAT MS. KEENAN SAID.

        24              DO YOU NEED FACT DISCOVERY?  DO THE DEFENDANTS

        25    OR INTERVENORS NEED FACT DISCOVERY?  I'LL GIVE YOU A DEADLINE

03:27 1  FOR THAT IF YOU DO.

2  **MR. STRACH:**  PHIL STRACH, YOUR HONOR.

3  I DOUBT FACT DISCOVERY, BUT WE MIGHT WANT TO

4  TAKE DEPOSITIONS OF EXPERTS.

5  **THE COURT:**  YES.  I'M WELL AWARE THAT YOU'RE GOING TO

6  WANT TO EXCHANGE MAPS AND DEPOSE EXPERTS.  I ANTICIPATED THAT.

7  ANY FACT DISCOVERY, COUNSEL FOR THE INTERVENORS?

8  **MS. MCKNIGHT:**  YOUR HONOR, I CAN'T THINK OF ANY RIGHT

9  NOW OTHER THAN THE EXPERT DISCOVERY THAT MR. STRACH JUST

10  DESCRIBED.

11  **THE COURT:**  OKAY.  WELL, THE COURT IS OF THE VIEW

12  THAT THERE'S PROBABLY NOT A NEED FOR FACT DISCOVERY, BUT I'M

13  GOING TO GIVE YOU-ALL A DEADLINE ANYWAY BECAUSE I DON'T WANT TO

14  ROLL UP TO THE TRIAL DATE AND HAVE ONE OR ANOTHER OF YOU-ALL

15  DECIDE THAT, GEE, YOU SHOULD HAVE SENT SOME INTERROGATORIES AND

16  YOU DIDN'T AND NOW YOU NEED TIME.

17  SO FACT DISCOVERY, IF THERE IS ANY, IS TO BE

18  COMPLETE 90 DAYS BEFORE THE HEARING.  EXPERT REPORTS AND MAPS

19  ARE TO BE PRODUCED SIMULTANEOUSLY TO OPPOSING COUNSEL 90 DAYS

20  BEFORE THE HEARING.  EXPERT DISCOVERY IS TO BE COMPLETE 60 DAYS

21  BEFORE THE HEARING.  MOTIONS IN LIMINE SHALL BE FILED 45 DAYS

22  BEFORE THE HEARING.  AND THERE WILL BE A FINAL PRETRIAL

23  CONFERENCE ON MONDAY, AUGUST 18, 2025 AT 2:00 P.M.

24  DO THE PARTIES NEED ANY DIFFERENT DATES OR -- DO

25  YOU WANT ME TO RECONSIDER THOSE DATES OR DO YOU NEED ADDITIONAL

03:28  1   DATES, MR. STRACH?

2            **MR. STRACH:**  NOT FROM US, YOUR HONOR.  THANK YOU.

3            **THE COURT:**  MS. KEENAN?  I REALIZE YOU WOULD LIKE TO

4   GO SOONER, BUT -- WE'RE GOING TO MOVE DELIBERATELY, BUT WE'RE

5   GOING TO MOVE WITH INTENTIONALITY.

6            **MS. KEENAN:**  I THINK THAT'S RIGHT, YOUR HONOR.

7   PLAINTIFFS WOULD BE PREPARED TO GO SOONER, BUT WE DON'T HAVE

8   ANY ISSUE WITH THE DATE THIS COURT HAS SET.

9            **THE COURT:**  ALL RIGHT.  INTERVENORS?

10           **MS. MCKNIGHT:**  NO, YOUR HONOR.  NO CHANGES.

11           **THE COURT:**  OKAY.  LET ME JUST ENCOURAGE THE COUNSEL

12   FOR THE INTERVENORS TO URGE THEIR CLIENT TO TAKE SOME

13   AFFIRMATIVE STEPS IN COMPLIANCE WITH THE COURT'S FEBRUARY

14   ORDER.  THERE'S NOT A MOTION FOR SANCTIONS OR ANY KIND OF

15   PUNITIVE MEASURE AGAINST THE LEGISLATURE.  AND THE COURT'S NOT

16   INCLINED TO DO THAT.  AS A MATTER OF FACT, I WOULD BE CHAGRIN

17   TO DO THAT.  BUT THE COURT BELIEVES FIRMLY, AFTER DOING THE

18   RESEARCH, AND FINDS THAT THE LEGISLATURE IS NOT IN GOOD FAITH

19   AND IT IS NOT IN LEGAL CONFORMITY BY JUST SIMPLY IGNORING THE

20   FEBRUARY 2024 COURT ORDER.  SO I TRUST THAT YOU WILL EXPLAIN

21   THAT TO YOUR CLIENTS AND ENCOURAGE THEM TO CONSIDER ENACTING

22   MAPS OR AT LEAST ABATING THEM.

23           **MS. MCKNIGHT:**  YOUR HONOR, IF I MAY?

24           **THE COURT:**  YES, YOU MAY.

25           **MS. MCKNIGHT:**  THANK YOU VERY MUCH.  LET ME REASSURE

03:30 1    YOU THAT OUR CLIENTS HAVE TAKEN YOUR ORDERS VERY SERIOUSLY AND

2    HAVE COMPLIED WITH EVERY ONE OF THEM.  OUR READ OF ALL

3    GOVERNING LAW -- AND I LISTENED CAREFULLY TO THE CASES YOU

4    CITED -- IS THAT A LEGISLATURE CANNOT BE HELD IN CONTEMPT FOR

5    FAILURE TO PASS A PIECE OF LEGISLATION.

6            WHEN WE LOOK AT THESE CASES, THE RIGHT IS AN

7    OPPORTUNITY.  THE RIGHT FOR THE LEGISLATURE TO HAVE SORT OF A

8    FIRST CRACK AT IT IS AN OPPORTUNITY, NOT A REQUIREMENT.  IT IS

9    OFFERED TO LEGISLATORS THAT IF THEY'RE ABLE TO PASS SOMETHING.

10    SO THAT IS OUR VIEW OF THE LAW, AND IT'S WHY WE ARE COMFORTABLE

11    SAYING TO YOU, YOUR HONOR, THAT OUR CLIENTS HAVE TAKEN YOUR

12    ORDERS SERIOUSLY AND HAVE COMPLIED WITH THEM IN THEIR VIEW OF

13    THE LAW, WHICH IS THAT THEY CANNOT BE HELD IN CONTEMPT FOR

14    FAILING TO PASS A PIECE OF LEGISLATION; THAT THEY TOOK THEIR

15    OPPORTUNITY SERIOUSLY AND THEY COULD NOT MEET IT.

16    **THE COURT:**  OKAY.

17    **MS. MCKNIGHT:**  THANK YOU, YOUR HONOR.

18    **THE COURT:**  YOU'RE WELCOME.

19    I DON'T DISAGREE WITH YOU, MS. MCKNIGHT.  BUT

20    WITH -- GIVEN THE FACT THAT THEY'VE BEEN GIVEN THE OPPORTUNITY

21    AND HAVE HAD THE OPPORTUNITY, IT'S INCUMBENT UPON THIS COURT TO

22    MOVE FORWARD WITH SOME DILIGENCE AND INTENTIONALITY.  AND SO

23    THOSE DATES THAT THE COURT HAS ORDERED WILL BE MADE PART OF THE

24    RECORD IN THE MINUTE ENTRY.

25    ALL RIGHT.  IS THERE ANYTHING FURTHER?

03:31  1          **MS. MCKNIGHT:**  WE UNDERSTAND.  THANK YOU, YOUR HONOR.

       2          **MR. STRACH:**  NOT FROM THE SECRETARY.

       3          **MS. KEENAN:**  NOTHING FROM THE PLAINTIFFS.

       4          **THE COURT:**  OKAY.  THANK YOU VERY MUCH.  YOU-ALL HAVE

       5   A GOOD DAY.

       6          **THE LAW CLERK:**  ALL RISE.

       7          **THE COURT:**  WE WILL BE RECESS.

       8          **THE LAW CLERK:**  THE COURT IS NOW IN RECESS.

       9          **(WHEREUPON, THIS MATTER WAS ADJOURNED.)**

      10                           * * *

      11                     <u>**CERTIFICATE**</u>

      12          I, SHANNON THOMPSON, CCR, OFFICIAL COURT REPORTER FOR THE

      13   UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF LOUISIANA,

      14   CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO

      15   THE BEST OF MY ABILITY AND UNDERSTANDING, FROM THE RECORD OF

      16   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

      17

      18                           *Shannon Thompson*

      19                           SHANNON THOMPSON, CCR

      20                           OFFICIAL COURT REPORTER

      21

      22

      23

      24

      25