IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, JARRETT LOFTON, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, ALEXIS CALHOUN, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP, <br><br>     *Plaintiffs*, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana <br><br>     *Defendant.* | CIVIL ACTION NO. 3:22-cv-00178 SDD-SDJ |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO CONFIRM THE SCOPE OF THE COURT'S INJUNCTION**

Plaintiffs respectfully file this memorandum in response to Defendant Nancy Landry's (the "Secretary") Motion to Confirm, and in the Alternative to Stay the Court's February 8, 2024 Injunction Order, ECF No. 233, as to Senate Districts 14 and 23 (the "Motion").

**I.    INTRODUCTION**

Following a seven-day trial on the merits, this Court ruled that Plaintiffs satisfied their burden to prove that the 2022 Louisiana House and Senate redistricting plans unlawfully diluted the votes of Black Louisianians in specific areas of the State in violation of Section 2 of the Voting Rights Act of 1965 ("Section 2"), 52 U.S.C. § 10301. *See generally* ECF No. 233. Accordingly, this Court permanently enjoined any further elections from taking place under the statutes that created these unlawful districts. This Court's Order is unambiguous: "It is ORDERED that elections under S.B. 1 and H.B. 14 be and are hereby ENJOINED." *See* ECF No. 233 at 91. Despite

this order, Intervenor-Defendant Senator Cameron Henry issued proclamations that purport to authorize, direct, and empower the Secretary and other officials to conduct special elections for Senate Districts 14 and 23 as early as February 15, 2025. *See* ECF No. 286-2. If such special elections were to be held under S.B. 1, the Secretary would be in violation of this Court's injunction.

It has now been almost a year since the Court's February 2024 order enjoining S.B. 1 and H.B. 14. The Legislature has taken no steps to enact remedial maps to comply with this Court's order, despite this Court's May 2024 order requiring the State to "remain active in creating new House and Senate election maps, even amidst the appeal." ECF No. 272 at 5. As a result of the State's inaction, there are currently no lawful maps available for the special elections necessary to fill Louisiana's two empty Senate seats.

To address this problem of Defendants' own making, the Secretary is now asking this Court to rewrite the plain text of its injunction to apply only to the legislative elections scheduled for October 2027. This is not what the Court's order says. *See* ECF No. 233 at 91. Moreover, the Secretary herself has argued that this Court lacks jurisdiction to modify the scope of its own injunction while this case is on appeal before the U.S. Court of Appeals for the Fifth Circuit. *See* ECF No. 244 at 5-6 (arguing that this Court may not revisit the scope of its injunction after a notice of appeal has been filed). This Court should enforce the injunction as written.

Nonetheless, Plaintiffs do agree with the Secretary that the public interest strongly supports ensuring that all voters have representation, including voters in Senate Districts 14 and 23. The upcoming vacancies in these districts reflect changed circumstances since this Court issued the permanent injunction and set a remedial schedule culminating in an August 2025 hearing. *See* ECF No. 279. Rather than allow additional elections to take place under unlawful maps, this Court

should expedite remedial proceedings to ensure these seats are filled under a lawful remedial map. Alternatively, if this Court is not inclined to expedite remedial proceedings, Plaintiffs ask the Court to enter only a partial stay limited to the special elections for Senate Districts 14 and 23 identified in Senator Henry's December 2024 Proclamations. It would be inappropriate for the Court to grant a general stay as to Senate District 12 and 23 or otherwise exempt these districts from the injunction in a manner that might impact future vacancies or elections after the adoption of a remedial map.

## II.    BACKGROUND

Plaintiffs—four individual voters in Louisiana and two organizations dedicated to furthering the voting rights of Black Louisianians—initiated this action to challenge redistricting plans for the Louisiana House and Senate that created districts that dilute Black Louisianians' votes in violation of Section 2. Following a seven-day trial on the merits beginning November 27, 2023 and ending December 5, 2023, this Court ruled that Plaintiffs had met their burden of establishing that specific districts within S.B. 1 and H.B. 14 violate Section 2, and accordingly enjoined any further elections under those plans. *See generally* ECF No. 233.

Following this Court's ruling on liability, Plaintiffs filed a motion for a special election and expedited briefing schedule on February 13, 2024. *See generally* ECF No. 237. Days later, on February 19, 2024, both Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana, and the State of Louisiana filed notices of appeal from this Court's decision. *See* ECF Nos. 241-242. Legislative Intervenors Phillip DeVillier, in his capacity as Speaker of the Louisiana House of Representatives, and Cameron Henry, in his capacity as President of the Louisiana Senate, filed their own notice of appeal on March 6, 2024. *See* ECF No. 255. Defendants, including the Secretary, subsequently opposed the motion for a special election, arguing that the filing of a notice of appeal "divest[ed] the district court of jurisdiction over the matters appealed," leaving it

3

solely with jurisdiction "to implement or enforce" the injunction, not modify it. *See* ECF No. 244 at 5.

While this Court accepted Defendants' jurisdictional argument, *see* ECF No. 272 at 5, it also specifically and correctly held that it "retains jurisdiction in that it may, and will if necessary, enforce its Order which prohibits the State from using H.B. 14 and S.B. 1." *See id.* And this Court noted that it would "continue to require that the State remain active in creating new House and Senate elections maps, even amidst the appeal." *See id.* At a subsequent July 17, 2024 status conference, this Court further confirmed that "it has jurisdiction to move forward with [the] remedial phase" and set a remedial evidentiary hearing for August 25, 2025 at 9:00 A.M., along with discovery and motions deadlines prior to the hearing. *See* ECF No. 279. Prior to setting this schedule, the Court had emphasized that its evaluation of the "level of urgency" in determining remedial maps was driven by the fact that "the next state legislative election is not until October 2027." *See* ECF No. 272 at 7. However, this Court never held that its injunction only applied to the October 2027 state legislative elections—and, indeed, such a modification would have been inconsistent with the Court's jurisdictional ruling. *See* ECF No. 272 at 5. It merely noted that, at the time, the next scheduled state legislative elections were in October 2027.

This is no longer the case. In the 2024 elections, Louisiana Senator Jean-Paul P. Coussan of Senate District 23 was elected to the Public Service Commission, and Louisiana Senator Cleo Fields of Senate District 14 was elected to represent Louisiana's 6th Congressional District in the U.S. House of Representatives. Senators Coussan and Fields have resigned their Louisiana Senate seats effective December 31, 2024. *See* ECF No. 286-1.

Normally, these vacancies would require the President of the Senate to "issue a proclamation advising of the vacancy and ordering a special election to fill the vacancy" within

ten days of the vacancy occurring, and to hold those special elections to fill those vacancies shortly after that, on dates fixed by statute. *See* La. Rev. Stat. § 18:601(A)(1); La. Rev. Stat. § 18:402(E). However, this Court's injunction properly enjoined Defendants from holding elections under S.B. 1. *See* ECF No. 233 at 91. Nevertheless, on December 11, 2024—without moving to stay this Court's injunction or consulting Plaintiffs' counsel—President Henry issued two Proclamations purporting to authorize, direct, and empower the Secretary and other officials to conduct special elections to fill the upcoming vacancies in Senate Districts 14 and 23. *See* ECF No. 286-2. Absent a stay, if the Secretary were to hold these elections under S.B. 1, the Secretary would be in violation of this Court's injunction.

After learning of President Henry's Proclamations, on December 17, 2024, Plaintiffs' counsel sent an e-mail to Defendants' counsel regarding these developments. Plaintiffs' counsel reminded Defendants' counsel that "the district court 'ORDERED that elections under S.B. 1 and H.B. 14 be and are hereby ENJOINED.'" Email from M. Keenan to P. Strach, et al. (Dec. 17, 2024) [attached hereto as Exhibit A] (quoting ECF No. 233 at 91). Plaintiffs' counsel also requested that Defendants' counsel "[p]lease confirm, as soon as possible, whether a new State Senate map will be implemented in time for the upcoming election." *Id.* Defendants' counsel did not respond, meet and confer with Plaintiffs' counsel, or otherwise request Plaintiffs' position regarding the present Motion prior to filing it.

### III.  ARGUMENT

#### A.  This Court Enjoined All State Legislative Elections Under S.B. 1 and H.B. 14.

This Court's injunction is unambiguous: "It is ORDERED that elections under S.B. 1 and H.B. 14 be and are hereby ENJOINED." *See* ECF No. 233 at 91. The injunction does not mention the October 2027 legislative elections at all. On its face, the injunction applies to all state legislative elections under S.B. 1 and H.B. 14.

5

The scope of this court's injunction is not unusual. Take, for example, the recent Voting Rights Act challenge involving Alabama's congressional redistricting plan. There, the Section 2 plaintiffs resided in three of Alabama's seven congressional districts, and they proved that one additional majority-Black district could be drawn that would provide Black voters with an opportunity to elect candidates of their choice. Still, the district court's injunction, which was later affirmed by the Supreme Court, took the same approach: it enjoined the entire plan and afforded the State an opportunity to enact a new map. *Singleton v. Merrill*, 582 F. Supp. 3d 924, 935–37, 1033–34 (N.D. Ala. 2022) (three-judge court), aff'd sub nom. *Allen v. Milligan*, 599 U.S. 1 (2023).[1] *See also Baldus v. Members of Wis. Gov't Accountability Bd.*, 849 F. Supp. 2d 840, 861 (E.D. Wis. 2012) (finding VRA violation in two of 99 assembly districts and enjoining implementation of "Act 43 in its current form").

The Secretary cannot point to any language in this Court's injunction limiting it to the October 2027 legislative elections because no such language exists. Instead, the Secretary argues that this Court's May 3, 2024 Order clarified that its injunction applied only to the October 2027 legislative elections. *See* ECF No. 286 at 9 (quoting ECF No. 272 at 5). This Court's May 3, 2024 Order did nothing of the sort. This Court stated that the permanent injunction "prohibit[ed] the State from using H.B. 14 and S.B. 1 in the next state legislative election, which is set for October 2027." ECF No. 272 at 5. This language merely observed that, at the time, "the next primary election [was] set for October 2027." *See id.* at 10 n.56. This is no longer the case. *See* ECF No. 286-2.

---

[1] There, too, the State subsequently failed to pass maps that complied with the court's order, and the map that the Court ultimately imposed for Alabama's 2024 congressional elections made changes to only four of the seven congressional districts, not to all districts in the map. *Singleton v. Allen*, No. 2:21-CV-1291-AMM, 2023 WL 6567895, at *7–9, *19 (N.D. Ala. Oct. 5, 2023).

Nothing in this Court's May 3, 2024 Order suggests that the Court intended to rewrite or restrict the scope of its earlier injunction, which on its face, applies to all state legislative elections under S.B. 1 and H.B. 14. *See* ECF No. 233 at 91. Indeed, in the same Order, this Court clarified that it lacked jurisdiction to modify the scope of its injunction while that same injunction was on appeal. *See* ECF No. 272 at 4-5. This Court could not have intended to modify the scope of its injunction while at the same time holding that it lacked jurisdiction to do so.

The Secretary identifies no ambiguity within the injunction itself that needs clarification. Rather, it asks this Court to rewrite the injunction more narrowly. This Court should deny that request, particularly because this Court already held that it lacks jurisdiction to modify an injunction after the filing of a notice of appeal.

> B. **This Court Should Expedite the Remedial Schedule to Balance the Public Interest in Ensuring All Voters Have Representation Against Avoiding Further Harm.**

While Plaintiffs oppose any modification of this Court's existing injunction, Plaintiffs have never suggested (and do not now suggest) that the state senate seats for Senate Districts 14 and 23 should remain vacant. The public interest strongly supports ensuring that all Louisianians have representation in the Louisiana Senate. Accordingly, the upcoming vacancies should be filled expeditiously, and well before the currently scheduled August 2025 remedial hearing. *See* ECF No. 279. At the same time, the public interest also supports filling these vacancies under lawful remedial maps that comply with Section 2.

To balance these competing interests, this Court should expedite the remedial process. The existing remedial schedule was based on the circumstances as they existed at the time the schedule was issued. Defendants argued, and this Court accepted, that the next state legislative elections would take place on October 2027 absent the Court's injunction. *See* ECF No. 272 at 7; ECF No. 244 at 2, 15, 21 (arguing that a more expedited remedial schedule was "unnecessary . . . given that

7

the next legislative elections are not until 2027"). But circumstances have changed significantly, sharply raising the "level of urgency" for these remedial proceedings and warranting reconsideration of this Court's prior schedule. *See* ECF No. 272 at 7.

This Court has clearly already allowed "a reasonable period of time . . . to address the Court's findings and implement State House and Senate election maps that comply with § 2 of the Voting Rights Act." *See* ECF No. 233 at 91. This Court afforded the Legislature significantly more time than other courts usually permit states to enact remedial plans. *See, e.g.*, *North Carolina v. Covington*, 585 U.S. 969, 971 (2018) (state legislature given a month to enact a remedial plan); *Robinson v. Ardoin*, 86 F. 4th 574, 601 (5th Cir. 2023) (two months); *Thomas v. Bryant*, 919 F. 3d 298, 312-13 (5th Cir. 2019) (19 days). Louisiana had until "the conclusion of the 2024 Regular Legislative Session . . . to enact VRA-compliant State House and Senate maps" before setting the remedial schedule. *See* ECF No. 272 at 10. And yet, "[n]o new redistricting plans were passed for the House or Senate in response to this Court's February 8, 2024, injunction." *See* ECF No. 273 at 1. An expedited remedial process has become necessary to timely fill the upcoming vacancies in the Louisiana Senate under lawful maps because the Legislature has failed to "remain active in creating new House and Senate elections maps . . . amidst the appeal." *See* ECF No. 272 at 5.

Plaintiffs agree with Defendants that the public interest strongly supports that the voters and residents of Senate Districts 14 and 23 should not go without representation in the Louisiana Senate materially longer than contemplated under Louisiana law. *See* La. Rev. Stat. §§ 18:601(A)(1), 18:402(E). Accordingly, Plaintiffs propose moving the remedial hearing—currently scheduled for August 25, 2025—up to the week of March 3, 2025, or the Court's earliest convenience, to allow for remedial maps to be created on a timeline that will allow the vacancies

8

to be filled under lawful maps.[2] As this Court has already explained, the legislature has already had ample time and opportunity to pass new House and Senate maps that comply with this Court's February 8, 2024 order. ECF No. 284 at 23:19-2.[3] Counsel for Legislative Intervenors has likewise already conceded that the Legislature "took their opportunity seriously and they could not meet it." ECF No. 284 at 23:6-15. Thus, Plaintiffs maintain that rescheduling the remedial hearing to take place during the week of March 3, 2025 (following motions and discovery deadlines to be set by this Court or the magistrate judge) is proper, feasible, and best serves the public interest.

Alternatively, if this Court is not inclined to reschedule the remedial hearing, Plaintiffs agree that the only alternative is a partial stay of this Court's injunction. However, a partial stay that applies "to Senate Districts 14 and 23" generally would have the unintended effect of allowing Defendants to hold additional state legislative elections in Senate Districts 14 and 23 under S.B. 1, in the event that the seats become vacant again in the future, either before or after the final remedial order. Instead, absent an expedited remedial process, a partial stay should be limited to special elections held pursuant to Senator Henry's December Proclamations.[4]

---

[2] There is currently only an urgent need for a remedial Senate map, but this circumstance demonstrates that it is likely there will also be a need for special elections to fill future vacated House seats. For example, it is likely that existing House members may seek to fill the two vacant Senate seats. Therefore, if this Court were to order an expedited remedial schedule, Plaintiffs believe it would make sense to include a remedial process for new lawful House map and request that the Court include both maps in any new expedited schedule for the remedial process.

[3] The Fifth Circuit has held up Alabama's post-*Milligan* process as an example of "an adequate opportunity to accomplish a redistricting compliant with final judgment," highlighting that the court afforded the legislature six weeks following the Supreme Court's remand. *In re Landry*, 83 F.4th 300, 306 (5th Cir. 2023). That six-week period was measured from the date of the Supreme Court's order (which affirmed the three-judge panel order that had been stayed pending the appeal), not from the three-judge panel's later-in-time scheduling order. Here, this Court has afforded the legislature 47 weeks from the date of the merits order—and, indeed, 24 weeks from this court's order setting a remedial hearing—to pass maps that comply with this Court's order.

9

## IV. CONCLUSION

WHEREFORE, for these reasons and any others apparent to this Court, Plaintiffs respectfully request that this Court deny Defendants' request to modify the scope of the existing injunction, and that the Court grant Plaintiffs' request to expedite the remedial proceedings so that the new vacancies can be filled under lawful maps. Alternatively, if rescheduling the remedial proceedings is not feasible, Plaintiffs respectfully request that this Court grant only a partial stay of its injunction, limited to the special elections held pursuant to Senator Henry's December 2024 Proclamations.

Dated: January 3, 2025

Stuart Naifeh*
Victoria Wenger*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
snaifeh@naacpldf.org
vwenger@naacpldf.org

Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Respectfully submitted,

/s/ John Adcock

John Adcock (La. Bar No. 30372)
Adcock Law LLC
Louisiana Bar No. 30372 3110 Canal St.
New Orleans, LA 701119
jnadcock@gmail.com

/s/ Sarah Brannon

Sarah Brannon*†
Megan C. Keenan*
American Civil Liberties Union Foundation
915 15th St. NW Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

---

[4] Even if this Court is not inclined to expedite the remedial process on a timeline that would allow the special elections for Senate Districts 14 and 23 to be held under a remedial map, these changed circumstances demonstrate that there is a material risk of additional vacancies in the Louisiana Senate and House—including potential vacancies in the Louisiana House that could be caused by Representatives potentially running for the vacant seats in Senate Districts 14 and/or 23. If the Court denies Plaintiffs' current request and issues a partial stay limiting its injunction, Plaintiffs request leave to file a motion for reconsideration of the current remedial proceeding schedule to expedite the timing. Expediting the remedial process somewhat would prevent this problem from arising again and ensure that future vacancies will be filled under lawful remedial maps.

Michael de Leeuw*  
Amanda Giglio*  
Cozen O'Connor  
3 WTC, 175 Greenwich St.,  
55th Floor  
New York, NY 10007  
MdeLeeuw@cozen.com  
AGiglio@cozen.com  

Josephine Bahn*  
Cozen O'Connor  
1200 19th Street NW  
Washington, D.C. 20036  
JBahn@cozen.com  

Robert S. Clark*  
Cozen O'Connor  
1650 Market Street, Suite 2800  
Philadelphia, PA 19103  
RobertClark@cozen.com  

Sophia Lin Lakin*  
Dayton Campbell-Harris*†  
American Civil Liberties Union Foundation  
125 Broad Street, 18th Floor  
New York, NY 10004  
slakin@aclu.org  
dcampbell-harris@aclu.org  

T. Alora Thomas-Lundborg*  
Daniel J. Hessel*  
Election Law Clinic  
Harvard Law School  
6 Everett Street, Ste. 4105  
Cambridge, MA 02138  
tthomaslundborg@law.harvard.edu  
dhessel@law.harvard.edu  

Nora Ahmed*  
NY Bar No. 5092374  
Pronouns: she, her, hers  
ACLU Foundation of Louisiana  
1340 Poydras St, Ste. 2160  
New Orleans, LA 70112  
Tel: (504) 522-0628  
nahmed@laaclu.org  

Ron Wilson (La. Bar No. 13575)  
701 Poydras Street, Suite 4100  
New Orleans, LA 70139  
cabral2@aol.com  

*Attorneys for Plaintiffs*  
\**Admitted pro hac vice.*  
†*Practice is limited to federal court.*

## CERTIFICATE OF SERVICE

I certify that on January 3, 2025, this document was filed electronically on the Court's electronic case filing system on behalf of all parties. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

*/s/ Sarah Brannon*
Sarah Brannon (admitted pro hac vice)
American Civil Liberties Union Foundation

*Counsel for Plaintiffs*
