IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, | Civil Action No. 3:22-cv-00178-SDD-SDJ |
| *Plaintiffs,* | |
| v. | Chief Judge Shelly D. Dick |
| R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, | Magistrate Judge Scott D. Johnson |
| *Defendant.* | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL STAY**

Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana (the "Secretary") files this memorandum in support of her Motion for Partial Stay of the Court's February 8, 2024 Injunction Order, Rec. Doc. 233, as to House Districts 45 and 67.

**INTRODUCTION**

For the same reasons set forth in this Court's Order of Partial Stay entered on January 23, 2025, Rec. Doc. 295, a partial stay of the Injunction Order to allow special elections to fill the forthcoming vacancies in House District 45 ("HD45") and House District 67 ("HD67") resulting from former Representatives Brach Myers election to Senate District 23 ("SD23") and Larry Selders' election to Senate District 14 ("SD14").

**BACKGROUND**

There has been no change in relevant law since the Order of Partial Stay was entered on January 23, 2025 to allow special elections to fill the then-current vacancies for SD14 and SD23 to proceed. The only change is that two sitting Representatives won their elections to the vacancies. Now, HD45 and HD67—located in the same parishes as SD14 and SD23—are vacant for almost identical reasons.

On February 15, 2025, Brach Myers won his election to SD23, and Larry Selders won his election to SD14. Mr. Selders and Mr. Myers resigned from their roles as state Representatives on February 25 and 27, 2025, respectively. Attached as **Exhibit 1** are true and accurate copies of the resignation letters. Pursuant to Article II, Section 4(D) of the Louisiana Constitution and Louisiana Revised Statutes Section 18:601, Speaker of the Louisiana House Phillip R. DeVillier fulfilled his ministerial obligation to issue proclamations directing the Secretary to hold special elections to fill these seats on February 27, 2025. True and accurate copies of these proclamations are attached as **Exhibit 2**. The proclamations fix the date of the primary for May 3, 2025, and the general election for June 7, 2025.

This fact pattern is the virtually identical to the prior vacancies that arose when former Senators Cleo Fields and Jean-Paul P. Coussan were elected to higher office in November 2024 and resigned from their roles as senators effective December 31, 2024. Proclamations for special elections to fill the vacancies were issued, and this Court entered an order granting a partial stay of the Injunction Order, Rec. Doc. 233, to allow the special elections to proceed. [Rec. Doc. 295]. The same result of a partial stay should follow here.

Like SD14, HD67 is a long-standing majority-Black district located entirely within East Baton Rouge Parish. [Rec. Doc. 233 at 26]. It is undisputed that no individual plaintiff, nor any member identified for standing purposes by the Louisiana NAACP, resides in HD67. [Rec. Doc. 234 at 1-2]. The Court did not find HD67 to be packed or cracked in its February 8, 2024 Order. [Rec. Doc. 233 at 32].

Like SD23, HD45 is located in Lafayette Parish. It is undisputed that no individual plaintiff, nor any member identified for standing purposes by the Louisiana NAACP, resides in HD45. [Rec. Doc. 234 at 1-2]. Plaintiffs do not claim that any of their illustrative district implicate HD45. [Rec.

2

Doc. 163-1 at 5]. HD45 is also not within any of the "Areas of Interest" studied by Dr. Handley, and the Court did not find HD45 to be packed or cracked in its February 8, 2024 Order. [Rec. Doc. 233 at 32, 63].

## ARGUMENT

When assessing a stay pending appeal, a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 566 U.S. 418, 426 (2009) (citation omitted). These factors are not to be applied "in rigid or mechanical fashion." *Campaign for S. Equal. v. Bryant*, 773 F.2d 55, 57 (5th Cir. 2014). A movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983) (citation omitted).

The first and third *Nken* factors favor issuance of the stay, as the pending appeal is likely to succeed on the merits with respect to HD45 and HD67, and issuance of the stay would not harm Plaintiffs. First, no Plaintiff nor disclosed member of an organizational Plaintiff resides in either SD14 or SD23. The Fifth Circuit is likely to find HD45 and HD67 are beyond this Court's jurisdiction. *Gill v. Whitford*, 585 U.S. 48, 66 (2018); *Harding v. Cnty. of Dallas*, 948 F.3d 302, 307 (5th Cir. 2020). Second, neither district was found to be cracked or packed in violation of § 2, and "a plaintiff's remedy must be 'limited to the inadequacy that produced [his] injury in fact.'" *Gill*, 585 U.S. at 66 (citation omitted). There is no basis for an injunction against these two districts, and there is certainly no harm that would be suffered by any Plaintiff or disclosed member of an organizational Plaintiff by permitting the vacancies in HD45 and HD67 be filled.

The fourth *Nken* factor also favors issuance of the stay, because under the unique circumstances of two state Representatives resigning, there is real public harm to the residents of HD45 and HD67 if the vacancies cannot be filled. Including these vacancies in the injunction would deprive residents of HD45 and HD67 of representation in the state House for the 2025 Regular Session and thus the opportunity to have input on legislation that may be considered by the Legislature during that session. Even missing part of that session would be harmful because the Legislature's power to advance and pass legislation becomes more difficult as the session progresses. *See, e.g.,* La. Const. Art. III, §2(4)(a). On the flip side, there is little to no harm to Plaintiffs. Indeed, Plaintiffs agreed in considering the first set of vacancy elections that, short of holding an immediate remedial hearing, the alternative relief of a partial and narrowly crafted stay was reasonable. [Rec. Docs. 290, 295]. Furthermore, the political balance of the Legislature would not be impacted by holding these two vacancy-filling elections. The balance of the equities weighs heavily in favor of granting a partial stay.

## **CONCLUSION**

For all the reasons stated herein, and for those set forth in the Court's prior Order granting a partial stay, Rec. Doc. 295, the Court should enter a partial stay of its February 8, 2024 Injunction Order to allow special elections to fill the forthcoming vacancies for HD45 and HD67 to proceed.

Respectfully submitted this the 28th day of February, 2025.

*/s/ Phillip J. Strach*
Phillip J. Strach*
   *Lead Counsel*
Alyssa M. Riggins*
Cassie A. Holt*
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400

4

Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com

*/s/ John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
Brooke R. Ydarraga, LA Bar Roll No. 41000
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
brooke@scwllp.com
*\* Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana*