IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ <br><br><br> Chief Judge Shelly D. Dick <br><br><br> Magistrate Judge Scott D. Johnson |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO RECONSIDER THE REMEDIAL SCHEDULE**

Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana (the "Secretary"), files this memorandum in opposition to Plaintiffs' Cross-Motion to reconsider the Court's remedial schedule set forth in Rec. Doc. 279.

**INTRODUCTION**

Plaintiffs' Cross-Motion for Reconsideration [Rec. Doc. 304] and accompanying memorandum [Rec. Doc. 305] boldly asks this Court for a *second* time in two months, to reconsider or expedite its remedial schedule previously set on July 17, 2024. [Rec. Doc. 279]. Plaintiffs' motion is unwarranted, offering no new case law and no materially new arguments. Simply put, Plaintiffs ask this Court to reconsider the remedial schedule set forth in Rec. Doc. 279 because they are unhappy. But unhappiness with this Court's prior rulings is not a legal basis for reconsideration. Plaintiffs' Cross-Motion should be denied.

**ARGUMENT**

Without citation to any rule or law, Plaintiffs seek to circumvent normal pleading standards and have the Court create a new rushed remedial schedule. Plaintiffs' principal arguments in

1

support of their cross-motion to reconsider appear in three distinct parts. First, Plaintiffs complain about the length of the remedial process itself. [Rec. Doc. 304-1 pp. 5-6]. This complaint is nothing new: Plaintiffs re-hash prior arguments from last year, citing to cases that were already before the Court when it set forth the remedial schedule. [*See* Rec. Docs. 235, 236, 237, 254]. Plaintiffs offer no new case law or compelling arguments that would suggest that the Court's schedule should be reconsidered. Plaintiffs attempt to argue that the Legislature is "flouting" this Court's order because no new maps have been enacted. But in the same filing, Plaintiffs' note that the Legislature's new session does not begin until April 14, 2025 [Rec. Doc. 304-1 p. 7]. Nor are Plaintiffs' citations to Rec. Docs. 273 or 272 availing. These arguments were available (and made) in January when Plaintiffs asked the Court to expedite remedial proceedings, and were properly rejected by this Court. [*See* Rec. Doc. 287 pp. 2-3].

Second, Plaintiffs attempt to exaggerate the scope of the issue and the need for potential future stays. First, the Court's remedial hearing is only a few months away. It is unclear what a remedial process now, only weeks before the Legislature takes session, would accomplish other than the creation of chaos and voter confusion. Second, the only reason there are vacancies in the House is because two House members won the elections for the vacant Senate seats. This is simply a natural extension of the Court's prior stay, and one that is only necessary because these two House members won their elections.

Third, Plaintiffs try to distinguish the current request for stay with the previous request stating that "it is not clear whether any representative elected in a special election would be seated before the end of the legislative session" and strongly implies that the election dates are not set, and could be as late as October 11, 2024. This is false. The proclamations clearly state that the special vacancy elections will be held on May 3, 2025. [Rec. Doc. 300-3]. The publicly available

2

elections calendar promulgated by the Secretary's office likewise clearly states that a runoff (if needed) will occur on June 7, 2025.[1] Thus, any candidate who wins outright on May 3, 2025 can easily be seated before the end of the session.[2] Even if there was a need for a runoff, it's possible the seat could still be filled, especially if the Legislature is required to convene for additional time in order to balance the budget. *See* La. Const. Art. 7 §11(A). Finally, these members would be in place for any special session the Governor might choose to call.

Fourth, Plaintiffs argue that the Court should reconsider and expedite the remedial phase because the oral argument was held at the Fifth Circuit in this matter on January 7, 2025. Again, the date of oral argument was known to Plaintiffs when they made their request to expedite the remedial process on January 3, 2025. [Rec. Doc. 287]. Moreover, Plaintiffs' argument is not persuasive because it assumes special elections will be needed. If anything, an imminent ruling from the Fifth Circuit cautions against Plaintiffs' requested breakneck pace, because the parties and the Court could waste precious time and resources on a remedial phase that may not be needed.

## CONCLUSION

Plaintiffs' Cross-Motion is nothing more than an attempt to re-litigate issues that have already come before this Court—and failed—numerous times. For all the reasons set forth herein,

---

[1] Plaintiffs' footnote 3 on page 8 of Rec. Doc. 304-1 is especially misleading. There, Plaintiffs' counsel quotes from an email sent *prior* to the official proclamations setting the May 3, 2025 election date. Plaintiffs' counsel did not seek any further clarification regarding election dates from the Secretary's counsel prior to filing their cross-motion. Moreover, as stated above, the run-off date is publicly available on the Secretary's website at https://www.sos.la.gov/ElectionsAndVoting/GetElectionInformation/Pages/default.aspx

[2] To the extent Plaintiffs complain about the May 3, 2025 election date, a date that was already scheduled to have elections, they cannot have their cake and eat it too. Plaintiffs argued during the merits phase of this case that Louisiana's numerous elections led to voter confusion. The Court agreed with that, finding that the large number of elections causes voter fatigue and confusion as part of its conclusion that Senate Factor 3 weighed in favor of the Plaintiffs. *Nairne v. Ardoin,* 715 F.Supp. 3d 808, 871 (M.D. La. 2024).

the Secretary respectfully requests that the Court deny Plaintiffs' Cross-Motion to Reconsider the Remedial Schedule

Respectfully submitted this the 11th day of March, 2025.

/s/ Phillip J. Strach
Phillip J. Strach*
    *Lead Counsel*
Alyssa M. Riggins*
Cassie A. Holt*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com

/s/ John C. Walsh
John C. Walsh, LA Bar Roll No. 24903
Brooke R. Ydarraga, LA Bar Roll No. 41000
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
brooke@scwllp.com
* *Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana*