UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOROTHY NAIRNE, *et al.*

*versus*

R. KYLE ARDOIN, in his official capacity
as Secretary of State of Louisiana

CIVIL ACTION

22-178-SDD-SDJ

### RULING

Before the Court is a Motion for Partial Stay[1] filed by defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana, ("Defendant" or "Secretary Landry"). Plaintiffs the Black Voters Matter Capacity Building Institute, Steven Harris, Louisiana State Conference of the NAACP, Clee E. Lowe, Dorothy Nairne, Rose Thompson, and Alice Washington (collectively, "Plaintiffs") oppose Defendant's Motion for Partial Stay and have filed a Cross Motion to Reconsider the Court's Remedial Schedule (the "Motion to Reconsider").[2] Defendant opposes Plaintiffs' Motion to Reconsider.[3] The Court has considered the law and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's Motion for Partial Stay[4] is granted in part and denied in part as moot. Plaintiffs' Motion to Reconsider[5] is denied.

---

[1] Rec. Doc. 300.
[2] Rec. Doc. 304.
[3] Rec. Doc. 305.
[4] Rec. Doc. 300.
[5] Rec. Doc. 305.

I.   BACKGROUND

Plaintiffs, a group of Black Louisianans and two nonprofit organizations, brought this suit against Kyle Ardoin, in his official capacity as Secretary of State of Louisiana,[6] alleging that the 2022 redistricting plans for the Louisiana House of Representatives and State Senate unlawfully dilute Black voting strength in violation of Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301.[7] In a seven-day bench trial beginning November 27, 2023, and ending December 5, 2023, this Court held that the Louisiana State House and Senate electoral maps enacted by the Louisiana Legislature (S.B. 1 and H.B. 14) violate Section 2 of the VRA.[8] Accordingly, this Court enjoined elections under S.B. 1 and H.B. 14 and permitted the State a reasonable period of time to address the Court's findings and implement State House and Senate electoral maps that comply with Section 2 of the VRA.[9]

Former Secretary of State Kyle Ardoin[10] appealed the Court's ruling.[11] "A notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[12] Nevertheless, a district court is not stripped of all jurisdiction once a notice of appeal is filed. "The district court maintains jurisdiction as to matters not involved

---

[6] During the course of this litigation, Nancy Landry was elected as Louisiana's Secretary of State. As such, she is substituted in for Kyle Ardoin as a party to this case. *See* Fed R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.").
[7] Rec. Doc. 14.
[8] Rec. Doc. 233, pp. 1, 91.
[9] *Id.* at p. 91.
[10] *See supra* note 6.
[11] *See* Rec. Doc. 250.
[12] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (internal citations omitted).

in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken, or in aid of the appeal as by making clerical corrections."[13] The district court has the authority to "preserve the status quo" while the case is pending appeal.[14] As such, the Court entered a remedial schedule and set a remedial evidentiary hearing for August 25, 2025.[15]

On January 22, 2025, the parties filed a joint proposed order to stay the Court's injunction.[16] They sought a stay for the limited purpose of holding special elections under S.B. 1 to fill vacancies for Senate Districts 14 and 23 (respectively, "SD23" and "SD14").[17] The Court granted the parties' requested partial stay on January 23, 2025.[18] On February 15, 2025, State House Representatives Branch Myers ("Meyers") and Larry Selders ("Selders") won the SD23 and SD14 special elections.[19] Consequently, Meyers and Selders' House seats for Districts 45 and 67 (respectively, "HD45" and "HD67") became vacant.[20]

Secretary Landry filed the present Motion for Partial Stay to conduct elections for HD45 and HD67.[21] Plaintiffs oppose Secretary Landry's motion and assert a cross motion seeking that the Court reconsider its remedial schedule.[22] They argue that given the Legislature's inaction in drawing new maps, "this Court should expedite the remedial

---

[13] *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir.1982) (internal citation omitted) (citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3949, at 359 (1977)).
[14] *See Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (explaining that the district court may issue orders that are designed to preserve the status quo) (citing *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623 (2d Cir. 1962)).
[15] Rec. Doc. 279, p. 2.
[16] Rec. Doc. 294.
[17] Rec. Docs. 294, 294-1.
[18] Rec. Doc. 295.
[19] Rec. Doc. 300-1, p. 2.
[20] *Id.* at pp. 1–2.
[21] Rec. Doc. 300.
[22] Rec. Doc. 304.

schedule to balance the public interest in ensuring all voters have representation against avoiding further harm."[23] Secretary Landry opposes Plaintiffs' Motion to Reconsider.[24]

On March 21, 2025, Secretary Landry notified the Court that there will no longer be a May 3, 2025 election for HD45.[25] In her notice, Secretary Landry explains that only one candidate qualified for HD45.[26] As such, this candidate "is eligible to take office as soon as the time for candidate challenges expires as set forth in La. R.S. [§] 18:1405— seven days after close of the candidate qualification period provided there are no challenges."[27] Since there were no candidate challenges filed before the expiration date,[28] the qualified candidate may now take office upon Secretary Landry's certification pursuant to La. R.S. § 18:513.[29] Though only an election for HD67 will take place on May 3, 2025, Secretary Landry still seeks a partial stay as to both HD45 and HD67.[30] Plaintiffs have filed a response to Secretary Landry's notice.[31]

## II.  MOTION FOR PARTIAL STAY

In assessing a stay pending an appeal, the Court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

---

[23] Rec. Doc. 304-1, p. 5.
[24] Rec. Doc. 305.
[25] Rec. Doc. 306, p. 1.
[26] *Id.*
[27] *Id.* (citing La. R.S. § 18:511(B)).
[28] March 21, 2025, at 4:30 CST. *See id.*
[29] *Id.*
[30] *Id.*
[31] Rec. Doc. 307.

proceeding; and (4) where the public interest lies."[32] The Court finds that these factors weigh in favor of staying its injunction for purposes of conducting an election for HD67.

Regarding the first and third factors, no Plaintiff or disclosed member of an organizational Plaintiff resides in SD14. The record makes clear that HD67 is completely encompassed in SD14, and HD67 was not in dispute in the liability phase. It is unlikely that the court of appeal will make any findings particular to the subject district. Further, the Court did not find that HD67 was "cracked or packed" in violation of Section 2 of the VRA, and "a plaintiff's remedy must be limited to the inadequacy that produced [his] injury in fact."[33] As to the second and fourth factors, the public's interest lies in favor of electing a representative to HD67. Not filling this vacancy will deprive residents in HD67 representation in the 2025 legislative session. This in turn causes Secretary Landry, the state's chief election officer, irreparable injury, as she will be unable to conduct an election intended to ensure adequate representation in the upcoming legislative session. For these reasons, Secretary Landry's Motion for Partial Stay[34] as to HD67 is granted.

With respect to HD45, the Motion for Partial Stay[35] is denied as moot. As Secretary Landry explains in her notice to the Court, no formal election is needed for HD45 because there was only one candidate qualified to take the office. By operation of law, that qualified candidate was "declared elected by the people."[36] Plaintiffs argue that the qualified candidate cannot be "declared elected by the people" absent a stay of this Court's injunction as to HD45. However, this Court's injunction enjoins "elections under S.B. 1

---

[32] *Nken v. Holder*, 556 U.S. 418, 426 (2009).
[33] *Gill v. Whitford*, 585 U.S. 48, 66 (2018) (alteration in original) (citation and internal quotations omitted).
[34] Rec. Doc. 300.
[35] *Id.*
[36] La. R.S. § 18:511(B).

and H.B. 14,"[37] and no formal election will take place as to HD45. The Court did not enjoin the Secretary of State from declaring the winner in an uncontested election. If either party believes separate relief from this Court is needed for the HD45 election to be certified, they shall file a motion with the Court.

### III.  MOTION TO RECONSIDER

Although the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[38] the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e) . . . ."[39] The Court finds that, because the challenged remedial schedule is not a final judgment, Rule 54(b) is the proper standard to apply.[40]

Rule 54(b) provides that:

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, under Rule 54(b), "a court retains jurisdiction over all the claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole."[41] Compared to the "stricter"[42] analysis required by Rule 59(e), "[d]istrict courts have considerable discretion in deciding whether to reconsider an

---

[37] Rec. Doc. 233, p. 91.
[38] *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167,173 (5th Cir. 1990).
[39] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, *2 (E.D. La. 2012).
[40] *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b).").
[41] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).
[42] *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020).

interlocutory order"[43] under 54(b). "However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[44] Therefore, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration."[45] "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[46]

Plaintiffs base their Motion to Reconsider on "the Legislature's refusal to act."[47] They argue that the Court should expedite its remedial schedule because the Legislature has yet to address the Court's findings and implement State House and Senate electoral maps compliant with Section 2 of the VRA.[48] Plaintiffs offer no new case law or compelling arguments as to why the Court should reconsider its remedial schedule. The stay as to HD67 sought in this case is a result of the stay as to SD14 that the Plaintiffs consented to on January 22, 2025.[49] The Court set a liberal remedial timeline to give the Legislature ample time to act, and there are currently no scheduled regular House or Senate elections that impact the current timeline. The Court is not persuaded that it should rush or circumvent this process. Accordingly, Plaintiffs' Motion to Reconsider[50] is denied.

---

[43] *Keys v. Dean Morris, LLP*, No. 12-49, 2013 WL 2387768, *1 (M.D. La. 2013).
[44] *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013).
[45] *State of La. v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).
[46] *J.M.C. v. La. Bd. of Elementary and Secondary Educ.*, 584 F. Supp. 2d 894, 896 (M.D. La. 2008) (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988)).
[47] Rec. Doc. 304-1, p. 5.
[48] *Id.* at p. 6.
[49] Rec. Doc. 294.
[50] Rec. Doc. 304.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Partial Stay[51] filed by Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana, is GRANTED IN PART and DENIED IN PART. With respect to HD67, the Motion for Partial Stay[52] is GRANTED. As to HD45, the Motion for Partial Stay[53] is DENIED AS MOOT.

The Motion to Reconsider the Court's Remedial Schedule[54] filed by Plaintiffs the Black Voters Matter Capacity Building Institute, Steven Harris, Louisiana State Conference of the NAACP, Clee E. Lowe, Dorothy Nairne, Rose Thompson, and Alice Washington is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __27th__ day of _____March_____, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[51] Rec. Doc. 300.
[52] *Id.*
[53] *Id.*
[54] Rec. Doc. 304.