IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> NANCY LANDRY, in her official capacity as Secretary of State of Louisiana*, et al.,* <br><br> *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ <br><br> Chief Judge Shelly D. Dick <br><br> Magistrate Judge Scott D. Johnson |

### DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION TO APPOINT A SPECIAL MASTER

Defendant Nancy Landry, in her Official Capacity as Secretary of State of Louisiana, along with Intervenor-Defendants, the State of Louisiana, through Louisiana Attorney General Elizabeth Murrill; Phillip DeVillier in his Official Capacity as Speaker of the Louisiana House of Representatives; and Cameron Henry in his Official Capacity as President of the Louisiana Senate (collectively, "Defendants"), provides the following response in opposition to Plaintiffs' Motion Seeking Appointment of Special Master [Rec. Doc. 319] (hereinafter the "Motion").

### ARGUMENT

Pursuant to Federal Rule of Civil Procedure 53(a)(1)(c) "a court may appoint a master *only*" to "address pretrial and posttrial matters that *cannot be effectively and timely addressed* by an available district judge or magistrate judge of the district." (*emphasis added*). Plaintiffs' motion seeking the appointment of a special master to provide generic "advice, assistance, and consultation" to the Court falls woefully short of meeting these requirements.

First, Plaintiffs' Motion fails to provide *any* details about the sort of advice, assistance, or consultation it believes the Court needs. Thus, it is unclear what sort of duties Plaintiffs want the

1

special master to perform. Should the special master draw his own remedial plan? Will the special master assist the court in evaluating the submitted remedial plan? If so, how will the special master provide assistance? Will the special master sit as a finder of fact and question parties and witnesses at the remedial phase? Or will the special master be allowed to submit written questions to the parties and witness? If the special master draws his own map, will the parties be permitted to question the special master? The possibilities for a special master are indeed *endless*. And notably, in any order appointing a special master, this Court is required pursuant to Fed. R. Civ. P. 53(b)(2) to specify the master's specific duties including any investigation or enforcement powers, or limits on his authority. Plaintiffs' Motion utterly fails to make a specific request regarding any of those points, or aid the Court in its obligation to meet this requirement.

Second, Plaintiffs' Motion lists no reason why this court cannot "effectively and timely" address the remedial proceedings scheduled for August. Despite Plaintiffs' complaints about the Legislature's lack of action to date,[1] they acknowledge that the next legislative elections are scheduled for 2027—over two years from the Court's scheduled August remedial proceedings. (Mot. p. 2). This timeline affords the Court ample opportunity to consider and implement remedial plans without the need for extraordinary measures. In contrast to recent cases where courts have utilized special masters (Mot. p. 2) this Court has years, not months, to consider the remedial plans put forth in the August hearing. *See Terrebonne Parish Branch NAACP v. Jindal*, No. 3:14-cv-69-JJB-EWD, 2019 WL 4398509, *1 (M.D. La. 2019) (order appointing special master in April 2019

---

[1] Plaintiffs spend nearly half of their less than four-page motion complaining about this Court's prior rulings that allow the Legislature more time to act than they feel is appropriate. This Court has already addressed that issue several times, and there is no need to re-address Plaintiffs' continual complaints here on the eve of the remedial hearing set for August.

before elections in July 2020); *Singleton v. Allen,* 690 F.Supp.3d 1226, 1245-46 (N.D. Ala. 2023) (order appointing special master issued only 5 months ahead of primary election date).

Plaintiffs also failed to provide any reason why this Court cannot "effectively" evaluate the forthcoming remedial plans, or why the Court needs any advice or assistance from a special master. This Court already presided over a nearly two-week trial, issued an opinion and accompanying factual findings that are dozens of pages long, and produced a total record of thousands of pages. It is difficult to imagine that an individual with no experience in this case could easily be brought up to speed on such a large record. All of this would take a significant amount of time—a stark departure from Plaintiffs' barrage of demands to speed up the remedial process.

In addition, it is exceedingly unlikely that the special masters proposed by Plaintiffs to Defendants prior to filing this motion: Mr. David Ely, Dr. Nathan Persily, and Dr. Bernard Grofman, could even be *as effective* in evaluating remedial plans as this Court. Drs. Persily and Grofman work in California and have no discernable significant ties to the state of Louisiana including her unique geography and communities of interest.[2] Mr. Ely also lives in California and has only minimal connection with Louisiana, having previously drafted a map for judicial elections for a single parish some six years ago. *See Terrebonne Parish Branch NAACP,* 2019 WL 4398509 at *1.

Finally, appointing a special master to provide amorphous "advice" or "assistance" is not a good use of Louisiana's taxpayer dollars. Conspicuously absent from Plaintiffs' Motion is any mention of the extremely high cost of special masters in redistricting matters who regularly charge

---

[2] This is not to say that out of state experts provide no value. All parties rely on out of state experts in this case. However, none of those experts seek to affirmatively advise the court on how to effectively do its duty unlike a special master. *See* Fed. R. Civ. P. 53(a)(1)(c) (noting that a special master can be appointed if the court cannot effectively and timely address the issue). Therefore, it is appropriate to compare the knowledge of the special master to the knowledge of the Court.

taxpayers six-figure sums. Mr. Ely previously charged $28,458.33 for just 24 days of work on at-large judicial elections in Terrebonne Parish alone (Exhibit 1)—a parish comprising only 2.35% of Louisiana's population and 2.85% of its land area.[3] A statewide analysis would be exponentially more costly and time-consuming. In North Carolina's political gerrymandering case in 2022, the special masters there (including Dr. Grofman) charged the North Carolina taxpayers a jaw dropping sum of almost $200,000 for only five days of work. (Exhibit 2). Approximately eight years ago, Stanford Professor Dr. Nathan Persily sought $500/hour for his work as a special master redrawing some legislative districts (Exhibit 3), ultimately charging the taxpayers approximately $125,000 after the Court slashed his bill. (Exhibit 4). In fact, maps drawn by special masters often result in additional litigation of their own, often for overreaching in the drafting of remedial plans and drawing new districts in unchallenged areas, resulting in additional taxpayer expense. *See e.g. North Carolina v. Covington*, 858 U.S. 969, 978-979 (2018) (striking down portions of the special master plan drawn in areas without racial gerrymandering).

## CONCLUSION

For the reasons stated herein, the Court should deny Plaintiffs' Motion Seeking Appointment of Special Master.

Respectfully submitted, this the 16th day of May, 2025.

| | |
|---|---|
| By: */s/ Tom C. Jones* | By: */s/ Phillip J. Strach* |
| Elizabeth B. Murrill (LSBA No. 20685) | Phillip J. Strach* |
|   Louisiana Attorney General |     *Lead Counsel* |
| Carey Tom Jones (LSBA No. 07474) | Alyssa M. Riggins* |
| Amanda M. LaGroue (LSBA No. 35509) | Cassie A. Holt* |
| Office of the Attorney General | Jordan A. Koonts* |
| Louisiana Department of Justice | **NELSON MULLINS RILEY &** |
| 1885 N. Third St. | **SCARBOROUGH LLP** |
| Baton Rouge, LA 70804 | 301 Hillsborough Street, Suite 1400 |

---

[3] U.S. Census Bureau, *Louisiana*, https://data.census.gov/profile/Louisiana?g=040XX00US22 (last visited May 14, 2025).

(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
jonescar@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

Jason B. Torchinsky (DC 976033)*
Holtzman Vogel PLLC
2300 N. Street NW, Suite 643
Washington, DC 20037
(202) 737-8808
*Admitted Pro Hac Vice

*Counsel for Defendant State of Louisiana and Legislative Intervenors*

Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
jordan.koonts@nelsonmullins.com

*/s/ John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
Brooke R. Ydarraga, LA Bar Roll No. 41000
**SHOWS, CALL & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
brooke@scwllp.com
* *Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana*