# EXHIBIT F

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH BRANCH NAACP,
ET AL.

CIVIL ACTION

VERSUS

14-69-SDD-EWD

PIYUSH ("BOBBY") JINDAL, the GOVERNOR
of the STATE OF LOUISIANA, in his official
capacity, ET AL.

## ORDER CONDITIONALLY APPOINTING SPECIAL MASTER

This matter was submitted to the Court upon the Parties' submissions of candidates for appointment as Special Master, as ordered by the Court on December 17, 2018.[1] Given the nature of this matter and the Court's previous findings, the Court has concluded that the appointment of a Special Master is appropriate under Rule 53(a)(1) of the Federal Rules of Civil Procedure to assist the Court in the remedy phase of this case.

All Parties submitted briefs setting forth arguments and credentials for potential candidates for Special Master.[2] The Court has carefully reviewed the Parties' submissions, the candidates' credentials and experience, and the arguments offered both in favor of, and against, certain candidates. Based on the information before the Court, the Court finds that David R. Ely is best qualified to serve as Special Master in this case. Mr. Ely has extensive experience addressing issues like those presented herein, and

---

[1] Rec. Doc. No. 371.
[2] Rec. Doc. Nos. 373, 374, 376, & 377. The Parties were permitted to submit Replies to these briefs at Rec. Doc. Nos. 383 & 384.
Document Number: 50612

Page 1 of 5

Certified Mail to David R. Ely
Return Receipt Requested - 7004 1160 0003 2648 6413

there is no suggestion that Mr. Ely would investigate the appropriate remedy in this matter in a partisan manner. Accordingly,

**IT IS ORDERED** that **David R. Ely**, President and Founder of Compass Demographics, Inc. in San Gabriel, California, is conditionally appointed Special Master for the purpose of submitting a Report and Recommendation proposing a legally sound remedy that conforms to this Court's previous *Ruling* of August 17, 2017[1] and complies with the Federal and State Constitutions and the Voting Rights Act.

The Report and Recommendation must include color maps showing both of the proposed remedial plan maps submitted by Plaintiffs. As these maps were considered and formed part of the Court's reasoning on liability, no new maps may be presented by the Parties. However, while the evidence of proposed maps will be limited to the maps in the record, the Special Master's Report and Recommendation need not be confined to these maps. The Special Master may consider all the evidence in making his recommendation to the Court and is free to develop his own plan if necessary.

The Special Master shall have the authority granted by Rule 53(c) to perform his duties fairly and efficiently, including: reviewing evidence on the record; setting a date, time, and place for hearings; presiding over hearings; conducting telephone conferences; reviewing/drafting remedial plans; and making recommendations.

The Court expects the Special Master to perform his duties based on the extensive evidence currently on the record; however, the Special Master also has authority to take evidence and conduct evidentiary hearings if he deems it necessary. The Special Master

---

[1] Rec. Doc. No. 289.
Document Number: 50612

is authorized to retain appropriate assistants, experts, and staff as may be reasonably necessary to accomplish this task within the time constraints imposed by this Order.

All pleadings shall be filed with the Court via the Court's CM/ECF filing system. The Special Master's reports, orders, and decisions shall be filed in the record and served pursuant to Rule 53(d).

The Parties shall comply with all reasonable requests of the Special Master, and the Parties shall make their experts available to the Special Master, and the Parties and their experts are expected to fully and reasonably cooperate with the Special Master in the process of formulating an appropriate remedial plan.

Pursuant to Rule 53(b)(2)(B), the Special Master is permitted to communicate *ex parte* with the Court at any time, and the Court advises the Parties that these communications will remain primarily procedural. However, considering the time constraints before the Special Master, the Court may need to have substantive *ex parte* communications with the Special Master. To the extent such communications are necessary, this Order authorizes those communications.

The Special Master is not permitted to communicate *ex parte* with any Party or counsel for any Party in this matter. Further, the Special Master may not have *ex parte* communications regarding his duties pursuant to this Order outside of the Court and any assistants or experts retained to assist him.

Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the Parties and any written orders, findings, and recommendations. All other materials should be preserved until relieved of this obligation by the Court. The Special Master shall preserve all datasets used in the

formulation of redistricting plans, and any drafts considered but not recommended to the Court, in their native format.

Pursuant to Rules 53(f)(3)-(5), the Court shall review all factual findings made or recommended by the Special Master for clear error, all legal conclusions made or recommended by the Special Master *de novo*, and review procedural matters for abuse of discretion. The Parties will be afforded an opportunity to submit responses and/or objections to the Report and Recommendation, which the Court will consider prior to rendering a final decision and order.

The Parties have moved to have this matter resolved prior to the June 6, 2019 session of the Louisiana Legislature; hence, to the extent reasonably practical, the Special Master shall submit his Report and Recommendation to the Court on or before April 22, 2019. The Parties shall file any response and/or objection to the Report and Recommendation on or before May 20, 2019. The Court will issue a ruling approving or rejecting the Special Master's recommendation by June 3, 2019, or as soon as thereafter practicable. Leave to extend the deadlines set forth herein shall be freely given upon motion setting forth the grounds for the relief requested.

All reasonable costs and expenses of the Special Master, including reasonable compensation to the Special Master and any assistants, experts, or staff, shall be subject to approval by this Court and shall be borne equally by the Parties and paid in full within forty-five days after Court approval. The Special Master's rate shall be $250 per hour. The Special Master shall preserve all records of time and expenses incurred.

Finally, this Order appointing David R. Ely as Special Master in this matter is contingent upon Mr. Ely submitting an affidavit pursuant to Federal Rule of Civil

Document Number: 50612

Procedure 53(b). Thus, **IT IS ORDERED** that David R. Ely shall file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 **no later than March 21, 2019.**

  **IT IS SO ORDERED.**

Baton Rouge, Louisiana this  /5  day of March, 2019.

*Shelly D. Dick*

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA