IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, and THE LOUISIANA STATE CONFERENCE OF THE NAACP,<br><br>    *Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State of Louisiana,<br><br>    *Defendant*. | Civil Action No. 3:22-cv-00178 SDD-SDJ |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**<u>MOTION SEEKING APPOINTMENT OF SPECIAL MASTER</u>**

**I. Developing a redistricting remedy is an exceptional circumstance for which courts have routinely recognized special masters are warranted.**

As an initial matter, Defendants erroneously focus solely on Federal Rule of Civil Procedure 53(a)(1)(C), which allows the Court to appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." *See* Dkt. 321 at 1. This was not the sole basis for Plaintiffs' Motion, which also referred to this Court's "inherent authority" to appoint a special master, *see* Dkt. 319 at 1, when "some exceptional condition" warrants such an appointment to "make or recommend findings of fact on issues to be decided without a jury." Fed. R. Civ. P. 53(a)(1)(B)(i). Federal courts routinely find that such exceptional conditions include the need to draw a legislative map in a redistricting case—a task that inherently calls for redistricting expertise that a special master can provide. *See, e.g.*, Exhibit A, ECF No. 202, *Covington v. North Carolina*, Case No.

1

15-cv-399 (M.D.N.C. Oct. 26, 2017), at 2; *Larios v. Cox*, 306 F. Supp. 2d 1212, 1213 (N.D. Ga. 2004); *Rodriguez v. Pataki*, 207 F. Supp. 2d 123, 124 (S.D.N.Y. 2002). Indeed, the Supreme Court has affirmed a District Court's appointment of a special master under Federal Rule of Civil Procedure 53(a)(1)(B)(i) in the redistricting context. *See North Carolina v. Covington*, 585 U.S. 969, 977 ("We conclude that the District Court's appointment of a Special Master in this case was not an abuse of discretion.").

Here, the need for a special master is heightened by the fact that neither the Defendants nor the Legislature have submitted any maps for this Court's consideration. The deadline to submit affirmative expert reports for the upcoming remedial proceeding in this matter was Friday, May 23, 2025. On this deadline, Plaintiffs submitted a set of remedial maps similar to the illustrative maps presented during the merits proceedings in this case.

Defendants did not submit any affirmative expert reports and therefore have not provided any proposed remedial maps. It is not clear that Defendants have any plans to provide proposed maps. On May 16, 2025, counsel for the Attorney General had notified Plaintiffs that the Attorney General would be submitting an affirmative expert report from demographer Tom Bryan. *See* Exhibit B, Email from J. Torchinsky to M. Keenan et al. re: *Disclosure of Experts Submitting Affirmative Reports - Nairne v. Ardoin, 3:22-cv-178* (May 16, 2025), at 1. But hours before the deadline for affirmative expert reports, Defendants withdrew that representation, *see* Exhibit C, Email from J. Torchinsky to M. Keenan et al. re: *Filing Affirmative Expert Reports - Nairne v. Ardoin, 3:22-cv-178* (May 27, 2025), at 1, and Defendants have since confirmed that they do not intend to offer Mr. Bryan as an affirmative or rebuttal witness in the remedial phase of this case, Exhibit D, Email from J. Torchinsky to M. Keenan et al. re: *Filing Affirmative Expert Reports - Nairne v. Ardoin, 3:22-cv-178* (May 30, 2025), at 1. And to date, the Legislature has not

passed any maps—and the legislative session ends next week, on June 12, 2025. *See* La. State Legislature, *2025 SESSION INFORMATION*, https://legis.la.gov/legis/home.aspx (last visited June 3, 2025).

While Plaintiffs believe that their remedial maps are consistent with traditional redistricting principles and are the best options to remedy the violations of the Voting Right Act that the Court found, Plaintiffs know that many courts have used special masters to both evaluate and draw maps in order to develop the map that accomplishes the redistricting goals of all of the parties in the litigation. *See, e.g.*, *Citizens for Good Gov't v. City of Quitman*, 148 F.3d 472, 474 (5th Cir. 1998); Exhibit E, ECF No. 273, *Milligan v. Allen*, No. 2:21-cv-01530 (N.D. Ala. Sept. 5, 2023); *Terrebonne Parish Branch NAACP v. Edwards*, 399 F. Supp. 3d 608, 611 (M.D. La. 2019); *Dillard v. City of Greensboro*, 956 F. Supp. 1576, 1577 (M.D. Ala. 1997). As litigants, Plaintiffs' primary concern when drawing their maps was to address vote dilution in every area of the state where the Court found a violation of the Voting Rights Act consistent with traditional redistricting criteria. However, Plaintiffs are aware that other parties may raise additional concerns that the Court may want to address in a remedial map. Without any clarity regarding whether Defendants will present maps of their own or the Legislature intends to act, the Court's ability to make its own changes to the maps Plaintiffs submit in devising a remedy takes on greater importance. Devising maps that deviate from party submissions requires expertise not only in demographics, geography, and traditional redistricting criteria, but also in use of specific map drawing software. This places a significant burden on the Court, adding to the already-exceptional circumstances present in devising a remedy in a redistricting case. Under such circumstances, the Court would get additional benefit from a special master who has the ability to develop or revise a map to weigh all of the competing party concerns and legislative priorities.

## II. Federal Rule of Civil Procedure 53(b)'s specificity requirement applies to the Court's order, not the Plaintiffs' motion.

As Defendants' opposition acknowledges, Federal Rule of Civil Procedure 53(b)(2) requires this Court, in appointing a special master, to specify "the master's duties, including any investigation or enforcement duties, and any limits on the master's authority." Fed. R. Civ. P. 53(b)(2)(a); *see also* ECF No. 321 at 2. Defendants' assertion that "Plaintiffs' Motion utterly fails to make a specific request regarding any of those points" is both inaccurate (Plaintiffs' motion proposes that the special master provide "advice, assistance, and consultation to the Court in connection with developing an appropriate remedy," including with "the technical nature of determining appropriate remedies when district lines are at issue," *see* ECF No. 19 at 1–4) and beside the point: the specificity requirement applies to *the Court's order*, not the Plaintiffs' ask.[1]

If this Court ultimately agrees that a special master is warranted, Plaintiffs agree that the Court will need to enter an order specifying the special master's duties and limitations—for example, as this Court previously did in *Terrebonne*, after selecting a special master candidate. *See* Exhibit F, ECF No. 385, *Terrebonne Parish Branch NAACP v. Jindal*, Case No. 3:14-cv-00069 (M.D. La. Mar. 15, 2019). To the extent additional model orders are helpful for the Court's consideration, Plaintiffs attach several here. *See, e.g.*, Exhibit G, ECF No. 241, *Personhuballah v. Alcorn*, Case No. 3:13-cv-00678 (E.D. Va. Sept. 25, 2015), at 1 (ordering special master to "review the redistricting plans and briefs submitted in response to the Court's orders and recommend to the Court a proposed plan, a modified version of a proposed plan, or a

---

[1] Plaintiffs' proposed order, submitted to the Court and parties via email on May 12, 2025, contemplated that the Court would order the parties to submit the names and qualifications of candidates to serve as special master as an interim step prior to determining whether to appoint a special master, and so proposed ordering dates for the parties to submit candidates for consideration, rather than proposing the substantive duties of the special master.

4

plan devised by the Special Master, that remedies the deficiencies identified in the Court's [merits] opinion"); Exhibit H, ECF No. 130, *Milligan v. Allen*, Case No. 2:21-cv-01530 (N.D. Ala. Feb. 7, 2022), at 7 (ordering that special master and expert cartographer are "empowered and charged with the duty to prepare and recommend to the court a remedial map or maps, or to recommend a remedial map or maps proposed by any of the parties"); Exhibit E, ECF No. 273, *Milligan v. Allen*, Case No. 2:21-cv-01530 (N.D. Ala. Sept. 5, 2023), at 6 (ordering a special master and his team to "file with the Court three (3) proposed remedial plans to remedy the likely Section Two violation identified in this Court's injunction issued on September 5, 2023"). And to the extent additional briefing on scope is helpful to the Court, this Court can order that the parties submit position papers on the scope of the special master's duties after determining that appointment of a special master is warranted. *See, e.g.*, Exhibit I, ECF No. 355, *Terrebonne Parish Branch NAACP v. Jindal*, Case No. 3:14-cv-00069 (M.D. La. Mar. 15, 2019).

## CONCLUSION

This Court should conclude that appointment of a special master is warranted, order the parties to submit candidates for special master, and, to the extent it is helpful to the Court, order additional briefing on the scope of the special master's duties.

Date: June 5, 2025

Stuart Naifeh*
Victoria Wenger*
Colin Burke*
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

Respectfully submitted,

*/s/ John Adcock*
John Adcock
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

*/s/ Megan C. Keenan*
Megan C. Keenan*

5

cburke@naacpldf.org

I. Sara Rohani*
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Michael de Leeuw*
Amanda Giglio*
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn*
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Robert S. Clark*
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
robertclark@cozen.com

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin*
Dayton Campbell-Harris*†
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

*Counsel for Plaintiffs*
* *Admitted pro hac vice.*
† *Practice is limited to federal court.*

6

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2025, this document was filed electronically on the Court's electronic case filing system on behalf of all parties. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

/s/ *John Adcock*
John Adcock
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

*Counsel for Plaintiffs*