UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana, <br><br> *Defendant.* | Civil Action No. 3:22-cv-00178-SDD-SDJ <br><br> Chief Judge Shelly D. Dick <br><br> Magistrate Judge Scott D. Johnson |

**JOINT MOTION TO STAY OR IN THE ALTERNATIVE TO POSTPONE THE EVIDENTIARY HEARING DATE AND FOR MODIFICATION OF SCHEDULING ORDER**

Intervenor-Defendant, the State of Louisiana, by and through Attorney General Liz Murrill, Legislative Intervenors, and Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana (collectively, "Defendants"), respectfully submit this Motion to Stay or in the Alternative Postpone the Evidentiary Hearing Date and For Modification of this Court's Scheduling Order for the reasons expressed below and in the accompanying Memorandum in Support.

At the July 17, 2024, status conference, the parties to this litigation agreed on a scheduling order for remedial proceedings in accordance with this Court's orders to implement new State House and Senate electoral maps which purportedly comply with Section 2 of the Voting Rights Act. (Rec. Docs. 233, 272; 52 U.S.C. § 10301).

1

Under that scheduling order, the remedial evidentiary hearing is scheduled for August 25, 2025, with a pretrial conference one week beforehand. (Rec. Doc. No. 279). On May 12, 2025, the Court issued a modified scheduling order specifying the various deadlines for discovery in advance of the August 25 evidentiary hearing. (Rec. Doc. 318).

The U.S. Supreme Court recently released an order in *Louisiana v. Callais*, No. 24-109, 606 U.S. ___ (2025). In that case, Louisiana's new congressional redistricting plan – enacted in 2024 after the State's original congressional redistricting plan was enjoined as likely violating Section 2 of the Voting Rights Act – is being challenged as an unconstitutional racial gerrymander in violation of the U.S. Constitution's Equal Protection Clause. Oral arguments were held on March 25, 2025, and the Court issued its order on June 27, 2025. A copy of that order is attached hereto as Attachment A.

In the U.S. Supreme Court's June 27, 2025 order, eight of the nine Justices decided to restore *Callais* to its calendar for re-argument next term. *See id.* at 1. The majority's order gave no explanation for its decision (or, rather, lack thereof), stating only that a scheduling order including any additional questions that would need to be addressed in supplemental briefing would be issued "in due course." *Id.* While the majority's order fails to provide any explanation, the accompanying dissenting opinion by Justice Thomas indicates that the Court itself is struggling to reconcile the inherent tensions within its own "Janus-like election law jurisprudence." *See Callais*, No. 24-109, 606 U.S. ___, at 2-6 (2025) (Thomas, J., dissenting).

Exemplified by the consecutive challenges to its congressional plans this decade, Louisiana, like many other state and local jurisdictions, has been caught in a "lose-lose situation" between the competing and conflicting demands of the Voting Rights Act and the Equal Protection Clause. *Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 65-66 (2024) (Thomas, J.,

2

concurring). In order to comply with this Court's remedial order to produce State House and State Senate plans that purportedly comply with Section 2 of the Voting Rights Act, the State must intentionally create new majority-minority districts designed to meet certain racial thresholds in their populations (as this Court's *Robinson* decision held). But intentionally drawing districts with race in mind runs the State into the Equal Protection Clause, and just as with the congressional plan at issue in *Callais*, the State will then promptly face a constitutional challenge (as demonstrated by the Western District's *Callais* decision enjoining Louisiana's new map).

As Justice Thomas aptly points out, the question whether Louisiana's congressional plan complies with the U.S. Constitution is intertwined with the legitimacy of this Court's Section 2 rulings in the prior *Robinson* litigation. *Id.* at 65. So, although the Supreme Court has not yet identified the question(s) on which it will focus re-argument in *Callais*, it is fair to assume that the re-argument will produce an important decision on the Voting Rights Act and Section 2 that will impact pending and future voting litigation.

As in *Callais*, Section 2 of the Voting Rights Act and this Court's *Robinson* rulings are inextricably intertwined with this case—with *Robinson* being cited at least thirteen times in the Court's decision striking down the state's enacted legislative plans under Section 2. *See Nairne v. Ardoin*, 715 F. Supp. 3d 808, 830-32, 850, 858, 866, 869 (M.D. La. 2024). As a result, both the Court's liability determination (currently on appeal in the Fifth Circuit) and any forthcoming remedial determination necessarily are and will be based on a Section 2 framework and understanding in *Robinson* that directly will be impacted by the forthcoming *Callais* decision. That decision will give this Court and the parties additional guidance and clarity on how to navigate the competing hazards of liability under the Voting Rights Act and the Fourteenth Amendment's Equal Protection Clause. In fact, some Court-watchers believe that the Supreme Court may deem Section

2 unconstitutional altogether, which would moot this Section 2 case. *See, e.g.*, Democracy Docket, *SCOTUS Will Rehear Louisiana Redistricting Case, Spelling Trouble for Future of Voting Rights Act*, YouTube (June 27, 2025), tinyurl.com/4rkyy4t4.

For these reasons, it makes eminent good sense to stay or postpone remedial proceedings in this case, which may be mooted altogether, or at least directly impacted, by the forthcoming *Callais* decision. Doing so will preserve this Court's and the parties' time and resources and allow both the Court and the parties narrowly to frame any future proceedings in this case in line with the *Callais* decision. In that way, any decision from this Court would not be subject on appeal to the argument that the decision is based on an outdated view of the law, which, if credited, would require a remand and do-over doubling the time and resources already dedicated to these proceedings. Accordingly:

Defendants respectfully request that this Court stay the August 18 pre-trial conference and the August 25, 2025 remedial evidentiary hearing, (Rec. Doc. 318), or, in the alternative, postpone the same by one year from the currently scheduled date to allow for consideration of the implications of the Supreme Court's final decision in *Callais*.

Defendants also request that this Court grant leave to the parties to prepare and file revised legal briefs or expert reports prior to the stayed or postponed evidentiary hearing in order to incorporate and address the U.S. Supreme Court's latest guidance regarding the consideration of race when redistricting as articulated in the forthcoming *Callais* opinion.

Defendants therefore maintain that there is good cause to justify this stay and modification to the Court's scheduling order, and postponing the hearing to August 2026 for elections that will not be held until the fall of 2027 would not prejudice Plaintiffs if a remedy remains necessary after *Callais*. In support of this request, the parties note that in a related case involving substantially

4

similar claims and parties, the Court has already granted a stay. *Clark v. Landry,* No. 3:86-cv-00435, Dkt. 752 (M.D. La. July 17, 2025).

WHEREFORE, Defendants respectfully request that this Court stay the August 18, 2025, pretrial conference and the August 25, 2025, remedial evidentiary hearing or, in the alternative, postpone the same by one year to allow for consideration of U.S. Supreme Court's final decision in *Callais*; and grant leave to the parties to obtain and file legal briefs and revised expert reports in advance of any necessary hearing after *Callais.*

Respectfully submitted, this the 21st day of July, 2025.

By: /s/ Elizabeth B. Murrill
Elizabeth B. Murrill (LSBA No. 20685)
Louisiana Attorney General
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St. Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
jonescar@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com

*Counsel for Intervenor-Defendants*


By: /s/ Phillip J. Strach
Phillip J. Strach*

5

Lead Counsel
Alyssa M. Riggins*
Cassie A. Holt*
Jordan A. Koonts*
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
jordan.koonts@nelsonmullins.com

/s/ John C. Walsh
John C. Walsh, LA Bar Roll No. 24903
Brooke R. Ydarraga, LA Bar Roll No. 41000
SHOWS, CALL & WALSH, L.L.P.
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
brooke@scwllp.com
* *Admitted pro hac vice*

*Counsel for Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2025, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

/s/ Jason B. Torchinsky
Jason B. Torchinsky