Chief Judge Shelly D. Dick
U.S. District Court Middle District of Louisiana
777 Florida Street, Suite 301
Baton Rouge, LA 70801
*Filed with the Court*

August 4, 2025

Re:   *Nairne, et al. v. Ardoin, et al.*, Case No. 3:22-cv-00178,
        Joint Notice from the Parties

Dear Chief Judge Dick,

On July 30, 2025, the Court ordered the Parties in this matter to meet and confer about the Defendants Joint MOTION to Stay or in the Alternative to Postpone the Evidentiary Hearing Date and for Modification of Scheduling Order (Doc. No. 335). The Court requested that the Parties try "to reach a mutual understanding of the time required by the Secretary of State to conduct state legislative elections under new maps in the current election cycle; and (2) propose mutually agreeable modifications to the scheduling order considering the Secretary of State's timeline."

The Parties met on August 1, 2025 and have engaged in a round of follow-up emails.  During these discussions, Counsel for the Secretary of State conveyed that the Secretary maintains that final Legislative maps must be in place by January 1, 2027 for the Secretary to conduct elections during the current cycle, which includes a primary election for all seats in the Louisiana State Legislature on October 9, 2027.  *See* https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2027.pdf. Counsel for the Secretary has also conveyed that it is their position that the earliest feasible date to conduct the remedial hearing in this matter is August 17, 2026, but left open the possibility of an earlier hearing after decisions from the Supreme Court in *Callais* and the Fifth Circuit in this case are issued.

The Parties are unable to reach any mutual understanding of the timing involved for obtaining remedial maps or proposed modifications to the current schedule.  Below, each Party lays out their reasoning for why it is not possible to reach any mutual understanding or come to any agreement on modification to the current scheduling Order.

**Plaintiffs' position:**

This case has been pending since March 14, 2022 and the Court issued its opinion finding in favor of Plaintiffs on all claims on February 8, 2024.  Plaintiffs recognize that certain factors beyond the control of the Court and the Parties have contributed to the delays Plaintiffs have already endured. But absent *any* guarantee that Defendants will not seek a stay pending appeal after the Court issues a remedial plan, Plaintiffs cannot agree to any additional delays as any such delay creates significant risk that Plaintiffs will not be able to obtain relief before the October 2027 Legislative elections, even if they continue to prevail after all appeals.

1

The Secretary has represented that, under current election law, the latest date on which her office could begin implementation of a court-ordered remedial plan in time for use in the October 2027 Legislative elections is January 1, 2027. Defendants have collectively maintained that, in light of that deadline, remedial proceedings in the instant matter could be delayed *a full calendar year* as such would still leave "plenty of time" for decision and implementation. But that assertion fails to account for the time that it will take to reach a final judgment that Defendants are willing to implement, particularly in light of the uncertain timeline for any appeals and stays pending appeal.

During the Parties' August 1, 2025 meet and confer, Plaintiffs made several proposals to Defendants in an effort to limit the uncertainty of whether sufficient time will remain to implement a court-ordered remedial plan pending appeal, all of which were rejected. Plaintiffs asked if Defendants would be willing to stipulate that they will not seek a stay of the court-ordered remedial plan pending any appeal or petition for writ of certiorari taken from the court's order issuing a remedial plan, particularly given that such a stay would be inconsistent with Defendants' representation to the Court that there is "plenty of time" to implement a remedial plan. Defendants were unwilling to make such an agreement. Plaintiffs asked if Defendants would be willing to stipulate that they would not raise *Purcell* arguments in future proceedings. Defendants were unwilling to make such an agreement. Plaintiffs asked if Defendants would be willing to agree that they would begin implementing the Court's order proposing a remedial plan while any such appeals are pending, if a stay is granted. Defendants were unwilling to make such an agreement.

Absent these agreements, if the Fifth Circuit or Supreme Court grants a stay of this Court's order proposing a remedial plan, pending appeal, there is no guarantee that Defendants will begin implementing the remedial plan until after the appeals are decided. That creates a serious risk that any remedial plan cannot be implemented in time for the October 2027 Legislative elections.

If Defendants maintain that there is plenty of time for proceedings in the district court and the appellate courts to proceed by January 1, 2027, then they should not have any difficulty agreeing to reserve their right to appeal, but stipulating that they will not seek *yet another stay* to delay the implementation of a court-ordered remedial plan. Defendants' unwillingness to make any stipulation to forego stay practice places Plaintiffs in an impossible position when it comes to agreeing to a reasonable modification to the schedule that will not irreparably prejudice their ability to obtain relief before the October 2027 next Legislative elections. Absent stipulations regarding stay practice, the parties have no idea and no control over how much farther back a stay pending appeal could set the timeline for relief. Were Defendants willing to agree to begin implementing the maps upon this Court's issuance of a court-ordered remedial plan, Plaintiffs could agree to postpone the hearing to the August 2026 timeframe the Defendants have proposed. But, Defendants have refused this compromise, instead insisting that Plaintiffs must bear the risk that continued delay could result in yet another round of state legislative elections being held under unlawful maps.[1]

---

[1] Defendants have also suggested the possibility that there could be an earlier hearing after the decision from the Supreme Court in *Callais,* but this proposal does not address any of the Plaintiffs' concerns. There is no reason to believe that the Supreme Court will issue an opinion in *Callais* in the near future. The Supreme Court held their decision asking for additional briefing in *Callais* until the very last day of the recent term. And in *Allen v. Milligan*, 599 U.S. 1, oral argument was

2

Plaintiffs understand that there are uncertainties involved, but the timing involved in the two recent examples of stay and appeal timelines in Louisiana redistricting cases caution against further delay in this case. *First*, we know the delay that Defendants' request for a stay pending appeal wrought in *Robinson v. Ardoin*, No. 22-cv-211.  In *Robinson*, the Court's Preliminary Injunction decision was issued on June 6, 2022, 605 F.Supp.3d 759 (M.D. La. 2022), and the Fifth Circuit did not issue its final decision on the underlying merits until November 10, 2023, *Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023)—approximately 17 months later.  Second, in the current matter, this Court's judgment was noticed on February 19, 2024 (Doc. No. 241) and argued on January 7, 2025; and has not yet been decided as of August 4, 2025—more than 20 months since this Court's original judgment. Those timelines make clear that, unless Defendants stipulate that they will not seek a stay pending appeal, postponing the remedial hearing for a year places relief before the October 2027 Legislative elections in serious jeopardy.[2]

This Court should not delay issuing Plaintiffs' long-awaited remedy in this case because of Defendants' predictions about what *might* happen in a *future* decision in *another* case.  As explained in Plaintiffs' Opposition to the Joint Motion to Stay, (Doc. No. 338), the Supreme Court has repeatedly instructed district and circuit courts to refrain from reading the tea leaves of what direction the Supreme Court might take the law, and instead to apply the law at the time it exists when the issue comes before them.  That makes good sense, and it is the only way to avoid the risk of completely unnecessary and unreasonable prejudice to our clients.  It is an unacceptable result that the Plaintiffs in this case could have filed their lawsuit in March 2022, gone to trial in November 2023, obtained a decision on the merits in February 2024—operating at an expedited pace at every step of the way—and could still not obtain relief before Legislative elections in October 2027.  That is exactly the risk that Defendants' repeated requests for delay have created, particularly with this latest effort to delay the remedial hearing for another entire year.

If the Court's order proposing a remedial plan is issued in the next few months, Defendants will be free to take whatever appeals about the merits of that remedial plan they believe are required, and there would still be a chance that any additional appeals might be resolved by the Secretary's January 1, 2027 deadline.  Any further delay of this remedial process would delay that appeal process and create a substantial risk that, even if Plaintiffs ultimately prevail on all appeals, there will not be resolution of those appeals of the Court's order proposing a remedial plan in time to ensure its use in the October 2027 Legislative elections.  As a result, Plaintiffs are currently unable to agree to further delay the remedial hearing in this case.  Plaintiffs should not have to bear the risk associated with delaying this process.

---

heard in October 2022, during the very first week of the term but the Court's decision was not issued till June 8, 2023.

[2] As explained, the appeals process for recent redistricting decisions in Louisiana have taken well over a year to reach resolution.  Given this reality, Plaintiffs maintain that there should be no postponement of the current hearing, but to the extent the Court determines a postponement is warranted, Plaintiffs strongly urge the Court to not postpone the remedial hearing any later than January 2026.

The Parties are ready to proceed with the remedial hearing now. They have exchanged expert reports, completed discovery and, as of this past Friday, have now also exchanged hearing exhibits and witness lists. The Court should proceed as planned.

**Defendants' position:**

Based on the election laws and deadlines as currently written, the Secretary will require a new legislative map by January 1, 2027 to conduct the 2027 legislative elections. Given that there has not yet been a ruling from the Fifth Circuit in this case, and the ongoing nature of the *Callais* case at the Supreme Court of the United States, Defendants continue to believe that a stay or postponement is appropriate in this matter, because the need for a remedial hearing could be altered, as could the landscape of the legal requirements of §2. As stated above, Defendants believe that based on the current schedule a Fall 2026 remedial hearing is appropriate and can defer to the Court's schedule on a specific date. This conserves the resources of the Court and the State and avoids unnecessary voter confusion.

Based upon the current facts, Defendants believe a hearing as early as August 17, 2026 is feasible, but if appellate decisions in this case, and the *Callais* case are issued before late June of 2026, then an earlier date may be feasible, based upon the decisions. Given this uncertainty, Defendants propose setting a 14-day deadline for the parties to confer and file a joint notice with the Court after the latter of either the *Nairne* or *Callais* decisions are rendered, to advise the Court of any outstanding discovery needs, and proposed hearing dates. In the alternative, Defendants request that the Court simply stay the currently scheduled remedial hearing until August 17, 2026.

Defendants cannot respond to any proposals from Plaintiffs at this time because Plaintiffs thus far have refused to provide any modifications to the scheduling order. Instead, Plaintiffs sought only for Defendants to waive their substantive rights to seek a stay pending appeal, and to waive other rights pending various hypotheticals about what the date "could" be if a different set of facts were before this Court. Defendants remain open to further discussions with Plaintiffs in the event they want to propose or respond to any date-specific scheduling modifications.

Respectfully submitted this fourth day of August, 2025.

/s/ *John Adcock*  
John Adcock (La. Bar No. 30372)  
Adcock Law LLC  
Louisiana Bar No. 30372  
3110 Canal Street  
New Orleans, LA 701119  
jnadcock@gmail.com  

Megan C. Keenan (admitted pro hac vice)  
Sarah Brannon (admitted pro hac vice)  
American Civil Liberties Union Foundation  
915 15th St. NW  
Washington, DC 20005  

/s/ *Jason B. Torchinsky*  
Jason B. Torchinsky*  

Elizabeth B. Murrill (LSBA No. 20685)  
Louisiana Attorney General  
Carey Tom Jones (LSBA No. 07474)  
Amanda M. LaGroue (LSBA No. 35509)  

Office of the Attorney General  
Louisiana Department of Justice  
1885 N. Third St.  
Baton Rouge, LA 70804  
(225) 326-6000 phone

sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin (admitted pro hac vice)
Dayton Campbell-Harris (admitted pro hac vice)*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg (admitted pro hac vice)
Daniel J. Hessel (admitted pro hac vice)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
NY Bar No. 5092374 (admitted pro hac vice)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

 *Practice is limited to federal court.

Stuart Naifeh (admitted pro hac vice)
Victoria Wenger (admitted pro hac vice)
NAACP Legal Defense & Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

(225) 326-6098 fax
murrille@ag.louisiana.gov
jonescar@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW,
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
jtorchinsky@holtzmanvogel.com

*Admitted pro hac vice*
*Counsel for Defendant State of Louisiana and Legislative Intervenors*

By: /s/ Phillip J. Strach
Phillip J. Strach*
Lead Counsel
Alyssa M. Riggins*
Cassie A. Holt*
Jordan A. Koonts*
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
jordan.koonts@nelsonmullins.com

/s/ John C. Walsh
John C. Walsh, LA Bar Roll No. 24903
Brooke R. Ydarraga, LA Bar Roll No. 41000
SHOWS, CALL & WALSH, L.L.P.
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
brooke@scwllp.com
*Admitted pro hac vice*

I. Sara Rohani (admitted pro hac vice)
NAACP Legal Defense & Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
srohani@naacpldf.org

Michael de Leeuw (admitted pro hac vice)
Amanda Giglio (admitted pro hac vice)
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn (admitted pro hac vice)
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Robert S. Clark (admitted pro hac vice)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
RobertClark@cozen.com

*Attorneys for Plaintiffs*

*Counsel for Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana*