**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*,<br>*Plaintiffs*,<br>v.<br>R. KYLE ARDOIN,[2] in his official capacity as Secretary of State of Louisiana, *et al.*,<br>*Defendants*. | Civil Action No. 3:22-cv-00178<br>Chief Judge Shelly D. Dick<br>Magistrate Judge Scott D. Johnson |

**MEMORANDUM IN SUPPORT OF THE MOTION TO STAY THE ISSUANCE OF A SCHEDULING ORDER**

This case involves a challenge under § 2 of the Voting Rights Act to the State of Louisiana's voting districts for its House and Senate elections. Following the Supreme Court's decision in *Louisiana v. Callais*, 608 U.S. 85, *judgment entered,* 146 S. Ct. 1111 (2026), the State and the Secretary of State (together, "the State"), moved to dismiss the claims. ECF 365. Until the Court resolves that motion, no post-judgment scheduling order is appropriate for multiple reasons:

*First*, the appropriate action following the post-judgment remand is to apply the Supreme Court's "updated *Gingles* framework" to the existing claims and the record on appeal. *Callais*, 608 U.S. at 122. *Second*, Plaintiffs acknowledged as much in their first proposed schedule that keyed any further proceedings off the ruling on the Motion to Dismiss. *Third*, Plaintiffs' new desire to expedite this case to produce a new map "in advance of Louisiana's 2027 State Legislative elections," ECF 383 at 1,

[2] The Secretary of State is now Nancy Landry, and the caption should be updated accordingly.

is a self-inflicted injury. *Fourth*, the State legitimately needs to know how the Court will resolve the Motion to Dismiss and whether Plaintiffs will amend their claims or the United States will file a complaint in intervention before they can move forward with discovery on those claims and everything that follows. *And fifth*, expediting this case to grant relief in advance of the 2027 elections would be futile.

Accordingly, the Court should grant this motion and stay the issuance of a scheduling order pending resolution of the Motion to Dismiss and any related Fifth Circuit proceedings. Alternatively, the Court should adopt a schedule keyed to the resolution of the Motion to Dismiss and any related Fifth Circuit proceedings.

## ARGUMENT[3]

### I. THE FIFTH CIRCUIT'S MANDATE ALLOWS RE-DOING ONLY THE FINAL JUDGMENT BY APPLYING THE SUPREME COURT'S "UPDATED *GINGLES* FRAMEWORK" TO THE EXISTING CLAIMS AND EXISTING RECORD.

The posture of this case reveals that the record is complete and ready for the Court to render final judgment and that, therefore, there is nothing left for the parties to do. Following a trial on the merits, the Court rendered final judgment in Plaintiffs' favor, and the State appealed that judgment. A panel of the Fifth Circuit issued its decision, the State petitioned for rehearing en banc, and that petition was held "in abeyance pending the decision of the United States Supreme Court in 24-109, *Louisiana v. Callais*." *Nairne v. Landry*, No. 24-30115, 2026 WL 1255781, at *1 (5th Cir. May 7, 2026). When the Supreme Court issued its opinion in *Callais*, the Fifth Circuit in this case "conclude[d] that it [was] appropriate for [this Court] to consider

[3] Given the Court's familiarity with this litigation and for the Court's convenience, the State omits any dedicated section to the factual background and procedural history and, instead, discusses only the Fifth Circuit's recent remand within the argument section.

[the *Callais*] decision in determining its decision." *Id.* So the Fifth Circuit "vacate[d]" the panel opinion, "vacate[d]" this Court's judgment, and "remand[ed] to [this Court] for consideration of this case in light of [*Callais*]." *Id.*

Whenever (as here) an appeal results in new legal standards articulated by a superior court, vacatur of the judgment, and remand to the lower court to apply the new standards, the mandate requires applying the new standards to the record on appeal. Such a remand is not an opportunity to restart the litigation and expand the record by redoing discovery and trial. Allowing that would amount to a new lawsuit, which is not a faithful application of the mandate. Again, the Fifth Circuit vacated the judgment and remanded "for consideration of this case in light of [*Callais*]," nothing more. *Nairne*, 2026 WL 1255781, at *1. The mandate here is thus to apply *Callais*' "updated *Gingles* framework" to the existing claims and the record on appeal, nothing more. 608 U.S. at 122.

This Court recently followed that approach in *Parker v. Vannoy*, No. 3:15-cv-00318 (M.D. La.).[4] On appeal from final judgment there, the Fifth Circuit articulated new legal standards, vacated the final judgment, and remanded "for further proceedings consistent herewith." *Parker v. Hooper*, 171 F.4th 736, 750–61 (5th Cir. 2026). On remand, plaintiffs sought to reopen post-judgment discovery. *See Lewis v. Cain*, No. 3:15-cv-00318 (M.D. La. June 4, 2026), ECF 855. The State expressed concerns that the plaintiffs' "desire to begin discovery anew risk[ed] converting remand into litigation of new claims rather than applying the mandate to the existing

[4] The name of that case is *Lewis v. Cain* in the district court and *Parker v. Hooper* on appeal.

case." *Lewis*, No. 3:15-cv-00318 (M.D. La. June 19, 2026), ECF 861 at 2. The Court ultimately agreed that the legal standards articulated by the Fifth Circuit needed to be applied to the existing record. *See Lewis*, No. 3:15-cv-00318 (M.D. La. Sept. 8, 2026), ECF 880 (Dick, C.J.) ("Dispositive motions *confined to the record on appeal* may be filed on or before November 30, 2026." (emphasis added)).

The Court should do the same here and simply apply *Callais*' "updated *Gingles* framework" to the existing claims and existing record. 608 U.S. at 122. That is what the pending Motion to Dismiss asks the Court to do. ECF 365 (motion); ECF 365-1 (memo). That is why the Court indicated it would give Plaintiffs an opportunity to amend their claims if that motion is granted. And that is why the State indicated at the status conference that it intends to seek relief from the Fifth Circuit if any scheduling order is issued prior to resolving the Motion to Dismiss and asked that the schedule allow time for any such proceedings (which time the Magistrate Judge agreed would be important). In short, allowing post-judgment discovery and a new trial are beyond the scope of the mandate.

While the State does not believe that a stay is required for the Court to follow the mandate without reopening post-judgment discovery, given the Magistrate Judge's stated intention to issue a scheduling order absent a stay, the Court should formally stay the issuance of any scheduling order pending resolution of the Motion to Dismiss and any related Fifth Circuit proceedings.

## II. THE COURT SHOULD DECLINE PLAINTIFFS' REQUEST FOR EXPEDITED POST-JUDGMENT DISCOVERY OVER THE HOLIDAYS AND A TRIAL IN FEBRUARY.

Despite the Fifth Circuit's mandate, Plaintiffs now seek expedited post-judgment discovery over the Christmas and New Year's holidays to culminate in a February trial—all so they can "seek relief in advance of Louisiana's 2027 State Legislative elections." ECF 383 at 1. Specifically, Plaintiffs seek a scheduling order that allows them to "supplement the record" with "supplemental discovery" and a "supplemental hearing or trial." ECF 379-1 at 2. The Court should decline that request for multiple reasons.

**1.** This is not the first time Plaintiffs have proposed a post-remand scheduling order. Back in June, the Court permitted Plaintiffs to file a proposed scheduling order along with their opposition to the Motion to Dismiss. ECF 363. The Court also instructed at a status conference that, in the event it granted the Motion to Dismiss, it would give Plaintiffs an opportunity to amend their claims. Following that status conference, Plaintiffs opposed the Motion to Dismiss and offered two proposed schedules, both keyed to the Court's resolution of the Motion to Dismiss. *See* ECF 368-1 (proposing one schedule with amended claims and one without). Plaintiffs themselves thus acknowledge that the Court's resolution of the Motion to Dismiss and whether their claims survive *Callais* (they do not) drive the schedule of any further proceedings.

**2.** The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Sneed v. Abbott*, No. 21-cv-279, 2021 WL 2877239, at *2 (M.D. La. June 29, 2021) (quoting *Fujita v.*

*United States*, 416 F. App'x 400, 402 (5th Cir. 2011)). It is appropriate to stay a case when "[n]othing that [plaintiffs] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion." *Id.* (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Just so here.

The memorandum in support of the Motion to Dismiss (ECF 365-1) argues that Plaintiffs' existing Complaint fails to state a viable claim for relief under the "updated *Gingles* framework." *Callais*, 608 U.S. at 122. If that argument is correct (it is), then the supplemental discovery Plaintiffs seek is meaningless. This is further underscored by Plaintiffs' insistence that their existing claims are sufficient to survive a Rule 12 motion under *Callais*' updated standard and deliberate choice not to seek leave to amend. ECF 368. Again, Plaintiffs already built a record on their existing claims through discovery and trial. So without filing new claims or at minimum amending these ones,[5] nothing in *Callais* entitles Plaintiffs to a second round of discovery and trial on these same claims. Indeed, such a request is beyond the Fifth Circuit's mandate. *See* Section I, *supra.*

Again, the Fifth Circuit vacated *only* this Court's final judgment (and the panel decision) to allow this Court to re-do its final-judgment analysis by "consider[ing]," *Nairne*, 2026 WL 1255781, at *1, the "updated *Gingles* framework," *Callais*, 608 U.S. at 122. Such consideration requires applying that updated framework to the existing claims and existing record—nothing more. That is what the Motion to Dismiss asks

[5] To be clear, the State would oppose any post-judgment request to amend the claims. The point here, however, is that Plaintiffs have not even tried and now are using their delay as justification for seeking an expedited schedule.

the Court to do. Accordingly, the next step here is for the Court to resolve that motion and render final judgment applying the "updated *Gingles* framework" to existing claims and existing record. *Callais*, 608 U.S. at 122.

**3.** Similarly, Plaintiffs' rush for relief prior to the 2027 election is self-inflicted. Nothing stopped them from seeking that relief in a new lawsuit (which they could have designated as a related case) over six months ago when the Supreme Court issued its *Callais* decision. *Cf. In re Westcott*, 135 F.4th 243, 245 (5th Cir. 2025) (granting mandamus relief when, "instead of filing a new suit," the plaintiffs there "filed a motion for relief from the judgment," and the district court granted it). Plaintiffs could and should have brought a new suit or, at the very least, filed an amended complaint here. But again, they resist amending their claims and, in a recent meet-and-confer, were emphatic that they will not amend unless the Court orders them to do so. They are not entitled to a second round of discovery and trial on their existing claims.

No doubt Plaintiffs' request for expedited litigation over the holidays was avoidable. They could have filed a new lawsuit or, at minimum, sought leave to amend their claims anytime over the last six months. Their deliberate choice not to do either is no reason to now expedite post-judgment discovery on their existing facially invalid claims that have already been through discovery and trial—and especially not over the holidays. Staying the issuance of a scheduling order pending resolution of the Motion to Dismiss and any related Fifth Circuit proceedings does not prevent Plaintiffs from seeking their desired relief through a new lawsuit.

**3.** The State legitimately needs to know how the Court will resolve the Motion to Dismiss and whether any claims will be amended before the State can meaningfully engage in discovery and trial. Of course, it would waste judicial and party resources to "supplement the record" with "supplemental discovery" and a "supplemental hearing or trial" on facially invalid claims. ECF 379-1 at 2. And any amended claims from either Plaintiffs or the United States[6] will necessarily drive discovery on those claims.

Not to mention that Plaintiffs' proposed schedule allows re-pleading only if ordered by the Court, which skips a critical pleading step: "[W]hen a State defends a districting scheme on the ground that it was drawn for partisan purposes, plaintiffs have a 'special' burden to overcome"; they must "rul[e] out the competing explanation that political considerations dominated the legislature's redistricting efforts. If either politics or race could explain a district's contours, the plaintiff has not cleared its bar." *Callais*, 608 U.S. at 115 (citations omitted). That "politics versus race" discussion must occur in pleadings, not just in supplemental expert reports, as Plaintiffs' proposed schedule contemplates. *See* ECF 383 (Pls' proposed schedule). So if any schedule were warranted (it is not), it would have to include an opportunity for re-pleading by all parties and an opportunity to test the legal sufficiency of any such pleadings.

**4.** Plaintiffs' two cited Mississippi cases where the courts issued post-*Callais* scheduling orders offer no refuge. For those cases involved materially different

[6] If dismissal is denied, the United States has indicated that it may file a complaint in intervention challenging any districts drawn based on race.

circumstances. In neither case did the State of Mississippi move to dismiss or file a formal motion asking the Court to require amended pleadings. *See White v. State Bd. of Election Comm'rs*, No. 4:22-cv-00062 (N.D. Miss. May 26, 2026), ECF 314 at 4; *Miss. State Conf. of the NAACP v. State Bd. of Election Comm'rs*, No. 3:22-cv-00734 (S.D. Miss. July 29, 2026), ECF 306 at 14. So unlike here, those courts were not confronted with a threshold dispositive motion that, if granted, would end the case. The Mississippi cases thus say nothing about whether a court should decide a post-*Callais* dispositive motion before opening post-judgment discovery.

Contrast the Mississippi case with this Court's holdings that dispositive motions should be resolved first. *See Waguespack v. Medtronic, Inc.*, 185 F. Supp. 3d 916, 922 (M.D. La. 2016) (finding it "logical" to first address dismissal arguments that would be "dispositive of the remaining issues"); *Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268, 272 (E.D. La. 2014) ("address[ing] the dispositive Motion first"). Accordingly, the Court should resolve the pending Motion to Dismiss before subjecting the State to another round of discovery and trial on claim that are no longer viable.

**5.** Expediting post-judgment discovery and trial on the existing claims to produce a new map "in advance of Louisiana's 2027 State Legislative elections" would be futile. ECF 383 at 1. For starters, the 2027 elections are fast approaching, and any court-mandated changes would fall too close to those elections. *See People Not Politicians v. Onder*, --- S. Ct. ----, 2026 WL 2883222, at *2 (Sept. 25, 2026) ("[F]ederal

courts should not impose changes close to an election.…" (citation omitted)); *accord La Union Del Pueblo Entero v. Abbott*, 119 F.4th 404, 407–08 (5th Cir. 2024).

Nor is it feasible to program a new map into the State's voter registration system in 2027. As the Secretary's Commissioner of Elections previously testified here, programming an entirely new map could take up to 120 days. Hadskey Dep. 41:14–22, ECF 271-1. The State cannot make changes to jurisdictions in the voter registration system while an election cycle is in progress. And the current 2027 election calendar provides no sufficient length of time when the State will not be running an election. The State's 2027 election calendar is attached as Exhibit A and is available at https://www.sos.la.gov/media/byfpyc5f/elections-calendar-2027.pdf.

Finally, Plaintiffs' proposed schedule overlays the *Callais* remedial proceedings almost perfectly and likely conflicts with the State's experts' availability. The State, the Secretary, and their experts are scheduled to be involved in the *Callais* remedial proceedings starting mid-December and through February 2027. *See* Scheduling Order, *Callais v. Landry*, No. 3:24-CV-00122 (W.D. La. June 30, 2026), ECF 325. Even if the State could find experts to testify at a February trial here, given that most experts are university professors, they almost certainly are not available to write reports over the holidays when they are on break from classes. Expediting this case to reach a resolution before the 2027 elections is thus futile.

## CONCLUSION

For these reasons, the Court should grant this motion and stay the issuance of any scheduling order pending resolution of the Motion to Dismiss and any related

Fifth Circuit proceedings. Alternatively, the Court should adopt a schedule keyed to the resolution of the Motion to Dismiss and any related Fifth Circuit proceedings.

Dated: November 25, 2026

Respectfully submitted,

NANCY LANDRY
Louisiana Secretary of State

*/s/ Jennifer Bollinger*
Jennifer Bollinger
La. Bar Roll No. 32349
Executive Counsel
Secretary of State Nancy Landry
8585 Archives Ave.
Baton Rouge, LA 70809
Telephone: (225) 362-5101
Jennifer.bollinger@sos.la.gov

John C. Walsh
Louisiana Bar Roll No. 24903
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis St.
P.O. Box 4225
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561
*john@scwllp.com*

*Counsel for the Secretary of State*

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Morgan Brungard*
MORGAN BRUNGARD (LA 40298)
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 324-9866
BrungardM@ag.louisiana.gov

JASON B. TORCHINSKY*
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
2300 N Street NW, Suite 643
Washington, DC 20037
(540) 341-8808
jtorchinsky@holtzmanvogel.com
**Admitted pro hac vice*

*Counsel for the State of Louisiana*