**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DR. DOROTHY NAIRNE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana,[1] *et al.*,<br><br>*Defendants*. | Civil Action No. 3:22-cv-00178<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |

## THE PARTIES' PROPOSED SCHEDULES

As directed by Magistrate Judge Scott Johnson (ECF 384), the parties have discussed a potential schedule for this case and were unable to reach an agreement. Accordingly, the parties offer this "joint submission" to provide the dates that each party proposes "for a scheduling order." ECF 384 at 1.

### I. THE STATE'S PROPOSAL.[2]

As articulated in the State's concurrently filed stay motion (ECFs 385, 385-1), any schedule allowing post-judgment discovery and trial exceeds the Fifth Circuit's mandate. The Fifth Circuit vacated the judgment and remanded "for consideration of this case in light of [*Louisiana v. Callais*, 608 U.S. 85 (2026)]," nothing more. *Nairne v. Landry*, No. 24-30115, 2026 WL 1255781, at *1 (5th Cir. May 7, 2026). Accordingly, the mandate here is to apply *Callais*' "updated *Gingles* framework" to the existing claims and the record on appeal, nothing more. *Callais*, 608 U.S. at 122, *judgment*

[1] The Secretary of State is now Nancy Landry, and the caption should be updated accordingly.
[2] The "State" here refers to both the State of Louisiana and the Secretary of State.

*entered*, 146 S. Ct. 1111 (2026). Because the existing claims and record cannot survive that "updated *Gingles* framework," *id.*, the State has moved to dismiss, *see* ECFs 365, 365-1. And because the Court is moving forward with issuing a scheduling order even though the Motion to Dismiss remains pending, the State has moved to stay the issuance of any scheduling order pending resolution of its Motion to Dismiss and any related Fifth Circuit proceedings. *See* ECFs 385, 385-1.

To comply with the Magistrate Judge's order, however, the State recommends adopting the scheduling approach that Plaintiffs' first proposed (ECF 368-1), which keys off resolution of the Motion to Dismiss:

| **Event** | **Defendants' Proposed Deadline** |
|---|---|
| Plaintiffs' deadline to amend their complaint | 45 days after the Court resolves the Motion to Dismiss and the Fifth Circuit resolves any related proceedings |
| Defendants' answer or dispositive motion deadline | 21 days after Second Amended Complaint |
| Plaintiffs' expert disclosure deadline (name(s) and CV) | 12 weeks after Defendants' answer/MTD deadline |
| Plaintiffs' expert report(s) deadline | 30 days after Plaintiffs' expert disclosures |
| Defendants' expert disclosure deadline (name(s) and CV) | 30 days after Plaintiffs' expert report(s) |
| Defendants' expert report(s) deadline | 60 days after Plaintiffs' expert report(s) |
| Plaintiffs' expert rebuttal report(s) deadline | 30 days after defendants' expert report(s) |
| Close of discovery | 14 days after Plaintiffs' rebuttal report(s) |
| Deadline for motions in limine and Daubert motions | 30 days after close of discovery |
| Expert witness and exhibit list(s) exchanged | 21 days before trial date |
| Bench books due to the Court | 14 days before trial date |
| Trial | TBD according to Court's schedule |
| Deadline for proposed findings of fact and conclusions of law | 60 days after trial (to allow for transcript preparation) |

## II. The United States' Proposal.

The United States circulated the schedule below, prior to the parties' conference. At the outset of the conference, Plaintiffs indicated an unwillingness to consider in earnest any proposal but their own, so the parties made no headway.

The schedule submitted by the United States tracked the proposed schedule submitted by the Plaintiffs at **ECF 368-1**, notes the potential of intervention and associates dates to the Court's rulings. The United States submits that how it proceeds in the case is dependent upon the Court's ruling on the pending motion to dismiss, as well as on the Court's reconsideration of its prior ruling in light of the Fifth Circuit mandate.

| Event | Plaintiffs' Proposed Deadline |
|---|---|
| Amended Pleadings deadline | 30 days after Motion to Dismiss Ruling / Court's Reconsideration pursuant to mandate from the 5th Circuit |
| Response to Amended Pleadings | Twenty-one days after Pleadings are amended |
| Plaintiffs' expert disclosure deadline (name(s) and CV) | Seven weeks after final Motion to Dismiss Ruling and any intervention granted or denied |
| Plaintiffs' expert report(s) deadline | Two Months after final Motion to Dismiss Ruling and any intervention granted or denied |
| Defendants' expert disclosure deadline (name(s) and CV) | Three weeks after Plaintiffs' Expert Report(s) |
| Defendants' expert report(s) deadline | Four weeks after Plaintiffs' Expert Report(s) |
| Plaintiffs' expert rebuttal report(s) deadline;<br>Defendants' expert rebuttal report(s) deadline | Two weeks after Defendants' Report(s);<br>Two weeks thereafter |

| | |
|---|---|
| Close of discovery | Two weeks after rebuttal report(s) |
| Dispositive & Daubert motion deadline | Three weeks after close discovery |
| Expert witness and exhibit list(s) | One week after Dispositive and Daubert rulings |
| Proposed findings of fact & conclusions of law | Four weeks post Daubert-Dispositive rulings |

## III. PLAINTIFFS' PROPOSAL.

As stated by Magistrate Judge Johnson during the scheduling conference in this matter last week, neither discovery nor other proceedings in this case are stayed while the Court rules upon Defendants' motion to dismiss. Contrary to Defendant's view of the mandate, Plaintiffs' proposed schedule is appropriate as "[w]here further proceedings are contemplated by an appellate opinion, the district court retains discretion to admit additional evidence unless bound by a specific mandate that restricts subsequent proceedings." *Franklin v. Regions Bank*, 125 F.4th 613, 630 (5th Cir. 2025) (internal quotation marks and citations omitted). As such, Plaintiffs maintain they are entitled to a schedule that provides at least a fair opportunity for Plaintiffs to seek relief in advance of Louisiana's 2027 State Legislative elections. Plaintiffs, therefore, respectfully request a schedule that includes a trial date no later than the final week of February 2027. During the recent meet and confer, Plaintiffs did express a willingness to work with Defendants on other details of the schedule as long as that approximate proposed trial date is maintained. Below is the schedule Plaintiffs are proposing:

| Event | Proposed Deadline |
|---|---|
| If ordered by the Court to provide a Second Amended Complaint | Plaintiffs will submit a Second Amended Complaint within 5 days of Court's Order |
| Defendants' response to Second Amended Complaint | Within 14 days of receiving Second Amended Complaint per Fed. R. Civ. 15(a)(3) |
| *All other dates and deadlines stay the same as recently proposed by Plaintiffs* | |
| Plaintiffs' expert disclosure deadline (name(s) and CV) | December 4, 2026 |
| Plaintiffs' expert report(s) deadline | December 11, 2026 |
| Defendants' expert disclosure deadline (name(s) and CV) | January 8, 2027 |
| Defendants' expert report(s) deadline[3] | January 15, 2027 |
| Plaintiffs' expert rebuttal report(s) deadline | January 27, 2027 |
| Close of discovery | February 10, 2027 |
| Expert witness disclosure and exhibit list(s) | February 17, 2027 |
| Proposed findings of fact & conclusions of law[4] | February 19, 2027 |
| Trial start date | February 22, 2027 |

[3] For the sake of efficiency, Plaintiffs propose only submitting proposed findings of fact and conclusions of law before trial. Plaintiffs are also willing to forgo Dispositive & Daubert motions. Issues related to the qualifications of expert witnesses may be addressed at trial.

[4] Plaintiffs believe this time period is sufficient for Defendants to respond to Plaintiffs' expert reports. While Plaintiffs reserve the right to change their plans in light of the Court's ruling on the pending motion to dismiss, at this time Plaintiffs plan to present testimony from only four expert witnesses, three of whom previously provided testimony in this case and primarily will be updating that previous testimony.

Dated: November 25, 2026

Respectfully submitted,

NANCY LANDRY
Louisiana Secretary of State

/s/ Jennifer Bollinger
JENNIFER BOLLINGER
La. Bar Roll No. 32349
Executive Counsel
Secretary of State Nancy Landry
8585 Archives Ave.
Baton Rouge, LA 70809
Telephone: (225) 362-5101
Jennifer.bollinger@sos.la.gov

JOHN C. WALSH
Louisiana Bar Roll No. 24903
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis St.
P.O. Box 4225
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561
*john@scwllp.com*

*Counsel for the Secretary of State*

*        *        *

ELIZABETH B. MURRILL
Attorney General of Louisiana

/s/ Morgan Brungard*
MORGAN BRUNGARD (LA 40298)
Deputy Solicitor General

LOUISIANA DEPARTMENT OF JUSTICE
Office of the Attorney General
1885 N. Third St.
Baton Rouge, LA 70802
(225) 326-6507
BrungardM@ag.louisiana.gov

*Counsel for the State of Louisiana*

*        *        *

Nora Ahmed
ACLU FOUNDATION OF LOUISIANA
1340 Poydras Street, Ste. 2160
New Orleans, LA 70112
(504) 522-0628
nahmed@laaclu.org

T. Alora Thomas-Lundborg*
RACE AND JUSTICE LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

John Adcock (La. Bar No. 30372)
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
jnadcock@gmail.com

Stuart Naifeh*
Victoria Wenger*
Colin Burke*
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
vwenger@naacpldf.org
cburke@naacpldf.org

I. Sara Rohani*
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, D.C. 20005
(202) 682-1300
srohani@naacpldf.org

CRAIG W. TRAINOR
Acting Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

*/s/ Joseph W. Voiland*
JOSEPH W. VOILAND
JAKE T. BACHAND
BESSIE S. BLACKBURN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, DC 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
Email: joseph.voiland@usdoj.gov

*Counsel for the United States*

*    *    *

*/s/ Dayton Campbell-Harris*
Dayton Campbell-Harris*†
Davin Rosborough*
Garrett Muscatel*
Theresa J. Lee*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
dcampbellharris@aclu.org
drosborough@aclu.org
gmuscatel@aclu.org
tlee@aclu.org
slakin@aclu.org

Sarah Brannon*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, NW
Washington, D.C. 20005
(740) 632-0671
sbrannon@aclu.org

Michael de Leeuw*
Amanda Giglio*
Robert Clark
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
mdeleeuw@cozen.com
agiglio@cozen.com

Josephine Bahn*
COZEN O'CONNOR
1200 19th Street NW
Washington, D.C. 20036
jbahn@cozen.com

* *Admitted Pro Hac Vice*
† *Practice limited to federal court*
*Attorneys for Plaintiffs*